UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NATIONAL RIFLE ASSOCIATION OF AMERICA, | ) ) ) | |
| Plaintiff and Counter-Defendant, | ) ) | |
| and | ) ) | |
| WAYNE LAPIERRE, | ) ) | |
| Third-Party Defendant, | ) ) | CIVIL ACTION NO. |
| VS. | ) ) | 3:19-CV-2074-G |
| ACKERMAN MCQUEEN, INC., | ) ) | |
| Defendant and Counter-Plaintiff, | ) ) | |
| and | ) ) | |
| MERCURY GROUP, INC., ET AL., | ) ) | |
| Defendants. | ) | |

## STIPULATION AND ORDER ON DEFENDANTS' PENDING MOTION TO DISMISS

The Plaintiff filed its Original Complaint in the above-captioned action in the Unites States District Court for the Northern District of Texas, on August 30, 2019.

On October 1, 2019, the above-listed defendants filed Defendants' Motion to Dismiss for Failure to State a Claim against and an Answer to the then-operative

Original Complaint.  *See* ECF Nos. 9-10, 12; having elected to answer the claim of copyright infringement, the Motion to Dismiss was directed to the remaining two original causes of action: (1) False Association under the Lanham Act and (2) conversion.

On the same day, Defendant Ackerman filed a separate Counterclaims and Third-Party Complaint against the NRA and Third-Party Defendant Mr. Wayne LaPierre.

Pursuant to an unopposed Motion to Extend Deadlines filed by the NRA, this court granted the extension requested and ordered that the NRA had until Friday, October 25, 2019 both to amend its Original Complaint and to respond to Defendant Ackerman's Counterclaim, and further provided it until Tuesday, October 29, 2019, to respond to the Motion to Dismiss.  *See* ECF No. 15.

On October 25, 2019, the NRA answered the Counterclaims and filed its First Amended Complaint.  *See* ECF Nos. 17-18.

The NRA contends that by filing the First Amended Complaint, Defendants' Motion to Dismiss is rendered moot as it challenges the Original Complaint, because that complaint is now superseded by the Amended Complaint, which contains the modifications discussed above.  See *King v. Dogan*, 31 F.3d 344, 346 (5th Cir.1994) ("An amended complaint supersedes the original complaint and renders it of no legal effect"); *Ramirez v. Cty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015)

("Consequently, the Plaintiff's Second Amended Complaint superseded the First Amended Complaint, and the First Amended Complaint ceased to exist. Because the Defendants' motion to dismiss targeted the Plaintiff's First Amended Complaint, which was no longer in effect, we conclude that the motion to dismiss should have been deemed moot before the district court granted it.").

On October 28, 2019, counsel for the NRA conferred with counsel for Defendants, who indicated that they were not opposed to the relief requested in the motion.

For good cause shown in the NRA's Unopposed Motion on Defendants' Pending Motion to Dismiss, to which Defendants did not oppose, the court hereby orders that:

1. Defendants' Motion to Dismiss for Failure to State a Claim, *see* ECF Nos. 9-10, shall be deemed withdrawn; and

2. The parties shall meet and confer concerning a reasonable schedule for briefing any additional motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and present such schedule to the court no later than November 1, 2019, for the court's approval.

**SO ORDERED.**

October 30, 2019.

_____
**A. JOE FISH**
**Senior United States District Judge**