**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| NATIONAL RIFLE ASSOCIATION OF AMERICA, § § § | |
| Plaintiff and Counter-Defendant, § § | |
| and § § | |
| WAYNE LAPIERRE, § § | |
| Third-Party Defendant, § § | |
| v. § § | Civil Action No. 3:19-cv-02074-G |
| ACKERMAN MCQUEEN, INC., § § § | |
| Defendant and Counter-Plaintiff, § § | |
| and § § | |
| MERCURY GROUP, INC., HENRY MARTIN, WILLIAM WINKLER, MELANIE MONTGOMERY, AND JESSE GREENBERG, § § § § § § | |
| Defendants. § | |

**DJ INVESTMENTS, LLC'S MOTION TO QUASH SUBPOENA**

Non-Party DJ Investments, LLC files this Motion to Quash the Subpoena to Produce Documents issued to DJ Investments, LLC by the National Rifle Association of America ("NRA"), attached as <u>Exhibit A</u> hereto, and in support thereof would respectfully show as follows:

**I.    BACKGROUND**

On August 30, 2019, the NRA initiated this case against Ackerman McQueen and defendants Mercury Group, Martin, and Greenberg, while maintaining three additional cases against Ackerman McQueen in Virginia. After the defendants filed a motion to dismiss, the NRA

filed its Amended Complaint on October 25, 2019 (Doc. 18). Defendants then filed a new motion to dismiss (Doc. 28) on November 15, 2019. That motion is currently pending. The defendants also filed their Amended Answer, Amended Counterclaim, and Third-Party Complaint (Doc. 31) on November 15, 2019.

The NRA's First Amended Complaint purports to assert the following causes of action:

1. Claims for false association under the Lanham Act, 15 U.S.C. § 1125(a)(1)(A) (*see* Doc. 18 at 40);
2. Copyright infringement under 17 U.S.C. § 101 *et seq.* (*see* Doc. 18 at 42);
3. Conversion (*see* Doc. 18 at 43);
4. Fraud (*see* Doc. 18 at 45);
5. Breaches of fiduciary duties (*see* Doc. 18 at 52);
6. Conspiracy (*see* Doc. 18 at 55);
7. Breach of fiduciary duty of loyalty (*see* Doc. 18 at 56); and
8. Breach of contract (*see* Doc. 18 at 58).

Each of the aforementioned claims is based on the business relationship between the NRA and its long-time PR firm, Ackerman McQueen. Neither the factual allegations nor the stated claims relate to DJ Investments or the documents requested in the NRA's subpoena. DJ Investments is mentioned only in paragraph 5 of the Amended Complaint, wherein the NRA identifies "Defendant Winkler" and states that he "is affiliated with business entities located in this District, including DJ Investments, LLC." *See* Doc. 18 at 6. That paragraph also contains the only mention of WBB Investments LLC. None of the relevant facts or claims alleged by the NRA relate to DJ Investments or WBB Investments.

The defendants' Amended Answer, Amended Counterclaim, and Third-Party Complaint, likewise, contain no claims or defenses related to DJ Investments, WBB Investments, or the documents requested in the NRA's subpoena. The only factual allegation related in any way to DJ Investments or WBB Investments is in paragraph 51 of the defendants' Amended Answer, where defendants describe the initial efforts "to facilitate and help structure the financing of a personal home for LaPierre," a transaction that was never consummated. *See* Doc. 31 at 92-93. The NRA decided to establish WBB Investments for the purpose of purchasing a home for LaPierre and his wife in Dallas because LaPierre allegedly wanted his residence location to remain anonymous for safety reasons. *See* Winkler Declaration, attached as <u>Exhibit B</u> hereto, at ¶ 5. The NRA owned a 99 percent interest in WBB Investments and DJ Investments owned the remaining 1 percent interest. Had the transaction been completed, DJ Investments would have been tasked with managing the property for LaPierre and the NRA. *See* Winkler Declaration at ¶ 6. The NRA transferred funds to WBB Investments with which WBB Investments would have been able to initiate the real estate transaction, and within approximately two weeks WBB Investments returned those funds to the NRA because DJ Investments declined to participate in this transaction (it became apparent to DJ Investments that LaPierre's alleged safety concerns were not the primary reason for the contemplated purchase). *See* Winkler Declaration at ¶ 7. The NRA has since removed DJ Investments and solely controls WBB Investments. *See* Winkler Declaration at ¶ 10.

