# EXHIBIT E

SUBPOENA DUCES TECUM (CIVIL) – ATTORNEY ISSUED VA. CODE §§ 8.01-413, 16.1-89, 16.1-265;
Commonwealth of Virginia  Supreme Court Rules 1:4, 4:9

Case No.: CL19001757

HEARING DATE AND TIME: _____ Court

**COURT**: Circuit Court for City of Alexandria
**COURT ADDRESS**: 520 King Street, Alexandria, VA 22314

National Rifle Association of America  **v./In re:** Ackerman McQueen, Inc. and Mercury Group, Inc.

**TO THE PERSON AUTHORIZED BY LAW TO SERVE THIS PROCESS:**

You are commanded to summon

**NAME**: Corporate Designee for Forensic Risk Alliance
**STREET ADDRESS**: 2550 M Street, N.W.
**CITY**: Washington, D.C.   **STATE**: D.C.   **ZIP**: 20037

**TO the person summoned:** You are commanded to make available the documents and tangible things designated and described below:

See Attachment A requesting the documents, electronically stored information, or designated tangible things (including writings, drawings, graphs, charts, photographs, and other data or data compilations stored in any medium from which information can be obtained, translated, if necessary, by the respondent into reasonably usable form) designated and described in said request. Va. Rule 4:9A(b).

at **LOCATION**: Schertler & Onorato, LLP, 901 New York Ave., N.W. Suite 500, D.C.   at **DATE AND TIME**: July 31, 2019

to permit such party or someone acting in his or her behalf to inspect and copy, test or sample such tangible things in your possession, custody or control.

This Subpoena Duces Tecum is issued by the attorney for and on behalf of

**PARTY NAME**: Ackerman McQueen, Inc. and Mercury Group, Inc.

**NAME OF ATTORNEY**: David Dickieson
**VIRGINIA STATE BAR NUMBER**: 31768
**OFFICE ADDRESS**: 901 New York Avenue, Suite 500
**TELEPHONE NUMBER OF ATTORNEY**: (202) 628-4199
**OFFICE ADDRESS**: Washington, D.C. 20001
**FACSIMILE NUMBER OF ATTORNEY**: (202) 628-4177

**DATE ISSUED**: July 15, 2019
**SIGNATURE OF ATTORNEY**: /s/ David H. Dickieson

**Notice to Recipient:** See page two for further information.

**RETURN OF SERVICE** (see page two of this form)

FORM DC-498 (MASTER, PAGE ONE OF TWO) 7/01

**TO the person summoned:**

If you are served with this subpoena less than 14 days prior to the date that compliance with this subpoena is required, you may object by notifying the party who issued the subpoena of your objection in writing and describing the basis of your objection in that writing.

☒ This SUBPOENA DUCES TECUM is being served by a private process server who must provide proof of service in accordance with Va. Code § 8.01-325.

**TO the person authorized to serve this process:** Upon execution, the return of this process shall be made to the clerk of court.

NAME: ......................................................................................

ADDRESS: ................................................................................

☐ PERSONAL SERVICE     Tel. No. ............

Being unable to make personal service, a copy was delivered in the following manner:

☐ Delivered to family member (not temporary sojourner or guest) age 16 or older at usual place of abode of party named above after giving information of its purport. List name, age of recipient, and relation of recipient to party named above:

☐ Posted on front door or such other door as appear to be the main entrance of usual place of abode, address listed above. (Other authorized recipient not found.)

☐ NOT FOUND  ........................................, Sheriff

by ........................................, Deputy Sheriff

DATE

## CERTIFICATE OF COUNSEL

I, __David Dickieson__, counsel for __AMc and Mercury Group__, hereby certify that a copy of the foregoing subpoena duces tecum was __by email__ (DELIVERY METHOD) to __Robert Cox__, counsel of record for __the NRA__, on the __15th__ day of __July__, __2019__.

