IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NATIONAL RIFLE ASSOCIATION OF AMERICA, | § § § | |
| *Plaintiff and Counter-Defendant*, | § § | |
| and | § § | |
| WAYNE LAPIERRE, | § § | |
| *Third-Party Defendant*, | § § § | |
| v. | § § | Case No. 3:19-cv-02074-G |
| ACKERMAN MCQUEEN, INC., | § § § | |
| *Defendant and Counter-Plaintiff*, | § § § | |
| and | § § | |
| MERCURY GROUP, INC., HENRY MARTIN, WILLIAM WINKLER, MELANIE MONTGOMERY, AND JESSE GREENBERG, | § § § § § | |
| *Defendants*. | § | |

## DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO ENTER PROPOSED PROTECTIVE ORDER FOR NON-PARTIES

Ackerman McQueen, Inc. ("***AMc***"), Mercury Group, Inc. ("***Mercury Group***"), Henry Martin ("***Martin***"), William Winkler ("***Winkler***"), Melanie Montgomery ("***Montgomery***"), and Jesse Greenberg ("***Greenberg***") (collectively, "***Defendants***") file this *Response to Plaintiff's Motion to Enter Proposed Protective Order for Non-Parties* (the "***Response***" to the "***Motion***"), and respectfully show as follows:

On February 13, 2020, Defendants filed their *Response to Plaintiff's Motion to Compel* production of documents. ECF 051. Defendants incorporate the factual allegations and arguments

from their Response to the Motion to Compel as if set forth fully herein. Defendants agree—as set forth in that Response—that this case requires a protective order to govern production from the parties and from third-parties. As Defendants further explained there, a protective order exists in the three Virginia lawsuits (consolidated into one) with specific protections for AMc's competitive, Highly Confidential information: the NRA's lead counsel, William A. Brewer, III ("**Brewer**") and the public relations ("**PR**") unit at his law firm are prohibited from accessing, reviewing, and otherwise using information so designated. *See* ECF 51 ¶¶ 14-15. Notably, the NRA's counsel "proposed a protective order that would prohibit the PR unit employees from having access to any of the discovery designated 'highly confidential,'" *i.e.*, the NRA itself *offered* to restrict the PR unit (which includes Brewer). *See* ECF 51 ¶ 14 & fn. 34.

Here, the NRA is proposing two separate protective orders, one for the parties and one for third-parties. That unnecessarily complicates the case and the rules governing the parties' (and third-parties') actions. What is worse, both protective orders conveniently (a) remove the Highly Confidential designation to give Brewer and his PR unit unfettered access to AMc's sensitive information *and* (b) they both reduce the Highly Confidential information in Virginia to simply Confidential information in this matter, which is a blatant circumvention of the Virginia protective order. *See* ECF 51 at Ex. B-21 § 2.5 ("Documents designated 'Highly Confidential' for purposes of the Virginia Action shall be treated as 'Confidential' for purposes of this Action."). Thus, Defendants requested as part of the relief in their Response to the Motion to Compel that this Court enter a substantially identical version of the Virginia protective order in this case to maintain the two-tier confidentiality designations to promote uniformity and compliance, as well as to protect AMc's competitive information from a person who already has abused such information (*e.g.*, serving more than 20 subpoenas to AMc's former and current clients). *See* Ex. A to ECF 051.

DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO ENTER PROPOSED                                    PAGE 2
PROTECTIVE ORDER FOR NON-PARTIES

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants respectfully request this Court deny Plaintiff's Motion; enter the protective order attached to Defendants' Response to the Motion to Compel (ECF 051) as **Exhibit A** to prohibit Brewer and the public relations unit of the Brewer Firm from accessing information designated "highly confidential"; and grant Defendants any and all such other and further relief at law or in equity to which they may be justly entitled.

Dated: February 20, 2020.

                Respectfully submitted,

                */s/ G. Michael Gruber*
                **Jay J. Madrid, Esq.**
                Texas Bar No. 12802000
                madrid.jay@dorsey.com
                **G. Michael Gruber, Esq.**
                Texas Bar No. 08555400
                gruber.mike@dorsey.com
                **J. Brian Vanderwoude, Esq.**
                Texas Bar No. 24047558
                vanderwoude.brian@dorsey.com
                **Brian E. Mason, Esq.**
                Texas Bar No. 24079906
                mason.brian@dorsey.com
                **DORSEY & WHITNEY LLP**
                300 Crescent Court, Suite 400
                Dallas, Texas 75201
                (214) 981-9900 Phone
                (214) 981-9901 Facsimile

                **ATTORNEYS FOR DEFENDANTS ACKERMAN MCQUEEN, INC., MERCURY GROUP, INC., HENRY MARTIN, JESSE GREENBERG, WILLIAM WINKLER, AND MELANIE MONTGOMERY**

## CERTIFICATE OF SERVICE

      I hereby certify that on February 20, 2020, I filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas. I hereby certify that I have served the document on all counsel and/or pro se parties of record by a manner authorized by Federal Rules of Civil Procedure 5(b)(2).

                                          */s/ G. Michael Gruber*  
                                          G. Michael Gruber, Esq.