# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| **NATIONAL RIFLE ASSOCIATION** | § | |
| **OF AMERICA,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil No. 3:19-CV-2074-G-BK** |
| | § | |
| | § | |
| **ACKERMAN MCQUEEN, INC, et al.,** | § | |
| **Defendants.** | § | |

## STANDING ORDER ON ALL DISCOVERY MATTERS

On February 27, 2020, all discovery matters in this case for were referred to the undersigned magistrate judge for determination [Doc. 60]. Going forward, the following order governs the filing and disposition of all discovery-related motions.

**1. <u>Informal Resolution of Discovery Disputes.</u>** The Court encourages the informal resolution of all contested discovery matters. To this end, the parties are welcome to schedule a telephone conference with the magistrate judge when they have a legitimate disagreement over a non-substantive discovery issue that can be resolved in a summary fashion. This is not an invitation to engage in *ex parte* communications or obtain advisory rulings from the Court. Rather, it is an attempt to resolve relatively simple and straightforward disputes in an efficient and cost-effective manner. Some examples are: (a) problems that arise during depositions, such as the refusal of a witness to answer questions or excessive objections by counsel; (b) disagreements over the interpretation or effect of prior Court orders related to discovery issues; (c) the extension of pretrial deadlines regarding discovery matters; and (d) rare emergency situations that require immediate judicial intervention. If the parties wish to schedule a

telephonic conference with Judge Toliver to resolve such matters, they may contact Courtroom Deputy Mervin Wright at 214-753-2169 to set up an appointment.

2. **Pre-Motion Conference.**  No party may file a non-dispositive motion unless all parties first confer by telephone or meet face-to-face in an attempt to resolve the matters in dispute.  *See* N.D. TEX. LOCAL RULE 7.1(a).  If a conference is requested in connection with a dispute involving written discovery, the parties should focus their discussions on the *substantive* information and documents made the basis of the written discovery request.  In other words, unless there is a specific objection, a party served with written discovery requests should fully answer each interrogatory or produce all responsive documents.  In the event of a specific objection, the party should affirmatively indicate whether any responsive information or documents have been withheld pursuant to such objection.  A discovery response that information is being provided "subject to" objection is disfavored and discouraged, as it tends to cause confusion.

A privilege log must be produced for any materials withheld from production on the grounds of attorney-client, work-product, or other privilege.  *See* FED. R. CIV. P. 26(b)(5). Moreover, In accordance with FED. R. EVID. 502(d), any attorney-client privilege or work-product protection will not be waived by disclosure in connection with this case. And, pursuant to FED. R. CIV. P. 26(b)(5)(B), if information produced in discovery is subject to a claim of privilege or of protection as trial-preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present

the information to the court under seal for a determination of the claim. The producing party must preserve the information until the claim is resolved. Any party that who fails to comply with these guidelines or participate in a conference upon request will be subject to sanctions.

**3. <u>Joint Status Report</u>.** A joint status report must be attached to any contested discovery motion. This report must contain: (a) the names of all attorneys and/or *pro se* parties who participated in the pre-motion conference; (b) the date the conference was held and the amount of time the parties conferred; (c) the matters that were resolved by agreement; (d) the specific matters that need to be heard and determined; and (e) a detailed explanation of why agreement could not be reached as to those matters. The joint status report must be signed by all participating parties.

The purpose of the joint status report is to enable the Court to determine the respective positions of each party in a single written submission. To this end, the parties should present all of their arguments and authorities in the body of the report. Supporting evidence and affidavits must be submitted in a separate appendix. The arguments, authorities, and evidence relied on by a party must be provided to opposing counsel before the attorneys finalize and sign the joint status report. The court, in its discretion, may allow further briefing upon request by any party. Local Civil Rule 7.1(d), which governs the filing of briefs for opposed motions, does not apply.

**4. <u>Filing and Service of Motions</u>.** All discovery-related motions must be filed electronically in accordance with Miscellaneous Order 61, the CM/ECF Civil and Administrative Procedures Manual, and the CM/ECF User Guide.

**5. <u>Responsive Pleadings</u>.** The Court will rule on most motions on an expedited basis without a formal response based on the arguments and evidence presented in the joint status report and appendix. In some cases, the Court may allow or direct the parties to file a response

and reply.  Typically, responsive pleadings will be allowed only if the motion involves discrete legal issues necessitating further briefing or is dependent on evidence outside the record.  In the event that the Court permits a written response and reply, a briefing schedule will be established by separate order.  Further, the Court, in its discretion or upon the request of any party, may schedule oral argument prior to ruling on the motion.

6. **Hearing.**  Most pretrial motions will be decided on the written submissions.  However, if upon review the Court determines that oral argument and/or an evidentiary hearing is necessary or would be helpful to the Court, the parties will be notified.  In accordance with the informal policy promoted by Chief Judge Barbara M.G. Lynn, the Court strongly encourages litigants to be mindful of opportunities for young lawyers (i.e., lawyers practicing for less than seven years) to conduct hearings or argue before the Court, particularly in those instances where the young lawyers drafted or contributed significantly to the underlying motion or response.

7. **Questions.** Any questions concerning the requirements of this order or the status of any motion may be directed to Mervin Wright, Courtroom Deputy to Judge Toliver, at (214) 753-2169.  Questions concerning electronic filing procedures should be directed to the ECF Help Desk at (866) 243-2866.

**SO ORDERED** on March 10, 2020.


RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE