IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| NATIONAL RIFLE ASSOCIATION OF AMERICA,<br><br>    Plaintiff and Counter-Defendant<br><br>and<br><br>WAYNE LAPIERRE,<br><br>    Third-Party Defendant,<br><br>v.<br><br>ACKERMAN MCQUEEN, INC.,<br><br>    Defendant and Counter-Plaintiff,<br><br>MERCURY GROUP, INC., HENRY MARTIN, WILLIAM WINKLER, MELANIE MONTGOMERY, and JESSE GREENBERG,<br><br>    Defendants. | Civil Action No. 3:19-cv-02074-G |

**DEFENDANTS' MOTION TO DISQUALIFY PLAINTIFF'S COUNSEL
(WILLIAM A. BREWER III AND BREWER ATTORNEYS & COUNSELORS)**

TO THE HONORABLE A. JOE FISH, UNITED STATES DISTRICT JUDGE:

Ackerman McQueen, Inc. ("*AMc*"), Mercury Group, Inc., Henry Martin, William Winkler, Melanie Montgomery, and Jesse Greenberg (collectively, "*Defendants*") hereby file this *Motion to Disqualify Plaintiff's Counsel (William A. Brewer III and Brewer Attorneys & Counselors)* (the "*Motion*"):

I.   SUMMARY

Since his engagement by the National Rifle Association of America ("*NRA*") beginning in March 2018, William A. Brewer III ("*Brewer*") and his law firm, Brewer Attorneys & Counselors

(the "*Brewer Firm*"), have skirted the edge of disqualifying conflicts and conduct. Recently revealed facts and developments have now ripened the issue to the point where disqualification is required.

This lawsuit presents unique scenarios that are uncommon among traditional arms-length litigants and counsel. *First*, Brewer has a multi-decade, animus-filled family relationship with the owners of AMc. Brewer is the son-in-law of the late Angus McQueen ("*A. McQueen*"), long-time patriarch and CEO of AMc, and the brother-in-law of Revan McQueen ("*R. McQueen*"), current CEO of AMc, having married A. McQueen's daughter and R. McQueen's sister, Skye McQueen Brewer. The Brewer Firm was also a client of AMc as recent as December 2019.

For over twenty years, Brewer has had a strained relationship and resentful, disrespectful attitude toward A. McQueen and other members of the McQueen family, a fact that was no secret to the NRA. Indeed, Brewer has had twenty years, both as a family member and many years as an AMc client, gaining key insight into the business strategy of AMc and the personal lives of the McQueen family. Brewer has used this familial relationship and knowledge to the detriment of AMc in this litigation for his own personal motives and in violation of numerous ethical rules.

*Second*, the Brewer Firm itself is a business competitor of AMc in the public-relations ("*PR*") market. Unlike typical law firms, the Brewer Firm actively promotes its ability to offer crisis-management and PR services to clients. According to his recent article, Brewer boasts of his ability to try cases in the press ("in the court of public opinion") instead of the courtroom and advocates that PR services should be performed by law firms instead of companies like AMc.

As a lawyer who also performs PR services on matters where he is the lead lawyer, Brewer positioned his law firm as a direct competitor of AMc and began supplanting AMc shortly after his retention by the NRA, drafting press releases. The Brewer Firm now provides services to the

NRA that AMc provided exclusively for nearly forty years, including speech-writing, crisis management, media relations, press releases, website content, and general PR advice.

*Third*, Brewer is an actual tortfeasor who engaged in wrongful conduct as a primary actor in the underlying dispute. He was responsible for faking the AMc audits and document demands, creating the fallacy that AMc was leaking information, filing these unauthorized lawsuits when the NRA was seeking to keep the peace with AMc, concocting and carrying out the false and defamatory narrative that AMc and Lieutenant Colonel Oliver North attempted to extort Wayne LaPierre ("**LaPierre**"), and causing AMc's Services Agreement with the NRA to be terminated.

Brewer and his firm's actions now require that this Court exercise its authority to disqualify them from representing the NRA and LaPierre, and from having any involvement in this case, except as anticipated witnesses.

## II.   GROUNDS FOR RELIEF

As has been the longstanding rule in Texas:

> When the client's right to counsel of his choice and the need to maintain ethical standards of professional responsibility clash, the preservation of public trust both in the scrupulous administration of justice and in the integrity of the bar is paramount. The client's recognizably important right to counsel of his choice must yield . . . to considerations of ethics which run to the very integrity of the judicial process.[1]

When reviewing a motion to disqualify, the court must consider the motion and the state and national ethical rules adopted by the Fifth Circuit, *i.e.*, the American Bar Association Model Rules of Professional Conduct (the "**Model Rules**") and the Texas Disciplinary Rules of Professional Conduct (the "**Texas Rules**"), as well as the local rules of the district court.[2]

While other circuits treat ethics rules as guiding principles, the Fifth Circuit "has struck a

---

[1] *United Pacific Ins. Co. v. Zardenetta*, 661 S.W.2d 244, 248 (Tex. App.—San Antonio 1983, no writ).
[2] *In re Am. Airlines, Inc.*, 972 F.2d 605, 609 (5th Cir. 1992); *Tierra Tech de Mex., S.A. de C.V. v. Purvis Equip. Corp.*, No. 3:15-CV-4044-G, 2016 U.S. Dist. LEXIS 137893, at *5 (N.D. Tex. Oct. 4, 2016).

