IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NATIONAL RIFLE ASSOCIATION OF AMERICA, | § § § | |
| Plaintiff and Counter-Defendant | § § | |
| and | § § | |
| WAYNE LAPIERRE, | § § | |
| Third-Party Defendant, | § § | Civil Action No. 3:19-cv-02074-G |
| v. | § § | |
| ACKERMAN MCQUEEN, INC., | § § | |
| Defendant and Counter-Plaintiff, | § § | |
| MERCURY GROUP, INC., HENRY MARTIN, WILLIAM WINKLER, MELANIE MONTGOMERY, and JESSE GREENBERG, | § § § § | |
| Defendants. | § § | |

**APPENDIX IN SUPPORT OF DEFENDANTS' REPLY IN SUPPORT OF MOTION TO COMPEL PLAINTIFF'S DOCUMENT PRODUCTION AND MOTION FOR SANCTIONS**

Defendants, Ackerman McQueen, Inc., Mercury Group, Inc., Henry Martin, William Winkler, Melanie Montgomery, and Jesse Greenberg, offer the following evidence in support of *Reply in Support of Motion to Compel Plaintiff's Document Production and Motion for Sanctions*:

| EX | DESCRIPTION | APPX |
|---|---|---|
| B | Declaration of Brian E. Mason, dated April 6, 2020 | APP001-APP003 |
| B-1 | Hearing transcript dated February 6, 2020, *NRA v. AMc, et al.*, Superior Court of Virginia, Cause CL19001757, CL19002067 and CL19002886. | APP004-APP010 |

Dated: April 6, 2020                                                          Respectfully submitted,

                                                                              */s/ Brian E. Mason*
                                                                              **G. Michael Gruber, Esq.**
                                                                              Texas Bar No. 08555400
                                                                              gruber.mike@dorsey.com
                                                                              **Jay J. Madrid, Esq.**
                                                                              Texas Bar No. 12802000
                                                                              madrid.jay@dorsey.com
                                                                              **J. Brian Vanderwoude, Esq.**
                                                                              Texas Bar No. 24047558
                                                                              vanderwoude.brian@dorsey.com
                                                                              **Brian E. Mason, Esq.**
                                                                              Texas Bar No. 24079906
                                                                              mason.brian@dorsey.com

                                                                              **DORSEY & WHITNEY LLP**
                                                                              300 Crescent Court, Suite 400
                                                                              Dallas, Texas 75201
                                                                              (214) 981-9900 Phone
                                                                              (214) 981-9901 Facsimile

                                                                              **ATTORNEYS FOR DEFENDANTS**

### CERTIFICATE OF SERVICE

     I hereby certify that a true and correct copy of the foregoing document was electronically served via the Court's electronic case filing system upon all counsel of record on this 6th day of April 2020:

                                                                              */s/ Brian E. Mason*
                                                                              Brian E. Mason

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| NATIONAL RIFLE ASSOCIATION OF AMERICA,<br><br>    Plaintiff and Counter-Defendant<br><br>and<br><br>WAYNE LAPIERRE,<br><br>    Third-Party Defendant,<br><br>v.<br><br>ACKERMAN MCQUEEN, INC.,<br><br>    Defendant and Counter-Plaintiff,<br><br>MERCURY GROUP, INC., HENRY MARTIN, WILLIAM WINKLER, MELANIE MONTGOMERY, and JESSE GREENBERG,<br><br>    Defendants. | Civil Action No. 3:19-cv-02074-G |

## DECLARATION OF BRIAN E. MASON

Pursuant to 28 U.S.C. § 1746, I, Brian E. Mason, hereby declare as follows:

1.    My name is Brian E. Mason. I am over eighteen years of age. I have never been convicted of a felony or misdemeanor involving moral turpitude. I am fully competent to make this declaration. I am a lawyer at Dorsey & Whitney, LLP ("***Dorsey***") and counsel of record for Ackerman McQueen, Inc. ("***AMc***"), Mercury Group, Inc. ("***Mercury***"), Henry Martin ("***Martin***"), William Winkler ("***Winkler***"), Melanie Montgomery ("***Montgomery***"), and Jesse Greenberg ("***Greenberg***") (collectively, "***Defendants***") in the above-captioned matter (the "***Texas Lawsuit***"). I am also admitted pro hac vice representing AMc and Mercury Group in the following lawsuits

in Virginia: *National Rifle Association of America v. Ackerman McQueen, Inc., et al.*, Case Nos. CL19002067, CL19001757, and CL19002886, pending before the Circuit Court for the City of Alexandria, Virginia (collectively, the "***Virginia Lawsuits***").  I have personal knowledge of the facts set forth in this declaration and acknowledge them to be true and correct.

