# EXHIBIT 5

APPX099



February 18, 2020

**VIA EMAIL**

G. Michael Gruber
Jay J. Madrid
Brian E. Mason
Dorsey & Whitney LLP
300 Crescent Court, Suite 400
Dallas, Texas 75201

  Re: **Ackerman McQueen's Possession, Use and Submission to the Court of the NRA's Privileged and Confidential Information**

    *National Rifle Association of America v. Ackerman McQueen Inc et al.*,
    No. 3:19-cv-02074-G (N.D. Tex).

Dear Messrs. Gruber, Madrid and Mason:

  I write to you on behalf of my client, the National Rifle Association of America (the "NRA"). On February 12, 2020, you electronically filed with the United States District Court for the Northern District of Texas your Response to Plaintiff's Motion to Compel Production ("Response") on behalf of your clients, Ackerman McQueen, Inc., Mercury Group, Inc., Henry Martin, Jesse Greenberg, William Winkler and Melanie Montgomery (collectively, "AMc"). AMc's Response was accompanied by more than two dozen exhibits and a Motion for Leave to File Under Seal Certain Exhibits To [AMc's] Response to Plaintiff's Motion to Compel ("Motion for Leave").

  Among the exhibits accompanying your papers is a clearly privileged communication between Plaintiff the NRA and its counsel, which you marked "Exhibit B-9."[1] You falsely represent in your client's Response that Exhibit B-9 is a public relations presentation about the NRA's "reputational interests," prepared and presented by public relations professionals to a committee of NRA members.[2]

  Exhibit B-9 is titled "Executive Briefing: Representing the NRA in the Legal, Regulatory and Public Arena," and is clearly stamped "Attorney Work Product" and "Privileged & Confidential." It is evident from the title of the document and the privilege designation repeated on each page of the document, that Exhibit B-9 is a highly confidential and privileged communication prepared and presented by the NRA's counsel to provide advice to its client in a closed "Executive Session" meeting of the client's Board of Directors.

---

  [1] *See* Motion for Leave, ECF No. 52, pg. IDs 1381-1400.

  [2] *See* Response, ECF No. 51, pg. ID 1007.

# BREWER

**Messrs. Gruber Madrid & Mason**
February 18, 2020
Page 2

The situation presents serious issues which require, at a minimum, immediate corrective action by you and your client. Please confirm no later than 24 hours from receipt of this communication that:

- you have received and read this communication;
- you will take immediate steps to withdraw the privileged document labeled "Exhibit B-9," from your submission to the Court;
- by Thursday, February 20, 2020, you will explain by written response no later than how your client obtained the privileged document (Exhibit B-9), and how you, in turn, came to acquire it;
- by Thursday, February 20, 2020, you will (a) identify each copy of the privileged document (Exhibit B-9) you or your client generated or shared, (b) secure each such copy, (c) return the document and any copy to us as counsel for the NRA, and (d) verify that no copy of the document is retained in your or your client's possession, custody or control;
- by Thursday, February 20, 2020, you will (a) identify any other of the NRA's privileged or protected information in your or your client's possession, custody or control, (b) secure all copies of such information (c) return to us the information and any copies thereof, and (d) verify that no such information is retained in your or your client's possession, custody or control.

We expect that neither you nor any of your colleagues will reference, use, share, review or further leverage the NRA's protected information. The NRA reserves all rights.

Sincerely,

Michael J. Collins

4844-3050-9748.6
2277-09