IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NATIONAL RIFLE ASSOCIATION OF AMERICA, | § § § | |
| Plaintiff and Counter-Defendant | § § | |
| and | § § | |
| WAYNE LAPIERRE, | § § | |
| Third-Party Defendant, | § § | Civil Action No. 3:19-cv-02074-G |
| v. | § § § | |
| ACKERMAN MCQUEEN, INC., | § § | |
| Defendant and Counter-Plaintiff, | § § | |
| MERCURY GROUP, INC., HENRY MARTIN, WILLIAM WINKLER, MELANIE MONTGOMERY, and JESSE GREENBERG, | § § § § § | |
| Defendants. | § § | |

**DEFENDANTS' OBJECTIONS TO PLAINTIFF'S
EXPERT WITNESS DECLARATIONS**

Defendants Ackerman McQueen, Inc., Mercury Group, Inc., Henry Martin, William Winkler, Melanie Montgomery, and Jesse Greenberg (collectively, "***Defendants***") submit their Objections to the Declarations of James McCormack, Richard Flamm, and Nancy Moore as follows:

**I. PRELIMINARY STATEMENT**

1.   Defendants object to the declarations of James McCormack ("***McCormack Declaration***"), Richard Flamm ("***Flamm Declaration***"), and Nancy Moore ("***Moore***

*Declaration*") (collectively, the "*Declarations*") that the NRA ("*Plaintiff*" or "*NRA*") submitted on May 4, 2020, in support of its Response (the "*Response*") to Defendants' Motion to Disqualify Plaintiff's Counsel (William A. Brewer III ("*Brewer*") and Brewer, Attorneys & Counselors (the "*Brewer Firm*")) (the "*Motion to Disqualify*"). As demonstrated herein, the Declarations are objectionable and inadmissible on numerous grounds. Defendants ask the Court to sustain their objections to the Declarations and exclude the testimony and opinions contained therein in ruling on Defendant's Motion to Disqualify.

## II.   INTRODUCTION

2.   James McCormack ("*McCormack*"), Richard Flamm ("*Flamm*"), and Nancy Moore ("*Moore*") (collectively, "*Declarants*") are attorneys specializing in the field of legal ethics who were paid by Plaintiff to give opinions in support of its Response to Defendants' Motion to Disqualify. However, the proposed testimony is merely a recitation of the law, the application of selected facts to the law, and legal conclusions derived from those facts. In other words, the Declarations are not expert reports—they are amicus briefs, which not only fail to meet the legal standard for expert testimony under Federal law, but unfairly give Plaintiff nearly 100 additional pages of briefing that would otherwise be disallowed under this Court's page limits.[1]

## III.   FAILURE TO DISCLOSE

3.   As a preliminary matter, Defendants object to the McCormack Declaration in its entirety because Plaintiff did not disclose all documents reviewed or relied upon by McCormack in forming his opinions. In paragraph 18 of his declaration, McCormack identifies the documents that he relied upon in forming his purported expert opinions, which included "the declaration[] of Skye McQueen Brewer," William Brewer III's wife.[2] Despite requested requests to produce Mrs.

---

[1] *See* Local R. 7.2.
[2] See ECF 79 at ¶ 2, Ex. B at ¶ 5.

Brewer's declaration as required under the federal rules, Plaintiff refused.[3] The opinions provided in the McCormack Declaration rely largely on McCormack's assessment of Mrs. Brewer's brother, Revan McQueen's declaration, making this missing declaration a critical piece of evidence upon which McCormack based his expert opinion, and specifically his opinion that Mr. Brewer and his law firm should not be disqualified despite evidence that he intentionally communicated with a party whom he knew was represented by counsel.[4]

4.  Rule 26(a)(2)(B)(ii) requires disclosure of the facts or data considered by an expert witness in forming his opinions. The Northern District has interpreted this as a requirement that all documents relied upon or even considered—even if ultimately NOT relied upon—in formulating an expert's opinion must be cited in the expert's report and produced. *See Brimer v. Chase Bank, U.S.A., N.A.*, No. 7:10-CV-7-O, 2011 U.S. Dist. LEXIS 163292, at *7 (N.D. Tex. Jan. 13, 2011); *Lofton v. McNeil Consumer & Specialty Pharm.*, No. 3:05-cv-1531, 2008 U.S. Dist. LEXIS 94391, at *10 (N.D. Tex. July 25, 2008). If a party fails to provide information or identify a witness as required by Rule 26(a), "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1).

