IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| NATIONAL RIFLE ASSOCIATION OF AMERICA, §<br>    PLAINTIFF AND §<br>    COUNTER-DEFENDANT, §<br>AND §<br>WAYNE LAPIERRE, §<br>    THIRD-PARTY DEFENDANT, §<br>V. §<br>ACKERMAN MCQUEEN, INC., §<br>    DEFENDANT AND §<br>    COUNTER-PLAINTIFF, §<br>AND §<br>MERCURY GROUP, INC. ET AL., §<br>    DEFENDANTS. § | CASE NO. 3:19-CV-2074-G-BK |

## ORDER

Pursuant to the District Judge's *Standing Order of Reference*, Doc. 60, non-party DJ Investments, LLC's *Motion to Quash Subpoena*, Doc. 33, is before the Court for determination. For the reasons that follow, the motion is **GRANTED**.

### I.  BACKGROUND

The National Rifle Association of America ("NRA") and its CEO, Wayne LaPierre ("LaPierre"), bring this civil action asserting claims based on the termination of a long time business relationship between the NRA and Ackerman McQueen, Inc. ("Ackerman"), a public relations agency, and Mercury Group, Inc. (collectively, "AMc"), a wholly-owned subsidiary of Ackerman that specializes in public communications strategy.  Doc. 18 at 1, 6, 9.  The NRA also brings claims against three Ackerman executives (collectively, with AMc, "Defendants").  Doc. 18 at 7.

The NRA specifically asserts that Defendants violated the Lanham Act, committed copyright infringement, and alternatively conversion, because AMc's website displayed the NRA's copyrighted works and listed the NRA as a client after the parties had terminated their business relationship. Doc. 18 at 40-45. The NRA also asserts:

- Defendants committed fraud by overcharging the NRA for services rendered and misrepresenting the performance of the NRA's digital platform, NRATV, Doc. 18 at 45-52;
- Defendants' actions amount to a breach of their fiduciary duty to the NRA, Doc. 18 at 52-55;
- Defendants conspired to commit fraud and extort LaPierre and the NRA, Doc. 18 at 55-56; and
- AMc breached its contract with the NRA by violating records-inspection, confidentiality, and return-of-property clauses. Doc. 18 at 58-61.

Defendants filed a counterclaim against the NRA and a third-party complaint against LaPierre. Doc. 31. Defendants assert (1) a libel *per se* claim against the NRA and LaPierre for accusing AMc of extortion, Doc. 31 at 111; and (2) tortious interference with a contract for interfering with AMC's employment agreements with NRATV talents, Doc. 31 at 112. Defendants further assert a breach of contract claim against the NRA and seek a declaratory judgment that "the NRA has waived and/or is estopped from claiming that the confidentiality provision of the Services Agreement applies only to AMc." Doc. 31 at 112-14. Lastly, Defendants assert a fraud claim against LaPierre for making false statements concerning NRATV's performance analytics, commentators, and certain NRATV contracts. Doc. 31 at 113.

On November 7, 2019, the NRA served a subpoena *deuces tecum* on non-party DJ Investments LLC ("DJ"). The subpoena commands DJ to produce, *inter alia*, all documents and records regarding DJ's real estate "or any other type of property" transactions, DJ's corporate structure, and DJ's financial information. *See* Doc. 33-1 at 5-6. Subsequently, DJ filed the instant motion to quash. Doc. 33.

## II.  APPLICABLE LAW

Unless otherwise limited by the court, parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case.  FED. R. CIV. P. 26(b)(1).  On timely motion, an issuing court must quash or – preferably – modify a subpoena that subjects a person or entity to undue burden.  FED. R. CIV. P. 45(d)(3)(A)(iv); *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004).  "A court may find that a subpoena presents an undue burden when the subpoena is facially overbroad."  *Wiwa*, 392 F.3d at 818.

## III.  PARTIES' ARGUMENTS

DJ argues that the subpoena should be quashed because subpoenas must "be limited to 'documents that are relevant to any party's claim or defense' and cannot be used to 'develop new claims or defenses that are not already identified in the pleadings.'"  Doc. 33 at 7 (citing *MetroPCS v. Thomas*, 327 F.R.D. 600, 609 (N.D. Tex. 2018)).  DJ contends that the subpoena is facially overbroad, and thus imposes an undue burden, because it broadly seeks "all documents" of various types and is not relevant to any pleaded claim or defense.  Doc. 33 at 8; *see* Doc. 33-1 at 5 (subpoena request No. 1 seeks "[a]ll documents and records that refer or relate to [DJ's] actual or potential purchases, sales, or holdings of real property or any other type of property.").

The NRA responds that the subpoena seeks relevant information because paragraph 51 of Ackerman's counterclaim "has opened the door to discovery concerning DJ's conduct."  Doc. 43 at 5.  Paragraph 51 states:

> AMc first became suspicious of LaPierre's misuse of funds when AMc was asked to facilitate and help structure the financing of a personal home for LaPierre and his wife. Ostensibly for "safety" reasons, LaPierre began looking for a home where he would be better protected than his current residence. As the search expanded, LaPierre passed over numerous safe housing options in favor of a $6 million

3

mansion with no greater safety benefits. At that point, AMc refused to continue participating in the house transaction.

Doc. 31 at 92-93.

## IV.  ANALYSIS

Upon review, the Court finds that the information sought by the subpoena is not relevant to the claims and defenses alleged or proportional to the needs of this case. FED. R. CIV. P. 26(b)(1). Indeed, LaPierre's home transaction is unrelated to the numerous causes of action asserted in this case and is mentioned in Ackerman's counterclaim only for context and background information. See Doc. 18 at 40-60 (asserting violations of the Lanham Act, copyright infringement, conversion, fraud, breach of fiduciary duty, conspiracy, and breach of contract); Doc. 31 at 111-13 (asserting libel *per se*, tortious interference with a contract, breach of contract, and fraud).

Further, the information sought is not proportional to the needs of the case because the NRA can directly obtain documents and records regarding LaPierre's home transaction from LaPierre himself. Doc. 18 at 2. The NRA can also obtain the documents and records from WBB Investments ("WBB")—which is wholly owned by the NRA—as WBB and DJ were going to jointly purchase the home until DJ declined to participate in the transaction. Doc. 33 at 3.

In short, the NRA's subpoena is facially overboard as it seeks all documents and records concerning DJ's business. See Doc. 18 at 40-60. Under these circumstances, the NRA's subpoena is more akin to a fishing expedition. See FED R. CIV. P. 26(b)(1). Accordingly, the subpoena is quashed. *Wiwa*, 392 F.3d at 818.

4

## V.  CONCLUSION

For the foregoing reasons, non-party DJ Investments, LLC's *Motion to Quash Subpoena*, Doc. 33, is **GRANTED**.

**SO ORDERED** on June 22, 2020.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE