IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| NATIONAL RIFLE ASSOCIATION OF AMERICA, <br>    PLAINTIFF AND COUNTER-DEFENDANT, <br> AND <br> WAYNE LAPIERRE, <br>    THIRD-PARTY DEFENDANT, <br> V. <br> ACKERMAN MCQUEEN, INC., <br>    DEFENDANT AND COUNTER-PLAINTIFF, <br> AND <br> MERCURY GROUP, INC. ET AL., <br>    DEFENDANTS. | § § § § § § § § § § § § § § § <br><br> CASE NO. 3:19-CV-2074-G-BK |

## ORDER

Pursuant to the District Judge's *Order*, Doc. 99, the National Rifle Association of America's ("NRA") *Motion to Enter Proposed Protective Order for Non-Parties*, Doc. 50, is before the Court for determination. For the reasons stated below, the Court adopts Defendants' proposed protective order and **DENIES** the NRA's motion, Doc. 50.

### I. BACKGROUND

The NRA and its CEO, Wayne LaPierre ("LaPierre"), bring this civil action asserting claims based on the termination of a long time business relationship between the NRA and Defendant Ackerman McQueen, Inc. ("Ackerman"), a public relations agency, and Mercury Group, Inc. (collectively, "AMc"), a wholly-owned subsidiary of Ackerman that specializes in public communications strategy. Doc. 18 at 1, 6, 9. The NRA also brings claims against three Ackerman executives (collectively, with AMc, "Defendants"). Doc. 18 at 7.

As of the date of this Order, the NRA has initiated three additional lawsuits against Defendants, which have been consolidated and are pending in Virginia. Doc. 31 at 105 n.40; Doc. 53 at 2 (the "Virginia lawsuit"). In the Virginia lawsuit, the parties agreed to a protective order with two tiers of confidentiality. Doc. 56 at 119-20 (permitting parties to designate discovery as Confidential Information or Highly Confidential Information). In this action, the parties agree on the need for a protective order, but disagree on its terms. In short, the NRA and LaPierre propose a protective order with one tier of confidentiality ("Confidential Information") while Defendants propose a protective order with two tiers ("Confidential Information" and "Highly Confidential Information").

## II.  APPLICABLE LAW

A court may issue a protective order, upon a showing of good cause, "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." FED. R. CIV. P. 26(c)(1). When parties to an action agree on the entry of a protective order, but differ on the order's terms, the party seeking to limit discovery bears the burden of demonstrating that "good cause" exists for the level of protection sought. *Document Gen. Corp. v. Allscripts, LLC*, Case No. 6:08-CV-479, 2009 WL 1766096, *2 (E.D. Tex. June 23, 2009). "The party attempting to establish good cause must demonstrate 'a clearly defined and serious injury to the party seeking closure.'" *Id.* (quoting *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994)).

## III.  PARTIES' ARGUMENTS

The NRA's requested protective order proposes a one-tier level of confidentiality, granting "non-parties the ability to designate discovery materials confidential, if appropriate."

2

Doc. 50 at 2; Doc. 51 at 270 (defining "Confidential Information" as "things that qualify for protection under the Federal Rules of Civil Procedure and applicable precedent"). In response, Defendants propose two tier levels of confidentiality, allowing discovery materials to be designated Confidential Information[1] and Highly Confidential Information. Doc. 51 at 33. Defendants propose that Highly Confidential Information "may not be disclosed or disseminated to William A. Brewer, III ["Brewer"] or to personnel within Brewer, Attorneys and Counselors who are members of the Public Relations Unit of the firm . . . ." Doc. 51 at 43. The Brewer Firm is the NRA's counsel as well as a public relations provider. Doc. 51 at 86-87. Defendants aver that their proposed protective order is substantially identical to the protective ordered entered in the related Virginia lawsuit, which the NRA itself had proposed. Doc. 53 at 2. Defendant's argue that if this Court's order is less restrictive, "Brewer and his firm will use this case to circumvent the Virginia protective order to obtain highly confidential, competitive information to severely prejudice AMc—especially true of customer and financial information." Doc. 51 at 5. Meanwhile, the NRA and LaPierre contend that Brewer and AMc are not direct competitors as their size and services significantly vary. Doc. 61 at 7-10; Doc. 103 at 6. The Court agrees with Defendants.

## IV. ANALYSIS

Because Defendants' proposed version of the protective order is more restrictive than the NRA's, the burden of establishing good cause for the level of protection sought falls on them. *See Document Gen. Corp.*, 2009 WL 1766096, *2. The Court has reviewed (1) the NRA's proposed protective order, Doc. 51 at 268-86; (2) Defendants' proposed protective order, Doc.

---

[1] Defendants' definition of Confidential Information is identical to the NRA's definition. Doc. 51 at 33, 270.

3

51 at 31-48; (3) the protective order the parties agreed to in the Virginia lawsuit, Doc. 56 at 118-35; and (4) the parties' briefing. Upon consideration, the undersigned finds that Defendants have established good cause and demonstrated "a clearly defined and serious injury" to warrant the additional protection they seek—namely, the inclusion of the Highly Confidential Information designation. *Document Gen. Corp.*, 2009 WL 1766096, *2.

The Court finds Defendants' argument that the NRA is attempting to circumvent the Virginia protective order highly persuasive. The NRA all but concedes this point in its proposed protective order, which states "[d]ocuments designated 'Highly Confidential' for purposes of the Virginia Action shall be treated as 'Confidential' for purposes of this Action.'" Doc. 51 at 270.

Even though the NRA and LaPierre insist that Brewer and AMc are not competitors, the Court notes that Brewer and AMc both provide public relation services. *See* Doc. 31 at 96 ("Brewer entered the scene offering the NRA legal services while vying for the public relations work then being handled by AMc."). In fact, the Parties argued this very issue in the Virginia lawsuit. Doc. 51 at 79-110 (Tr. of Hr'g on protective order). Upon review of the transcript, this Court agrees with Judge Dawkins' conclusion that Brewer and its PR unit should be walled off from information designated as Highly Confidential Information. Doc. 51 at 110. Indeed, if Brewer had access to AMc's Highly Confidential Information—which includes non-public financial statements, profit and loss data, and sales information relating to specific customers—then Brewer could use that competitive information to severely prejudice AMc. Doc. 51 at 33.

Accordingly, Defendants have established good cause and demonstrated "a clearly defined and serious injury" to warrant the inclusion of the Highly Confidential Information designation in the parties' protective order. *Document Gen. Corp.*, 2009 WL 1766096, *2.

## V.  CONCLUSION

For the foregoing reasons, the NRA's *Motion to Enter Proposed Protective Order for Non-Parties*, Doc. 50, is **DENIED**.  The Court adopts Defendants' proposed protective order, Doc. 51 at 31-48, which will be issued separately.

**SO ORDERED** on June 22, 2020.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE