IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| NATIONAL RIFLE ASSOCIATION OF AMERICA, §<br>    PLAINTIFF AND §<br>    COUNTER-DEFENDANT, §<br>AND §<br>WAYNE LAPIERRE, §<br>    THIRD-PARTY DEFENDANT, §<br>V. §<br>ACKERMAN MCQUEEN, INC., §<br>    DEFENDANT AND §<br>    COUNTER-PLAINTIFF, §<br>AND §<br>MERCURY GROUP, INC. ET AL., §<br>    DEFENDANTS. § | CASE NO. 3:19-CV-2074-G-BK |

**PROTECTIVE ORDER**

**IT IS ORDERED THAT** the following provisions of this Protective Order ("Order") shall control in this Action (defined below):

**1.   PURPOSES AND SCOPE**

1.1   Disclosure and discovery activity in this Action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this Action (as defined below) may be warranted.

1.2   The purpose of this Order is to facilitate the production of discovery material, facilitate the prompt resolution of disputes over confidentiality and privilege, protect material to be kept confidential and/or privileged, and ensure that protection is afforded only to material entitled to such treatment, pursuant to the Court's inherent authority, its authority under the

applicable Rules, the judicial opinions interpreting such Rules, and any other applicable law. Except as otherwise stated in this Order, a Party shall produce, in response to a valid discovery request, otherwise discoverable information in its possession, custody or control that is Confidential or Highly Confidential, and such information shall be handled in accordance with the procedures set forth herein.

1.3     This Order and all subsequent Protective Orders shall be binding on all Parties and their counsel in the above-captioned litigation and any other persons or entities who become bound by this Order.

1.4     The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge, as set forth in Section 12.3 below, that this Order does not entitle them to file confidential information under seal.

**2.     DEFINITIONS**

The following definitions apply for purposes of this Order:

2.1     Action: The lawsuit captioned above *National Rifle Association of America, et al. v. Ackerman McQueen, Inc., et al.*, Civil Action No. 3:19-cv-02074-G-BK (N.D. Tex).

2.2     Challenging Party: A Party or Non-Party that challenges the designation of information or items under this Order.

2.3     Confidential Information: Discovery Material (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under the Federal Rules of Civil Procedure and applicable precedent.

2.4     Counsel:  Outside Counsel of Record, In-House Counsel, or counsel retained for the purpose of advising, prosecuting, defending, or attempting to settle this Action.

2.5     Designating Party:  A Party or Non-Party that designates documents, information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "PRIVILEGED" or "HIGHLY CONFIDENTIAL."

2.6     Discovery Material:  All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, answers to interrogatories, documents, responses to requests for admissions, tangible things, and informal exchanges of information), that are produced or generated in connection with any discovery in this Action, whether formally or informally.

2.7     Expert:  A person retained by a Party or its Counsel to serve as an expert witness or consultant or technical advisor in this Action (as well as his or her employees and support staff).

2.8     Highly Confidential Information:  Discovery Material that meets the definition of "Confidential Information" and which the Designating Party reasonably believes to be information reflecting non-public technical research, pricing and business strategy documents concerning a particular product or service, financial statements reflecting sales data, margin data, cost and expense data, human resources or personnel files, and/or profit and loss data, sales information relating to specific customers or classes of customers, non-public research, provided that the nonpublic information is actually secret because it is neither known to, nor readily ascertainable by, another person or entity that can obtain economic value from the disclosure or use of such information, the Designating Party has taken reasonable measures to maintain the secrecy of that information and the Designating Party derives independent economic value and a competitive advantage from the secrecy of that information, including, as the case may be, containing

information where production of the materials on a confidential or non-confidential basis would nonetheless likely cause substantial harm. Nothing herein precludes any Party from seeking additional protections not currently contemplated by this Order to be applied to any particular document or category of documents, including Highly Confidential Information.

2.9   In-House Counsel: Attorneys who are employees of a Party to this Action. In House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10   Non-Party: Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action, and their counsel.

