IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| NATIONAL RIFLE ASSOCIATION OF AMERICA,<br>  PLAINTIFF AND<br>  COUNTER-DEFENDANT,<br>AND<br>WAYNE LAPIERRE,<br>  THIRD-PARTY DEFENDANT,<br>V.<br>ACKERMAN MCQUEEN, INC.,<br>  DEFENDANT AND<br>  COUNTER-PLAINTIFF,<br>AND<br>MERCURY GROUP, INC. ET AL.,<br>  DEFENDANTS. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ CASE NO. 3:19-CV-2074-G-BK<br>§<br>§<br>§<br>§<br>§<br>§ |

**ORDER**

Pursuant to the District Judge's *Standing Order of Reference*, Doc. 60, Plaintiff's *Motion to Compel and for Sanctions*, Doc. 47, and *Defendants' Motion to Compel Plaintiff's Document Production and Motion for Sanctions*, Doc. 54, are before the Court. For the reasons that follow, the motions are **DENIED WITHOUT PREJUDICE**.

Plaintiff, the National Rifle Association of America ("NRA") and its chief executive officer, Wayne LaPierre, brought this civil action asserting claims based on the termination of a long-time business relationship between the NRA and its former public relations agency, Ackerman McQueen, Inc. ("Ackerman"), as well as Mercury Group, Inc. ("Mercury"), a wholly-owned subsidiary of Ackerman. Doc. 18 at 1, 6. The NRA also sued four Ackerman executives, Henry Martin, William Winkler, Melanie Montgomery, and Jesse Greenberg (collectively, "Defendants"). Doc. 18 at 7. On September 14, 2020, the Honorable A. Joe Fish partially

granted Defendants' motion to dismiss a number of the NRA's claims. Doc. 165. In particular, Judge Fish dismissed (1) the NRA's Copyright Act and conversion claims in their entirety; (2) all of the NRA's fraud and conspiracy claims against Mercury; and (3) the NRA's breach of fiduciary duty claims against all four Ackerman executives. Doc. 165 at 28.

A review of the parties' pending discovery motions reveals that many of the document requests at issue relate to now-dismissed claims and are likely no longer relevant to the litigation as it currently stands. Additionally, with the passage of time and considering the representations the parties made in their motions and exhibits, it appears that discovery efforts have been well underway for some time, with production taking place on a rolling basis, as need be, and the parties collaborating during the discovery process to navigate any disputes that may arise.

In the interest of judicial economy, the Court therefore **DIRECTS** the parties to file a *Joint Status Report* by **October 9, 2020**, to advise the Court what, if any, discovery disputes remain. The Report must be in **full compliance** with the Court's *Standing Order on All Discovery Matters*. *See* Doc. 62. This includes **all of the directives** set forth in paragraph 2, such as the conference requirement, the prohibition against the use of boilerplate objections, and the necessity of the party claiming privilege to simultaneously provide a privilege log if any documents are being withheld on the basis of attorney-client, work-product, or other privilege.

**SO ORDERED** on September 23, 2020.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE