IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NATIONAL RIFLE ASSOCIATION OF AMERICA, | § § § | |
| Plaintiff and Counter-Defendant, | § § | |
| and | § § | |
| WAYNE LAPIERRE, | § § | |
| Third-Party Defendant, | § § | |
| v. | § § | Case No. 3:19-cv-02074-G |
| ACKERMAN MCQUEEN, INC., | § § § | |
| Defendant and Counter-Plaintiff, | § § | |
| and | § § | |
| MERCURY GROUP, INC., HENRY MARTIN, WILLIAM WINKLER, MELANIE MONTGOMERY, AND JESSE GREENBERG, | § § § § § | |
| Defendants. | | |

**DEFENDANTS' INITIAL DISCLOSURES PURSUANT TO
FEDERAL RULE OF CIVIL PROCEDURE 26(a)(1)**

Pursuant to FEDERAL RULE OF CIVIL PROCEDURE 26(a)(1) and the Court's September 15, 2020 Order (ECF 168), Defendants Ackerman McQueen, Inc., Mercury Group, Inc., Henry Martin, William Winkler, Melanie Montgomery, and Jesse Greenberg (collectively, "*Defendants*") submit the following Initial Disclosures.

Defendants hereby expressly reserve the right to amend or supplement all information provided in the foregoing Initial Disclosures throughout and upon the conclusion of discovery and with the benefit of expert analysis and review, as appropriate, pursuant to Rule 26(e)(1).

**(A) The name and, if known, the address and telephone number of each individual likely to have discoverable information- along with the subjects of that information- that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information:**

 1. Current and former employees, agents, attorneys, representatives, and custodian(s) of records of National Rifle Association of America, including but not limited to:

> Arulanandam, Andrew
> Brownell, Peter
> Childress, Richard
> Christman, Scott
> Cors, Allan
> Cotton, Charles
> Cox, Christopher
> Frazer, John
> Froman, Sandy
> Grable, Todd
> Hallow, Millie
> Hammer, Marion
> Hart, Steven
> Keene, David
> LaPierre, Susan
> LaPierre, Wayne
> Lee, Willis
> Meadows, Carolyn
> Perrin, John
> Porter, James "Jim"
> Reno, Duane
> Robinson, Kayne
> Robinson, Derek
> Schropp, Tyler
> Spray, Craig
> Supernaugh, Lisa
> Tedrick, Rick
> Wood, Graham
> c/o BREWER ATTORNEYS & COUNSELORS
> 1717 Main Street, Suite 5900
> Dallas, Texas 75201
>
> The NRA is believed to have knowledge relating to the claims and defenses in this case, including but not limited to its decades long relationship with AMc, the NRA's breach of the Services Agreement, the NRA's interference with the NRA's Third Party Contracts, NRATV, budgeting, billing, invoicing, the NRA's anticipated litigation against Defendants in September 2018, Defendants' compliance with the NRA's audits. The NRA also is believed to have knowledge

concerning the NRA Foundation's relationship with AMc, the NRA Foundation's breach of the Services Agreement, the NRA Foundation's with the NRA, and AMc's damages.

2. Current and former employees, agents, attorneys, representatives, and custodian(s) of records of Ackerman McQueen, Inc., including but not limited to:

> Duffy-Cremer, Lacey
> Greenberg, Jesse
> Farrell, Pete
> Makris, Tony
> Martin, Edmund
> Martin, Henry
> McQueen, Revan
> Montgomery, Melanie
> Popp, John
> Powers, William "Bill"
> Tavangar, Nader
> Winkler, William
> Winkler, Brandon
> c/o DORSEY & WHITNEY LLP
> 300 Crescent Court, Suite 400
> Dallas, Texas 75201

> AMc is believed to have knowledge relating to the claims and defenses in this case, including but not limited to its decades long relationship with the NRA, the NRA's breach of the Services Agreement, the NRA's interference with the NRA's Third Party Contracts, NRATV, budgeting, billing, invoicing, and Defendants' compliance with the NRA's audits.

