UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NATIONAL RIFLE ASSOCIATION OF AMERICA, | ) ) ) | |
|     Plaintiff and Counter-Defendant, | ) ) | |
| and | ) ) | |
| WAYNE LaPIERRE, | ) ) | |
|     Third-Party Defendant, | ) ) | CIVIL ACTION NO. |
| vs. | ) ) | 3:19-CV-2074-G |
| ACKERMAN MCQUEEN, INC., | ) ) | |
|     Defendant and Counter-Plaintiff, | ) ) | |
| and | ) ) | |
| MERCURY GROUP, INC., HENRY MARTIN, WILLIAM WINKLER, MELANIE MONTGOMERY, AND JESSE GREENBERG, | ) ) ) ) ) | |
|     Defendants. | ) | |

## ORDER

The court, having reviewed the pleadings on file in this cause and the nature of the proceedings herein, has determined that this case is appropriate for a form of alternative dispute resolution known as mediation.  *See* Rules 1, 16, FED. R. CIV. P.; 28 U.S.C. § 473(a)(6), (b)(4); Civil Justice Expense and Delay Reduction Plan of the

Northern District of Texas ¶ III (1993); Texas Civil Practice and Remedies Code §§ 154.001 *et seq.* (Vernon Supp. 1997).

Mediation is a mandatory but non-binding settlement conference wherein the parties attempt to resolve their differences with the assistance of a third party facilitator: the mediator. All proceedings in a mediation session are confidential and privileged from discovery. No subpoenas, summons, citations, or other process shall be served at or near the location of any mediation session, upon any person entering, leaving, or attending any mediation session.

The parties will be contacted by **Mr. Jeff Abrams**, **ABRAMS MEDIATION & ARBITRATION, INC., 5720 LBJ Freeway, Suite 560, Dallas, Texas 75240 (972.702.9066, FAX: 214.526.5880, EMAIL: jeff@abramsmediation.com)** a qualified mediator who will provide further information and will arrange scheduling of the mediation session. Within the next **30 days**, the parties shall agree with the mediator on a date on which the mediation can be held. If no agreed date can be scheduled, then the mediator shall, within the next **30 days**, select a date and all parties shall appear as directed by the mediator. Following the mediation, the court will be advised only that the case did or did not settle.

The parties shall make independent arrangements for payment of fees for the mediation. The costs of mediation are to be divided and borne equally by the parties unless agreed otherwise. The named parties shall be present during the entire

mediation process and each party which is not a natural person must be represented by an executive officer (other than in-house counsel) with authority to negotiate a settlement (the authority required shall be active, *i.e.*, not merely the authority to observe the mediation proceedings but the authority to negotiate, demand or offer, and bind the party represented).  Counsel and the parties shall proceed in a good faith effort to try to resolve this case.

Referral to alternative dispute resolution is not a substitute for trial, however, and the case will be tried if not settled.  Consequently, it will remain on the trial calendar during the month of September 2021.

The mediator is directed by the court to complete the Alternative Dispute Resolution Summary Form and file it with the clerk of court within ten (10) days after the mediation session is completed.

Failure to comply in good faith with the requirements of this order may result in the imposition of sanctions.  *See* Rule 16(f), F.R. Civ. P.

**SO ORDERED.**

February 17, 2021.

*[signature: A. Joe Fish]*
**A. JOE FISH**
**Senior United States District Judge**