IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NATIONAL RIFLE ASSOCIATION OF AMERICA, § § § | | |
| Plaintiff and Counter-Defendant § § | | |
| and § | CASE NO. 3:19-cv-02074-G | |
| WAYNE LAPIERRE, § § | | |
| Third-Party Defendant, § § | | |
| v. § § | | |
| ACKERMAN MCQUEEN, INC., § § | | |
| Defendant and Counter-Plaintiff, § § | | |
| and § § | | |
| MERCURY GROUP, INC., HENRY MARTIN, WILLIAM WINKLER, and MELANIE MONTGOMERY, § § § § | | |
| Defendants. § | | |

**PLAINTIFF NATIONAL RIFLE ASSOCIATION OF AMERICA'S MOTION FOR CONTINUANCE**

Plaintiff National Rifle Association of America (the "NRA") files this Motion for Continuance, and states as follows in support thereof:

**I. PRELIMINARY STATEMENT**

The NRA files this Motion for Continuance in the interest of efficiency and judicial economy, and to avoid the potential for inconsistent adjudications resulting from asynchronous trials on interlocking claims. In sum, the NRA filed a chapter 11 Bankruptcy Case on January 15, 2021; as a consequence, pursuant to the Court's order dated February 1, 2021, the counterclaims

asserted by Defendant Ackerman McQueen, Inc. ("Ackerman") against the NRA are stayed until the NRA's exit from bankruptcy—projected to occur by October 2021. *See* Docket No. 200.  In the interim, the NRA's affirmative claims are slated for trial, with expert-report submissions and other pretrial deadlines approaching swiftly.  The NRA seeks a continuance of those deadlines so that it can focus its resources on its reorganization, with all parties preparing for a simultaneous trial on all claims (and counterclaims) after the NRA exits.  Moreover, proceeding as currently scheduled risks substantial prejudice to the NRA, because Ackerman has lodged an objection, in the NRA's bankruptcy, to the NRA's continued employment of litigation counsel in this case.

## II. PROCEDURAL BACKGROUND

1.The NRA filed this case on August 30, 2019. [Docket No. 1].

2.The NRA filed its First Amended Complaint on October 25, 2019. [Docket No. 18].

3.As reflected on the Court's docket, throughout 2019 and 2020, various pre-trial motions, including motions to dismiss and motions to disqualify, were filed and briefed, and discovery began.

4.On September 14, 2020, the Court issued its Memorandum Opinions and Orders on the pending motions to dismiss and to disqualify. [Docket Nos. 164, 165, and 166].

5.The Court entered a Joint Status Report Order on September 15, 2020, requiring the parties to submit a Joint Status Report to the Court on or before October 5, 2020.  [Docket No. 168].

6.The parties filed the Joint Status Report on October 5, 2020, which outlined the pending and contemplated discovery, and stated that the parties jointly requested at least six months from entry of a scheduling order to complete discovery. [Docket No. 172].  At that time no depositions had yet been taken, but both parties contemplated more than ten depositions would be taken.

7. On October 13, 2020, the Court entered an Order Establishing Schedule and Certain Pretrial Requirements (the "Original Scheduling Order") setting pre-trial, expert and discovery deadlines. Trial was set on the Court's four-week docket beginning September 7, 2021. [Docket No .174].

8. The Original Scheduling Order required the NRA to file and serve its written designation of expert witnesses and expert witness reports on or before April 9, 2021.

9. On January 15, 2021, only three months after the Court entered its Original Scheduling Order, in the middle of the contemplated six-month period needed to complete discovery, the NRA filed bankruptcy in the United States Bankruptcy Court for the Northern District of Texas, Dallas Division (the "Bankruptcy Court"), Case No. 21-30085-hdh11 (the "Bankruptcy Case"), and the Bankruptcy Case was assigned to United States Bankruptcy Judge Harlin D. Hale.  A Suggestion of Bankruptcy was filed with this Court the same date. [Docket No. 193].

10. On January 19, 2021, this Court entered an Electronic Order ordering that the parties file status reports stating their positions as to how their claims before this Court were affected by the Bankruptcy Case. [Docket No. 196].

