**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **NATIONAL RIFLE ASSOCIATION OF AMERICA,** | § | |
| | § | |
| | § | |
| **Plaintiff and Counter-Defendant,** | § | |
| | § | |
| v. | § | |
| | § | |
| **ACKERMAN MCQUEEN, INC.,** | § | |
| | § | **Civil Action No. 3:19-cv-02074-G** |
| **Defendant and Counter-Plaintiff,** | § | |
| | § | |
| and | § | |
| | § | |
| **MERCURY GROUP, INC., HENRY MARTIN, WILLIAM WINKLER, and MELANIE MONTGOMERY,** | § | |
| | § | |
| | § | |
| | § | |
| **Defendants.** | § | |
| | § | |

**COUNTER-DEFENDANT NATIONAL RIFLE ASSOCIATION OF AMERICA'S**
**ANSWER TO COUNTER-PLAINTIFF ACKERMAN MCQUEEN, INC.'S**
**SECOND AMENDED COUNTERCLAIM**

Counter-Defendant the National Rifle Association of America (the "NRA"), by and through its undersigned counsel, hereby responds to the Second Amended Counterclaim (the "Counterclaim") filed by Counter-Plaintiff Ackerman McQueen, Inc. ("Ackerman") as follows.

## I.

## PRELIMINARY STATEMENT

Ackerman's Preliminary Statement does not comport with the rules of pleading embodied in Rules 8 and 10 of the Federal Rules of Civil Procedure.  As such, the NRA is not required to respond to Ackerman's Preliminary Statement.  To the extent a response is required, the NRA denies the allegations in Ackerman's Preliminary Statement.

## II.

## PARTIES

1.      The NRA lacks knowledge or information sufficient to form a belief as to the accuracy of allegations in Paragraph 1 of the Counterclaim.

2.      The NRA admits the allegations in Paragraph 2 of the Counterclaim.

## III.

## JURISDICTION AND VENUE

3.      Paragraph 3 of the Counterclaim contains legal conclusions to which no response is required; to the extent a response is required, the NRA denies such allegations.

4.      Paragraph 4 of the Counterclaim contains legal conclusions to which no response is required; to the extent a response is required, the NRA denies such allegations.

5.      Paragraph 5 of the Counterclaim contains legal conclusions to which no response is required; to the extent a response is required, the NRA denies such allegations.

IV.

## BACKGROUND FACTS

**A.    Decades Of Harmony Coincide With The Emergence Of LaPierre.**

6.      The NRA admits that Ackerman served as a non-exclusive vendor whose services included marketing and public affairs for nearly four decades. The NRA denies the remaining allegations in Paragraph 6 of the Counterclaim.

7.      The NRA admits that Ackerman contracted with individuals to deliver commentary. The NRA denies the remaining allegations in Paragraph 7 of the Counterclaim.

8.      The NRA admits that sometimes it uses the phrase "Stand and Fight."  The NRA denies the remaining allegations in Paragraph 8 of the Counterclaim.

9.      The NRA denies the allegations in Paragraph 9 of the Counterclaim.

**B.    Agreed Protocols, Now Conveniently Ignored, Are Developed.**

10.     The NRA admits that LaPierre sometimes participated in negotiations concerning annual budgets and approved certain, specific budget items.  The NRA denies the remaining allegations in Paragraph 10 of the Counterclaim.

11.     The NRA denies the allegations in Paragraph 11 of the Counterclaim.

12.     The NRA denies the allegations in Paragraph 12 of the Counterclaim.

**C.    The Services Agreement**

13.     The allegations in Paragraph 13 of the Counterclaim purport to describe and/or summarize the contents of the "Services Agreement," which speaks for itself. The NRA respectfully refers the Court to the referenced document for its complete, accurate contents; to the extent that the allegations in Paragraph 13 are inconsistent with the referenced document, the NRA denies them.

14.     The allegations in Paragraph 14 of the Counterclaim purport to describe and/or summarize the contents of the "Services Agreement," which speaks for itself. The NRA respectfully refers the Court to the referenced document for its complete, accurate contents; to the extent that the allegations in Paragraph 14 are inconsistent with the referenced document, the NRA denies them.

### i.     <u>Termination and Reimbursement Provisions.</u>

15.     The allegations in Paragraph 15 of the Counterclaim purport to describe and/or summarize the contents of the "Amendment," which speaks for itself. The NRA respectfully refers the Court to the referenced document for its complete, accurate contents; to the extent that the allegations in Paragraph 15 are inconsistent with the referenced document, the NRA denies them.  The NRA denies the remaining allegations in Paragraph 15 of the Counterclaim.

16.     The NRA denies the allegations in Paragraph 16 of the Counterclaim.

17.     The allegations in Paragraph 17 of the Counterclaim purport to describe and/or summarize the contents of the "Services Agreement" and "Amendment" which speak for themselves. The NRA respectfully refers the Court to the referenced documents for their complete, accurate contents; to the extent that the allegations in Paragraph 17 are inconsistent with the referenced document, the NRA denies them.

### ii.     <u>Authorized Contacts</u>

18.     The allegations in Paragraph 18 of the Counterclaim purport to describe and/or summarize the contents of the "Services Agreement," which speaks for itself. The NRA respectfully refers the Court to the referenced document for its complete, accurate contents; to the extent that the allegations in Paragraph 18 are inconsistent with the referenced document, the NRA denies them.

19.     The NRA admits that LaPierre was (and remains) the NRA Executive Vice President.  The NRA denies the remaining allegations in Paragraph 19 of the Counterclaim.

20.     The allegations in Paragraph 20 of the Counterclaim purport to describe and/or summarize the contents of the "Services Agreement," which speaks for itself. The NRA respectfully refers the Court to the referenced document for its complete, accurate contents; to the extent that the allegations in Paragraph 20 are inconsistent with the referenced document, the NRA denies them.   The NRA denies the remaining allegations in Paragraph 20 of the Counterclaim.

### iii.     Services for the NRA Foundation

21.     The NRA admits that the NRA Foundation is a non-profit entity.  The NRA admits that AMc sometimes performed services for the NRA Foundation.  To the extent that Paragraph 21 purports to characterize the Services Agreement or rights or obligations thereunder, the NRA states that the document speaks for itself and respectfully refers the Court to the Services Agreement for its complete and accurate contents.  The NRA denies the remaining allegations in Paragraph 21 of the Counterclaim.

**D.     NRA Asks Ackerman To Front Activities; LaPierre's Passion For Secrecy.**

22.     The NRA admits that certain expenses paid by Ackerman were billed to the NRA. The NRA also admits that for confidentiality and security purposes Ackerman was trusted to keep certain accounting records regarding costs and expenses.  The NRA denies the remaining allegations in Paragraph 22 of the Counterclaim.

