IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NATIONAL RIFLE ASSOCIATION OF AMERICA, | § § § § | |
| *Plaintiff and Counter-Defendant,* | § § | |
| v. | § § | Case No. 3:19-cv-02074-G |
| ACKERMAN MCQUEEN, INC., | § § § | |
| *Defendant and Counter-Plaintiff,* | § § | |
| and | § § | |
| MERCURY GROUP, INC., HENRY MARTIN, WILLIAM WINKLER, AND MELANIE MONTGOMERY | § § § § | |
| *Defendants.* | | |

**PLAINTIFF'S STATUS REPORT ON DISCOVERY ISSUES DATED
SEPTEMBER 17, 2021**

## TABLE OF CONTENTS

I. Preface ..................................................................................................................................1

II. AMc's Intent to Make Additional Belated Document Productions .....................................1

III. The NRATV Dashboard and NRATV Login Credentials...................................................2

    A.    The Dashboard ..........................................................................................................2

        1.    NRA Proposal.................................................................................................2

        2.    Safety Concerns.............................................................................................2

    B.    Social Media Credentials..........................................................................................3

IV. Disputes Concerning Documents Withheld by Defendants as Privileged ..........................3

V. Subpoena to Strata Regarding NRA Data............................................................................4

VI. Production of Forensic Risk Alliance (FRA) Reports.........................................................5

VII. Depositions..........................................................................................................................5

    A.    Lieutenant Colonel Oliver North...............................................................................5

    B.    AMc's 30(b)(6) Representative ................................................................................5

    C.    Records Custodian ....................................................................................................6

    D.    Gary Goolsby............................................................................................................6

    E.    Wilson H. Phillips.....................................................................................................6

I.  **Preface**

In accordance with the order issued by Senior District Judge A. Joe Fish during a Status Conference held on September 16, 2021 (the "Status Conference"), the National Rifle Association of America (the "NRA") submits the this status report which outlines: (i) discovery developments over the past week (*i.e.*, from Sunday, September 12, 2021 to the date of this report); and (ii) discovery scheduled for the upcoming week.

II.  **AMc's Intent to Make Additional Belated Document Productions**

By letter dated September 12, 2021, counsel for AMc stated "AMc is currently in the process of finalizing the production of the raw data sourced from third parties that goes into the interactive PIP Dashboard, and will supplement its production in short order."[1] The NRA has not received these documents.

The NRA wrote to counsel for Performance Improvement Partners ("PIP") requesting documents withheld from its prior production pursuant to a subpoena served by the NRA, including documents withheld at AMc's instruction.[2] The NRA is awaiting a response from PIP.

In addition, while we await the transcript of the Status Conference, the NRA noted and recalls that AMc's counsel indicated it is in the process of reviewing pre-2018 documents for responsiveness to the NRA's discovery requests; thus, additional document production(s) may be forthcoming.

---

[1] *See* Letter from B. Mason to C. Fanelli, dated September 12, 2021, attached as Exhibit A to the Declaration of Cecelia L. Fanelli, dated September 17, 2021 (the "Fanelli Decl.").

[2] *See* Letter from C. Fanelli to M. Geagan, dated September 17, 2021, attached as Exhibit B to the Fanelli Decl.

### III. The NRATV Dashboard and NRATV Login Credentials

#### A. The Dashboard

##### 1. NRA Proposal

On September 12, 2021, counsel for AMc wrote to counsel for the NRA regarding the NRA's dashboard, and NRATV login credentials.[3] AMc claims that the dashboard resides on a server that belongs to AMc which AMc recently located in its warehouse. Counsel for the NRA responded on September 14, 2021.[4] In counsel's letter of September 14, she proposes that the parties "appoint a neutral forensic consultant to image the server, remove NRATV data from the server, and to deliver the data to the NRA."[5] In particular, paragraph four of the letter details the proposal and attempt by the NRA to break the impasse between the parties. To date, counsel has not received a response to her letter of September 14, 2021.

##### 2. Safety Concerns

As the NRA noted in a letter to counsel for AMc dated September 9, 2021, the dashboard appears not to have a security certificate.[6] For example, when the NRA attempted to access the dashboard, it received a message that "your connection is not private." This raises the possibility that the NRA's confidential data could be exposed on the internet. The NRA attempted to resolve this issue by suggesting that a neutral computer professional be engaged. To date, the NRA has not received a response to this proposal.

