IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NATIONAL RIFLE ASSOCIATION OF AMERICA, | § § § § | |
| *Plaintiff and Counter-Defendant*, | § § § | |
| v. | § § | Case No. 3:19-cv-02074-G |
| ACKERMAN MCQUEEN, INC., | § § § | |
| *Defendant and Counter-Plaintiff*, | § § § | |
| and | § § | |
| MERCURY GROUP, INC., HENRY MARTIN, WILLIAM WINKLER, AND MELANIE MONTGOMERY | § § § § | |
| *Defendants*. | § | |

### AMc's STATUS REPORT PURSUANT TO COURT ORDER OF SEPTEMBER 16, 2021

Pursuant to the Court's order of September 16, 2021, Defendant/Counter-Plaintiff Ackerman McQueen, Inc. and Defendants Mercury Group, Inc., Henry Martin, William Winkler, and Melanie Montgomery (collectively, "***AMc***") file this *Status Report* (the "***Report***") relating to pending discovery matters in this action.

### I.    DISCOVERY EFFORTS SINCE PREVIOUS REPORT

**Depositions**

Since the parties' prior status report to the Court on August 31, 2021 (ECF 346), the National Rifle Association of America ("***NRA***") and AMc deposed fact witness Lt. Col. Oliver North on September 15, 2021, which was one of the six outstanding depositions yet to be taken at that time.

**Other Discovery Matters**

<u>NRATV Viewership Data</u> – AMc continues to maintain that no information related to NRATV viewership data is relevant to either party's claims or defenses because the claims requiring this discovery (the NRA's claims for fraud and breach of fiduciary duty) can be summarily decided as a matter of law based on the economic loss doctrine. The NRA has now requested (1) access to the bespoke application created by Performance Improvement Partners ("***PIP***"), which was housed on AMc's server, and created a unified dashboard for compiling viewership metrics from numerous third party sources; and (2) access to the NRA social media accounts where NRATV content was previously disseminated. The NRA never previously sought the PIP dashboard or social media information via formal discovery request, and a vast majority of this information was already produced to the NRA, already in its possession, and/or directly accessible to it. Nevertheless, since the date of the prior status report of August 31, 2021, AMc has been working with its technology professionals to both provide the NRA access to the dashboard, which required revival of the data housed on AMc's server, and access to the raw data via document production. AMc has also conferred with the NRA in writing in an attempt to resolve outstanding issues related to the social media accounts in an effort to avoid unnecessary court intervention. AMc was in the process of producing the raw data associated with the dashboard, but the NRA has since indicated that it does not want AMc or its counsel to take any action with respect to the dashboard or its information. As discussed at the recent hearing and below, AMc is agreeable to a mutually agreeable independent third party collecting the dashboard information.

<u>Privilege Log</u> – The NRA also raised concerns about AMc's privilege log, concerns which were raised for the first time only weeks ago after the prior August 6, 2021 discovery deadline and despite the fact that AMc served its privilege log in December 2020. Since the prior status report,

AMc has been reviewing the NRA's complaints and served the NRA with correspondence addressing what it believes to be all of the issues raised on the privilege log, and indicated that it will be serving an amended privilege log early next week.   AMc also raised its own concerns about certain entries among the NRA's *661-page privilege log*, including and especially communications with outside auditing firm Forensic Risk Alliance ("***FRA***") in light of the NRA's representation before the Court that it now intends to produce certain FRA documents.

## II.     DISCOVERY REMAINING[1]

### Depositions

As of the date of this filing, the following depositions remain to be taken before the discovery deadline:

- Dan Jackson (AMc Expert) – Mr. Jackson is AMc's expert on its affirmative breach-of-contract claims and rebuttal expert to a number of NRA's experts.

- Andrew McLean (NRA Expert) – Mr. McLean is the NRA's expert witness on media invoices.

- Gary Goolsby (NRA Expert) (continuation) – Mr. Goolsby is the NRA's expert witness on billing and internal controls.  As stated above, Mr. Goolsby's supplemental expert report was served on AMc the night before Mr. Goolsby's scheduled deposition, which necessitated a continuation of the deposition so that he may be examined on the supplemental report.

- Brian Buss (NRA Expert) – Mr. Buss is the NRA's expert witness on intellectual property valuation.

---

[1] AMc reserves the right to raise additional or supplemental discovery related issues as necessary and appropriate prior to the expiration of the discovery period.

- <u>William A. (Bill) Brewer III</u> (Fact Witness).

