IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NATIONAL RIFLE ASSOCIATION OF AMERICA, | § § § § § § § § § § § § § § § § § § § | |
| *Plaintiff and Counter-Defendant*, | | |
| v. | | Case No. 3:19-cv-02074-G |
| ACKERMAN MCQUEEN, INC., | | |
| *Defendant and Counter-Plaintiff*, | | |
| and | | |
| MERCURY GROUP, INC., HENRY MARTIN, WILLIAM WINKLER, AND MELANIE MONTGOMERY | | |
| *Defendants*. | | |

### AMc's SEPTEMBER 24, 2021 STATUS REPORT PURSUANT TO COURT ORDER OF SEPTEMBER 16, 2021

Pursuant to the Court's Order of September 16, 2021, Defendant/Counter-Plaintiff Ackerman McQueen, Inc. and Defendants Mercury Group, Inc., Henry Martin, William Winkler, and Melanie Montgomery (collectively, "*AMc*") file this *September 24, 2021 Status Report* (the "*Report*") relating to pending discovery matters in this action.

I.   DISCOVERY EFFORTS SINCE PREVIOUS REPORT

Since the parties' prior status report to the Court on September 17, 2021 (ECF 366 – AMc; ECF 365 – NRA), the National Rifle Association of America ("*NRA*") and AMc have completed the following discovery efforts:

**Depositions**

No depositions took place this week. The NRA agreed to October 12 and 14, 2021 as

deposition dates AMc requested for Gary Goolsby and Brian Buss, respectively. The NRA also agreed to October 19, 2021 to depose AMc's expert, Dan Jackson, and agreed to present Andrew McLean for deposition on October 21, 2021.

AMc requested the NRA provide dates for the expected supplemental reports of Mr. Buss, Mr. McLean, and Mr. Hochman so that AMc can ensure it has adequate time between the supplementation and the depositions. The NRA has yet to respond to that request, but AMc hopes to receive confirmation of estimated dates by next week's status report so that AMc can prepare for the depositions, including rescheduling, if necessary.

Additionally, by letter dated, September 23, 2021, the NRA announced its intention to take a third deposition of AMc's corporate representative under Federal Rule of Civil Procedure 30(b)(6), supposedly on the grounds that an additional testimony was required from and AMc "records custodian." However, the NRA has already deposed AMc's corporate representatives on a variety of topics in both the above-referenced case and the NRA Bankruptcy for more than fourteen (14) hours. As part of the NRA's deposition notice of AMc's corporate representative, the NRA identified a large number of topics, one of which (topic 25) specifically related to "AMc's Document collection efforts regarding this lawsuit for purposes of responding to the NRA's discovery requests." AMc identified a representative to testify on this topic previously and the NRA had ample opportunity to examine AMc on this subject. As a result, AMc notified the NRA of its objection to presenting the NRA with a third corporate representative deposition.

**Privilege Log Issues**

AMc amended its privilege log, which it served upon the NRA on Monday, September 20, 2021. AMc produced on Friday, September 24, 2021 the documents removed from the Amended Privilege Log.

In light of the NRA's representation at the September 16, 2021 hearing that it would produce certain FRA documents, AMc reviewed the NRA's privilege log and identified numerous deficiencies, such as communications with AMc counsel, AMc employees, and various third parties. AMc requested that the NRA address such deficiencies by letter dated September 17, 2021. The NRA has not yet provided a substantive response, but AMc anticipates continuing to confer with NRA counsel before the deadline for next week's status report.

**Forensic Risk Alliance ("*FRA*") Documents**

AMc requested the NRA produce the FRA documents it represented in court that it would provide. The NRA clarified that it only agreed to produce the FRA "draft" report resulting from the FRA's audit but no other documents or communications, over which it continues to improperly assert privilege, and that it would only produce the draft report conditioned upon AMc's agreement that production would not amount to waiver. AMc reiterated to the NRA that the FRA documents are not privileged, including because (a) no legal advice was rendered or sought (the NRA's General Counsel testified in his recent deposition that FRA did not provide any specialized expertise, such as engineering or highly sophisticated accounting calculations, but that FRA was hired to "review documents" and "report facts"); and (b) the NRA insists on using the FRA documents and narrative as both sword ("Here's *proof* that AMc did not comply with the audits") and shield ("But AMc cannot contest our allegation because such proof is privileged") in violation of the privilege.

