IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| NATIONAL RIFLE ASSOCIATION OF AMERICA, <br><br>    Plaintiff and Counter-Defendant <br><br> v. <br><br> ACKERMAN MCQUEEN, INC., <br><br>    Defendant and Counter-Plaintiff, <br><br> and <br><br> MERCURY GROUP, INC., HENRY MARTIN, WILLIAM WINKLER, and MELANIE MONTGOMERY, <br><br>    Defendants. | § § § § § § § § § § § § § § § § § § § Civil Action No. 3:19-cv-02074-G |

**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF NATIONAL RIFLE ASSOCIATION OF AMERICA'S
OBJECTIONS TO, AND MOTION TO STRIKE, SUMMARY JUDGMENT EVIDENCE
SUBMITTED BY DEFENDANTS
IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**

**BREWER, ATTORNEYS & COUNSELORS**
Cecelia L. Fanelli
clf@brewerattorneys.com
Sarah B. Rogers
sbr@brewerattorneys.com
Philip J. Furia
pjf@brewerattorneys.com
Alessandra P. Allegretto
apa@brewerattorneys.com
**BREWER ATTORNEYS AND COUNSELORS**
1717 Main Street, Suite 5900
Dallas, Texas 75201

**ATTORNEYS FOR PLAINTIFF/COUNTER-
DEFENDANT NATIONAL RIFLE
ASSOCIATION OF AMERICA**

# TABLE OF CONTENTS

I. INTRODUCTION ..........................................................................................................1

    A.    Defendants' Citations to the Winkler Declarations and the Jackson Report ...........2

        1.    NRA's Objections To W. Winkler Declaration ..........................................2

        2.    NRA's Objections To B. Winkler Declaration ...........................................5

        3.    NRA's Objections To Jackson Report .........................................................6

    B.    Inadmissible Evidence Throughout Defendants' Brief............................................8

II. CONCLUSION ............................................................................................................10

# **TABLE OF AUTHORITIES**

**Cases**   Page(s)

*A-Pro Towing and Recovery, LLC v. City of Port Isabel*,
  CIVIL ACTION NO. 1:19-CV-00016, 2020 WL 4794657 (S.D. Tex. Aug. 18,
  2020) ..................................................................................................................................5

*Bixby v. KBR, Inc.*,
  No. 3:09-CV-632-PK, 2012 WL 4754942 (D. Or. Oct. 4, 2012) ............................................9

*Bolen v. Dengel*,
  340 F.3d 300 (5th Cir. 2003) .................................................................................................2

*Condrey v. SunTrust Bank of Georgia*,
  429 F.3d 556 (5th Cir. 2005) .................................................................................................4

*DIRECTV, Inc. v. Budden*,
  420 F.3d 521 (5th Cir. 2005) .................................................................................................2

*Everlast Construction LLC v. McDonald's USA*,
  Civil Action No. 7:19-CV-112, 2020 WL 7658077 (S.D. Tex. Nov. 13, 2020) .......................1

*Ferrera-Parra v. United Airlines, Inc.*,
  Case No. 4:19-CV-1053, 2021 WL 1795702 (S.D. Tex. Mar. 30, 2021) .................................1

*Fowler v. Smith*,
  68 F.3d 124 (5th Cir. 1995) ...................................................................................................8

*Galindo v. Precision Am. Corp.*,
  754 F.2d 1212 (5th Cir. 1985) ...............................................................................................2

*Hernandez v. Homesley*,
  Civil Action No. 3:11–CV–01268–L, 2013 WL 124102 (N.D. Tex. Jan. 10,
  2013) .....................................................................................................................................8

*Highpoint Risk Services LLC v. Companion Property & Casualty Ins. Co.*,
  Civil Action No. 3:14-CV-3398-L(BH), 2016 WL 4479511 (N.D. Tex. Aug.
  25, 2016) ...............................................................................................................................4

*Mariner Energy, Inc. v. Devon Energy Production Co.*,
  690 F.Supp.2d 558 (S.D. Tex. 2010) ......................................................................................3