Although paragraph 51 of the defendants' Amended Answer mentions this contemplated transaction, neither the transaction itself nor anything else related to DJ Investments or WBB Investments is relevant to any claim or defense asserted in this case. The defendants' counterclaim and third-party complaint state the following causes of action:

1. Libel *per se* (for accusing Ackerman McQueen of extortion) (*see* Doc. 31 at 111);

2. Tortious interference with contract (regarding employment agreements for talent hired to promote the NRA) (*see* Doc. 31 at 112);

3. Declaratory judgment (regarding the confidentiality provision of the Services Agreement between the NRA and Ackerman McQueen) (*see* Doc. 31 at 112);

4. Fraud (related to NRATV and compensation of talent hired to promote the NRA) (*see* Doc. 31 at 113); and

5. Breach of contract (regarding the NRA's failure to pay Ackerman McQueen's invoices, failure to indemnify and reimburse Ackerman McQueen for expenses arising from government inquiries, failure to secure a $3 million letter of credit securing Ackerman McQueen's invoices, and failure to pay a termination fee upon termination of the Services Agreement for PR services) (*see* Doc. 31 at 113-122).

Like the causes of action asserted by the NRA and the defendants' defenses thereto, the counterclaims and third-party claims asserted by the defendants are wholly unrelated to DJ Investments, WBB Investments, or the documents requested in the NRA's subpoena.

## II. THE SUBPOENA IS OVERBROAD AND SEEKS IRRELEVANT AND PRIVILEGED DOCUMENTS

The NRA served its Subpoena for Production of Documents on DJ Investments on November 21, 2019, commanding production of documents by 9 a.m. on November 25, 2019. Counsel for the NRA agreed to extend the deadline to respond to the subpoena to December 4, 2019.

The subpoena seeks various "documents and records" and defines the terms "document" and "record" to "mean all writings of any sort" and states that "each term should be construed in its broadest sense" and further includes, without limitation, a description of every imaginable type of document and any electronically recorded data that "can be obtained or translated through

detection devices or other means into any reasonably useable or recordable format." *See* <u>Exhibit A</u>. The NRA's definition of "refer or relate to" is similarly overbroad, including anything that might be "factually, legally or logically connected to the subject matter of the particular Request." *Id.* Additionally, the NRA's definition of "You" or "Your" is overly broad in that it includes not only DJ Investments but also "all present and former agents, employees, representatives, advisors, officers, task force officers, attorneys, consultants, investigators, individuals, and entities acting on behalf of, or pursuant to, the direction" of DJ Investments. *Id.*

The subpoena requests "all documents and records" that "refer or relate to" any "actual or potential purchases, sales or holdings" of "any . . . type of property" by anybody falling within the definition of "you" or "your" without any restriction on the time and scope of the request. *Id.* at Request No. 1. It further requests "all documents and records" that "refer or relate to your financial condition," specifically including tax returns, and documents showing all transactions "in which You purchased, sold, traded, leased, borrowed, collateralized, gifted, accepted or auctioned any property or asset" "between January 1, 2016, and the present." *Id.* at Request Nos. 8-10.

The subpoena also requests "documents and records" establishing the corporate structure and bylaws, Articles of Incorporation, and the identity of each investor, member, subsidiary, parent, sibling, affiliated entity, executive, employee, director, manager, and agent. *Id.* at Request No. 3.

The NRA further requests "all documents and records" that "refer or relate to communications with or on behalf of the [NRA], or an agent, director, employee, officer, representative of the NRA, or an individual purporting to act on behalf of the NRA." *Id.* at Request No. 2.

With regard to WBB Investments, the NRA requests "all documents and records" that "refer or relate to the formation, creation, drafting, development, and execution of the Company Agreement of WBB Investments, LLC," "all documents concerning meetings and communications involving the actual or potential members, managers, or investors with respect to the Company Agreement of WBB Investments," and "all engagement or retention letters with any attorney concerning the formation, creation, drafting, development, and execution of the Company Agreement of WBB Investments" and "all documents that refer or relate to any such engagement or retention letter." *Id.* at Request Nos. 4-7.