SIGNATURE OF ATTORNEY

**NOTICE:** Upon receipt of the subpoenaed documents, the requesting party must, if requested, provide true and full copies of those documents to any other party or to the attorney for any other party, provided the other party or attorney for the other party pays the reasonable cost of copying or reproducing those documents. This does not apply when the subpoenaed documents are returnable to and maintained by the clerk of the court in which the action is pending. Va. Code § 8.01-417

FORM DC-498 (MASTER, PAGE TWO OF TWO) 07/04

VIRGINIA:

IN THE CIRCUIT COURT FOR THE CITY OF ALEXANDRIA

| | |
|---|---|
| NATIONAL RIFLE ASSOCIATION OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ACKERMAN MCQUEEN, INC., ) <br> ) <br> and ) <br> ) <br> MERCURY GROUP, INC. ) <br> ) <br> Defendants. ) | Case No. CL190001757 |

### ATTACHMENT A
To the Subpoena to Produce Documents, Electronically Stored Information,
and Records Pursuant to Rule 4:9A of the Rules of the Supreme Court of Virginia

### DEFINITIONS

1.  "NRA" or "Plaintiff" shall mean plaintiff The National Rifle Association of America and its officers, directors, agents, contract employees, affiliates, and others acting on its behalf.

2.  "AMc" or "Defendant AMc" shall mean defendant Ackerman McQueen, Inc. and its officers, directors, agents and others acting on its behalf.

3.  "Mercury Group" or "Defendant Mercury Group" shall mean defendant Mercury Group, Inc., and its officers, directors, agents and others acting on its behalf.

4.  "Defendants" shall mean both defendants Ackerman McQueen, Inc. and Mercury Group, Inc., collectively, and their officers, directors, agents and others acting on their behalf. "Review" shall mean any auditing activity, accounting investigation, or similar evaluation performed by FRA.

1

5. "FRA" or "you" shall mean nonparty Forensic Risk Alliance and its officers, directors, agents, contract employees, affiliates, and others acting on its behalf.

6. "Review" shall mean any auditing activity, accounting investigation, forensic analysis, or similar evaluation performed by FRA.

7. "Document" shall be synonymous in meaning and equal in scope to the usage of this term in Rule 4:9(a) and shall include electronically stored information ("ESI") as defined therein. A draft or non-identical copy is a separate Document within the meaning of this term. Documents shall include electronic media of any kind, whether in an audio, visual or electronic (computer) media, and whether or not such an item has been erased or not, however it has been produced or reproduced, whether it is draft or final, in your actual or constructive possession, custody, or control, in original or reproduced format. Documents shall include (but are not limited to): letters, correspondence, notes, films, transcripts, telegrams, teletype messages, contracts and agreements, proposals, licenses, memoranda, recordings, microfilm, microfiche, books, newspapers, magazines, advertisements, periodicals, bulletins, circulars, pamphlets, statements, notices, notes (including interoffice memoranda, notations on other documents, jottings, diary entries, desk calendar entries, expense accounts, recorded recollections, dictations and any other form of notation of events or intentions), minutes and resolutions (including all attachments and exhibits thereto), agendas, expressions or statements of policy, attendance lists, reports, rules, regulations, directions, communications, interoffice communications, intraoffice communications, financial statements, tax returns, ledgers, books of account, proposals, prospectuses, offers, orders, receipts, invoices, analyses, audits, working papers, computations, projections, tabulations, financial records, blueprints, plans, writings, drawings, graphs, charts, spreadsheets, photographs, phonograph records, tapes and compact discs (whether storing audio, video, or computer data),

other data compilations from which information may be obtained (whether translation is required or not), desk calendars, appointment books, diaries, time sheets, logs, movies, films, recordings, electronic mail, internet or intranet communications, reports and/or summaries of negotiations, proposals, computer punch cards or material similar to any of the foregoing, however denominated by you.

8. "Electronically Stored Information" or "ESI" means and refers to computer-generated information or data, of any kind, stored on computers, file servers, disks, tape or other devices or media, whether real, virtual or cloud based. "Metadata" means and refers to data about data, including, without limitation, information embedded in a native file or other data that is not ordinarily viewable or printable from the application that generated, edited, or modified such native file which describes the characteristics, origins, usage and validity of the electronic file as well as information generated automatically by the operation of a computer or other information technology system when a native file is created, modified, transmitted, deleted or otherwise manipulated by a user of such system.

9. "Communication" means the transmittal of any information, in the form of facts, ideas, inquiries, or otherwise, in any form, including, without limitation, personal conversations, telephone conversations, letters, meetings, memoranda, electronic mail exchanges, telegraphic and telex Communications or transmittals of Documents. The term "Communication" is not limited to internal Communications but includes Communications between you and third parties and Communications between or among third parties.