different balance, electing to remain sensitive to preventing conflicts of interest," finding courts are obliged to discipline unethical conduct.[3] Accordingly, "a motion to disqualify counsel is the proper method for a party-litigant to bring the issues of conflict of interest or breach of ethical duties to the attention of the court."[4]

The Circuit Court of the City of Alexandria, Virginia (the "*Virginia Court*") has already recognized Brewer's professional conflict as a business competitor of AMc.  However, no court has yet addressed the personal conflicts and ethical issues implicated by Brewer's family connection with AMc's owners and his intentional devastation, through vexatious litigation and libel, of his then-dying father-in-law and his company.  Brewer's personal and professional interests in this case violate the following applicable conflict-of-interest rules:

    a.  **Texas Rule 1.06(b)** and **Model Rule 1.7** (Conflicts of Interest);

    b.  **Texas Rule 3.08(a)-(c)** and **Model Rule 3.7** (Lawyer as Witness);

    c.  **Texas Rule 3.07** and **Model Rule 3.6** (Trial Publicity);

    d.  **Texas Rule 4.01** and **Model Rule 4.1** (Truthfulness in Statements to Others);

    e.  **Texas Rule 4.02** and **Mode Rule 4.2** (Communication with Represented Persons);

    f.  **Texas Rule 4.04** and **Model Rule 4.4** (Respect for Rights of Third Persons);

Brewer's continued representation of the NRA or LaPierre against AMc in this matter improperly and unfairly prejudices AMc's ability to fully and fairly litigate its claims and defenses and will further perpetuate public suspicion of the integrity of the judicial system and this lawsuit. Brewer, and by extension the Brewer Firm, must be disqualified and prohibited from further

---

[3] *Id*. ("[A] district court is *obliged* to take measures against unethical conduct occurring in connection with any proceeding before it." (emphasis in original)); *see also Hill v. Hunt*, No. 3:07-CV-02020-O, 2008 U.S. Dist. LEXIS 68925, at *54 (N.D. Tex. Sep. 4, 2008) (O'Connor, J.) (actual harm not a requirement for disqualification for conflicts of interest and "unethical conduct does not have to threaten to taint proceedings to make disqualification proper.").
[4] *Am. Airlines*, 972 F.2d at 611 (quoting *Musicus v. Westinghouse Elec. Corp.*, 621 F.2d 742, 744 (5th Cir. 1980)).

representing the NRA and LaPierre in this case, or any other party against any Defendant relating to this NRA dispute, and from participating beyond providing witness evidence in the form of documents and testimony.

### III.     LOCAL RULE 7.1

Pursuant to Local Rule 7.1, Defendants' contentions of fact and law, arguments, and authorities are set forth in the accompanying brief and a separate evidentiary appendix, which are incorporated herein by reference and which are being submitted to the Court with this Motion.

### IV.     CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Defendants respectfully request the following relief:

a. Brewer and the Brewer Firm are hereby disqualified from representing the NRA, LaPierre, or any other party against Defendants in the above-captioned lawsuit.

b. The NRA and LaPierre shall substitute counsel within thirty (30) days of the entry of this Order;

c. Immediately following substitution of counsel, Brewer and the Brewer Firm are prohibited from any in participation, oversight, or management of matters in any way related to this lawsuit and shall not communicate with substituted counsel regarding such matters;

d. Immediately following substitution of counsel, Brewer and the Brewer Firm shall be excluded from all access to discovery or evidence provided by Defendants or any third party pursuant to a subpoena issued in this or any related matter and must promptly remit such materials, whether written or electronic, to substituted counsel, retaining no copies;

e. Any future involvement with this lawsuit by Brewer and the Brewer Firm shall be exclusively limited to providing testimony and documents, as required, as a fact witness in this case;

f. Substituted counsel, or any other counsel retained by the NRA or LaPierre, shall not communicate with, or provide documents or information to, Brewer and the Brewer Firm related to this lawsuit or any other matter adverse to AMc;

g. Brewer and the Brewer Firm are prohibited from providing comments to the media or any member of the press on behalf of the NRA, LaPierre, or any other party related to Defendants or the above-captioned lawsuit; and

h.  Any and all further relief to which Defendants are justly entitled.

Dated: March 30, 2020                                                Respectfully submitted,

/s/ G. Michael Gruber
**G. Michael Gruber, Esq.**
Texas Bar No. 08555400
gruber.mike@dorsey.com
**Jay J. Madrid, Esq.**
Texas Bar No. 12802000
madrid.jay@dorsey.com
**J. Brian Vanderwoude, Esq.**
Texas Bar No. 24047558
vanderwoude.brian@dorsey.com
**Brian E. Mason, Esq.**
Texas Bar No. 24079906
mason.brian@dorsey.com

**DORSEY & WHITNEY LLP**
300 Crescent Court, Suite 400
Dallas, Texas 75201
(214) 981-9900 Phone
(214) 981-9901 Facsimile

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was electronically served via the Court's electronic case filing system upon all counsel of record on this 30th day of March 2020:

*G. Michael Gruber*
G. Michael Gruber