2. On February 3, 2020, I, along with my colleague, Kelsey Taylor, conferred with counsel for Plaintiff (Beth Landes, Jason McKenney, and Michael Collins) regarding the Motion to Compel.  During the conference, I repeatedly represented to Plaintiff's counsel that we were prepared to specifically address each of Plaintiff's many responses and objections that were deficient.  In response, Plaintiff's counsel told me that we should instead proceed topically because a one-by-one review "won't get us anywhere."[1]  Based on Plaintiff's counsel's instructions, I did just that.

3. Specifically, I raised questions about—and challenged Plaintiff's positions on—the topics addressed in the Motion to Compel, including, but not limited to the following:

    a. Privilege objections, including seeking clarification and whether requests accompanied by relevance objections were being withhold *in toto*, which counsel "took under advisement";

    b. New York Attorney General-related requests, including the Lockton and Carry Guard matters, which I explained Plaintiff put at issue when: (i) it first submitted AMc to a document request on the basis of those matters, which then devolved into full-blown audits that are the basis of the first Virginia lawsuit, Plaintiff's breach of contract claims in this lawsuit, and AMc's defamation claim, and (ii) Plaintiff made statements in the media about those initial and subsequent document demands, all of which counsel "took under advisement";

---

[1] *Cf.* ECF 70 at 6 § A (1) & 27 § F.

   c. Objections to requests that refer to Wayne LaPierre's deposition and whether Plaintiff is withholding non-privileged, responsive documents based on those references;

   d. Requests 22 and 88 that are contradictory, concerning the Brewer Firm's communications with the media and specifically with Danny Hakim of the New York Times, and generally whether Plaintiff would be producing documents and communications with the media, to which counsel responded, "Let me think about it a little more.";

   e. The Brewer Firm's public relations work and communications for Plaintiff; and

   f. The Brewer Firm's invoices/billing, which I explained are relevant to show why Lieutenant Colonel Oliver North was questioning Brewer's fees, which ultimately led to his ouster, termination of the AMc Services Agreement, and the false extortion narrative, in addition to being relevant for the attorneys' fees Plaintiff seeks. I also referenced specific requests as an example (Nos. 4, 6, 39, 40).

  4. Attached hereto as **Exhibit B-1** is a true and correct copy of excerpts from the hearing transcript dated February 6, 2020, *NRA v. AMc, et al.*, Superior Court of Virginia, Cause CL19001757 and CL19002067.

  I declare under penalty of perjury and in accordance with 28 U.S.C. § 1746 that the foregoing is true and correct.

Executed this 6th day of April, 2020.