5.  Accordingly, Plaintiff's failure to produce Mrs. Brewer's declaration—clearly relevant and discoverable evidence—unfairly prejudices Defendants' ability to respond fully to Plaintiff's Response, and thus, the McCormack Declaration should be struck in its entirety.

## IV. LEGAL STANDARDS

6.  Under Rule 702 an expert witnesses may provide opinion testimony only if (1) they are qualified, (2) if the testimony is based on sufficient facts or data, (3) if the testimony is the

---

[3] ECF 128 at Ex. A ¶ 6.
[4] McCormack Declaration at ¶ 27.

product of reliable principles and methods, (4) the methods have been reliably applied to the facts, and, most importantly, (5) if the expert's knowledge will be helpful to the fact-finder.[5] Rule 702 assigns to the trial judge "the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand."[6] Opinion testimony that is not grounded in reliable methods is nothing more than "subjective belief or unsupported speculation.[7] Although these issues are often discussed in the context of protecting jurors from confusion or improper bias, even when judges sit as the fact-finder, "admissibility of expert testimony is still subject to the constraints of Rule 702 and *Daubert*."[8]

7. Although experts are not generally prohibited from testifying as to the "ultimate issue" to be decided by the trier of fact,[9] it is well-established in the Fifth Circuit that experts may not offer legal opinions or advise the court on how the law should be interpreted or applied to the facts in a case.[10] In fact, allowing an expert to give his opinion on the legal conclusions to be drawn from the evidence both "invades the court's province and is irrelevant."[11] Accordingly, legal conclusions are neither helpful nor relevant to the fact-finder and must be disregarded.

8. Likewise, even when addressing matters of fact, if the expert merely restates facts that any layperson would be able to easily comprehend, it is improper subject matter for expert testimony.[12] When a fact-finder is capable of assessing an issue, expert testimony on the matter is

---

[5] FED. R. CIV. P. 702.
[6] *Daubert v. Merrell Dow Pharms.*, 509 U.S. 579, 597 (1993); *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141-42 (1999).
[7] *Id.* at 590.
[8] *See, e.g.*, *In re Wyly*, 552 B.R. 338, 359 (Bankr. N.D. Tex. 2016).
[9] FED. R. CIV. P. 704(a).
[10] *See Estate of Sowell v. United States*, 198 F.3d 169, 171 (5th Cir. 1999); *Askanase v. Fatjo*, 130 F.3d 657, 672-73 (5th Cir. 1997); *Owen v. Kerr-McGee Corp.*, 698 F.2d 236, 240 (5th Cir. 1983).
[11] *Vanderbilt Mortg. & Fin., Inc. v. Flores*, No. C-09-312, 2010 U.S. Dist. LEXIS 116434, *13 (S.D. Tex. Nov. 1, 2010) (quoting *Owen*, 698 F.2d at 240).
[12] *See Albert Sidney Johnston Chapter v. Nirenberg*, No. SA-17-CV-1072-DAE, 2018 U.S. Dist. LEXIS 179561, at *8-9 (W.D. Tex. Oct. 18, 2018) (quoting Advisory Committee Notes for Rule 702).

a "needless presentation" because it would not assist the trier of fact by making any fact more or less likely.[13]  Furthermore, expert testimony cannot be offered to "tell the fact finder what result to reach," because it invades the province of the fact-finder.[14]

9.   Federal courts have repeatedly recognized the special problems that arise when lawyers purport to testify as "expert" witnesses.  Although lawyers are permitted to present expert testimony in matters of fact,[15] a lawyer's testimony will be excluded when it contains opinions on the meaning of the law or its application to the facts of the case.[16]  Critically, an expert must provide the fact-finder with "something *more* than what lawyers could offer in argument."[17]

10.   Courts in the Fifth Circuit have prohibited testimony on a variety of legal conclusions.  For example, the testimony of renowned grammarian, Bryan Garner, was excluded because his testimony contained his grammatical opinion regarding the language of a contract.[18]  Despite the fact that Mr. Garner is one of the foremost experts on grammar and English usage, because interpretation of a contract is a question of law, the court found that "Mr. Garner's opinion is no more helpful or relevant to the Court than would be any other lawyer's opinion."[19]

11.   Similarly, a court excluded a lawyer's opinion testimony on the issue of due process.[20]  The court found that the lawyer merely presented facts that any layperson could