2.11   Outside Counsel of Record: Attorneys who are not employees of a Party to this Action but have been retained to represent or advise a Party to this Action and have appeared in this Action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

2.12   Party: Any party to this Action.

2.13   Privileged Material: Discovery Material protected from disclosure under the attorney-client privilege, work product doctrine, or any other privilege, immunity or protection afforded or recognized by the Rules, including any such privilege or protection under applicable U.S. or foreign law, regulation or statute.

2.14   Producing Party: A Party or Non-Party that produces Discovery Material in this Action.

2.15   Professional Vendors: Persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, graphic support services, coding, translating, preparing exhibits or demonstrations, document review, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.16    Protected Material:   Any Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

2.17    Receiving Party:  A Party that receives Discovery Material from a Producing Party.

2.18    Virginia Action: The consolidated lawsuits captioned *National Rifle Association of America v. Ackerman McQueen, Inc., et al.*, Case Nos. CL19002067, CL19001757, and CL19002886, pending before the Circuit Court for the City of Alexandria, Virginia.

**3.    SCOPE**

3.1    The protections conferred by this Order apply to Protected Material (as defined above) and also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, translations, or compilations of Protected Material; and (3) any oral, written, or electronic communications, testimony or presentations, including for purposes of settlement, by Parties or their Counsel that might reveal Protected Material.  However, the protections conferred by this Order do not cover information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order.

3.2    This Order and its protections apply for pre-trial purposes only.  The Parties will meet and confer at the appropriate time regarding any use of Protected Material at trial, which use shall be governed by a separate agreement or order.

**4.    DURATION**

4.1    Even after final disposition of this Action, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; or (2) final judgment herein after the

completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.  DESIGNATING PROTECTED MATERIAL**

5.1  Manner and Timing of Designations.  Except as otherwise provided in this Order (see, *e.g.*, Section 5.2.4 below), or as otherwise stipulated or ordered, Discovery Material that qualifies for protection under this Order must be clearly so designated at the time the material is disclosed or produced.  The Parties shall make Confidential and Highly Confidential designations in good faith to ensure that only those documents or testimony that merit Confidential or Highly Confidential treatment are so designated.  Either designation may be withdrawn by the Designating Party.  If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, the Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

**Nothing further on this page**

      5.2      <u>Designation in conformity with this Order requires the following</u>:

           5.2.1    *Marking*. All or any part of a document, discovery response, or pleading disclosed, produced, or filed by a Producing Party may be designated Confidential or Highly Confidential by marking the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL") on the face of the document and each page so designated. With respect to tangible items, the appropriate legend shall be marked on the face of the tangible item, if practicable, or by written notice to the Receiving Party at the time of disclosure, production, or filing that such tangible item is Confidential or Highly Confidential or contains such information. With respect to documents produced in native format, the Electronically Stored Information Protocol, or ESI Protocol, to be entered in this Action shall govern the form and method for marking such documents as Confidential or Highly Confidential.

           5.2.2    A Receiving Party shall exercise good faith efforts to ensure that any copies, print-outs of natively produced documents or data, excerpts, summaries, or compilations include a confidentiality legend that matches the confidentiality designation the Designating Party applied to the document, discovery response, transcript, or pleading.

           5.2.3    *Timing*. Except as otherwise provided herein, documents and other objects must be designated before disclosure or production. In the event that a Producing Party designates some or all of a witness's deposition or other pre-trial testimony (or related exhibits) Confidential or Highly Confidential, such designation may be made on the record of the deposition or hearing or within thirty (30) calendar days after receipt of the final transcript of such deposition or hearing. The specific page and line designations over which confidentiality is claimed must be provided to counsel for the Parties within thirty (30) calendar days of receipt of the transcript in final form from the court reporter except counsel may agree to extend such period. Deposition or

pre-trial testimony shall be treated as Highly Confidential pending the deadline or, if applicable, extended deadline for designation. After the expiration of that period, the transcript shall be treated only as actually designated.