3. Employees, agents, attorneys, representatives, and custodian(s) of records of BREWER ATTORNEYS & COUNSELORS, including but not limited to:

> Brewer, William A. III
> Carter, Travis J.
> Collins, Michael
> Dillon, Susan
> Rogers, Sarah
> c/o BREWER ATTORNEYS & COUNSELORS
> 1717 Main Street, Suite 5900
> Dallas, Texas 75201

> The Brewer Firm is believed to have knowledge relating to the claims and defenses in this case, including but not limited to the NRA's breach of the Services Agreement, the NRA's interference with the NRA's Third Party Contracts, the Brewer Firm's interference with the NRA and AMc's relationship, the Brewer Firm

taking over and competing AMc for the NRA's business, the NRA's audits of AMc and the falsity of the allegations relating to AMc's alleged non-compliance, including but not limited to the facts and circumstances relating to Ms. Dillon's work for the Brewer Firm and involvement in FRA's audit of AMc, and the facts and circumstances relating to the hiring and termination of Ms. Dillon, and Defendants' damages.

4. Current and former employees, agents, attorneys, representatives, and custodian(s) of records of Forensic Risk Alliance, Inc., including but not limited to:

> Asaka, Masako
> Bradley, Jessica
> Dillon, Susan
> Hansen, Jerry
> Logue, Danielle
> Miller, Russell
> Stepanyan Hakob
> Trahar, Michael
> c/o DEBEVOISE & PLIMPTON LLP
> 801 Pennsylvania Avenue, NW, Suite 500
> Washington, D.C. 20004
>
> FRA is believed to have knowledge relating to the NRA's audits of AMc and the falsity of the allegations relating to AMc's alleged non-compliance, the facts and circumstances relating to Ms. Dillon's work for the Brewer Firm and involvement in FRA's audit of AMc, and the facts and circumstances relating to the hiring and termination of Ms. Dillon.

5. Employees, agents, attorneys, representatives, and custodian(s) of records of DORSEY & WHITNEY LLP, including but not limited to:

> G. Michael Gruber
> Madrid, Jay
> c/o DORSEY & WHITNEY LLP
> 300 Crescent Court, Suite 400
> Dallas, Texas 75201
>
> Dorsey is believed to have knowledge relating to the attorneys' fees sought by Defendants.

6. Employees, agents, attorneys, representatives, and custodian(s) of records of SCHERTLER ONORATO MEAD & SEARS, including but not limited to:

> David Schertler
> David Dickieson
> SCHERTLER ONORATO MEAD & SEARS

>901 New York Avenue, N.W., Suite 500 West
>Washington, DC 20001

>S&O is believed to have knowledge relating to the attorneys' fees sought by Defendants.

7. Employees, agents, attorneys, representatives, and custodian(s) of records of The NRA Foundation.

>11250 Waples Mill Rd
>Fairfax, VA 22030

>The NRA Foundation is believed to have knowledge relating to the claims and defenses in this case, including its relationship with AMc, the NRA Foundation's breach of the Services Agreement, its relationship with the NRA, and AMc's damages.

8. Employees, agents, attorneys, representatives, and custodian(s) of records of COOPER & KIRK, PLLC, including but not limited to:

>Cooper, Charles "Chuck"
>COOPER & KIRK, PLLC
>1523 New Hampshire Ave NW
>Washington, DC 20036

>Cooper & Kirk is believed to have knowledge relating to the NRA's audits of AMc.

9. Employees, agents, attorneys, representatives, and custodian(s) of records of Attorney General of the State of New York, including but not limited to:

>James, Leticia
>Attorney General of the State of New York
>28 Liberty Street
>New York, NY 10005

>The Attorney General of the State of New York is believed to have knowledge relating to the NRA's relationship with the NRA Foundation, the facts and circumstances relating to the termination of the Services Agreement, and the investigation into the NRA's compliance with non-profit laws.

10. Employees, agents, attorneys, representatives, and custodian(s) of records of Attorney General of District of Columbia, including but not limited to:

>Racine, Karl A.
>Attorney General of District of Columbia
>441 4th St NW #1100

       Washington, DC 20001

       The Attorney General of the District of Columbia is believed to have knowledge relating to the NRA's relationship with the NRA Foundation, the facts and circumstances relating to the termination of the Services Agreement, and the investigation into the NRA's compliance with non-profit laws.