11. On February 1, 2021, following receipt of the parties' Status Reports, the Court entered an Order stating that the claims against the NRA were stayed and administratively closed, without prejudice to re-opening upon the motion of any party pursuant to any action taken in the related Bankruptcy proceeding.  The Court further held that all other claims, which included the NRA's claims for affirmative relief against Defendants, were unaffected by the Bankruptcy Case. [Docket No. 200].

12. On February 17, 2021, this Court ordered the parties to attend mediation with Jeff Abrams. [Docket No. 205].

13. The NRA filed its Second Amended Complaint with leave of the Court on March 12, 2021. [Docket No. 209].

14. On March 26, 2021, due to the filing of the Bankruptcy Case, the fact that the Bankruptcy Court had scheduled multi-week evidentiary hearings to be held during the first two weeks of April on motions to dismiss the Bankruptcy Case and/or appoint a Chapter 11 trustee filed by several parties, including Ackerman, and the fact that mediation was scheduled for April 12, 2021, the parties filed a Joint Motion to Amend Scheduling Order seeking to extend the expert witness disclosure and other pre-trial deadlines (the "Joint Motion"). [Docket No. 215].

15. The Court granted the Joint Motion by Order dated March 27, 2021 (the "Amended Scheduling Order"). [Docket No. 217].

16. The Amended Scheduling Order requires the NRA to file its written designation of expert witnesses and serve its expert reports on or before May 24, 2021, dispositive motions are due by June 14, 2021, and discovery is to be completed by July 16, 2021. Pre-trial materials are to be filed by August 16, 2021, and trial remains set on the Court's four-week docket beginning September 7, 2021.

17. The mediation occurred on April 12, 2021, but did not result in a settlement.

18. The evidentiary hearings on Ackerman's and other parties' motions to dismiss and/or appoint a trustee in the Bankruptcy Court have taken much longer than originally anticipated, and are scheduled to continue into the week of May 3, 2021. The Bankruptcy Court has indicated it intends to rule within approximately a week after the hearings conclude.

19. Given the delay in completing the evidentiary hearings in the Bankruptcy Court and the automatic stay in effect as to Ackerman's claims against the NRA, and in an effort to save all parties unnecessary costs during the Bankruptcy Case, the NRA's bankruptcy counsel conferred with counsel for Ackerman on April 14, 2021 regarding a three- to six-month continuance of the

pre-trial deadlines and trial in this case. Ackerman refused to agree even to a brief, three-month continuance, despite the fact that: (i) Ackerman's own claims are stayed; and (ii) Ackerman actively opposes the NRA's continued retention of trial counsel in this case over the next several months.

### III. RELIEF REQUESTED

20. The NRA requests that the Court grant a six-month extension of the pre-trial deadlines, including expert witness deadlines, in this case, in order to allow the NRA to focus its resources on the Bankruptcy Case and to complete the ongoing evidentiary hearings on Ackerman's motion to dismiss and/or for a trustee in the Bankruptcy Court. This relief is not prejudicial to Ackerman, as Ackerman's claims against the NRA are stayed by the automatic stay.

### IV. GROUNDS FOR RELIEF

21. The evidentiary hearings on the motions to dismiss or for appointment of a Chapter 11 trustee in Bankruptcy Court have been ongoing for multiple days every week since early April, and are scheduled to continue into the week of May 3. Many of the upper executives of the NRA that are witnesses in this case have been preparing for and testifying in the ongoing evidentiary hearings in the Bankruptcy Court. In addition, many of them were required to give depositions in advance of the evidentiary hearings on an expedited discovery schedule. Thousands of pages of documents were also requested and produced on the same expedited discovery schedule.

22. The NRA's management, many of whom are potential witnesses in this case, on top of running the day-to-day operations of the NRA, have also been dealing with the heavy administrative burden of operating inside of a Chapter 11 Bankruptcy Case, including preparation and participation in the creditors' meeting under Section 341 of the Bankruptcy Code (spread over three days), responding to numerous information and discovery requests from the United States Trustee, the Official Committee of Unsecured Creditors, and other parties in interest, preparing

and filing Schedules and Statements of Financial Affairs and Monthly Operating Reports, and filing applications for approval of various matters required to be approved by the Bankruptcy Court that would not be required when operating outside of the bankruptcy. Many of these matters require appearances to give testimony by the NRA's management.

23. These extreme demands on the time of the Debtor's management and professionals necessitate that the NRA request that this Court grant the NRA a continuance in this case.