23.     The NRA admits that, for a time, certain expenses paid for by Ackerman were later billed to the NRA and that this was done for confidentiality and security purposes.  The NRA denies the remaining allegations in Paragraph 23 of the Counterclaim.

24.     The NRA denies the allegations in Paragraph 24 of the Counterclaim.

25.     The NRA denies the allegations in Paragraph 25 of the Counterclaim.

26.     The NRA denies the allegations in Paragraph 26 of the Counterclaim.

**E.     NRATV:  LaPierre's Brainchild**

27.     The NRA admits that NRATV was an abject failure.  The NRA denies the remaining allegations in Paragraph 27 of the Counterclaim.

28.     The NRA denies the allegations in Paragraph 28 of the Counterclaim.

29.     The NRA admits that Ackerman deceived the NRA into believing that NRATV was successful.  The NRA denies the remaining allegations in Paragraph 29 of the Counterclaim.

30.     The NRA admits that Ackerman deceived Mr. LaPierre into believing that NRATV was successful by presenting deceptive, inaccurate and irrelevant metrics and concealing material information.  The NRA denies the remaining allegations in Paragraph 30 of the Counterclaim.

**F.     NRATV as a "Super Channel" with Political Clout.**

31.     The NRA denies the allegations in Paragraph 31 of the Counterclaim.

32.     The NRA denies the allegations in Paragraph 32 of the Counterclaim.

33.     The NRA denies the allegations in Paragraph 33 of the Counterclaim.

34.     The NRA admits that Dana Loesch was designated as a spokesperson for the NRA.  The NRA admits that Dana Loesch's show launched in 2018.  The NRA denies the remaining allegations in Paragraph 34 of the Counterclaim.

35.     The NRA admits that Dana Loesch appeared on CNN following the Parkland shooting.  The NRA denies the remaining allegations in Paragraph 35 of the Counterclaim.

36.     The NRA denies the allegations in Paragraph 36 of the Counterclaim.

**G.     LaPierre Fails to Calm Stormy Seas for the NRA.**

37.     The NRA denies the allegations in Paragraph 37 of the Counterclaim.

38.     The NRA admits that Lt. Col. Oliver North became president of the NRA.  The NRA denies the remaining allegations in Paragraph 38 of the Counterclaim.

39.     The NRA denies the allegations in Paragraph 39 of the Counterclaim.

40.     The NRA denies the allegations in Paragraph 40 of the Counterclaim.

41.     The NRA denies the allegations in Paragraph 41 of the Counterclaim.

42.     The NRA denies the allegations in Paragraph 42 of the Counterclaim.

**H.     The NRA:  Wayne's World**

43.     The NRA admits that from its founding in 1871, the NRA grew to become a respected and powerful voice for Second Amendment rights in America.  The NRA denies the remaining allegations in Paragraph 43 of the Counterclaim.

**i.     Personal Spending:  Party On**

44.     The NRA denies the allegations in Paragraph 44 of the Counterclaim.

45.     The NRA denies the allegations in Paragraph 45 of the Counterclaim.

46.     The NRA denies the allegations in Paragraph 46 of the Counterclaim.

47.     The NRA denies the allegations in Paragraph 47 of the Counterclaim.

**ii.     "Funny Money":  Filling the Coffers.**

48.     The NRA denies the allegations in Paragraph 48 of the Counterclaim.

49.     The NRA denies the allegations in Paragraph 49 of the Counterclaim.

**iii.     Wayne's Way or the Highway.**

50.     The NRA denies the allegations in Paragraph 50 of the Counterclaim.

51.     The NRA denies the allegations in Paragraph 51 of the Counterclaim.

I.      **LaPierre Retains Brewer, Who Immediately Begins His Attacks Against His Family And Their Company.**

52.     The NRA admits that it retained Brewer and the Brewer Firm.  The NRA denies the remaining allegations in Paragraph 52 of the Counterclaim.

53.     The NRA admits that it notified Ackerman that the Brewer Firm would be reviewing, *inter alia*, all matters concerning Carry Guard and that Ackerman was expected to cooperate with the investigation pursuant to its contractual and common law duties.  The NRA denies the remaining allegations in Paragraph 53 of the Counterclaim.

54.     The NRA denies the allegations in Paragraph 54 of the Counterclaim.

55.     The NRA denies the allegations in Paragraph 55 of the Counterclaim.

56.     The NRA admits that the Brewer Firm offers crisis-management and PR services to clients in conjunction with its legal services.   The allegations in Paragraph 56 of the Counterclaim purport to describe and/or summarize the contents of a "recent article," which speaks for itself. The NRA respectfully refers the Court to the referenced document for its complete, accurate contents; to the extent that the allegations in Paragraph 56 are inconsistent with the referenced document, the NRA denies them.  The NRA denies the remaining allegations in Paragraph 56 of the Counterclaim.

57.     The NRA admits that the Brewer Firm drafted press releases and worked with media on behalf of the NRA.  The allegations in Paragraph 57 of the Counterclaim purport to describe and/or summarize the contents of a news article, which speaks for itself. The NRA respectfully refers the Court to the referenced document for its complete, accurate contents; to the extent that the allegations in Paragraph 57 are inconsistent with the referenced document, the NRA denies them.   The NRA denies the remaining allegations in Paragraph 57 of the Counterclaim.

58.     The NRA denies the allegations in Paragraph 58 of the Counterclaim.

59.     Paragraph 59 of the Counterclaim contains legal conclusions to which no response is required; to the extent a response is required, the NRA denies such allegations.  The allegations in Paragraph 59 of the Counterclaim purport to describe and/or summarize the contents of one or more Court rulings, which speaks for themselves. The NRA respectfully refers the Court to the referenced documents for their complete, accurate contents; to the extent that the allegations in Paragraph 59 are inconsistent with the referenced documents, the NRA denies them.

**J.     Brewer Begins His LaPierre-Sanctioned Takeover Of The NRA.**

60.     The NRA admits that Brewer filed a lawsuit on behalf of the NRA against Lockton regarding Carry Guard.  The NRA denies the remaining allegations in Paragraph 60 of the Counterclaim.

61.     The NRA denies the allegations in Paragraph 61 of the Counterclaim.

62.     The NRA denies the allegations in Paragraph 62 of the Counterclaim.

63.     The allegations in Paragraph 63 of the Counterclaim purport to describe and/or summarize the contents of a testimonial transcript, which speaks for itself. The NRA respectfully refers the Court to the referenced document for its complete, accurate contents; to the extent that the allegations in Paragraph 63 are inconsistent with the referenced document, the NRA denies them.  The NRA denies the remaining allegations in Paragraph 63 of the Counterclaim

64.     The allegations in Paragraph 64 of the Counterclaim purport to describe and/or summarize the contents of a memorandum, which speaks for itself. The NRA respectfully refers the Court to the referenced document for its complete, accurate contents; to the extent that the allegations in Paragraph 64 are inconsistent with the referenced document, the NRA denies them. The NRA denies the remaining allegations in Paragraph 64 of the Counterclaim.