---

[3] See Exhibit A to the Fanelli Decl. (This letter responded to NRA's counsel's letters of September 3, 2021 and September 9, 2021, which are attached as Exhibits C and D to the Fanelli Decl.).

[4] See Letter from C. Fanelli to B. Mason, dated September 14, 2021, attached as Exhibit E to the Fanelli Decl.

[5] Id.

[6] See Exhibit D to the Fanelli Decl.

B.  **Social Media Credentials**

The NRA has repeatedly requested that AMc provide the NRA with login credentials to the social media accounts that the NRA owns.[7] AMc refuses to release the NRA's login credentials to the NRATV social media accounts, unless it continues to have access. However, AMc has possessed and controlled the credentials for years and never asked for access, while blocking the NRA's access those accounts. To evaluate the data in the dashboard the NRA requires its social media data and needs immediate access to its accounts using the credentials AMc is improperly withholding.

IV.  **Disputes Concerning Documents Withheld by Defendants as Privileged**

By letter dated August 17, 2021, counsel for the NRA attempted to confer by letter with counsel for AMc regarding two categories of documents itemized on AMc's privilege log, for which the NRA believes that the log fails to substantiate any claim of privilege. The challenged log entries consist of: (i) communications where non-lawyer executives are allegedly "forwarding attorney-client communications" (and, presumably, discussing their subject matter), but no lawyers are copied and neither attorney-client privilege nor the work product doctrine is asserted; and (ii) emails among non-lawyers for which the work product doctrine is asserted, but for which the privilege log fails to establish or even assert any elements of work product protection.[8]

Defense counsel did not respond. On September 1, 2021, as directed by the Hon. Magistrate Judge Toliver's March 10, 2020, Order, the NRA sent Defendants a draft Joint Status Report briefing a motion to compel production of the disputed documents and requested that Defendants insert their positions so the dispute could be submitted to the Court. Consistent with

---

[7] *See e.g.,* Exhibit C to the Fanelli Decl.

[8] For many such communications which date back to early 2018, Defendants' log asserts that the emails were circulated "on the advice of counsel," but does not indicate whether the emails were prepared in anticipation of litigation or for trial, nor whether they reflect attorney mental impressions or litigation strategy.

timeframe the parties had negotiated for the NRA's response to a prior joint status report submitted by AMc, the NRA requested that AMc provide inserts for the report within ten (10) days. On September 10, 2021 (the date by which the NRA had requested AMc's response), AMc informed that NRA that it would provide its inserts by September 17, 2021. The NRA is still awaiting receipt of AMc's portions of the Joint Status Report, but upon receipt, it plans to formally file the report with this Court. As noted by NRA counsel during the Status Conference, it is possible that additional disputes will arise regarding privilege; if so, the NRA intends to expeditiously brief them if resolutions cannot be negotiated.

## V. Subpoena to Strata Regarding NRA Data

On September 16, 2021, the NRA issued a subpoena to Freewheel Media, Inc. ("Freewheel"). The subpoena contains a compliance date of October 4, 2021. Freewheel owns a system called Strata. Daniel L. Jackson, AMc's expert, in a rebuttal report dated July 1, 2021, admitted that AMc utilized Strata, an advertising industry management system, to perform media purchases related to NRATV.[9]

That system should contain organized invoices and supporting documentation. The advertising documentation provided to the NRA is disorganized and incomplete. Also, Mr. Jackson admits without elaboration that he understands that "Strata works in conjunction with Workamajig."[10] Workamajig should contain organized documentation related to items like budgets, invoices, and revenue and costs details related to the subject matter contained in various categories of the Services Agreement. As with media buy information, budget information and billing information relating to the Services Agreement generally is disorganized and unsupported

---

[9] *See* Rebuttal Report of Daniel L. Jackson at p. 35, FN. 149, dated July 1, 2021.
[10] *Id.*

with backup. Arguably, this information should reside on Workamajig. The NRA subpoenaed Workamajig and was advised by Workamajig's counsel that it could not respond to the subpoena because the NRA's data resided with AMc, and AMc would not permit Workamajig to release it.