**Other Discovery Matters**

In a letter to the NRA dated September 17, 2021, AMc raised its own concerns about certain entries among the NRA's 661-page privilege log, including and especially communications with outside FRA in light of the NRA's representation before the Court that it now intends to produce certain FRA documents. AMc notes that it is likely to ask the NRA to provide certain witnesses previously deposed on issues relating to FRA for supplemental depositions, including but not limited to Susan Dillon and John Frazer who were repeatedly instructed and/or refused to answer questions about FRA and their audit during their prior depositions.

### III.   ANTICIPATED DISCOVERY ACTIVITIES IN THE COMING WEEK

As of the date of this filing, no depositions are scheduled for the week of September 20-24, 2021. AMc has proposed October 12, 2021 and October 14, 2021 for the depositions of Brian Buss and Gary Goolsby. The NRA has not yet confirmed these either of these dates but instead provided September 23 or 29 for Mr. Goolsby, specifically. AMc hopes to confirm the depositions of Mr. Goolsby, Mr. Buss, and Mr. Jackson next week.

In addition, in the hearing on September 16, 2021, the Court noted that certain information in prior filings indicated that Mr. Brewer had previously refused to accept service of a deposition subpoena and inquired whether Mr. Brewer was dodging service. The Court further noted that such behavior was unbecoming of an officer of the court and ordered Mr. Brewer to make himself available. Thereafter, counsel for the NRA stated via email that "it will secure Mr. Brewer's appearance for a deposition at a mutually convenient place and time if the court rules in Ackerman's favor in the parties' pending dispute." In accordance with the Court's order, NRA counsel further stated that they were "authorized to accept service of Ackerman's deposition

subpoena to Mr. Brewer." To quickly facilitate this process, AMc prepared and served an amended subpoena on the Brewer Firm on September 17, 2021, noticing Mr. Brewer's deposition for October 18, 2021 at the United States District Court for the Northern District of Texas.

Additionally, consistent with the parties' discussions regarding the PIP dashboard, AMc intends to confer with the NRA's counsel early next week to discuss an independent third party to help facilitate the issues associated with the dashboard and the social media accounts. AMc is not opposed to such an arrangement, but has serious concerns about the NRA dictating who or what entity is independent and utilized. To the extent an agreement cannot be quickly reached, AMc may be forced to ask the Court to appoint an independent third party. AMc also wants to ensure that whatever information is collected from any independent third party is accessible and produced to all parties, not just the NRA.

Finally, based on the NRA's representation that it intends to produce certain FRA documents, AMc anticipates that the NRA will promptly honor this representation and produce the all documents in advance of the next status report. Despite the NRA's representations to the Court, AMc has serious concerns with what information the NRA actually intends to produce with respect to FRA, and what information it still intends to withhold. AMc intends to follow up with the NRA on this issue so that it can more fully understand why the NRA, after approximately two years, is suddenly voluntarily withdrawing its objection to the FRA documents given the critical and highly relevant nature of this evidence in this case. AMc has spent countless hours and significant resources through written discovery, depositions, and motion practice attempting to obtain critical evidence relating to the FRA audit for two years. The NRA has repeatedly stonewalled AMc's attempts, and its newfound willingness to now produce this information (or at least its representations to do so) is will have to be addressed among the parties.

AMC'S STATUS REPORT PURSUANT TO
COURT ORDER OF SEPTEMBER 16, 2021                                                                PAGE 5

Dated: September 17, 2021

Respectfully submitted,

/s/ G. Michael Gruber
**G. Michael Gruber, Esq.**
Texas Bar No. 08555400
gruber.mike@dorsey.com
**Jay J. Madrid, Esq.**
Texas Bar No. 12802000
madrid.jay@dorsey.com
**J. Brian Vanderwoude, Esq.**
Texas Bar No. 24047558
vanderwoude.brian@dorsey.com
**Brian E. Mason, Esq.**
Texas Bar No. 24079906
mason.brian@dorsey.com
**DORSEY & WHITNEY LLP**
300 Crescent Court, Suite 400
Dallas, Texas 75201
(214) 981-9900 Phone
(214) 981-9901 Facsimile

**ATTORNEYS FOR DEFENDANTS/
COUNTER-PLAINTIFF**

### CERTIFICATE OF SERVICE

I hereby certify that on Friday, September 17, 2021, a true and correct copy of the foregoing document was served upon counsel of record in accordance with the Federal Rules of Civil Procedure.

/s/ G. Michael Gruber
G. Michael Gruber