The NRA's new-found willingness in the presence of the Court to produce any FRA document after AMc has repeatedly sought the same since early 2019 is an admission that the FRA documents and communications are relevant (considering various witnesses' testimony of the NRA's reliance on such report in the filing of the NRA's various lawsuits, *see e.g.*, John Frazer in

this Texas Action) and not privileged, and further evidence of the NRA's bad faith discovery tactics. As set forth in the Joint Report currently pending before Judge Toliver,[1] AMc maintains that all communications and documents relating to the FRA audit and its findings should be produced.

The NRA cannot selectively waive privilege on documents when convenient for the NRA. The NRA has also failed and needs to explain why it is now voluntarily willing to produce certain FRA related documents when the parties have spent tens of thousands of dollars litigating these issues for years, and the NRA has repeatedly instructed numerous witnesses not to answer questions regarding same. This includes, but is not limited to, Susan Dillon, John Frazer, and Michael Trahar. AMc notes that it is likely to ask the NRA to present certain witnesses previously deposed on issues relating to FRA for supplemental depositions, including but not limited to Susan Dillon and John Frazer who were repeatedly instructed not to answer and/or who refused to answer questions about FRA and its audit during their prior depositions.

**PIP Dashboard and Social Media Accounts**

Following the status hearing on September 16, 2021, the parties exchanged extensive communications related to the production of the PIP Dashboard and social medial accounts. AMc was in the process of attempting to make a production of the data, but the NRA instructed AMc to halt all production activities due to the NRA's concerns about security and functionality and shut down access to the server. Following the hearing, AMc agreed that an independent third party could be retained to copy the PIP Dashboard data. Then, on September 24, 2021, the NRA changed course again, now instructing AMc to re-open access to the online dashboard with a modified

---

[1] ECF 180.

**AMC'S SEPTEMBER 24, 2021 STATUS REPORT PURSUANT TO
COURT ORDER OF SEPTEMBER 16, 2021** PAGE 4

security protocol. Despite the fact that this latest round of demands is unnecessary, AMc is agreeable to purchasing the security certificate the NRA is requesting in order to address its unfounded security concerns.

## II. ANTICIPATED DISCOVERY ACTIVITIES IN THE COMING WEEK

As of the date of this filing, no depositions are scheduled for the week of September 27-October 1, 2021.

AMc awaits the provision of three independent third parties from the NRA for AMc to consider for purposes of copying the PIP Dashboard and social media account data. AMc proposed such resolution on September 21, 2021 and is awaiting a response from the NRA of the proposed parties.

### Document Production

As previously noted, the NRA first raised numerous new issues with regard to specific categories of pre-2018 documents for the first time after the original discovery deadline of August 6, 2021 had already passed. These new issues could have been raised approximately one year ago when the parties were discussing pre-2018 documents as part of the Joint Report before Judge Toliver. AMc is in the process of going back through its documents based on these new categories identified by the NRA to see if responsive documents exist. AMc has already begun diligently undertaking the review of this set of documents and anticipates being able to produce documents based on these latest demands by the end of next week with one or more rolling productions thereafter in advance of the discovery deadline, if necessary.

### Privilege Log Issues

AMc continues to review the NRA's most recent complaints regarding AMc's privilege log, notwithstanding AMc's service of its amended privilege log on September 21, 2021 in a

manner substantially conforming to the NRA's own privilege log. Although AMc is committed to continuing to analyze and confer on the disputed issues, based on the NRA's recent positions with respect to its privilege log, and its suggestion that AMc has waived certain privilege claims, the parties may be forced to employ the joint status report protocol outlined by Judge Toliver to resolve these issues.

Dated: September 24, 2021    Respectfully submitted,

/s/ Brian E. Mason
**Brian E. Mason, Esq.**
Texas Bar No. 24079906
mason.brian@dorsey.com
**G. Michael Gruber, Esq.**
Texas Bar No. 08555400
gruber.mike@dorsey.com
**Jay J. Madrid, Esq.**
Texas Bar No. 12802000
madrid.jay@dorsey.com
**J. Brian Vanderwoude, Esq.**
Texas Bar No. 24047558
vanderwoude.brian@dorsey.com
**DORSEY & WHITNEY LLP**
300 Crescent Court, Suite 400
Dallas, Texas 75201
(214) 981-9900 Phone
(214) 981-9901 Facsimile

**ATTORNEYS FOR DEFENDANTS/ COUNTER-PLAINTIFF**

**CERTIFICATE OF SERVICE**

I hereby certify that on Friday, September 24, 2021, a true and correct copy of the foregoing document was served upon counsel of record in accordance with the Federal Rules of Civil Procedure.

/s/ Brian E. Mason
Brian E. Mason