*Mata v. Boeing Aerospace Operations, Inc.*,
  CIV. No. SA–05–CA–272–WWJ, 2007 WL 9701429 (W.D. Tex. Apr. 23,
  2007) .....................................................................................................................................8

*McLane Company, Inc. v. ASG Technologies Group Inc.*,
  Case No. 6:17-CV-00166-ADA-JCM, 2019 WL 590081 (W.D. Tex. Jan. 2,
  2019) ..................................................................................................................................1

*Miller v. Gaston*,
  358 Fed.Appx. 573 (5th Cir. 2009)......................................................................................8

*Pegram v. Honeywell, Inc.*,
  361 F.3d 272 (5th Cir. 2004) ...............................................................................................8

*Peterson v. Next Production, LLC*,
  CIVIL ACTION NO. 16-14882, 2017 WL 3594336 (E.D. La. Aug. 21, 2017) .................8

*Provident Life & Acc. Ins. Co. v. Goel*,
  274 F.3d 984 (5th Cir. 2001) ...............................................................................................6

*Wojciechowski v. Nat'l Oilwell Varco, L.P.*,
  763 F. Supp. 2d 832 (S.D. Tex. 2011) .................................................................................2

**Rules**

Fed. R. Civ. P. 56............................................................................................................1, 2, 6

Fed. R. Evid. 611 ....................................................................................................................8

Fed. R. Evid. 801 ....................................................................................................................8

# I.

# INTRODUCTION

Plaintiff the National Rifle Association of America (the "NRA") files its Objections to, and Motion to Strike, evidence cited in the Opposition to the NRA's Motion for Partial Summary Judgment [Doc. No. 431] ("Opposition") filed by Ackerman McQueen, Inc. and Mercury Group, Inc. (collectively, "AMc"), Henry Martin, William Winkler, and Melanie Montgomery (collectively with AMc, the "Defendants"), as follows:

Federal Rule of Civil Procedure 56(c)(2) provides that "[a] party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence."[1] "On a motion for summary judgment, '[a] court may not consider hearsay or unauthenticated documents,'" nor are legal conclusions or statements made without personal knowledge admissible.[2] The burden is on the proponent—here Defendants—to show that the material they cite is "admissible as presented or to explain the admissible form that is anticipated."[3]

The NRA objects to and moves to strike evidence cited in Defendants' Opposition Brief. This includes citations to: (a) the Declaration of William Winkler, dated December 20, 2021 (the "W. Winkler Declaration");[4] (b) the Declaration of Brandon Winkler, dated December 20, 2021

---

[1] Fed. R. Civ. P. 56(c)(2); Fed. R. Civ. P. 56, Committee Notes on Rules—2010 Amendment ("The objection functions much as an objection at trial, adjusted for the pretrial setting.").

[2] *Ferrera-Parra v. United Airlines, Inc.*, Case No. 4:19-CV-1053, 2021 WL 1795702, *4 (S.D. Tex. Mar. 30, 2021).

[3] *See Everlast Construction LLC v. McDonald's USA,* Civil Action No. 7:19-CV-112, 2020 WL 7658077, *2 (S.D. Tex. Nov. 13, 2020); *McLane Company, Inc. v. ASG Technologies Group Inc.*, Case No. 6:17-CV-00166-ADA-JCM, 2019 WL 590081, *5 (W.D. Tex. Jan. 2, 2019) (citing *Paz v. Brush Engineered Materials, Inc.*, 555 F.3d 383, 388 (5th Cir. 2009) ("The burden of establishing the admissibility and relevance of the expert testimony is on the party offering the testimony.")).

[4] The W. Winkler Declaration is annexed to Defendants' Opposition as Ex. 1 [APP0001-0013].

1

("the B. Winkler Declaration");[5] and (c) the Amended Expert Report of Daniel L. Jackson, dated October 15, 2021 ("the Jackson Report").[6] In addition, the NRA objects to and moves to strike Defendants' citation to inadmissible testimony and unauthenticated documents throughout the entirety of its brief.