### III. NRA AND ITS COUNSEL VIOLATED RULE 45

Under Rule "45(d)(1), '[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena,' and '[t]he court for the district where compliance is required must enforce this duty and impose an appropriate sanction – which may include lost earnings and reasonable attorney's fees – on a party or attorney who fails to comply." *MetroPCS v. Thomas*, 327 F.R.D. 600, 606 (N.D. Tex. 2018) (Horan, M.J.); *see also* Fed. R. Civ. P. 45(d)(1).

### IV. MOTION TO QUASH

Rule 45 requires the Court to quash or modify a subpoena that (i) fails to allow a reasonable time to comply; (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden. Fed. R. Civ. P. 45(d)(3)(A). The Court may also quash or modify a subpoena that requires disclosure of a trade secret or other confidential research, development, or commercial information. Fed. R. Civ. P. 45(d)(3)(B).

    a. <u>The subpoena subjects DJ Investments to undue burden.</u>

"Whether a burdensome subpoena is reasonable must be determined according to the facts of the case, such as the party's need for the documents and the nature and importance of the litigation." *Thomas*, 327 F.R.D. at 609 (citing *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004)). The following factors are relevant to the consideration of whether the subpoena imposes an undue burden: "(1) relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed." *Id.* Where, as here, the documents are requested from a non-party, the Court "may also consider the expense and inconvenience to the non-party." *Id.*

The relevance of a subpoena seeking discovery is measured by the standard articulated in Rule 26(b)(1), which limits the scope of discovery to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1); *see also Thomas*, 327 F.R.D. at 609. The subpoena must, therefore, be limited to "documents that are relevant to any party's claim or defense" and cannot be used to "develop new claims or defenses that are not already identified in the pleadings." *Thomas*, 327 F.R.D. at 609 (citing *Samsung Electronics Am., Inc. v. Chung*, 321 F.R.D. 250, 280 (N.D. Tex. 2017)). The document requests must also "describe with reasonable particularity each item or category of items to be inspected." *See* Fed. R. Civ. P. 34 (b)(1)(A). The subpoena at issue here is improper based on any factor considered.

As set forth above, the documents requested in this subpoena are entirely irrelevant to any party's claim or defense and this subpoena can only be intended to seek documents that might develop new claims or defenses. The subpoena is, therefore, impermissible and necessarily unduly burdensome.

In addition to limiting discovery to relevant information, Rule 26 specifies that the discovery must be proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1); *see also Thomas*, 327 F.R.D. at 609. Because the NRA has made no attempt to limit its document requests to matters that are relevant to any pleaded claim or defense, this subpoena cannot be proportional to the needs of the case.

The subpoena is facially overbroad, which is sufficient to support a finding of undue burden. *See Thomas*, 327 F.R.D at 610. Courts have found similarly broad subpoenas to be facially overbroad where they sought "all documents concerning the parties to [the underlying] action, regardless of whether those documents relate to that action and regardless of date," where "[t]he requests are not particularized," and where "[t]he period covered by the requests is unlimited." *Id.* (citing *Am. Fed'n of Musicians of the U.S. & Canada v. Skodam Films, LLC*, 313 F.R.D. 39, 45 (N.D. Tex. 2015). As discussed above, the NRA's definitions are facially overbroad, Requests 1, 8, 9, and 10 seek all documents concerning all property purchased, sold, or otherwise acquired or held by DJ Investments and all of DJ Investments' finances (in the case of Request No. 1 without any limitation on time), Request 2 seeks all communications with any person working for or on behalf of the NRA without any limitation on time or scope, and Request 3 seeks documents pertaining to DJ Investments' corporate documents and all persons or entities affiliated with it without any limitation on time or scope, and Requests 4-7 seek documents concerning the

formation of WBB Investments. None of this information is relevant to the claims or defenses alleged by any party in this litigation.