10. "Refer to" or "referring to" means discussing, regarding, consisting of, constituting, reflecting, referencing, showing, identifying, describing, analyzing, naming, mentioning, supporting, negating or contradicting.

11.  "Relating to" means containing, showing, or referring to in any way, directly or indirectly, and is meant to include, those subjects underlying, supporting, refuting, or discussing the subject matter of the request. It also includes documents that are or were attached or appended to the responsive documents.

## INSTRUCTIONS

1.  This subpoena requires you to produce all responsive documents that are within your possession, custody or control including, without limitation, documents of predecessors, successors, parents, subsidiaries, divisions, affiliates, directors, officers, managing agents, employees, attorneys, accountants, or other representatives.

2.  You are to produce the requested documents in the form that they are kept in the ordinary course of business and/or in the same order within each file in which they are located prior to production. The file folders, boxes, binders, or other containers in which such documents are found are also requested to be produced intact, including the title, labels, or other description of each file folder, binder, or container.

3.  Except for spreadsheets and charts, responsive electronically stored information ("ESI") should be produced in single-page tagged image file format ("tiff"), along with metadata produced in text format linked to the associated files. Spreadsheets and charts should be produced in tiff format with a link to the native file. ESI in tiff formation should be accompanied by a Concordance load file (.dat) with an Opticon cross-reference file (.opt or .log).

4.  You shall produce the original of each document or if the original is not in Your custody, then a copy thereof. Additionally, all non-identical copies which differ from the original or from the other copies produced for any reason, including, but not limited to, the making of notes thereon shall also be produced.

5. Any document request shall be deemed to include any and all transmittal sheets, cover letters, routing lists, exhibits, enclosures, attachments, and other documents to which the responsive document is clipped, stapled, electronically appended, or otherwise attached, and/or any file folder in which the document was maintained.

6. If production of a document, or any portion of any document, is withheld pursuant to a claim of privilege, immunity or protection, You shall provide a written privilege log. Whenever a document is not produced in full or is produced in redacted form, so indicate on the document and state with particularity the reason or reasons it is not being produced in full. Furthermore, please describe to the best of Your knowledge, information and with as much particularity as possible, those portions of the document which are not being produced.

7. This subpoena shall be deemed continuing so as to require supplemental production should You or Your counsel obtain or identify further responsive documents between your initial presentation of documents and the time of trial.

### REQUESTED DOCUMENTS

Pursuant to Rule 4:9A of the Rules of the Supreme Court of Virginia, and in accordance with the Definitions and Instructions set forth above, Defendants AMc and Mercury Group, request production of the following:

1. All documents that refer or relate to Defendants.

2. All documents that refer or relate to the FRA's review of Defendants.

3. All communications with Defendants.

4. All communications that refer or relate to Defendants.

5. All communications with the NRA that refer or relate to Defendants.

6. All documents created, composed, or generated during or after the review of Defendants.

7. All notes or compilations of data that refer or relate to Defendants. This request includes, but is not limited to, (a) notes that were taken by FRA during the course of its review and (b) summaries of those notes that were subsequently generated.

8. All documents related to the NRA's retention of FRA to perform the review of Defendants.

9. All documents relating to Defendants that were created via transcription.

10. All documents and materials relied upon during the review of Defendants.

11. All documents which contain analysis or evaluation of Defendants.

12. All written guidelines, procedures, and policies relied upon by FRA during its review of Defendants.

13. All presentations, memoranda, reports and written findings that refer or relate to Defendants.

14. All documents obtained by FRA from Defendants during its review of Defendants.

15. All documents that refer or relate to the objectives and parameters of FRA's review of Defendants.

16. All documents that relate to NRA's efforts to comply with IRS requirements for nonprofit entities.

17. All documents that relate to NRA's efforts to comply with the requirements under New York State law governing not for profit entities registered in New York State.

18. All documents that relate to expenses of Wayne LaPierre that were paid for or reimbursed by the NRA.

19. All documents that relate to the issue of potential termination or severance fees that would be payable to Defendants upon termination of the NRA/AMc Services Agreement.