                      _____
                       Brian E. Mason

# EXHIBIT B-1

# In the Matter of:

# NRA
## v.
## Akerman McQueen

## Transcript of Hearing

### February 6, 2020



Phone: 703-837-0076
Fax: 703-837-8118
Toll Free: 877-837-0077

1010 Cameron Street
Alexandria, VA 22310
transcript@casamo.com

```
 1     V I R G I N I A:

 2     IN THE CIRCUIT COURT FOR THE CITY OF ALEXANDRIA

 3     - - - - - - - - - - - - - - - x

 4     THE NATIONAL RIFLE
       ASSOCIATION OF AMERICA
 5
                 Plaintiff
 6                                       Case Nos. CL19001757
       -vs-
 7                                                 CL19002067
       ACKERMAN MCQUEEN, INC.
 7                                                 CL19002886
       and
 9
       MERCURY GROUP, INC.
10
                 Defendants
11     - - - - - - - - - - - - - - - x

12                              Alexandria, Virginia
                         Thursday, February 6, 2020
13

14          The above-entitled matter came on for

15     hearing before THE HONORABLE NOLAN B. DAWKINS,

16     a Judge in and for the Circuit Court for the

17     City of Alexandria, Alexandria, Virginia, in

18     Courtroom 1, pursuant to notice, beginning at

19     10:18 a.m., when there were present on behalf

20     of the parties:

21

22
```

```
 1     APPEARANCES:

 2     On Behalf of the Plaintiff

 3           James W. Hundley, Esquire
             Robert H. Cox, Esquire
 4           Briglia Hundley, P.C.
             1921 Gallows Road, Suite 750
 5           Tysons Corner, Virginia 22182

 6           Michael J. Collins, Esquire
             Jason C. McKenney, Esquire
 7           Brewer Attorneys & Counselors
             1717 Main Street, Suite 5900
 8           Dallas, Texas 75201

 9     On Behalf of the Defendants

10           David H. Dickieson, Esquire
             Joseph Gonzalez, Esquire
11           David Schertler, Esquire
             Schertler & Onorato, LLP
12           901 New York Avenue, NW, Suite 500
             Washington, D.C.  20001
13
             Brian E. Mason, Esquire
14           Dorsey & Whitney, LLP
             300 Crescent Court, Suite 400
15           Dallas, Texas 75201

16

17                    C O N T E N T S

18

19                                         PAGE

20     Proceedings..................3

21

22
```

Page 63

1  I'm sure Mr. Schertler made just an honest
2  mistake. That's who he is. It wouldn't have
3  been nothing than an honest mistake. He said
4  you already ruled on the breach of fiduciary
5  duty claim. Your Honor, you ruled that they
6  don't have a claim for breach of good faith and
7  fair dealing claim, because that is, in
8  essence, superseded in the services agreement.
9  And it looked like the breach of fiduciary duty
10 claim was, one, duplicative and, two, to try
11 to, you know, get around the plain language of
12 the services agreement. That's what you ruled,
13 your Honor. You didn't --
14      THE COURT: I'm certainly not prepared
15 to respond to that.
16      MR. COLLINS: Oh, no. No, just giving
17 you context, your Honor.
18      THE COURT: Okay.
19      MR. COLLINS: So I think -- but I
20 think what they just said to your Honor
21 demonstrates that there's no prejudice and,
22 your Honor, especially no unfair prejudice,

Page 64

1  because we're going to be doing all that work
2  the same, and Dorsey's here in the Virginia
3  action anyway.
4      But, your Honor, I know you're going
5  to do what you know is -- what you believe is
6  correct. And so but I would still suggest,
7  your Honor, just to delay ruling on this to
8  hear both sides' motions to compel. And I
9  think we'll give you more context. Thank you
10 so much, your Honor.
11      THE COURT: Okay. All right.
12      All right. Just one second.
13      MR. SCHERTLER: Your Honor, if I may,
14 I have a cheat sheet.
15      THE COURT: Yes. Please.
16      MR. SCHERTLER: It lists all the
17 motions that I think we have. Maybe this would
18 help you.
19      THE COURT: I have a cheat sheet too.
20      MR. SCHERTLER: Okay. Your cheat
21 sheet's probably better than mine.
22      THE COURT: Okay. Bring it up. Okay.

Page 65

1      MR. SCHERTLER: And we just did the
2  first one. And I have a copy for --
3      THE COURT: I'm getting too old for
4  this.
5      MR. SCHERTLER: Come on, Judge, we're
6  one-eighth of the way through.
7      THE COURT: Whoever the judge is,
8  they're going to hate me.
9      Let's -- I want to do -- the second
10 one I think I can take care of pretty quickly
11 as the -- AMC's motion to -- for in-camera
12 review. That's denied. It's too many
13 documents. I think it's something that the
14 Court is not capable of doing. I think the
15 number of -- just the number of documents that
16 we've already discussed and the number of pages
17 that you've discussed makes it almost
18 impossible for the Court to adequately address.
19      You want to -- yes, sir,
20      MR. GONZALEZ: Yes, your Honor,
21 briefly. We refer to in-camera review. But
22 one of the other matters we raised in that