---

[13] *Crow v. United Benefit Life Ins. Co.*, No. 3:00-CV-1375-G, 2001 U.S. Dist. LEXIS 2993, *8 (N.D. Tex. Mar. 16, 2001).
[14] *In re Wyly*, 552 B.R. at 359.
[15] *Waco Intern., Inc. v. KHK Scaffolding Houston Inc.*, 278 F.3d 523, 533 (5th Cir. 2002).
[16] *See, e.g. Estate of Sowell*, 198 F.3d at 171-72; *Askanase*, 130 F.3d at 673; *Snap-Drape, Inc. v. C.I.R.*, 98 F.3d 194, 197-98 (5th Cir. 1996); *Crow*, 2001 U.S. Dist. LEXIS 2993, 2001 WL 285231, *2-3.
[17] *Salas v. Carpenter*, 980 F.2d 299, 305 (5th Cir. 1992) (quoting *In re Air Crash Disaster at New Orleans*, 795 F.2d 1230, 1233 (5th Cir. 1986) (emphasis added)).
[18] *Diamondback Indus. v. Repeat Precision, LLC*, No. 6:19-CV-00034-ADA, 2019 U.S. Dist. LEXIS 226483, at *9 (W.D. Tex. Aug. 20, 2019).
[19] *Id.*
[20] *See Albert Sidney Johnston Chapter*, 2018 U.S. Dist. LEXIS 179561, at *9 (lawyer as expert witness improperly opined that plaintiff's due process rights were not violated).

understand, further noting that his opinion "reads more like a section of a summary judgment brief than an expert report and expresses nothing more than his legal opinion."[21]

12. Expert testimony from lawyers is generally allowed in situations where the lawyer's testimony will aid in determining a material issue of fact. For example, in the case of *In re Wyly*, a tax lawyer testified regarding the treatment of a particular tax code provision among industry practitioners, noting that all practitioners were not in agreement about that issue.[22] The court allowed the testimony because it was probative to the defendants' mental state—*i.e.*, if not even the tax professionals agreed on how the law should be treated, then defendant might not have had the requisite mental state to violate it.[23] However, the court excluded that same expert's testimony regarding the correct legal standards that should govern the entire case, reasoning that the court was "capable of determining the law applicable to the [lawsuit] on its own."[24]

13. Fifth Circuit courts have consistently prohibited testimony containing legal conclusions regarding (1) the legal standards governing a case,[25] (2) a person's state of mind or reasonableness of conduct,[26] (3) the evaluation of evidence,[27] and (4) whether a legal duty was breached.[28] Here, the Declarations provide inadmissible opinion testimony on each of these.

---

[21] *Id.*
[22] 552 B.R. at 361.
[23] *Id.*
[24] *Id.* at 359-60.
[25] *See, e.g.*, *id.*, *Vanderbilt*, 2010 U.S. Dist. LEXIS 116434, at *18 (excluding testimony of real estate attorney regarding the legal standard he believed applied to the case).
[26] *See, e.g.*, *Sowell*, 198 F.3d at 171-72 (holding that an expert's legal opinion regarding the reasonableness of a fiduciary's conduct was correctly excluded); *Salas*, 980 F.2d at 305 (holding that expert testimony that party acted with "conscious disregard" or "deliberate indifference" was improper legal opinion); *Green v. CBS Broad., Inc.*, No. 3:98-CV-2740-T, 2000 U.S. Dist. LEXIS 19962, at *12 (N.D. Tex. Dec. 19, 2000) (excluding expert's legal conclusion that party's conduct was "negligent" and "malicious").
[27] *See, e.g.*, *Deaf Interpreter Servs. v. Webbco Enters., L.L.C.*, No. 5:13-867-RCL, 2015 U.S. Dist. LEXIS 181339, *11-12 (W.D. Tex. Feb. 11, 2015) (holding that attorney specializing in intellectual property law was prohibited from offering opinions involving evaluation of the evidence and applying the law to that evidence regarding existence of party's "fair use" defense).
[28] *See, e.g.*, *Askanase*, 130 F.3d at 672-73 (excluding expert's determination that plaintiff's due process rights were not violated); *Owen*, 698 F.2d at 240 (excluding testimony on ultimate issue of whether plaintiff was contributorily negligent), *Albert Sidney Johnston Chapter*, 2018 U.S. Dist. LEXIS 179561, at *9, *Crow*, 2001 U.S. Dist. LEXIS 2993, *2-3 (excluded legal conclusion that insurance company had breached duty of good faith and fair dealing);

14. Of course, expert testimony is still subject to the relevance restrictions of Federal Rules of Evidence 401 and 403. A district court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." *Shoop v. Devon Energy Prod. Co., L.P.*, No. 3:10-cv-00650-P, 2013 U.S. Dist. LEXIS 188345, at *22 (N.D. Tex. Mar. 28, 2013) (quoting FED. R. EVID. 403). The court always "has the power to avoid unnecessary proof and cumulative evidence and may limit the use of expert testimony." *Sulak v. Am. Eurocopter Corp.*, No. 4:09-CV-651-Y, 2012 U.S. Dist. LEXIS 177965, at *21 (N.D. Tex. Dec. 17, 2012).