        5.2.4    For information produced in some form other than documentary and for any other tangible items, the Producing Party shall affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." If the Protected Material is produced in an electronic form with a load file, the Designating Party shall note that there is Protected Material in the load file. If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

        5.2.5    *Inadvertent Failures to Designate*. Accidental or inadvertent disclosure of Protected Material—including Protected Material inadvertently disclosed by failure to redact as set forth in Section 11—does not waive the confidential status of such information or any privilege or other protection attached thereto. In the event that Protected Material is inadvertently disclosed without appropriate designations, any Party or Non-Party may thereafter reasonably assert a claim or designation of confidentiality, and the Producing Party shall promptly provide replacement media. Thereafter, the Receiving Party must promptly return the original information and all copies of the same to the Producing Party, or destroy the original information and all copies, and make no use of such information. In the event that Protected Material is inadvertently disclosed to any person and such disclosure is not permitted by the terms of this Order, the Party making the inadvertent disclosure shall promptly notify the Producing Party of such inadvertent disclosure within ten (10) calendar days of learning of it and will make all reasonable efforts to ensure the

original and all copies of inadvertently disclosed information are not used and are promptly returned or destroyed.

**6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1     Timing of Challenges.  A challenge to a designation of confidentiality may be made at any time.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount it a challenge promptly after the confidentiality designation is made.

6.2     Form of Challenge.  The Challenging Party shall object to the propriety of the designation of specific material as Confidential or Highly Confidential by providing written notice to the Designating Party of each designation it is challenging and describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific Section of this Order.  The Designating Party or its counsel shall thereafter, within fourteen (14) calendar days, respond to such challenge in writing by either: (i) agreeing to remove the designation; or (ii) stating the reasons for such designation.  Counsel may agree to reasonable extensions.

6.3     Meet and Confer.  If the Challenging Party continues to dispute the designation(s) at issue, it shall notify the Designating Party in writing within seven (7) calendar days thereafter.  Counsel may agree to reasonable extensions.  The Parties shall attempt to resolve each challenge in good faith by conferring directly (in voice-to-voice dialogue; other forms of communication are not sufficient).  A Challenging Party may proceed to the next stage of the challenge process only

if it has engaged in this meet-and confer process first or establishes that the Designating Party is unwilling to participate in the meet-and-confer process in a timely manner.

  6.4 <u>Judicial Intervention</u>.  If the Parties cannot resolve a challenge without court intervention, the Challenging Party may move the Court for an order withdrawing the designation as to the specific designations on which the Challenging Party and the Designating.  Party could not agree, within fourteen (14) calendar days of the Parties agreeing that the meet-and-confer process will not resolve their dispute.  Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet-and-confer requirements imposed in the preceding Section.

  6.5 The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  While a challenge is pending, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation until the Court orders otherwise.

  6.6 If a Designating Party or the Court identifies or determines that material that had been designated as Protected Material should no longer be so designated, that material will no longer be subject to the restrictions designated herein for the treatment of Protected.

**7.** **ACCESS TO AND USE OF PROTECTED MATERIAL**

  7.1 <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in this Action only for prosecuting, defending, or attempting to settle this Action, including any appeal(s), so long as such use is permitted herein. In addition, the parties may use in the Virginia Action any Protected Material that is disclosed or produced in this Action, which shall receive the same protections as set forth in this Order absent a court order otherwise. Subject to the foregoing, Protected Material may be disclosed only to the

categories of persons and under the conditions described in this Order. After the final disposition of the Action, a Receiving Party must comply with the provisions of Section 13 below (FINAL DISPOSITION). Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

      7.1.1    Except as otherwise provided in this Order, Counsel in this Action and any of their agents shall be prohibited from sharing with anybody any Protected Material, or any information derived from or based on any Protected Material, in connection with any investigation, proceeding, or contemplated proceeding.