11.    Current and former employees, agents, attorneys, representatives, and custodian(s) of records of Performance Improvement Partners, LLC, including but not limited to:

       Ahrens, Daniel
       Bisack, John
       Bilinski, Alex
       Bross, Andy
       Jansen, Tom
       O'Brien, John
       Rinaldi, Anthony
       Rustad, Jim
       Serafino, Jon
       c/o Martin C. Geagan
       WINSTON & STRAWN LLP
       200 Park Avenue
       New York, NY 10166

       PIP is believed to have knowledge relating to NRATV and analytics.

12.    Boren, Dan
       WHITTEN BURRAGE LAW FIRM
       12 North Broadway Avenue, Suite 300
       Oklahoma City, OK 73102

       Mr. Boren is believed to have knowledge relating to the falsity of Plaintiff's extortion allegations and AMc engaging in "double billing" for the Chickasaw Nation.

13.    Cummins, Emily
       Contact Information Unknown

       Ms. Cummins, a former employee of the NRA, is believed to have knowledge relating to the NRA's relationship with AMc, including accounting and billing practices, whistleblowers claims, issues with the Brewer Firm's billings and engagement, and issues relating to threats made by the Brewer Firm.

14.    Stanford, Gayle
       6100 Kentland Avenue
       Woodland Hills, CA 92626

        Ms. Stanford is believed to have knowledge relating to the NRA's relationship with AMc, Mr. LaPierre's travel, billing, and invoicing.

15.    Hakim, Danny
        The New York Times Company
        620 Eighth Avenue
        New York, NY 10018

        Mr. Hakim is believed to have knowledge concerning the NRA allegations relating to leaking, the NRA providing false and defamatory information to the press about Defendants, communications with the Brewer Firm and the NRA, and Defendants' damages.

16.    Loesch, Dana
        c/o KAYIRA LAW, LLC
        200 S. Hanley Road, Suite 208
        Clayton, Missouri 63105

        Ms. Loesch is believed to have knowledge relating to the NRA's Third Party Contract between Ms. Loesch and AMc and NRATV.

17.    Maremont, Mark
        The Wall Street Journal
        1211 Avenue of the Americas
        New York, NY 10036

        Mr. Maremont is believed to have knowledge concerning the NRA allegations relating to leaking, the NRA providing false and defamatory information to the press about Defendants, and Defendants' damages.

18.    North, Lt. Col. Oliver
        c/o Brendon Sullivan, Steven Cady
        WILLIAMS & CONNOLLY LLP
        725 Twelfth Street, N.W.
        Washington, D.C. 20005

        Col. North is believed to have knowledge relating to the claims and defenses in this case, including but not limited to the Brewer Firm's engagement by the NRA, the attorneys' fees paid by the NRA to the Brewer Firm, the NRA members' concerns regarding the same, the attempted investigation of the Brewer Firm's engagement and fees, the facts and circumstances relating to the creation of the contract between Col. North and AMc, the facts and circumstances relating to the termination of the NRA Third Party Contract between Col. North and AMc, and the falsity of the NRA's extortion allegations.

19. Phillips, Wilson "Woody"
    c/o Mark Werbner
    WINSTON & STRAWN LLP
    2121 N. Pearl Street, Suite 900
    Dallas, Texas 75201

    Mr. Phillips is believed to have knowledge relating to the claims and defenses in this case, including but not limited to its decades long relationship with AMc, the NRA's breach of the Services Agreement, the NRA's interference with the NRA's Third Party Contracts, NRATV, budgeting, billing, invoicing, the NRA's anticipated litigation against Defendants in September 2018, and Defendants' compliance with the NRA's audits.

20. Powell, Josh
    c/o Mark MacDougall
    AKIN GUMP STRAUSS HAUER & FELD LLP
    2001 K. Street, N.W.
    Washington, DC 20006

    Mr. Powell is believed to have knowledge relating to the claims and defenses in this case, including but not limited to its decades long relationship with AMc, the NRA's breach of the Services Agreement, the NRA's interference with the NRA's Third Party Contracts, NRATV, budgeting, billing, invoicing, the NRA's anticipated litigation against Defendants in September 2018, and Defendants' compliance with the NRA's audits.

**(B) A copy-or a description by category and location- of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claim or defenses, unless the use would be solely for impeachment.**

- Services Agreement, as Amended.  Copies of these documents are in the possession of opposing counsel.