24. Ackerman is opposing a continuance of this case, while at the same time objecting to the application filed in the Bankruptcy Court to approve the retention of the undersigned counsel for purposes of continuing to represent the NRA in this very case, thereby prejudicing the undersigned counsel's ability to prepare this case for trial. Until the undersigned counsel's retention application is approved by the Bankruptcy Court, counsel cannot do the work necessary to prepare this case for trial and be assured of getting paid for the work.

25. Ackerman is attempting to gain a procedural advantage and to prejudice the NRA at a time when its resources are substantially focused on its reorganization. In particular, Ackerman continues to insist that multiple claims in this case go forward while, simultaneously, lodging objections in Bankruptcy Court that are designed to prevent the NRA from retaining trial counsel in this matter to prosecute those claims.

26. Ackerman has not sought to lift the stay since January 15, 2021.

27. Ackerman's claims are, therefore, stayed, and cannot proceed to trial along with the NRA's claims in this case, resulting in the potential necessity for two trials on claims and counterclaims that are factually intertwined with one another, resulting in a waste of judicial resources, and unnecessary duplicative costs and waste of time and resources for the parties.

28. The NRA filed the Bankruptcy Case, among other reasons, to take advantage of the breathing spell offered by the automatic stay under section 362 of the Bankruptcy Code. The NRA

needs to focus its resources on the ongoing hearings in Bankruptcy Court and its efforts to successfully reorganize.

29. There is no prejudice to Ackerman in a six-month continuance of the pre-trial deadlines and trial date *on the NRA's claims against Ackerman*. The NRA is asking for a continuance of its own claims. The Ackerman claims are stayed.

30. There is no justifiable reason for Ackerman's insistence that the NRA prepare for an imminent trial on its own claims during the pendency of its bankruptcy (while potentially being deprived of its chosen lawyers), only to potentially face a second trial on Ackerman's counterclaims after the NRA emerges from bankruptcy. The potential prejudice to the NRA is especially acute given that the NRA is currently expending significant resources on a multi-week trial, being conducted in Bankruptcy Court, regarding Ackerman's own motion to dismiss or appoint a trustee. In essence, Ackerman wishes to advance its hostilities against the NRA in multiple courts while obstructing the NRA's access to counsel. The prejudice and inefficiency that would result from such an approach are wholly avoidable—the Court need only continue approaching deadlines to ensure that the NRA's claims, and Ackerman's, can be prepared for trial (and then tried) simultaneously as customary.

31. By this Motion, the NRA seeks to save costs and promote judicial efficiency while the NRA is in the early stages of its Bankruptcy Case, not to cause any undue delay in the resolution of this case.

WHEREFORE, for the reasons set forth herein, the NRA requests that the Court grant a six-month continuance of all pre-trial deadlines in the Amended Scheduling Order, including the May 24, 2021 expert witness deadline, as well as the trial date of this case, and grant the NRA such other and further relief as the Court deems just and proper.

Dated: April 28, 2021

Respectfully submitted,

By: */s/ John Frazer*
**John Frazer**
Secretary and General Counsel
National Rifle Association of America
11250 Waples Mill Rd.
Fairfax, VA 22030
(703) 267-1254
john.frazer@nrahq.org

**BREWER, ATTORNEYS & COUNSELORS**

By: */s/ Jason F. Clouser*
Jason F. Clouser
State Bar No. 24111395
jfc@brewerattorneys.com
Alessandra P. Allegretto
State Bar No. 24109575
apa@brewerattorneys.com
1717 Main St. Suite 5900
Dallas, Texas 75201
Telephone: (214) 653-4000
Facsimile: (214) 653-1015

**ATTORNEYS FOR THE PLAINTIFF AND COUNTER-DEFENDANT THE NATIONAL RIFLE ASSOCIATION OF AMERICA**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 28, 2021 a true and correct copy of the foregoing was served via the Court's ECF system.

*/s/ Jason F. Clouser*

## CERTIFICATE OF CONFERENCE

On April 14, 2021 and April 27, 2021, counsel in the NRA's Bankruptcy Case conferred with counsel for Ackerman regarding the relief requested in this Motion, and Ackerman's counsel stated that Ackerman is opposed to the relief requested.

*/s/ Jason F. Clouser*