65.     The NRA admits that Brewer and his firm were permitted to examine all of the NRA's vendor relationships to ensure they were in compliance with New York law.  The NRA denies the remaining allegations in Paragraph 65 of the Counterclaim.

66.     The NRA denies the allegations in Paragraph 66 of the Counterclaim.

**K.     LaPierre And Brewer's Witch Hunt Escalates With Phony Audits.**

67.     The NRA denies the allegations in Paragraph 67 of the Counterclaim.

68.     The NRA lacks knowledge or information sufficient to form a belief as to the accuracy of allegations in Paragraph 68 of the Counterclaim concerning the details of Mr. McQueen's health-related diagnosis.  The NRA denies the remaining allegations in Paragraph 68 of the Counterclaim.

69.     The NRA denies the allegations in Paragraph 69 of the Counterclaim.

70.     The NRA admits that the Brewer Firm sought access to copies of documents from Ackerman.  Paragraph 70 of the Counterclaim contains legal conclusions to which no response is required; to the extent a response is required, the NRA denies such allegations.  The NRA denies the remaining allegations in Paragraph 70 of the Counterclaim.

71.     The NRA denies the allegations in Paragraph 71 of the Counterclaim.

72.     The allegations in Paragraph 72 of the Counterclaim purport to describe and/or summarize the contents of news articles, which speak for themselves. The NRA respectfully refers the Court to the referenced documents for their complete, accurate contents; to the extent that the allegations in Paragraph 72 are inconsistent with the referenced document, the NRA denies them.  The NRA denies the remaining allegations in Paragraph 72 of the Counterclaim.

**L.      LaPierre Falsely Promises Ackerman That Brewer Will Not Be Involved With Ackerman.**

73.     The NRA admits that a meeting occurred in Dallas on October 11, 2018 involving the named individuals.  The NRA lacks knowledge or information sufficient to form a belief as to the accuracy of allegations in Paragraph 73 of the Counterclaim concerning Ackerman's alleged decision to resign the NRA's business.  The NRA denies the remaining allegations in Paragraph 73 of the Counterclaim.

74.     The NRA admits that a meeting occurred in Dallas on October 11, 2018.  The NRA denies the remaining allegations in Paragraph 74 of the Counterclaim.

75.     The NRA denies the allegations in Paragraph 75 of the Counterclaim.

76.     The NRA denies the allegations in Paragraph 76 of the Counterclaim.

77.     The NRA denies the allegations in Paragraph 77 of the Counterclaim.

78.     The NRA denies the allegations in Paragraph 78 of the Counterclaim.

79.     The NRA denies the allegations in Paragraph 79 of the Counterclaim.

80.     The NRA denies the allegations in Paragraph 80 of the Counterclaim.

81.     The NRA admits that the Brewer Firm sent a letter to Ackerman on December 21, 2018.  The allegations in Paragraph 81 of the Counterclaim purport to describe and/or summarize the contents of a testimonial transcript, which speaks for itself. The NRA respectfully refers the Court to the referenced document for its complete, accurate contents; to the extent that the allegations in Paragraph 81 are inconsistent with the referenced document, the NRA denies them. The NRA denies the remaining allegations in Paragraph 81 of the Counterclaim.

82.     The NRA denies the allegations in Paragraph 82 of the Counterclaim.

83.     The NRA denies the allegations in Paragraph 83 of the Counterclaim.

84.     The NRA admits that it retained FRA to conduct a review of Ackerman's books and records.  The NRA denies the remaining allegations in Paragraph 84 of the Counterclaim.

85.     The allegations in Paragraph 85 of the Counterclaim purport to describe and/or summarize the contents of a "FRA's privilege log," which speaks for itself. The NRA respectfully refers the Court to the referenced document for its complete, accurate contents; to the extent that the allegations in Paragraph 85 are inconsistent with the referenced document, the NRA denies them.   The NRA denies the remaining allegations in Paragraph 85 of the Counterclaim.

86.     The NRA denies the allegations in Paragraph 86 of the Counterclaim.

87.     The NRA denies the allegations in Paragraph 87 of the Counterclaim.

88.     The NRA admits that Ms. Dillon is an employee of the Brewer Firm.  The NRA denies the remaining allegations in Paragraph 88 of the Counterclaim.

89.     The NRA denies the allegations in Paragraph 89 of the Counterclaim.

90.     The allegations in Paragraph 90 of the Counterclaim purport to describe and/or summarize the contents of one or more emails, which speak for themselves. The NRA respectfully refers the Court to the referenced documents for their complete, accurate contents; to the extent that the allegations in Paragraph 90 are inconsistent with the referenced documents, the NRA denies them.   The NRA denies the remaining allegations in Paragraph 90 of the Counterclaim.

**M.     Brewer Continues To Take Over The Roles And Responsibilities Ackerman Provided To The NRA For Nearly 40 Years.**

91.     The NRA denies the allegations in Paragraph 91 of the Counterclaim.

92.     The NRA denies the allegations in Paragraph 92 of the Counterclaim.

93.     The NRA denies the allegations in Paragraph 93 of the Counterclaim. To the extent that Paragraph 93 of the Counterclaim purports to characterize the document filed in this Action on March 30, 2020 [ECF. No. 81-2 [APP001130-1162]], the NRA respectfully refers the Court to that document for its complete and accurate contents.  To the extent that Paragraph 93 of the Counterclaim purports to characterize document produced at DB_0217-0219, the NRA admits that Mr. LaPierre reported that his office, "the Office of the Executive Vice President," had undertaken efforts to "protect the NRA's legal, regulatory and reputational interests."  The NRA respectfully refers the Court to this communication for its complete and accurate contents.  The NRA denies the remaining allegations in Paragraph 93 of the Counterclaim.

94.     The NRA denies the allegations in Paragraph 94 of the Counterclaim.

95.     The NRA admits that LaPierre informed Ackerman that the Brewer Firm would assist in writing his speech for CPAC.  The NRA admits that LaPierre's 2018 CPAC speech was criticized. The NRA denies the remaining allegations in Paragraph 95 of the Counterclaim.

96.     The NRA denies the allegations in Paragraph 96 of the Counterclaim.

97.     The NRA denies that Hakim told Ackerman that he received the quotes directly from Brewer and that LaPierre confirmed same to the NRA Board.  The NRA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the allegations concerning the March 11, 2019 call between Ackerman and Hakim, and therefore denies them.  The NRA denies the remaining allegations in Paragraph 97 of the Counterclaim.