### VI. Production of Forensic Risk Alliance (FRA) Reports

As noted during the Status Conference, the NRA is willing to produce to AMc draft reports[11] issued by Forensic Risk Alliance ("FRA"), provided that AMc agrees not to assert a subject matter waiver of the attorney-client privilege. At the status conference before the Court on September 16, 2021, counsel for AMc indicated that two of the NRA's experts relied on the FRA reports. This is incorrect. The draft reports are privileged and were not previously shared with the NRA's expert witnesses.

Having agreed to produce draft reports to AMc, the NRA urges the Court to facilitate the production of complete and organized file from Strata which likely contains the media buy information that FRA was seeking.

### VII. Depositions

During the Status Conference, the parties discussed several depositions that remain outstanding, as follows.

#### A. Lieutenant Colonel Oliver North

The deposition of Oliver North occurred on September 15, 2021. Colonel North was represented by independent counsel, and counsel for the NRA and AMc also appeared at the deposition.

#### B. AMc's 30(b)(6) Representative

As stated during the September 16th hearing, the NRA requests to re-depose AMc's

---

[11] All reports issued by FRA are labelled "draft," because no report designated as "final" was generated.

30(b)(6) witness including for all the reasons set forth in its August 31 Status Report. At the September 16, 2021 hearing, AMc's counsel objected to this request.

**C.      Records Custodian**

In view of AMc's persistent document withholding, and AMc's continued ongoing document production, and its recent discovery of a server in a warehouse containing key evidence, the NRA requests a deposition of its records custodian, William Winkler. Further, as documented in correspondence among counsel on August 25, 2021, a recent deposition suggested serious deficiencies in Defendants' document collection—*e.g.*, a failure to collect any documents from the CEO's computers or mobile devices.[12]  Therefore, the NRA believes that a custodian-of-records deposition would also provide a fruitful means to determine if key repositories of documents exist which were not searched and, if so, inform the Court's analysis of the appropriate remedy (*e.g.*, remedial document production, spoliation sanctions, and/or preclusion).

**D.      Gary Goolsby**

The NRA will present Mr. Goolsby for the final two hours of his deposition during the morning of September 23, 2021, or the morning of September 29, 2021.[13] The NRA reserves its rights with respect to Mr. Goolsby's deposition in view of the incomplete and disorganized document production conducted by AMc.

**E.      Wilson H. Phillips**

The NRA worked diligently to reschedule the deposition of Wilson H. "Woody" Phillips. The NRA is entitled to another half-day of examination of Mr. Phillips, and contacted his counsel regarding scheduling by email dated August 31, 2021.[14] Counsel for Mr. Phillips responded on

---

[12] *See* ECF No. 344-1, Exhibit A-6.

[13] *See* Letter from C. Fanelli to B. Mason, dated September 17, 2021, attached as Exhibit F to the Fanelli Decl.

[14] *See* emails from P. Furia to M. Werbner, attached as Exhibit G to the Fanelli Decl.

September 8, 2021, inquiring about the number of hours remaining in the deposition, but did not provide firm dates.[15] Thereafter, counsel for the NRA sent a letter to Mr. Phillips again requesting deposition dates, and is currently awaiting a response.[16]

Dated: September 17, 2021                 Respectfully submitted,

                                               /s/ Cecelia L. Fanelli
                                               Cecelia L. Fanelli
                                               *Pro Hac Vice*
                                               clf@brewerattorneys.com
                                               Sarah B. Rogers
                                               New York Bar No. 4755252
                                               sbr@brewerattorneys.com
                                               Philip J. Furia
                                               *Pro Hac Vice*
                                               pjf@brewerattorneys.com
                                               **BREWER ATTORNEYS AND COUNSELORS**
                                               1717 Main Street, Suite 5900
                                               Dallas, Texas 75201

                                               **ATTORNEYS FOR PLAINTIFF/COUNTER-DEFENDANT NATIONAL RIFLE ASSOCIATION OF AMERICA**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was electronically served via the Court's electronic case filing system upon all counsel of record on this 17th day of September 2021.

                                               /s/ Cecelia L. Fanelli

---

[15] *Id.*

[16] *See* letter from P. Furia to M. Wenber, dated September 17, 2021, attached as Exhibit H to the Fanelli Decl.