A.    **Defendants' Citations to the Winkler Declarations and the Jackson Report**

This Court should strike the W. Winkler Declaration, the B. Winkler Declaration and the Jackson Report because they contain assertions of purported facts which are conclusory in nature and lack any indicia that they were made based upon personal knowledge.

1.    <u>**NRA's Objections To W. Winkler Declaration**</u>

"Rule 56 requires that summary judgment affidavits be based on personal knowledge[]."[7] It is not enough for an affiant to claim to have personal knowledge but, rather, "[t]he substance of an affidavit must demonstrate the affiant has personal knowledge of the facts contained therein."[8] Moreover, "affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment."[9]

In the W. Winkler Declaration, he makes a number of statements concerning the purported knowledge of former NRA Chief Financial Officer Woody Phillips which amount to pure speculation. For example, in discussing correspondence sent by Phillips to Winkler, Winkler claims the letters were "odd" because Phillips "would have known if there were any 'additional or

---

[5] The B. Winkler Declaration is annexed to Defendants' Opposition as Ex. 2 [APP0038-0042].

[6] The Jackson Report is not annexed to Defendants' Opposition. Defendants instead reference the copy of the Jackson Report annexed to ECF 417 as Ex. 35-H [APP2434-2509].

[7] *DIRECTV, Inc. v. Budden*, 420 F.3d 521, 529 (5th Cir. 2005); *Bolen v. Dengel*, 340 F.3d 300, 313 (5th Cir. 2003), as amended (Oct. 1, 2003) ("Rule 56(e) requires statements in affidavits to be based on personal knowledge and not based on information and belief.").

[8] *Wojciechowski v. Nat'l Oilwell Varco, L.P.*, 763 F. Supp. 2d 832, 846 (S.D. Tex. 2011).

[9] *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985) (quoting C. Wright, A. Miller & M. Kane, Federal Practice and Procedure: Civil 2d § 2738 (1983)).

special assignments' as he would have been the one to approve the expenditure for such."[10] He also claims that "AMc had been billing the NRA with fair market value pricing since Mr. Phillips was named Treasurer (and previously as well), and Mr. Phillips was in agreement with this practice, and Mr. Phillips was in agreement with this practice and paid invoices accordingly[]."[11] Later, Winkler states that "Mr. Phillips was very familiar with the extensive work that AMc had conducted for the NRA relating to Carry Guard, and specifically knew that a request for all documents relating to Carry Guard was not a reasonable request."[12] These statements about what Phillips "would have known"; what he was "in agreement with"; and what he was "very familiar with" are speculative because they do not provide any information to establish a foundation for the statements or personal knowledge. Each is a transparent effort by Winkler to fabricate favorable testimony which does not exist in the record. Winkler's speculations as to Phillips' state of mind are not based upon personal knowledge and, thus, are inadmissible.

In addition, Winkler's statement regarding Phillips' alleged "agreement" with Defendants' billing practices is also inadmissible parol evidence, designed to improperly inform this Court's interpretation of the Services Agreement. The parol evidence rule "prohibits the admission of extrinsic evidence of prior or contemporaneous oral agreements, or prior written agreements, to explain the meaning of a contract when the parties have reduced their agreement to an unambiguous integrated writing."[13] Moreover, "[b]y its very definition, an integration or merger clause negates the legal introduction of parol evidence; it is a 'provision in a contract to the effect that the written terms may not be varied by prior or oral agreements because all such agreements

---

[10] W. Winkler Declaration, ¶ 4.

[11] W. Winkler Declaration, ¶ 4.

[12] W. Winkler Declaration, ¶ 5.

[13] *Mariner Energy, Inc. v. Devon Energy Production Co.*, 690 F.Supp.2d 558, 574, n.5 (S.D. Tex. 2010) (citing 11 RICHARD A. LORD, WILLISTON ON CONTRACTS § 33:1 (4th ed.)).