Because DJ Investments was not involved in the business relationship between the NRA and Ackerman McQueen which forms the basis for the claims and defenses alleged in this suit, DJ Investments does not possess any documents relevant to this litigation. Furthermore, to the extent any documents responsive to Request 2 (communications with the NRA) are relevant, those are already in the NRA's possession, custody, or control, and therefore responding to that request would be unduly burdensome for DJ Investments. Similarly, because the NRA controls WBB Investments, documents related to WBB Investments and the contemplated house purchase are also in the NRA's possession, custody, or control, rendering a response to Requests 4-7 unduly burdensome.

Furthermore, DJ Investments owns no assets and is in the process of dissolution, rendering any effort to accumulate and produce responsive documents disproportionately expensive and inconvenient.

    b. <u>The subpoena requires disclosure of privileged or other protected matters.</u>

In addition to imposing an undue burden and seeking documents that are not relevant to the claims and defenses alleged in this case, Requests 4-7 are also improper to the extent they seek privileged attorney-client communications between DJ Investments or WBB Investments and their attorneys. Additionally, numerous courts have held that because tax returns are "highly sensitive documents," their discovery requires that the requesting party demonstrate both: (1) that the requested tax information is "relevant' to the subject matter of the action; and (2) that there is a "compelling need" for the information because the information contained in the tax returns is not "otherwise readily obtainable" through alternative forms of discovery. *See, e.g., Butler v. Exxon*

*Mobil Ref. & Supply Co.*, No. Civ.A 07-386-C-M2, 2008 WL 4059867, at *2 (M.D. La. Aug. 28, 2008) (citing *National Gas Pipeline Co. of Am.*, 2 F.3d 1397, 1411 (5th Cir. 1993)); *Interstate Narrow Fabrics, Inc. v. Century USA, Inc.*, No. 1:02-cv-00146, 2004 WL 444570 at *2 (M.D.N.C. Feb. 24, 2004); *Premium Serv. Corp. v. Sperry & Hutchinson Co.*, 511 F.2d 225, 229 (9th Cir. 1975).

    c.  <u>The subpoena requires disclosure of confidential commercial information.</u>

The subpoena requests an abundance of confidential commercial information of a non-party, including banking and financial records, tax returns, contracts, communications, and information related to investors, employees, and agents, all of which is unrelated to the claims and defenses at issue in this litigation.

    d.  <u>The subpoena fails to allow a reasonable time to comply.</u>

The subpoena fails to allow a reasonable time to comply. On its face, the subpoena required document production just two business days after it was served on DJ Investments. The NRA agreed to allow additional time to comply, extending the response deadline to December 4, 2019. However, given the breadth of the documents sought, and the intervening Thanksgiving holiday, even this extended deadline afforded DJ Investments only approximately seven business days to produce voluminous documents created since 2015, and the subpoena's response deadline remains unreasonable. If production is ordered by the Court, DJ Investments will need additional time to comply.

**V.**    **CONCLUSION**

For the foregoing reasons, DJ Investments requests that this Court grant its motion to quash the non-party subpoena and award DJ Investments its fees and costs.

Respectfully submitted,

By: */s/ Randy Johnston*
Randy Johnston
State Bar No. 10834400
randy@jtlaw.com
Karen K. Fitzgerald
State Bar No. 11656750
karen@jtlaw.com
Johnston Tobey Baruch, PC
12377 Merit Drive, Suite 880
Dallas, Texas 75251
Telephone: (214) 741-6260
Facsimile: (214) 741-6248

Attorneys for DJ Investments LLC

### Certificate of Conference

On November 25, 2019, Randy Johnston conferred with Michael Collins concerning the merits of this motion and objections to the subpoena served on DJ Investments. Mr. Collins opposed the relief sought by this motion.

/s/ Randy Johnston
Randy Johnston

### Certificate of Service

I certify that on December 3, 2019, I electronically submitted the foregoing document with the Clerk of Court for the U. S. District Court, Northern District of Texas, using the electronic case file system of the court. The electronic case file system sent a "Notice of Electronic Filing" to all individuals who have consented in writing to accept this Notice as service of this document by electronic means.

/s/ Karen K. Fitzgerald