Page 66

1  motion is the issue that is undecided of
2  waiver. It's clear in this case that FRA is
3  the central witness in the first lawsuit.
4  Their documents aren't just important to the
5  case. They are the case.
6      And so, yes, we move for in-camera
7  review. But the reason we also moved is
8  because of what the Judge said, what your Honor
9  said the last time we were here. And I think
10 your Honor acknowledged explicitly --
11     THE COURT: I know that I said that.
12 I'm certain that I said what I said. But I
13 think that I said that kind of without
14 knowledge of what I've read recently about the
15 number of documents and what I'm going to have
16 to review and make a decision on. And
17 ultimately it seems to me that that would
18 require a trial within a trial.
19     MR. GONZALEZ: Your Honor, there's a
20 simple solution to that.
21     THE COURT: Yes, sir.
22     MR. GONZALEZ: The simple solution is

Page 67

1  this, grant our motion to compel those
2  documents, because there has been a waiver.
3  And the facts are incredibly clear on that.
4  They were the central witness. They were paid
5  by the NRA to interact AMC. And you made the
6  allusion to Brady. I think you're exactly
7  right. Courts around the country agree with
8  you. It's tantamount to withholding Brady
9  evidence. It prevents us fundamentally from
10 defending ourselves with respect to that
11 lawsuit.
12       You have two actors here, AMC and FRA.
13 They said FRA can get up here and testify. But
14 we're not allowed to ask for any documents from
15 that witness. That kneecaps us. It
16 fundamentally prevents us from doing
17 cross-examination. And those documents, if you
18 take a look, if you take a look at their
19 privilege log, they're what the first lawsuit
20 is about. That's what they indicate. They're
21 about the document review, the examination that
22 occurred.

Page 68

1       And so essentially what the NRA is
2  saying, you're only going to be able to talk
3  about this, but you're not going to be able to
4  talk about what actually occurred, what that
5  fact witness thought, what they said. Any
6  other fact witness gets up there, you'd be
7  allowed to do that. And the courts recognize
8  that. And they say when you put somebody at
9  issue, when you file a lawsuit which they did
10 in the first case -- they said you didn't
11 comply with FRA's examination -- when you make
12 that choice and you put that at issue, waiver's
13 the only way you go. Otherwise it's a wrong of
14 an unconstitutional magnitude.
15      And that's what's happening here. We
16 cannot defend ourselves without those
17 documents. And so, your Honor, I agree with
18 you. It is kind of unfair to ask the Court to
19 do that. But given the importance, given the
20 importance, I'd ask the Court to make a ruling
21 at least with respect to that waiver argument,
22 because it's crystal clear.

Page 69

1       THE COURT: Is that part of your
2  motion to compel?
3       MR. GONZALEZ: And our most recent --
4  and our most recent brief, your Honor.
5       THE COURT: Okay. All right. Let's
6  hold off. Let's hear your motions to compel,
7  and then we'll deal with that later; okay?
8       MR. GONZALEZ: Thank you, your Honor.
9  And I appreciate that. It's so important to my
10 client.
11      THE COURT: All right. Let's do that.
12      All right. Let's proceed. Let's go.
13 Let's do this one, NRA's motion to compel
14 supplemental responses to plaintiff's
15 interrogatories, motion for sanctions. How
16 would you like to proceed?
17      MR. COLLINS: Judge, just very
18 briefly, I have mentioned to people here that I
19 have a health condition.
20      THE COURT: I'm sorry?
21      MR. COLLINS: I have a health
22 condition that's been bothering me some today.

Page 70

1  So I may need to step out briefly.
2       THE COURT: Oh, whenever. Okay.
3       MR. COLLINS: Okay. Thank you.
4       THE COURT: All right. Do you want me
5  to adjourn, or do you --
6       MR. COLLINS: No. No, I do not. No,
7  I do not.
8       THE COURT: Okay. All right.
9       MR. MCKENNEY: Should we go one
10 interrogatory by one? It seems like the most
11 practical way, your Honor.
12      THE COURT: Well, let's do the -- your
13 interrogatories. And then I'll allow a
14 response, and then we'll do your next one. And
15 we'll make a decision on each interrogatory as
16 -- I mean each motion.
17      MR. MCKENNEY: Would you like me to go
18 through all of them first?
19      THE COURT: No, one at a time. One at
20 a time. Respond. I'll decide. Then go to the
21 next.
22      MR. MCKENNEY: Okay.