## V.  OBJECTIONS TO DECLARATIONS

### A. Expert Testimony is Inappropriate.

15. Defendants first object that the evidence presented with Defendants' Motion to Disqualify and Plaintiff's Response does not require any specialized knowledge to understand or interpret. The evidence, largely consisting of witness declarations, news articles, electronic and written correspondence, and deposition transcripts, can easily be read and comprehended with nothing more than an understanding of the English language. As a result, the fact-finder—especially this Court—does not need an "expert" to explain or interpret evidence that any lay person could understand. Accordingly, this is not a situation where expert testimony is appropriate.[29] Defendants ask the Court to sustain their objections and disregard the Declarations in their entirety.

---

*Babin v. Plaquemines Parish*, 421 F. Supp. 3d 391, 397 (E.D. La. 2019) (excluding attorney opinion letters providing opinion's on defendant's compliance with Fair Labor Standards Act).

[29] *See Albert Sidney Johnston Chapter v. Nirenberg*, No. SA-17-CV-1072-DAE, 2018 U.S. Dist. LEXIS 179561, at *8-9 (W.D. Tex. Oct. 18, 2018) (quoting Advisory Committee Notes for Rule 702*)*; *Crow v. United Benefit Life Ins. Co.*, No. 3:00-CV-1375-G, 2001 U.S. Dist. LEXIS 2993, *8 (N.D. Tex. Mar. 16, 2001).

### B. Flamm and Moore are Not Qualified to Give Opinions on Texas Law.

16. Defendants object to the Flamm Declaration and the Moore Declaration because neither are licensed in Texas, and neither appear to have received any specialized training or instruction on the Texas Disciplinary Rules of Professional Conduct. Accordingly, Flamm and Moore are no better qualified to render opinions on the Texas Disciplinary Rules of Professional Conduct, including any state or federal interpretive case law, than any other out-of-state lawyer in the country. Defendants object to the Court's consideration of any opinion by Flamm or Moore that purports to analyze, interpret, or opine on Brewer or the Brewer Firm's compliance with Texas law or ethical rules as they are not qualified to do so.

### C. Declarants' Testimony Invades the Province of the Court.

17. Defendants object to each and every legal and factual conclusion contained within the Declarations and ask the Court to disregard these conclusions. Each of the Declarations centers on the application of Texas and ABA rules of ethics to the specific facts set forth in Defendants' Motion to Disqualify, each of the Declarants ultimately concluding that (1) Brewer did nothing unethical, and even if he did, (2) neither Brewer nor the Brewer Firm should be disqualified. Defendants ask the Court to sustain their objections and disregard any testimony containing legal opinions that purport to announce, recite, interpret, or draw conclusions from the law, which invades the province of the judge.[30]

18. Furthermore, in reaching their opinions on these ultimate issues, the Declarations contain other threshold and intermediate legal opinions upon issues such as (1) standing,[31] (2)

---

[30] *See Estate of Sowell v. United States*, 198 F.3d 169, 171 (5th Cir. 1999); *Askanase v. Fatjo*, 130 F.3d 657, 672-73 (5th Cir. 1997); *Owen v. Kerr-McGee Corp.*, 698 F.2d 236, 240 (5th Cir. 1983); *Vanderbilt Mortg. & Fin., Inc. v. Flores*, No. C-09-312, 2010 U.S. Dist. LEXIS 116434, *13 (S.D. Tex. Nov. 1, 2010) (quoting *Owen*, 698 F.2d at 240).
[31] *See* McCormack Declaration at ¶ 20; Flamm Declaration at ¶¶ 31, 38-43; Moore Declaration at ¶¶ 9, 22.

waiver,[32] (3) burden of proof,[33] (4) the relevance of evidence,[34] and (5) the admissibility of evidence,[35] for which the Declarants offer no particular background qualifications other than their law degrees. Defendants object to the Declarants' lack of specialized qualifications to render these legal conclusions as "experts." Defendants ask the Court to sustain their objections to these preliminary legal conclusions and disregard any subsequent legal or factual conclusion derived therefrom.