    7.2    <u>Restrictions on Use of Confidential Information</u>. Unless otherwise ordered by the Court, permitted in writing by the Designating Party, or used in the Virginia Action, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

      7.2.1    the Receiving Party's Counsel (including their employees and support staff);

      7.2.2    the officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this Action;

      7.2.3    experts retained by the Receiving Party or the Receiving Party's Counsel to whom disclosure is reasonably necessary for this Action;

      7.2.4    the Court and its personnel, and any appellate court or other court (and their personnel) before which the Parties appear in this Action;

      7.2.5    special masters or discovery referees appointed by the Court;

      7.2.6    mediators and their staff;

       7.2.7    court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action;

       7.2.8    potential or actual witnesses in the Action to whom disclosure is reasonably necessary, unless otherwise agreed by the Designating Party or ordered by the Court;

       7.2.9    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

       7.2.10    any other person to whom the Designating Party, in writing, authorizes disclosure.

       7.2.11    Any person or entity who receives information designated CONFIDENTIAL pursuant to this Protective Order shall (1) agree to be bound by the terms of this Protective Order and (2) execute the document attached hereto as Exhibit "l."

    7.3 <u>Restrictions on Use of Highly Confidential Information</u>.

Unless otherwise provided for herein, information designated Highly Confidential by either party shall not be disclosed. However, notwithstanding the above, information designated in good faith as "HIGHLY CONFIDENTIAL" may be disclosed to counsel for the NRA, AMc, Mercury Group, Henry Martin, William Winkler, Melanie Montgomery, and/or Jesse Greenberg and each of their respective employees or representatives who (1) agree to be bound by the terms of this Protective Order and (2) execute the document attached hereto as Exhibit "1"; provided, however, that such any representative shall not discuss, disclose, summarize, describe, characterize, or otherwise communicate or make available such information to any person or entity prohibited by this Protective Order from accessing HIGHLY CONFIDENTIAL information and/or documents. Similarly, information designated HIGHLY CONFIDENTIAL may be shared with experts and Court personnel, provided that the disclosing party obtains written assurance that

such experts will protect the confidentiality of the information and that the Court personnel will keep such information under seal.

HIGHLY CONFIDENTIAL information may not be disclosed or disseminated to William A. Brewer, III or to personnel within Brewer, Attorneys and Counselors who are members of the Public Relations Unit of the firm, including Travis Carter, Andrea Burnett, Katherine Unmuth, Holly Heidemanns, and Lea Gamino-Blum, unless and until relief is obtained from the Court.

## 8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

8.1     If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any Protected Material, that Party must:

8.1.1     promptly notify in writing the Designating Party unless prohibited by law from doing so.  Such notification shall include a copy of the subpoena or court order;

8.1.2     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order.  Such notification shall include a copy of this Order; and

8.1.3     cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

8.2     If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any Protected Material before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection of its Protected Material, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

**9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS ACTION**

9.1    The terms of this Order are applicable to Protected Material produced by a Non-Party in this Action. Such information produced by Non-Parties in connection with this Action is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

**10.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

10.1   If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures; (b) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (c) make all reasonable efforts to retrieve all unauthorized copies of the Protected Material.

**11.   REDACTIONS ALLOWED**

11.1   Any Producing Party may redact from Discovery Material matter that the Producing Party claims is Privileged Material. The Producing Party shall ensure that the redaction is obvious to the Receiving Party and specify the basis for the redaction as appropriate. Where a document consists of more than one page, at least each page on which information has been redacted shall be so marked. If counsel for the Producing Party agrees or if the Court orders that Discovery Material initially redacted shall not be subject to redaction or shall receive alternative treatment, and the Discovery Material is subsequently produced in unredacted form, then that unredacted Discovery Material shall continue to receive the protections and treatment afforded to documents bearing the confidentiality designation assigned to it by the Producing Party.

11.2    The right to challenge and process for challenging the designation of redactions shall be the same as the right to challenge and process for challenging the designation of Confidential Information and Highly Confidential Information as set forth in Section 6.

11.3    Nothing herein precludes any Party from seeking the other Parties' consent or an order allowing the Party to redact nonresponsive matter from otherwise responsive documents on a case-by-case basis.