- The NRA's Third Party Contracts.  Copies of these documents are in the possession of opposing counsel.

- All pleadings, discovery, and other documents on file with the Court, or which have been served upon the parties in the lawsuit styled: *National Rifle Association of America v. Ackerman McQueen, Inc., et al.*, Civil Action No. 3:19-cv-02074-G, United States District Court, Northern District of Texas, Dallas Division.  Copies of these documents are in the possession of opposing counsel.

- All pleadings, discovery, and other documents on file with the Court, or which have been served upon the parties in the lawsuit styled: *National Rifle Association of America v. Ackerman McQueen, Inc., et al.*, Civil Case No. CL19001757, Circuit

- Court for the City of Alexandria, Virginia (filed on April 12, 2019). Copies of these documents are in the possession of opposing counsel.

- All pleadings, discovery, and other documents on file with the Court, or which have been served upon the parties in the lawsuit styled: *National Rifle Association of America v. Ackerman McQueen, Inc., et al.*, Civil Case No. CL19002067, Circuit Court for the City of Alexandria, Virginia (filed on May 22, 2019). Copies of these documents are in the possession of opposing counsel.

- All pleadings, discovery, and other documents on file with the Court, or which have been served upon the parties in the lawsuit styled: *National Rifle Association of America v. Ackerman McQueen, Inc., et al.*, Civil Case No. CL19002886, Circuit Court for the City of Alexandria, Virginia (filed on September 5, 2019). Copies of these documents are in the possession of opposing counsel.

- Relevant communications between individuals identified as persons with knowledge. (FED. R. CIV. P. 26(a)(1)(a)).

- Documents previously provided and will be provided to the NRA demonstrating the falsity of the NRA's claims and damages.

- In addition to the above-listed documents, Defendants may use any and all other documents, data compilations, and other tangible things produced or identified by any other party herein the course of discovery to support Defendants' claims and defenses.

**(C) A computation of each category of damages claimed by the disclosing party – who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.**

1. Damages for breach of the Services Agreement against the NRA in the amount that exceeds $40 million, including but not limited to damages from the failure to pay outstanding invoices for services rendered, damages from the breach of the indemnification clause, damages from the termination fee, damages from the failure to pay timely invoices, damages from the costs to return the NRA's property, and damages from the NRA's obligation to post a $3 million letter of credit;

2. Damages for defamation, tortious interference with contract, and fraud against NRA and/or LaPierre in an amount that is yet to be determined;

3. Punitive or uncapped exemplary damages against both the NRA and Mr. LaPierre in an amount to be determined by the jury;

4. Pre-judgment interest on the foregoing amounts at the maximum rate permitted by applicable law;

5. Post-judgment interest on the foregoing amounts at the maximum rate permitted by applicable law;

6. Reasonable attorneys' fees, expert witness fees, and costs for copies of depositions;

7. Such other and further relief to which Defendants may be justly entitled.

8. Defendants reserve the right to supplement these Initial Disclosures throughout and upon the conclusion of discovery and with the benefit of expert analysis and review.

**(D) For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or indemnify or reimburse for payments made to satisfy the judgment.**

- AXIS Insurance Company Policy No. ECN000267781801.

Dated: October 15, 2020.                    Respectfully submitted,

*/s/ Brian E. Mason*
**G. Michael Gruber, Esq.**
Texas Bar No. 08555400
gruber.mike@dorsey.com
**Jay J. Madrid, Esq.**
Texas Bar No. 12802000
madrid.jay@dorsey.com
**J. Brian Vanderwoude, Esq.**
Texas Bar No. 24047558
vanderwoude.brian@dorsey.com
**Brian E. Mason, Esq.**
Texas Bar No. 24079906
mason.brian@dorsey.com

**DORSEY & WHITNEY LLP**
300 Crescent Court, Suite 400
Dallas, Texas 75201
(214) 981-9900 Phone
(214) 981-9901 Facsimile

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

  I hereby certify that on October 15, 2020 I served the document on all counsel and/or pro se parties of record by a manner authorized by Federal Rules of Civil Procedure 5(b)(2).

            */s/ Brian E. Mason*
            BRIAN E. MASON