98.     The NRA denies the allegations in Paragraph 98 of the Counterclaim.

99.     The NRA lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 99 of the Counterclaim, and therefore denies them..

100.     The NRA denies the allegations in Paragraph 100 of the Counterclaim.

101.    The NRA denies the allegations in Paragraph 101 of the Counterclaim.

**N.    NRA President Lieutenant Colonel Oliver North Is Confronted With Questions And Concerns About Brewer And The Brewer Firm, Enmeshing Ackerman Further Into Brewer's Quagmire.**

102.    The NRA admits that LaPierre approached Col. North about becoming the next President of the NRA.  The NRA admits that Col. North was to host an NRATV program.  The NRA denies the remaining allegations in Paragraph 102 of the Counterclaim.

103.    The NRA denies the allegations in Paragraph 103 of the Counterclaim.

104.    The NRA denies the allegations in Paragraph 104 of the Counterclaim.

105.    The NRA denies the allegations in Paragraph 105 of the Counterclaim.

106.    The NRA admits that Col. North and other NRA officials sent letters to LaPierre and Brewer requesting information about the scope of Brewer's services and copies of invoices. The NRA denies the remaining allegations in Paragraph 106 of the Counterclaim.

**O.    Brewer, On Behalf Of The NRA, Files Multiple Pre-Textual Lawsuits Against Ackerman In Retaliation For Col. North's Attempts To Address Questions Regarding Brewer's Exorbitant Fees, Ethical Problems, And Conflicts Of Interest.**

107.    The allegations in Paragraph 107 of the Counterclaim purport to describe and/or summarize the contents of correspondence which speak for themselves. The NRA respectfully refers the Court to the referenced documents for their complete, accurate contents; to the extent that the allegations in Paragraph 107 are inconsistent with the referenced documents, the NRA denies them.  The NRA denies the remaining allegations in Paragraph 107 of the Counterclaim.

108.    The allegations in Paragraph 108 of the Counterclaim purport to describe and/or summarize the contents of a confidential settlement between the NRA and Lockton. Insofar as the terms of the settlement are confidential and irrelevant to the claims and defenses herein, no

response should be required. To the extent a response is required, the NRA denies the allegations in Paragraph 108 of the Counterclaim.

109. The NRA denies the allegations in Paragraph 109 of the Counterclaim.

110. The NRA denies the allegations in Paragraph 110 of the Counterclaim.

111. The NRA admits that Col. North and other NRA officials sent letters to LaPierre and Brewer requesting information about the scope of Brewer's services and copies of invoices. The NRA denies the remaining allegations in Paragraph 111 of the Counterclaim.

112. The NRA denies the allegations in Paragraph 112 of the Counterclaim.

113. The NRA admits that on April 12, 2019 it sued Ackerman in Virginia Superior Court for breaching the Services Agreement by, *inter alia*, failing to allow inspection of files, books and records. The NRA denies the remaining allegations in Paragraph 113 of the Counterclaim.

114. The allegations in Paragraph 114 of the Counterclaim purport to describe and/or summarize the contents of a letter which speaks for itself. The NRA respectfully refers the Court to the referenced document for its complete, accurate contents; to the extent that the allegations in Paragraph 114 are inconsistent with the referenced document, the NRA denies them. The NRA denies the remaining allegations in Paragraph 114 of the Counterclaim.

115. The NRA denies the allegations in Paragraph 115 of the Counterclaim.

116. The NRA denies the allegations in Paragraph 116 of the Counterclaim.

117. The NRA admits that on April 22, 2019 Ackerman sent letters to certain NRA executives with a copy to Hart. The NRA denies the remaining allegations in Paragraph 117 of the Counterclaim.

118.     The allegations in Paragraph 118 of the Counterclaim purport to describe and/or summarize the contents of a testimonial transcript, which speaks for itself. The NRA respectfully refers the Court to the referenced document for its complete, accurate contents; to the extent that the allegations in Paragraph 118 are inconsistent with the referenced document, the NRA denies them.  The NRA admits that Hart circulated the letters to members of the NRA Board.  The NRA admits that Hart was suspended.  The NRA denies the remaining allegations in Paragraph 118 of the Counterclaim.

119.     The allegations in Paragraph 119 of the Counterclaim purport to describe and/or summarize the contents of a testimonial transcript, which speaks for itself. The NRA respectfully refers the Court to the referenced document for its complete, accurate contents; to the extent that the allegations in Paragraph 119 are inconsistent with the referenced document, the NRA denies them.  The NRA denies the remaining allegations in Paragraph 119 of the Counterclaim.

120.     The NRA admits that Carolyn Meadows replaced Col. North as President of the NRA.  The NRA denies the remaining allegations in Paragraph 120 of the Counterclaim.

121.     The NRA admits that on April 24, 2019 Col. North called Millie Hallow.  The NRA objects to Ackerman's inclusion of immaterial, impertinent, and scandalous allegations concerning Ms. Hallow and contends that no response should be required.  The NRA denies the remaining allegations in Paragraph 121 of the Counterclaim.

122.     The allegations in Paragraph 122 of the Counterclaim purport to describe and/or summarize the contents of a testimonial transcript, which speaks for itself. The NRA respectfully refers the Court to the referenced document for its complete, accurate contents; to the extent that the allegations in Paragraph 122 are inconsistent with the referenced document, the NRA denies them.  The NRA denies the remaining allegations in Paragraph 122 of the Counterclaim.

123.    The allegations in Paragraph 123 of the Counterclaim purport to describe and/or summarize the contents of a testimonial transcript, which speaks for itself. The NRA respectfully refers the Court to the referenced document for its complete, accurate contents; to the extent that the allegations in Paragraph 123 are inconsistent with the referenced document, the NRA denies them.  The NRA denies the remaining allegations in Paragraph 123 of the Counterclaim.

124.    The allegations in Paragraph 124 of the Counterclaim purport to describe and/or summarize the contents of a testimonial transcript, which speaks for itself. The NRA respectfully refers the Court to the referenced document for its complete, accurate contents; to the extent that the allegations in Paragraph 124 are inconsistent with the referenced document, the NRA denies them.  The NRA denies the remaining allegations in Paragraph 124 of the Counterclaim.

125.    The allegations in Paragraph 125 of the Counterclaim purport to describe and/or summarize the contents of a testimonial transcript, which speaks for itself. The NRA respectfully refers the Court to the referenced document for its complete, accurate contents; to the extent that the allegations in Paragraph 125 are inconsistent with the referenced document, the NRA denies them.  The NRA denies the remaining allegations in Paragraph 125 of the Counterclaim.