3

have been merged into the written document.'"[14] Accordingly, where a party relies on parol evidence in an effort to prove the parties' intent in connection with an unambiguous contract, the court should bar the use of such evidence.[15]

Here, the Services Agreement sets forth an integration clause, stating, in relevant part: "This Services Agreement, together with any Exhibits hereto, constitute the entire agreement between the NRA and AMc relating to the matters covered by this Services Agreement at the time of its signing . . . [and] supersedes all prior agreements, including letter agreements and memoranda of understanding."[16] Accordingly, as a matter of law, parol evidence is inadmissible to vary or supplement the terms of the Services Agreement.[17] Any statement by Winkler purporting to allege a course of dealing between Defendants and the NRA, in an effort to vary the terms of the Services Agreement, is inadmissible for the purpose of proving the meaning of the Services Agreement.[18]

Later in the W. Winkler Declaration, he describes an "audit conducted by the Brewer Firm" which he characterizes as odd because "they requested time by job, which all previous auditors for the NRA knew was not available because AMc keeps time by client, not job."[19] Winkler does not

---

[14] *Condrey v. SunTrust Bank of Georgia*, 429 F.3d 556, 564 (5th Cir. 2005).

[15] *See Highpoint Risk Services LLC v. Companion Property & Casualty Ins. Co.*, Civil Action No. 3:14-CV-3398-L(BH), 2016 WL 4479511, *7 (N.D. Tex. Aug. 25, 2016) (applying South Carolina law and striking portions of declarations that asserted inadmissible parol evidence regarding the intent and understanding of the parties).

[16] *See* ECF 422, Ex. 1, Services Agreement, Section X.D., "Integrated Agreement," at p. 9.

[17] *See Condrey*, 429 F.3d at 564; *Golembiewski v. Golembiewski*, Record No. 2993–02–1, 2003 WL 22290032, *5 (Va. Ct. App. Oct. 7, 2003) ("The general rule in Virginia is that parol evidence is inadmissible to vary, contradict, or explain the terms of a complete, unambiguous, unconditional written contract. . . . Additionally, the agreement includes an integration clause in paragraph 8, which supports the inadmissibility of parol evidence.").

[18] *See* Services Agreement, Section III(D) which provides that "[s]pecial assignments not included in this Agreement which cannot reasonably be included under the monthly fee ***must be approved in accordance with written procedures established by the NRA Executive Vice President or his designee***, and the charges made by AMc shall be agreed upon in advance, where reasonable, otherwise such charges shall be not greater than the usual and customary charges for such services or expenses in the industry."

[19] W. Winkler Declaration, ¶ 13.

4

identify the "previous auditors" he references and does not provide a foundation for his claim to have personal knowledge as to what "all previous auditors for the NRA knew." This is, again, a speculative and conclusory statement, made without personal knowledge, which was manufactured to support Defendants' narrative.

When discussing the allegation that the Brewer Firm was not allowed to retain copies of documents reviewed during the "audit," Winkler claims that he was "directed by Angus, as a result of his conversations with Mr. LaPierre, to retrieve copies of budgets or any other AMc documentation that the auditors might be trying to take with them."[20] Winkler's testimony regarding the direction he received from Angus McQueen, although an admission that he would not permit any budget documents to be taken by the NRA, is hearsay, and does not qualify as competent summary judgment evidence.[21]

Additional inadmissible hearsay appears later in the W. Winkler Declaration when he describes the review of Defendants' documents conducted by FRA. Paragraph 27 of the W. Winkler Declaration consists of hearsay as Winkler describes an interaction between representatives from FRA and Christy DeGiusti.[22] Similarly, Paragraph 28 consists of inadmissible hearsay statements attributed to Jessica Bradley and Hakob Stepanyan – both of FRA.

This Court should strike these portions of the W. Winkler Declaration and disregard them as it renders a ruling on the NRA's motion for summary judgment.

## 2. NRA's Objections To B. Winkler Declaration

The B. Winkler Declaration contains inadmissible statements. In the B. Winkler

---

[20] W. Winkler Declaration, ¶ 19.

[21] *See A-Pro Towing and Recovery, LLC v. City of Port Isabel*, CIVIL ACTION NO. 1:19-CV-00016, 2020 WL 4794657, *4 (S.D. Tex. Aug. 18, 2020) (sustaining objections to hearsay statements and rejecting such statements for purposes of motion for summary judgment).