Page 147

1  problem, we want to know the finances of all
2  your officers and all your directors, because
3  we want to have that in our back pocket. It
4  has nothing to do with the case. It's a gross
5  invasion of privacy. The case law that relates
6  to net worth of parties does not apply to
7  officers and employees of the party.
8       THE COURT: Motion's denied.
9       MR. MCKENNEY: Thank you, your Honor.
10  That's all we have.
11       THE COURT: All right. Now, it's now
12  half a day. It was slotted for a half day.
13  Probably another half day in order to hear the
14  balance of the case. Would you suggest that's
15  true?
16       MR. SCHERTLER: It's at least a few
17  more hours.
18       MR. COX: Your Honor, just to let you
19  know, if -- because it was represented a half a
20  day, we don't have a problem if the Court sees
21  fit to set this down for another date certain
22  to finish this.

Page 148

1       THE COURT: Okay. Let's do this
2  first. As it appears regardless of the Court's
3  ruling with regard to the issue on amending the
4  complaint, this case will take at least four
5  weeks. So to that extent, I guess I'm going to
6  have to send you to chambers and, one, remove
7  the case from the docket in April and,
8  secondly, find four weeks in the year 2021.
9       That being the case, the balance of
10  the matters scheduled for today's hearing can
11  be heard at a later date. And we'll schedule
12  those for another day at your convenience after
13  you've gotten the new trial date.
14       It seems to me kind of to short
15  circuit this, again, I'm not likely to be the
16  trial judge in this case. So I will withhold
17  any ruling on the issue with regard to the
18  in-camera review of the documents since I
19  suspect ultimately the trial judge is going to
20  have to do that once you -- this matter is
21  ultimately decided when it's going to be heard.
22       MR. SCHERTLER: Your Honor, I think

Page 149

1  just going back to my argument about conserving
2  the resources of this court, we would still
3  move to ask the Court to deny the motion to
4  amend the complaint.
5       MR. COLLINS: Your Honor, we think it
6  should be granted. But I don't need to say
7  anything more than I said so far. And I think
8  the next hearing will help us understand.
9       THE COURT: In light of the ultimate
10  timing of these matters in terms of when this
11  matter's going to be tried, the Court will
12  grant the motion to amend understanding that
13  there may be collateral estoppel at some point
14  if this matter's tried in the Texas court.
15       All right.
16       MR. DICKIESON: Your Honor, there's
17  one more very short matter that I think we're
18  close to an agreement that counsel fly in from
19  Dallas whether or not documents in the Virginia
20  case --
21       THE COURT: You came from Dallas with
22  nothing -- not much to say; huh?

Page 150

1       MR. MASON: Just a few things briefly,
2  your Honor.
3       THE COURT: Say something. I don't
4  want you to come from Dallas and without having
5  anything to say. Tell me anything.
6       MR. COLLINS: I'm from Dallas too,
7  your Honor.
8       MR. MASON: Thank you, your Honor.
9  And I'll try and be -- Brian Mason from Dorsey
10  & Whitney. I'm counsel for Ackerman McQueen in
11  the Dallas federal lawsuit.
12       The issue I wanted to address briefly
13  was the motion to modify the Virginia
14  protective order that was filed.
15       THE COURT: Okay.
16       MR. MASON: And just to give you a
17  little bit of context on kind of how we got to
18  this point, we talked about the federal case.
19  There was an amended complaint filed by the NRA
20  back in October. And in that complaint, that
21  amended complaint, all of these additional
22  issues were alleged.

```
                                                    Page 187
 1              CERTIFICATE OF REPORTER
 2
 3       I, Karen M. Smith, the stenographic
 4    reporter who was duly sworn to well and truly
 5    report the foregoing proceedings, do hereby
 6    certify that they are true and correct to the
 7    best of my knowledge and ability; and that I
 8    have no interest in said proceedings, financial
 9    or otherwise, nor through relationship with any
10    of the parties in interest or their counsel.
11          IN WITNESS WHEREOF, I have hereunto set my
12    hand this 13th day of February, 2020.
13
14    _____
15       Karen M. Smith
16       260496
17
18
19
20
21
22
```