19. Defendants further object to the Declarations because they contain each expert's factual opinion regarding the weight, credibility, and sufficiency of the evidence presented in Defendants' Motion to Disqualify. For example, each Declarant provides an opinion about the Declaration of Revan McQueen, including why the statements therein are not credible in some manner.[36] Yet it is only by making these foundational factual determinations that they are able to derive subsequent conclusions on the ultimate issues they espouse. In addition, each of the Declarants also renders opinions that Defendants presented "no evidence"[37] in support of various claims, which itself involves inherent conclusions of both fact and law. Declarants' subjective evaluation of the evidence does not make any fact of consequence more or less likely, and is therefore a matter reserved solely for the fact-finder.[38] Defendants object that this evaluation of evidence invades the province of the judge sitting as fact-finder in this matter.[39]

---

[32] *See* Flamm Declaration at ¶¶ 11-27.
[33] See Flamm Declaration at ¶¶ 28-37
[34] See McCormack Declaration at ¶ 10-18 (in which he summarizes only fact he deems "relevant"), 22, 27; Flamm Declaration at ¶ 117; Moore Declaration at ¶ 28 & n.36.
[35] *See* McCormack Declaration at ¶ 27 29; Flamm Declaration at ¶¶ 37, 72, 117; Moore Declaration at ¶¶ 26.
[36] *See* McCormack Declaration at ¶ 27; Flamm Declaration at ¶¶ 68-72; Moore Declaration at ¶¶ 26-27.
[37] *See, e.g.*, McCormack Declaration at ¶ 27; Flamm Declaration at ¶¶ 37, 117; Moore Declaration at ¶¶ 18, 23, 28.
[38] *Crow v. United Benefit Life Ins. Co.*, No. 3:00-CV-1375-G, 2001 U.S. Dist. LEXIS 2993, *8 (N.D. Tex. Mar. 16, 2001) ("It is not for [the expert] to tell the trier f fact what to decide.")
[39] *See id.*; *In re Wyly*, 552 B.R. at 359 ("a legal opinion that tells the fact finder what result to reach is improper").

### D. The Declarants Improperly Advocate for the NRA.

20. Defendants object to the Declarations because they are advocacy on behalf of the NRA. In formulating their legal conclusions, Declarants relied upon only the evidence that supported the <u>NRA's</u> conclusions, while ignoring or dismissing all contrary evidence. <u>None</u> of the Declarants address Defendants' discussion or supporting evidence surrounding Brewer's targeted media attacks during his father-in-law's cancer treatments.[40] <u>None</u> of the Declarants address the alarming fact that Brewer Firm employee, Susan Dillon, went to work for the auditing firm that was supposedly conducting an "independent" audit of AMc, and thereafter resumed her employment with the Brewer Firm.[41] <u>None</u> of the Declarants consider the manufacturing of evidence to support Brewer's media narrative or any of Brewer's media statements against AMc.[42] <u>None</u> of the Declarants address concerns about Brewer's family conflict raised by multiple NRA executives.[43] And <u>none</u> of the Declarants consider any of this evidence within the framework of an attorney (Brewer) who has built a career upon his infamous disdain for professional civility.[44] Defendants object to the Declarants' selective application of the facts as nothing but an exercise in advocacy, which cannot properly or reliably be called "expert" testimony.

21. Similarly, each of the Declarants analyzes different facts to arrive at the same ultimate conclusions. For example, Flamm is the only Declarant who opted to consider Defendants' argument that Brewer might have violated Texas Rule 4.04(b) regarding Brewer's improper threats of indictment against Angus and Revan McQueen.[45] Only Flamm and Moore consider the issue of improper trial publicity under Texas Rule 3.07 and Model Rule 3.6,[46] but

---

[40] ECF 79 at ¶¶ 20-30.
[41] *Id.* at ¶ 26.
[42] *Id.* at ¶¶ 58-59.
[43] *Id.* at ¶ 25.
[44] *Id.* at Ex. A-60.
[45] Flamm Declaration at ¶ 75.
[46] Flamm Declaration at ¶¶ 77-82; Moore Declaration ¶¶ 29-32.