**12.    MISCELLANEOUS**

12.1    Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.  Any Party, entity, or person covered by this Order may at any time apply to the Court for relief from any provision of this Order.  Subject to the agreement of the Parties or an order of the Court, other entities or persons may be included in this Order by acceding to its provisions in a writing served upon counsel for the Parties, with such writings to be filed with the Court if so directed.

12.2    Right to Assert Other Objections.  By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order.  Similarly, no Party waives any right to object on any ground to use as evidence any of the material covered by this Order.

12.3    Filing Protected Material.  Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this Action any Protected Material.  A Party that seeks to file under seal any Protected Material must do so pursuant to the local rules.

    12.4    <u>Hearings and Appeals</u>

    12.4.1.    In the event that a Receiving Party intends to utilize Protected Material during a pre-trial hearing, such Receiving Party shall provide written notice no less than three (3) calendar days prior to the hearing, to the Producing Party and/or the Designating Party, except that shorter notice may be provided if the Receiving Party could not reasonably anticipate the need to use the document at the hearing three (3) calendar days in advance, in which event notice shall be given immediately upon identification of that need.  The use of such Protected Material during the pre-trial hearing shall be determined by agreement of the relevant Parties or by Order of the Court.

    12.4.2.    In the event that any Protected Material is used in any court proceeding in this Action or any appeal in connection with this Action, except for the use of Protected Material during trial, the manner of which shall be determined pursuant to Section 3.2, such Protected Material shall not lose its protected status through such use.  Counsel shall comply with all applicable local rules and shall confer on such procedures that are necessary to protect the confidentiality of any documents, information, and transcripts used in the course of any court proceedings, including petitioning the Court to close the courtroom.

    12.5    <u>Reservations</u>. Entering into, agreeing to or complying with the provisions of this Order shall not:  (1) operate as admission that any particular material contains Protected Material; or (2) prejudice any right to seek a determination by the Court (a) whether particular material should be produced, or (b) if produced, whether such material should be subject to the provisions of this Order.

**13.    FINAL DISPOSITION**

13.1    Within ninety (90) calendar days after the final disposition of this Action, as defined in Section 4, each Receiving Party, including its employees, attorneys, consultants, and experts, must use commercially reasonable efforts to destroy or return to the Producing Party all Protected Material, exception (1) backup tapes or other disaster recovery systems that are routinely deleted or written over in accordance with an established routine system maintenance practice, or (2) documents that must be preserved as federal records or in compliance with other statutory, regulatory or legal authorities.  As used in this Section, "all Protected Material" includes all originals, copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, upon request of the Producing Party, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 90-day deadline that (1) states that commercially reasonable efforts have been made to assure that all Protected Material has been returned or destroyed, and (2) affirms that the Receiving Party has not retained any originals, copies, abstracts, compilations, summaries, or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provisions, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product (including all emails attaching or referring to Protected Materials), and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies

that contain or constituted Protected Material remain subject to this Order as set forth in Section 4 (DURATION).

**SO ORDERED** on June 22, 2020.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**EXHIBIT 1 TO PROTECTIVE ORDER**

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **NATIONAL RIFLE ASSOCIATION OF AMERICA,** § § | |
|     **PLAINTIFF AND** § | |
|     **COUNTER-DEFENDANT,** § | |
| **AND** § | |
| **WAYNE LAPIERRE,** § | |
|     **THIRD-PARTY DEFENDANT,** § | |
| **V.** § | **CASE NO. 3:19-CV-2074-G-BK** |
| **ACKERMAN MCQUEEN, INC.,** § | |
|     **DEFENDANT AND** § | |
|     **COUNTER-PLAINTIFF,** § | |
| **AND** § | |
| **MERCURY GROUP, INC. ET AL.,** § | |
|     **DEFENDANTS.** § | |

**ACKNOWLEDGEMENT OF AND
AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

I, understand and state that:

I have reviewed the Protective Order in this matter.

I hereby agree to be bound by and comply with the terms of the Protective Order.

DATED this \_\_\_\_\_ date of, _____, _____

_____
(Typed or Printed Name)

_____
(Signature)