126.    The NRA denies the allegations in Paragraph 126 of the Counterclaim.

127.    The NRA denies the allegations in Paragraph 127 of the Counterclaim.

128.    The NRA denies the allegations in Paragraph 128 of the Counterclaim.

129.    The NRA denies the allegations in Paragraph 129 of the Counterclaim.

130.    The allegations in Paragraph 130 of the Counterclaim purport to describe and/or summarize the contents of news articles, which speak for themselves. The NRA respectfully refers the Court to the referenced documents for their complete, accurate contents; to the extent

that the allegations in Paragraph 130 are inconsistent with the referenced document, the NRA denies them. The NRA denies the remaining allegations in Paragraph 130 of the Counterclaim.

131.    The NRA admits that the Brewer Firm prepared draft remarks for Meadows, which were not delivered verbatim. The NRA denies the remaining allegations in Paragraph 131 of the Counterclaim.

132.    The NRA denies the allegations in Paragraph 132 of the Counterclaim.

133.    The allegations in Paragraph 133 of the Counterclaim purport to describe and/or summarize the contents of a news articles and "reports," which speak for themselves. The NRA respectfully refers the Court to the referenced documents for their complete, accurate contents; to the extent that the allegations in Paragraph 133 are inconsistent with the referenced document, the NRA denies them. The NRA denies the remaining allegations in Paragraph 133 of the Counterclaim.

134.    The NRA denies the allegations in Paragraph 134 of the Counterclaim.

135.    The NRA denies the allegations in Paragraph 135 of the Counterclaim.

136.    The NRA denies the allegations in Paragraph 136 of the Counterclaim.

137.    The allegations in Paragraph 137 of the Counterclaim purport to describe and/or summarize the contents of a news article which speaks for itself. The NRA respectfully refers the Court to the referenced document for its complete, accurate contents; to the extent that the allegations in Paragraph 137 are inconsistent with the referenced document, the NRA denies them. The NRA denies the remaining allegations in Paragraph 137 of the Counterclaim.

138.    The NRA admits that it filed actions in the Northern District of Texas and Virginia Superior Court against Ackerman. The NRA denies the remaining allegations in Paragraph 138 of the Counterclaim.

139.   The NRA denies the allegations in Paragraph 139 of the Counterclaim.

**P.   One-Sided Interpretation Of Services Agreement.**

140.   The NRA admits the allegations in Paragraph 140 of the Counterclaim.

141.   Paragraph 141 of the Counterclaim contains legal conclusions to which no response is required; to the extent a response is required, the NRA denies such allegations.  The NRA denies the remainder of the allegations in Paragraph 141 of the Counterclaim.

142.   The NRA admits that it has taken the position that the confidentiality provisions of the Services Agreement apply to Ackerman and not to the NRA.  Paragraph 142 of the Counterclaim contains legal conclusions to which no response is required; to the extent a response is required, the NRA denies such allegations.  The NRA denies the remainder of the allegations in Paragraph 142 of the Counterclaim.

143.   Paragraph 143 of the Counterclaim contains legal conclusions to which no response is required; to the extent a response is required, the NRA denies such allegations. The NRA denies the remainder of the allegations in Paragraph 143 of the Counterclaim.

144.   Paragraph 144 of the Counterclaim contains legal conclusions to which no response is required; to the extent a response is required, the NRA denies such allegations.  The NRA denies the remainder of the allegations in Paragraph 144 of the Counterclaim.

145.   The NRA denies the allegations in Paragraph 145 of the Counterclaim.

**Q.   The NRA, Lapierre, And Brewer Have Attempted To Destroy Ackerman's Third Party NRA Contracts By Refusing To Follow Contract Terms For Compensation.**

146.   Paragraph 146 of the Counterclaim contains legal conclusions to which no response is required; to the extent a response is required, the NRA denies such allegations.  The allegations in Paragraph 146 of the Counterclaim purport to describe and/or summarize the contents of the "2018 Amendment to the Services Agreement," which speaks for itself. The NRA

respectfully refers the Court to the referenced document for its complete, accurate contents; to the extent that the allegations in Paragraph 146 are inconsistent with the referenced document, the NRA denies them.  The NRA denies the remaining allegations in Paragraph 146 of the Counterclaim.

147.    The NRA admits that it honored its obligations to Ackerman.  The NRA denies the remainder of the allegations in Paragraph 147 of the Counterclaim.

148.    The NRA admits that LaPierre was involved in recruiting Col. North to be the President of the NRA.  The NRA denies the remainder of the allegations in Paragraph 148 of the Counterclaim.

149.    Paragraph 149 of the Counterclaim contains legal conclusions to which no response is required; to the extent a response is required, the NRA denies such allegations.  The allegations in Paragraph 149 of the Counterclaim purport to describe and/or summarize the contents of the "2018 Amendment to the Services Agreement," which speaks for itself. The NRA respectfully refers the Court to the referenced document for its complete, accurate contents; to the extent that the allegations in Paragraph 149 are inconsistent with the referenced document, the NRA denies them.  The NRA denies the remaining allegations in Paragraph 149 of the Counterclaim.

150.    The NRA denies the allegations in Paragraph 150 of the Counterclaim.

**R.      The NRA's Litigation Against The New York Attorney General Reveals That Scapegoating Ackerman Was The NRA's Plan From The Beginning.**

151.    The NRA admits that New York Attorney General Letitia James began an investigation into the NRA and, in August 2020, filed suit against the NRA seeking its dissolution.    The NRA denies the remainder of the allegations in Paragraph 151 of the Counterclaim.

152.    The NRA denies the allegations in Paragraph 152 of the Counterclaim.

153.    The NRA denies the allegations in Paragraph 153 of the Counterclaim.

154.    The NRA denies the allegations in Paragraph 154 of the Counterclaim.

155.    The allegations in Paragraph 155 of the Counterclaim purport to describe and/or summarize several legal filings which speak for themselves. The NRA respectfully refers the Court to the referenced documents for their complete, accurate contents; to the extent that the allegations in Paragraph 155 are inconsistent with the referenced documents, the NRA denies them.  The NRA denies the remaining allegations in Paragraph 155 of the Counterclaim.

156.    The NRA denies the allegations in Paragraph 156 of the Counterclaim.

**S.      The NRA's Abuse Of The Judicial System Continues.**

157.    The NRA admits that it attempted to consolidate pending litigation matters before the Judicial Panel on Multidistrict Litigation.  The NRA denies the remaining allegations in Paragraph 157 of the Counterclaim.

158.    The NRA admits that it attempted to consolidate pending litigation matters before the Judicial Panel on Multidistrict Litigation and that the request was denied.  The NRA admits that it filed a petition for Chapter 11 reorganization prior to receiving the decision denying its request for consolidation before the Judicial Panel on Multidistrict Litigation.  The NRA denies the remaining allegations in Paragraph 158 of the Counterclaim.