[22] W. Winkler Declaration, ¶ 27.

Declaration, he claims that he was present at an October 11, 2018 meeting where "Angus [McQueen] made clear to Mr. LaPierre . . . that if AMc was going to have to continue to deal with Mr. Brewer or his law firm going forward, that it was time for the parties' long-standing relationship to end."[23] Winkler's effort to testify as to that which was "made clear" to Mr. LaPierre is pure speculation as it lacks any foundation. The B. Winkler Declaration contains the same inadmissible hearsay statements included in the W. Winkler Declaration concerning the interaction between FRA and Christy DiGiusti,[24] and the statements made by Jessica Bradley and Hakob Stepanyan.[25]

This Court should strike these portions of the B. Winkler Declaration and disregard them as it renders a ruling on the NRA's motion for summary judgment.

### 3. NRA's Objections To Jackson Report

Preliminarily, the NRA objects to Defendants' reference to the Jackson Report in its Opposition because it is unsworn. "Unsworn expert reports ... do not qualify as affidavits or otherwise admissible evidence for [the] purpose of Rule 56, and may be disregarded by the court when ruling on a motion for summary judgment."[26] The Jackson Report is an unsworn report and this Court should disregard Defendants' citations to the report on the basis that it is not competent summary judgment evidence.

Even if the Jackson Report was allowable as summary judgment evidence, Defendants' references to the Jackson Report would still be inadmissible. The Jackson Report is cited six times within Defendants Opposition. The Jackson Report (specifically, Exhibit 7 thereof) is cited in

---

[23] B. Winkler Declaration ¶ 10.

[24] B. Winkler Declaration ¶ 13.

[25] B. Winkler Declaration ¶ 14.

[26] *Provident Life & Acc. Ins. Co. v. Goel*, 274 F.3d 984, 1000 (5th Cir. 2001).

footnotes three times on pages 14 and 15 of Defendants Opposition, to support the assertion that the NRA paid Defendants for work performed after September 2018.[27] Later, the Exhibits 7 and 8 of the Jackson Report are cited to support the contentions that the "NRA frequently failed to make timely payments of AMc's invoices"[28] and that "the NRA was late in paying more than 70 different invoices."[29] Lastly, Exhibit 7 of the Jackson Report is cited as "showing invoices 166104–166110 were due on May 15, 2019 but remain outstanding and accruing interest."[30]

Exhibit 7 and 8 to the Jackson Report are not admissible evidence. Nowhere is it established that Jackson has personal knowledge as to any of these matters. Instead, his annexed exhibits merely provide a list of purported invoices, their reference numbers, their dates, the amounts allegedly owed on each invoice, plus purported interest due, among other data, and then adds up the total.[31] The Jackson Report provides no factual basis or analysis whatsoever; it is simple arithmetic under the "veneer of expertise."[32] Such conclusory testimony which is connected to existing data only by the *ipse dixit* of the expert is inadmissible and must be

---

[27] Defendants' Opposition at pg. 16, Fn. 87, 88, 89.

[28] Defendants' Opposition at pg. 32, Fn. 189.

[29] Defendants' Opposition at pg. 32, Fn. 190.

[30] Defendants' Opposition at pg. 49, Fn. 301.

[31] Jackson Report at Exhibit 7 [APP2505].

[32] *See* Fed. R. Evid. 702; *S.E.C. v. Lifepay Group, LLC*, CIVIL ACTION NO. H-18-1098, 2020 WL 1259328, *6 (S.D. Tex. Feb. 26, 2020) (holding that because purported expert's chart consisted of totaling deposits and withdrawals involved in the underlying transactions, she did not qualify as an expert witness) (citing *S.E.C. v. Seghers*, 298 F. App'x 319, 326 (5th Cir. 2008) ("[W]hen a chart does not contain complicated calculations requiring the need of an expert for accuracy no special expertise is required in presenting the chart.")); *Rx.com Inc. v. Hartford Fire Ins. Co.*, 426 F.Supp.2d 546, 554 (W.D. Tex. 2006) ("The motion to strike the affidavit of Rusinko is granted because an expert is not necessary at any stage to perform the arithmetic calculations he performs."); *Ningbo Bonny Decorative Material Co., Ltd. v. East Systems, Inc.*, NO. 1:17-CV-114-DMB-DAS, 2020 WL 1333164, *5 (N.D. Miss. Mar. 23, 2020) (excluding part of expert opinion that simply added amounts stated on invoices, holding: "The performance of simple arithmetic is ordinarily not helpful to a trier of fact. Because Section III merely purports to total the sums set forth in Sections I and II, the Court concludes that the opinion would not be helpful to the jury."); *McLane Company, Inc.*, 2019 WL 590081 at *9.