McCormack does not. And each expert applies completely different sets of facts to analyze Defendants' conflict of interest claim, McCormack considering only the bare allegations,[47] Moore considering the "undisputed" evidence,[48] and Flamm hand-picking various types of evidence throughout the Motion.[49]

22. Similarly, Declarants engage in a selective application of the law. For example, although each of the Declarants opines that Defendants have "no standing" to raise a conflict-of-issue argument, each Declarant cites different law for this proposition, and only one (McCormack)[50] even cites the applicable ethics rule, Texas Rule 1.06, Comment 17, that addresses instances where opposing counsel may raise a conflicts issue.[51] In the same way, only Flamm states the majority standard for disqualification motions in the Fifth Circuit, which encourages courts to make a detailed factual analysis of each disqualification case rather than a "mechanical" application of the law to the facts.[52] Instead, each of the Declarants considers each proposition and piece of evidence in a discreet, isolated, and truly "mechanical" manner, without considering any "reasonable possibility" that an actual violation might have occurred under the totality of the circumstances. None of the Declarants consider the evidence in light of this highly unusual set of facts, nor do they point to any case law—because there is none—in which disqualification has been denied under the same total set of circumstances.

### E. The Declarations Are Not Inherently Reliable.

23. Defendants further object that the Declarations do not meet the requisite standard for reliability under Rule 702, which requires that expert opinion testimony be based on "reliable

---

[47] McCormack Declaration at ¶ 24.
[48] Moore Declaration at ¶ 13.
[49] Flamm Declaration at ¶¶ 44-55.
[50] ECF 122 at Ex. 47 (McCormack Declaration) at ¶ 20.
[51] Flamm Declaration at ¶ 88 (citing various Fifth Circuit authority).
[52] *See also In re ProEducation Int'l, Inc.*, 587 F.3d 296, 300 (5th Cir. 2009).

principles and methods."[53] As shown above, Declarants relied upon <u>different</u> law and <u>different</u> facts, yet somehow reached the same conclusions. The wide latitude in each of the three Declarations only serves to highlight the lack of any real "expert" methodology in the Declarations, further illustrating that the Declarants simply reached the conclusions they were paid to reach. Again, the only true "method" the Declarants employ is that of a trained advocate: stating some law, applying some facts, and drawing conclusions in a manner that supports the client. The Declarations are amicus briefs, not expert testimony.

### F. The Declarations Are Unnecessarily Cumulative.

24. Finally, Defendants object to Plaintiff's submission of three different "expert" opinions that all reach the same conclusion. Expert testimony is still subject to the restrictions of Federal Rule of Evidence 403, and the submission of multiple expert Declarations is cumulative and unfairly prejudicial.[54] Plaintiff simply seeks to turn this decision into a popularity contest by submitting cumulative evidence from a parade of academians. In sum, Defendants object to the testimony of McCormack, Flamm, and Moore, and ask the Court to sustain their objections and disregard the Declarations.

### VI. TO THE EXTENT THE COURT BELIEVES EXPERT TESTIMONY IS APPROPRIATE, DEFENDANTS REQUEST LEAVE TO SUBMIT COUNTER-DECLARATION OF DEFENDANTS' EXPERT WITNESS.

25. In the event the Court overrules Defendants' objections to one or more of the Declarations, Defendants have submitted the Counter-Declaration of expert witness, C. Randal "Randy" Johnston, attached as Exhibit G to Defendants' Reply in Support of their Motion to Disqualify, to address numerous errors of fact and law contained in the Declarations.

---

[53] FED. R. EVID. 702(c).
[54] *See Shoop*, 2013 U.S. Dist. LEXIS 188345, at *22; *Sulak*, 2012 U.S. Dist. LEXIS 177965, at *21.

Dated: June 3, 2020 Respectfully submitted,

*/s/ G. Michael Gruber*
**G. Michael Gruber, Esq.**
Texas Bar No. 08555400
gruber.mike@dorsey.com
**Jay J. Madrid, Esq.**
Texas Bar No. 12802000
madrid.jay@dorsey.com
**J. Brian Vanderwoude, Esq.**
Texas Bar No. 24047558
vanderwoude.brian@dorsey.com
**Brian E. Mason, Esq.**
Texas Bar No. 24079906
mason.brian@dorsey.com

**DORSEY & WHITNEY LLP**
300 Crescent Court, Suite 400
Dallas, Texas 75201
(214) 981-9900 Phone
(214) 981-9901 Facsimile

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was electronically served via the Court's electronic case filing system upon all counsel of record on this 3rd day of June 2020:

*/s/ G. Michael Gruber*
G. Michael Gruber