159.    The NRA admits that it filed a petition for Chapter 11 reorganization.  The NRA admits that Ackerman filed a motion to dismiss and that the parties participated in a trial spanning the month of April that included testimony from 23 witnesses, including LaPierre.  The NRA denies the remaining allegations in Paragraph 159 of the Counterclaim.

160.    The NRA denies the allegations in Paragraph 160 of the Counterclaim.

161.    The allegations in Paragraph 161 of the Counterclaim purport to describe and/or summarize the contents of a testimonial transcript, which speaks for itself. The NRA respectfully refers the Court to the referenced document for its complete, accurate contents; to the extent that the allegations in Paragraph 161 are inconsistent with the referenced document, the NRA denies them.  The NRA denies the remaining allegations in Paragraph 161 of the Counterclaim.

162.    The allegations in Paragraph 162 of the Counterclaim purport to describe and/or summarize evidence from another matter, which speaks for itself. The NRA respectfully refers the Court to the referenced document for its complete, accurate contents; to the extent that the allegations in Paragraph 162 are inconsistent with the referenced documents, the NRA denies them.  The NRA denies the remaining allegations in Paragraph 162 of the Counterclaim.

163.    The allegations in Paragraph 163 of the Counterclaim purport to describe and/or summarize a decision rendered by the bankruptcy court, which speaks for itself. The NRA respectfully refers the Court to the referenced document for its complete, accurate contents; to the extent that the allegations in Paragraph 163 are inconsistent with the referenced document, the NRA denies them.   The NRA denies the remaining allegations in Paragraph 163 of the Counterclaim.

164.    The allegations in Paragraph 164 of the Counterclaim purport to describe and/or summarize a decision rendered by the bankruptcy court, which speaks for itself. The NRA respectfully refers the Court to the referenced document for its complete, accurate contents; to the extent that the allegations in Paragraph 164 are inconsistent with the referenced document, the NRA denies them.   The NRA denies the remaining allegations in Paragraph 164 of the Counterclaim.

165.     The allegations in Paragraph 165 of the Counterclaim purport to describe and/or summarize a decision rendered by the bankruptcy court, which speaks for itself. The NRA respectfully refers the Court to the referenced document for its complete, accurate contents; to the extent that the allegations in Paragraph 165 are inconsistent with the referenced document, the NRA denies them.  The NRA denies the remaining allegations in Paragraph 165 of the Counterclaim.

166.     The allegations in Paragraph 166 of the Counterclaim purport to describe and/or summarize a decision rendered by the bankruptcy court, which speaks for itself. The NRA respectfully refers the Court to the referenced document for its complete, accurate contents; to the extent that the allegations in Paragraph 166 are inconsistent with the referenced document, the NRA denies them.  The NRA denies the remaining allegations in Paragraph 166 of the Counterclaim.

167.     The NRA lacks knowledge or information sufficient to form a belief as to the accuracy of allegations in Paragraph 167 of the Counterclaim and, as such, denies them.

## V.

## CAUSES OF ACTION

### A.     Count One – Breach Of Contract

168.     No response is called for by Paragraph 168 of the Counterclaim, and the NRA reincorporates its responses to Paragraphs 1 through 167 as if fully set forth herein.

169.     Paragraph 169 of the Counterclaim contains legal conclusions to which no response is required; to the extent a response is required, the NRA denies such allegations.  The allegations in Paragraph 169 of the Counterclaim purport to describe and/or summarize the contents of the "2018 Amendment to the Services Agreement," which speaks for itself. The NRA respectfully refers the Court to the referenced document for its complete, accurate contents; to

the extent that the allegations in Paragraph 169 are inconsistent with the referenced document, the NRA denies them.  The NRA denies the remaining allegations in Paragraph 169 of the Counterclaim.

170.    The NRA denies the allegations in Paragraph 170 of the Counterclaim.

## V.    CAUSES OF ACTION
## COUNT ONE - BREACH OF CONTRACT
### Breach of the NRA's Obligations to Pay for Services Rendered during Litigation.

171.    The NRA admits that it has refused to pay certain invoices which failed to meet the NRA's requirements.  The NRA denies the allegations in Paragraph 171 of the Counterclaim.

172.    The NRA lacks knowledge or information sufficient to form a belief as to the accuracy of allegations in Paragraph 172 of the Counterclaim and therefore denies them. To the extent the allegations in paragraph 172 purport to characterize an email produced at AMc-041885-041896, the NRA respectfully refers the Court to the referenced document for its complete, accurate contents.

173.    The NRA lacks knowledge or information sufficient to form a belief as to the accuracy of allegations in Paragraph 173 of the Counterclaim and therefore denies them. To the extent the allegations in paragraph 173 purport to characterize an email produced at AMc-041885-041896, the NRA respectfully refers the Court to the referenced document for its complete, accurate contents.

174.    The NRA lacks knowledge or information sufficient to form a belief as to the accuracy of allegations in Paragraph 174 of the Counterclaim and therefore denies them. To the extent the allegations in paragraph 174 purport to characterize the document(s) referenced in paragraphs 172 and 173 of the Counterclaim, the NRA respectfully refers the Court to the referenced document(s) for its complete, accurate contents.

175.    The allegations in Paragraph 175 of the Counterclaim purport to describe and/or summarize the contents of the "Services Agreement," which speaks for itself. The NRA respectfully refers the Court to the referenced document for its complete, accurate contents; to the extent that the allegations in Paragraph 175 are inconsistent with the referenced document, the NRA denies them.

176.    The NRA denies the allegations in Paragraph 176 of the Counterclaim.

177.    Paragraph 177 of the Counterclaim contains legal conclusions to which no response is required; to the extent a response is required, the NRA denies such allegations.

178.    The NRA lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 178 of the Counterclaim, and therefore denies them.

179.    The NRA lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 179 of the Counterclaim, and therefore denies them.

180.    The NRA denies the allegations in Paragraph 180 of the Counterclaim. To the extent the allegations in paragraph 180 purport to characterize an email produced at NRA-AMc_00059984-00059988, the NRA respectfully refers the Court to the referenced document for its complete, accurate contents.

181.    The NRA lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 181 of the Counterclaim, and therefore denies them.

182.    The NRA denies the allegations in Paragraph 182 of the Counterclaim.

**Claim for Breach of the NRA's Obligation to Pay Invoices for Services Prior to Termination.**

183.    The NRA admits that AMc issued additional invoices to the NRA and denies that they are due and owing.  The NRA denies the remaining allegations in Paragraph 183 of the Counterclaim.

184.    The NRA denies the allegations in Paragraph 184 of the Counterclaim.

**Claim for the NRA's Breach of Indemnification Clause of the Services Agreement.**

185.    The allegations in Paragraph 185 of the Counterclaim purport to describe and/or summarize the contents of the "Services Agreement," which speaks for itself. The NRA respectfully refers the Court to the referenced document for its complete, accurate contents; to the extent that the allegations in Paragraph 185 are inconsistent with the referenced document, the NRA denies them.