excluded.[33]

B. <u>**Inadmissible Evidence Throughout Defendants' Brief**</u>

It is well settled that "the admissibility of summary judgment evidence is subject to the same rules of admissibility applicable to a trial."[34] "Evidence on summary judgment may be considered to the extent not based on hearsay or other information excludable at trial."[35] Thus, deposition testimony constituting hearsay under Fed. R. Evid. 801 that is not subject to any qualifying exception is inadmissible for summary judgment purposes.[36] Similarly, speculative statements "do not adequately substitute for specific facts showing a genuine issue for trial. Therefore, evidence containing speculation would not serve as sufficient basis to support the proponent's summary judgment burden of proof."[37]

In addition, Defendants rely upon testimony elicited by use of impermissible leading questions they posed to deponents Wilson Phillips, Steven Hart and Oliver North. Fed. R. Evid. 611 only allows leading questions either "on cross-examination" or "when a party calls a hostile

---

[33] *See Hayter*, 154 F.3d at 274; *Stagliano*, 2014 WL 11332295 at *3 (granting defendants summary judgment where plaintiffs' expert "offer[ed] a factually devoid conclusion that . . . fails to include the necessary factual support linking the hail damage he witnessed in 2014 to the storm occurring in May 2011."); *Velasquez*, 2018 WL 5924037 at *4 (granting motion to exclude and strike expert report that "offers a subjective opinion devoid of an underlying factual basis," and because the expert's "opinions are unsupported by any analysis of the facts of this litigation, and are silent on the methodology or reasoning process utilized, the conclusions of this report cannot be used as summary judgment evidence on the element of causation.").

[34] *Pegram v. Honeywell, Inc.*, 361 F.3d 272, 285 (5th Cir. 2004) (quoting *Resolution Trust Corp. v. Starkey*, 41 F.3d 1018, 1024 (5th Cir. 1995)).

[35] *Fowler v. Smith*, 68 F.3d 124, 126, 128 (5th Cir. 1995) ("Because the specific statement identified by Fowler is inadmissible hearsay, *see* FED. R. EVID. 801(c), Fowler raised no genuine issue of material fact concerning his procedural due process claim.").

[36] *Miller v. Gaston*, 358 Fed.Appx. 573, 574-75 (5th Cir. 2009); *Hernandez v. Homesley*, Civil Action No. 3:11–CV–01268–L, 2013 WL 124102, *3 (N.D. Tex. Jan. 10, 2013) ("[T]hese statements are hearsay and do not fall within any recognized hearsay exception. The court may not properly consider hearsay evidence in depositions in ruling on a motion for summary judgment.").

[37] *Mata v. Boeing Aerospace Operations, Inc.*, CIV. No. SA–05–CA–272–WWJ, 2007 WL 9701429, *3 (W.D. Tex. Apr. 23, 2007) (citing *TIG Ins. Co. v. Sedgwick James of Washington*, 276 F.3d 754, 759 (5th Cir. 2002)); *see also Peterson v. Next Production, LLC*, CIVIL ACTION NO. 16-14882, 2017 WL 3594336, *4 (E.D. La. Aug. 21, 2017) (citing *Raina v. Veneman*, 152 Fed.Appx. 348, 350 (5th Cir. 2005)) (holding that speculative, subjective deposition testimony "without more, is insufficient to withstand summary judgment").