186.    The NRA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 186 of the Counterclaim, and therefore denies them.

187.    The NRA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 187 of the Counterclaim, and therefore denies them.

188.    The NRA denies the allegations in Paragraph 188 of the Counterclaim.

189.    Paragraph 189 of the Counterclaim contains legal conclusions to which no response is required; to the extent a response is required, the NRA denies such allegations. The allegations in Paragraph 189 of the Counterclaim purport to describe and/or summarize the contents of the "Services Agreement," which speaks for itself. The NRA respectfully refers the Court to the referenced document for its complete, accurate contents; to the extent that the

allegations in Paragraph 189 are inconsistent with the referenced document, the NRA denies them.  The NRA denies the remaining allegations in Paragraph 189 of the Counterclaim.

**Breach of the NRA's Obligation to Post a $3 Million Letter of Credit.**

190.    The allegations in Paragraph 190 of the Counterclaim purport to describe and/or summarize the contents of the "2018 Agreement," which speaks for itself. The NRA respectfully refers the Court to the referenced document for its complete, accurate contents; to the extent that the allegations in Paragraph 190 are inconsistent with the referenced document, the NRA denies them.

191.    The allegations in Paragraph 191 of the Counterclaim purport to describe and/or summarize the contents of the "Services Agreement," which speaks for itself. The NRA respectfully refers the Court to the referenced document for its complete, accurate contents; to the extent that the allegations in Paragraph 191 are inconsistent with the referenced document, the NRA denies them.

192.    The NRA denies the allegations in Paragraph 192 of the Counterclaim.

**Breach of the NRA's Obligation to Pay Invoices Timely**

193.    The allegations in Paragraph 193 of the Counterclaim purport to describe and/or summarize the contents of the "Services Agreement," which speaks for itself. The NRA respectfully refers the Court to the referenced document for its complete, accurate contents; to the extent that the allegations in Paragraph 193 are inconsistent with the referenced document, the NRA denies them.

194.    The NRA denies the allegations in Paragraph 194 of the Counterclaim.

195.    The NRA denies the allegations in Paragraph 195 of the Counterclaim.

196.    The allegations in Paragraph 196 of the Counterclaim purport to describe and/or summarize the contents of the "2018 Agreement," which speaks for itself. The NRA respectfully

refers the Court to the referenced document for its complete, accurate contents; to the extent that the allegations in Paragraph 196 are inconsistent with the referenced document, the NRA denies them.  The NRA denies the remaining allegations in Paragraph 196 of the Counterclaim.

197.    The NRA denies the allegations in Paragraph 197 of the Counterclaim.

198.    The NRA admits that it has not paid certain invoices which did not comply with NRA policies.  The NRA denies the remaining allegations in Paragraph 198 of the Counterclaim.

199.    The allegations in Paragraph 199 of the Counterclaim purport to describe and/or summarize the contents of the "2018 Agreement," which speaks for itself. The NRA respectfully refers the Court to the referenced document for its complete, accurate contents; to the extent that the allegations in Paragraph 199 are inconsistent with the referenced document, the NRA denies them.  The NRA denies the remaining allegations in Paragraph 199 of the Counterclaim.

**Breach of the NRA's Obligation to Pay a Termination Fee.**

200.    The NRA admits that AMc purported to provide notice of termination of the Services Agreement on May 29, 2019.  The NRA denies the remaining allegations in Paragraph 200 of the Counterclaim.

201.    The allegations in Paragraph 201 of the Counterclaim purport to describe and/or summarize the contents of the "2018 Agreement," which speaks for itself. The NRA respectfully refers the Court to the referenced document for its complete, accurate contents; to the extent that the allegations in Paragraph 201 are inconsistent with the referenced document, the NRA denies them.

202.    The NRA denies the allegations in Paragraph 202 of the Counterclaim.

203.    The NRA admits that it has not paid a termination fee.  The NRA denies the remaining allegations in Paragraph 203 of the Counterclaim.

204.    The NRA denies the allegations in Paragraph 204 of the Counterclaim.

205.    The NRA denies the allegations in Paragraph 205 of the Counterclaim.

206.    The NRA denies the allegations in Paragraph 206 of the Counterclaim.

207.    The NRA denies the allegations in Paragraph 207 of the Counterclaim.

**B.      Count Two – Defamation And Defamation *Per Se***

208.    No response is called for by Paragraph 208 of the Counterclaim, and the NRA reincorporates its responses to Paragraphs 1 through 207 as if fully set forth herein.

209.    The NRA denies the allegations in Paragraph 209 of the Counterclaim.

210.    The NRA denies the allegations in Paragraph 210 of the Counterclaim.

211.    The NRA denies the allegations in Paragraph 211 of the Counterclaim.

212.    The NRA denies the allegations in Paragraph 212 of the Counterclaim.

213.    The NRA denies the allegations in Paragraph 213 of the Counterclaim.

**C.      Count Three – Tortious Interference With The NRA Third-Party Contracts.**

214.    No response is called for by Paragraph 214 of the Counterclaim, and the NRA reincorporates its responses to Paragraphs 1 through 213 as if fully set forth herein.

215.    Count Three of the Counterclaim has been dismissed and, as such, no response is required; to the extent a response is required, the allegations in Paragraph 215 are denied.

216.    Count Three of the Counterclaim has been dismissed and, as such, no response is required; to the extent a response is required, the allegations in Paragraph 216 are denied.

217.    Count Three of the Counterclaim has been dismissed and, as such, no response is required; to the extent a response is required, the allegations in Paragraph 217 are denied.

218.    Count Three of the Counterclaim has been dismissed and, as such, no response is required; to the extent a response is required, the allegations in Paragraph 218 are denied.

**D.**     **Count Four – Business Disparagement**

219.     No response is called for by Paragraph 219 of the Counterclaim, and the NRA reincorporates its responses to Paragraphs 1 through 218 as if fully set forth herein.

220.     Count Four of the Counterclaim has been dismissed and, as such, no response is required; to the extent a response is required, the allegations in Paragraph 220 are denied.

221.     Count Four of the Counterclaim has been dismissed and, as such, no response is required; to the extent a response is required, the allegations in Paragraph 221 are denied.

222.     Count Four of the Counterclaim has been dismissed and, as such, no response is required; to the extent a response is required, the allegations in Paragraph 222 are denied.

223.     Count Four of the Counterclaim has been dismissed and, as such, no response is required; to the extent a response is required, the allegations in Paragraph 223 are denied.

**E.**     **Count Five – Fraud**

224.     No response is called for by Paragraph 224 of the Counterclaim, and the NRA reincorporates its responses to Paragraphs 1 through 223 as if fully set forth herein.