witness, an adverse party, or a witness identified with an adverse party." An individual is considered "identified with an adverse party" "if their relationship is such that the witness's interest can reasonably be expected, under the circumstances, to be identical to the adverse party or closely aligned to that of the adverse party."[38] None of these individuals are "identified" with the NRA so as to allow Defendants to admit testimony consisting of leading questions. Oliver North was Defendants' employee, and the NRA is the plaintiff in a pending litigation against him in New York.[39] Clearly his interests are not "identical to" or "closely aligned to" those of the NRA. Although Steven Hart was once associated with the NRA, the record reflects that his employment was suspended and then ultimately terminated.[40] Finally, though Wilson Phillips once held a senior position with the NRA, he is no longer aligned with the NRA. He and the NRA are currently co-defendants in a matter commenced by the New York State Attorney General, wherein it is alleged that Phillips "failed as Treasurer to adhere to internal financial controls and misused NRA assets to enrich himself and other NRA officers and directors."[41] In light of this allegation and the associated pending litigation, the interests of Phillips and the NRA are not "closely aligned" so as to permit Defendants to admit his answers to leading questions into the record.

---

[38] *Joseph v. Doe*, No. CV 17-5051, 2021 WL 2176874, at *1 (E.D. La. Mar. 23, 2021); *see also Bixby v. KBR, Inc.*, No. 3:09-CV-632-PK, 2012 WL 4754942, at *3 (D. Or. Oct. 4, 2012) (where the court interpreted the phrase ("'a witness identified with an adverse party' as referring to a witness whose relationship to an opposing party is such that the witness' interests vis-a-vis the litigation proceedings in which the witness' testimony is offered can reasonably be expected, under all the applicable circumstances, to be either identical to those of the adverse party or, at minimum, both closely aligned with those of the adverse party and of comparable significance.").

[39] *See National Rifle Association v. Oliver North*, New York State Supreme Court, Albany County, Index No. 903843/2020.

[40] *See* ECF 419-1, Ex. 10 (Deposition of J. Steven Hart) at pp. 105:1-13; 315:12-14 and 399:3-8 (testifying that he was "suspended" and "terminated" by the NRA).

[41] *See People of the State of New York v. The National Rifle Association of New York*, New York State Supreme Court, New York County, Index No. 451625/2020 at Doc. No. 333 (Amended and Supplemental Complaint), ¶ 230.

As set forth in the **Appendix annexed hereto as Exhibit A**, Defendants' Brief in support of their Motion for Partial Summary Judgment is replete with citations to, and reliance upon, inadmissible deposition testimony and documentary exhibits.[42] The NRA respectfully submits that Defendants' citation to the evidence listed in Exhibit A be struck as inadmissible.

## II.

## CONCLUSION

For all the reasons stated above, the NRA respectfully requests that the Court sustain its objections, strike Defendants' inadmissible evidence, and grant the NRA all other and further relief to which it may be justly entitled.

Dated: January 3, 2022                               Respectfully submitted,

By:   */s/Philip J. Furia*
      Cecelia L. Fanelli
      *Pro Hac Vice*
      clf@brewerattorneys.com
      Sarah B. Rogers
      New York Bar No. 4755252
      sbr@brewerattorneys.com
      Philip J. Furia
      *Pro Hac Vice*
      pjf@brewerattorneys.com
      Alessandra P. Allegretto
      Texas Bar No. 24109575
      apa@brewerattorneys.com
      **BREWER ATTORNEYS AND COUNSELORS**
      1717 Main Street, Suite 5900
      Dallas, Texas 75201

      **ATTORNEYS FOR PLAINTIFF/COUNTER-DEFENDANT NATIONAL RIFLE ASSOCIATION OF AMERICA**

---

[42] The documents and testimony challenged by the NRA are inadmissible as used by Defendants. This argument should not be construed to restrict the NRA's ability to utilize the same documents or testimony insofar as the documents or testimony is presented in admissible form.

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was electronically served via the Court's electronic case filing system upon all counsel of record on this 3rd day of January 2022.

/s/ Philip J. Furia
Philip J. Furia