225.     The NRA denies the allegations in Paragraph 225 of the Counterclaim.

226.     The NRA denies the allegations in Paragraph 226 of the Counterclaim.

227.     The NRA denies the allegations in Paragraph 227 of the Counterclaim.

228.     The NRA denies the allegations in Paragraph 228 of the Counterclaim.

229.     The NRA denies the allegations in Paragraph 229 of the Counterclaim.

230.     The NRA denies the allegations in Paragraph 230 of the Counterclaim.

231.     The NRA denies the allegations in Paragraph 231 of the Counterclaim.

**F.**     **Count Six – Civil Conspiracy**

232.     No response is called for by Paragraph 232 of the Counterclaim, and the NRA reincorporates its responses to Paragraphs 1 through 231 as if fully set forth herein.

233.    The NRA denies the allegations in Paragraph 233 of the Counterclaim.

234.    The NRA denies the allegations in Paragraph 234 of the Counterclaim.

235.    The NRA denies the allegations in Paragraph 235 of the Counterclaim.

236.    The NRA denies the allegations in Paragraph 236 of the Counterclaim.

237.    The NRA denies the allegations in Paragraph 237 of the Counterclaim.

238.    The NRA denies the allegations in Paragraph 238 of the Counterclaim.

239.    The NRA denies the allegations in Paragraph 239 of the Counterclaim.

**G.    Count Seven – Declaratory Judgment**

240.    No response is called for by Paragraph 240 of the Counterclaim, and the NRA reincorporates its responses to Paragraphs 1 through 239 as if fully set forth herein.

241.    The NRA denies the allegations in Paragraph 241 of the Counterclaim.

242.    The NRA denies the allegations in Paragraph 242 of the Counterclaim.

243.    The NRA denies the allegations in Paragraph 243 of the Counterclaim.

244.    The NRA denies the allegations in Paragraph 244 of the Counterclaim.

**H.    Count Eight – Piercing The Corporate Veil (NRA/NRA Foundation)**

245.    No response is called for by Paragraph 245 of the Counterclaim, and the NRA reincorporates its responses to Paragraphs 1 through 244 as if fully set forth herein.

246.    The NRA denies the allegations in Paragraph 246 of the Counterclaim.

247.    The NRA denies the allegations in Paragraph 247 of the Counterclaim.

248.    To the extent that Paragraph 248 purports to characterize the governance and election procedures of the NRA and the NRA Foundation as set forth in the NRA Bylaws and the NRA Foundation Bylaws, the NRA respectfully refers the Court to the foregoing documents for their complete and accurate contents.  To the extent that relevant allegations in Paragraph 248 are inconsistent with the NRA Bylaws and/or the NRA Foundation Bylaws, the NRA denies them.

The NRA admits that Richard Childress is a former First Vice President of the NRA. The NRA admits that Wayne LaPierre is a member of the Foundation Board and the Executive Vice President of the NRA.   The NRA denies the remaining allegations in Paragraph 248.

249.    The NRA admits that the NRA Foundation reimburses the NRA for the use of office space.  The NRA denies the remaining allegations in Paragraph 249.

250.    The NRA admits that it receives a management fee from the NRA Foundation which covers, inter alia, employee salaries.   The NRA denies the remaining allegations in Paragraph 250.

251.    The NRA admits that during a meeting of the NRA Foundation Board of Trustees on September 17, 2018,  a motion was made and carried based on a study and report provided by the Office of the Treasurer, that the management fee paid to the NRA by The NRA Foundation be increased by $5,868,048 for 2018.  The NRA denies the remaining allegations in Paragraph 251.

252.    Paragraph 252 of the Counterclaim contains legal conclusions to which no response is required; to the extent a response is required, the NRA denies such allegations.

253.    The NRA denies the allegations in Paragraph 253 of the Counterclaim.

254.    The NRA denies the allegations in Paragraph 254 of the Counterclaim.

**VI.**

**UNCAPPED EXEMPLARY DAMAGES**

255.    Paragraph 255 of the Counterclaim contains legal conclusions to which no response is required; to the extent a response is required, the NRA denies such allegations.

**VII.**

**JURY DEMAND**

256.    The NRA hereby demands a trial by jury on all issues so triable.

## VIII.

## AFFIRMATIVE DEFENSES

Counter-Defendant the NRA sets forth the following affirmative defenses:

257.    The Counts in the Counterclaim fail to state a claim upon which relief can be granted.

258.    The Counts in the Counterclaim are barred by the economic loss rule.

259.    The Counts in the Counterclaim are barred by the faithless servant doctrine.

260.    The Counts in the Counterclaim are barred by the doctrine of unclean hands.

261.    The Counts in the Counterclaim are barred by the statute of frauds.

262.    The Counts in the Counterclaim are barred by the doctrine of consent.

263.    The Counts in the Counterclaim are barred by the doctrine of waiver.

264.    The Counts in the Counterclaim are barred by the in pari delicto doctrine.

265.    The Counts in the Counterclaim are barred by res judicata.

266.    The Counts in the Counterclaim are barred by failure of consideration.

267.    The Counts in the Counterclaim are barred by the doctrine of prior material breach.

268.    The Counts in the Counterclaim are barred by the doctrines of collateral estoppel, promissory estoppel, judicial estoppel and equitable estoppel.

## IX.

## CONCLUSION AND PRAYER

WHEREFORE, PREMISES CONSIDERED, the NRA, as Counter-Defendant, prays that upon hearing, the Counterclaim be dismissed in its entirety, with prejudice, with an award of attorney's fees and costs, and such other relief to which it may be entitled.

Dated: August 30, 2021

Respectfully submitted,

**BREWER, ATTORNEYS & COUNSELORS**

By: */s/  Philip J. Furia*
    Jason F. Clouser (TX Bar No. 24111395)
    jfc@brewerattorneys.com
    Sarah B. Rogers  (*Pro Hac Vice*)
    sbr@brewerattorneys.com
    Philip Furia (*Pro Hac Vice*)
    pjf@brewerattorneys.com
    Cecelia Fanelli (*Pro Hac Vice*)
    clf@brewerattorneys.com
    Konstantin Parkhmenko (TX Bar No. 24074854)
    knp@brewerattorneys.com
    1717 Main Street, Suite 5900
    Dallas, Texas 75201
    Telephone: (214) 653-4000
    Facsimile: (214) 653-1015

    **ATTORNEYS FOR PLAINTIFF AND COUNTER-DEFENDANT NATIONAL RIFLE ASSOCIATION OF AMERICA**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document was electronically served via the Court's electronic case filing system upon all counsel of record on this 30th day of August 2021.

> _/s/ Philip J. Furia_
> Philip J. Furia