IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NATIONAL RIFLE ASSOCIATON OF AMERICA, § § § | | |
| *Plaintiff and Counter-Defendant,* § § § | | |
| v. § § | | |
| ACKERMAN MCQUEEN, INC., § § | | |
| *Defendant and Counter-Plaintiff,* § § § | Civil Action No. 3:19-cv-02074-G | |
| and § § | | |
| MERCURY GROUP, INC., HENRY MARTIN, WILLIAM WINKLER, and MELANIE MONTGOMERY, § § § § § § | | |
| *Defendants.* § | | |

## WILLIAM A. BREWER'S REPLY TO DEFENDANTS' RESPONSE TO RULE 72 OBJECTIONS TO MAGISTRATE'S DISCOVERY ORDER

TO THE HONORABLE JUDGE OF SAID COURT:

William A. Brewer ("Brewer") submits his Reply to Defendants' Response to Rule 72 Objections to Magistrate's Discovery Order.

**FRIEDMAN & FEIGER, LLP**

**Lawrence J. Friedman**
State Bar No. 07469300
lfriedman@fflawoffice.com
**James R. Krause**
State Bar No. 11714525
jkrause@fflawoffice.com

5301 Spring Valley Road, Ste. 200
Dallas, Texas 75254

(972) 788-1400 – Telephone
(972) 788-2667 – Telecopier

**ATTORNEYS FOR WILLIAM A. BREWER, III**

## INTRODUCTION

William A. Brewer joins in the Reply submitted by the National Rifle Association of America (the "NRA"), and incorporates the NRA's arguments as if set forth herein in full.

Defendants Ackerman McQueen, Inc., Mercury Group, Inc., Henry Martin, William Winkler, and Melany Montgomery's ("Defendants")'s Response to the NRA's Rule 72 Objections is more of the same. Defendants continue their relentless quest to disrupt Brewer's preparation for trial in this cause by demanding he be questioned on topics that Defendants have the answers to, that they know are privileged, that lack any reasonable relevance to the claims in this case, or they could obtain from a much less intrusive source.

Brewer submits this Reply to (1) clarify the standard of review; (2) highlight the proper considerations that Judge Toliver should have applied; and (3) suggest practical solutions for an orderly procession of the deposition should this Court choose to deny the NRA's requested relief.

## STANDARD OF REVIEW

Brewer does not dispute the language in the cases Defendants cited regarding the standard of review before this Court. However, slight elucidation is necessary. Questions of law, such as issue of whether *Shelton*'s three-factor test applies, are "freely reviewable."[1] Factual findings, such as whether Defendants met their burden to establish entitlement to Brewer's deposition, are reviewed for clear error.[2]

---

[1] *See Jefferson-Pilot Life Ins. Co. v. Bellows*, No. 3:02-CV-1992, 2003 WL 21501904, at *1 (N.D. Tex. June 24, 2003) (Fitzwater, J.); Fed. R. Civ. P. 72(a).
[2] *See id.*

While Defendants clearly recognize these standards, Defendants also suggest that Judge Toliver's order is subject to an abuse of discretion standard.[3] Of course, none of the cases supporting Defendants' position carry the same procedural posture as this case.[4] The standard of review before this Court is plainly set forth in Rule 72, despite Defendants' propositions to the contrary.[5]

## ARGUMENT

### A. Under *de novo* review, this Court may freely consider *Shelton*'s applicability.

Defendants assert that it was "legally impossible for Judge Toliver to have acted contrary to law"[6] in not applying *Shelton*.[7] In doing so, Defendants have conflated the standard of review before this Court. Under a *de novo* standard, this Court is free to reverse Judge Toliver's order should it find error "in some respect to his legal conclusions."[8]

This Court can and should conduct its analysis with *Shelton* in mind. The NRA's analysis of *Shelton* need not be rehashed in its entirety. In sum, Defendants maintain that the Fifth Circuit in *Nguyen* was rather unclear as to whether it expressly adopted *Shelton*, the Fifth Circuit has unequivocally adopted the position that "depositions of opposing counsel are disfavored generally and should be permitted in only limited circumstances."[9] Most recently in *Cazorla v. Koch Foods of Mississippi, L.L.C.*, the Fifth Circuit affirmed that one requesting the deposition of opposing counsel must show a "particularized need."[10] Even if *Shelton* itself is not controlling in this Court,

---

[3] Doc. No. 488, at 9.
[4] *See McKinney/Pearl Rest. Partners, L.P. v. Metropolitan Life Insur. Co.*, No. 3:14-cv-2498-B, 2016 WL 3033544, at *5 (N.D. Tex. May 26, 2016) (court exercised discretion in quashing the subpoena of the defendant's trial counsel).
[5] *See* Fed. R. Civ. P. 72(a).
[6] Doc. No. 488, at 8.
[7] *Shelton v. Am. Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986).
[8] *Bellows*, 2003 WL 21501904, at *1.
[9] *Nguyen v. Excel Corp.*, 197 F.3d 200, 209 & n. 26 (5th Cir. 1999) (citing *Shelton*, 805 F.2d at 1327); *see Theriot v. Parish of Jefferson*, 185 F.3d 477, 491 (5th Cir. 1999).
[10] 838 F.3d 540, 549 (5th Cir. 2016).

the law underlying *Shelton* is. The *Shelton* court merely acknowledged the United States Supreme Court's concerns in *Hickman v. Taylor*.[11]

Defendants purport to suggest that they were not required to make any particular showing that would entitle them to depose Brewer. Clearly, that is not the case under Fifth Circuit precedent. At bare minimum, Judge Toliver should have held Defendants to their burden to show a particularized need, not merely that Brewer was a fact witness. Moreover, this Court's standard of review permits it to apply *Shelton* regardless of Judge Toliver's finding.

**B. Under *Shelton*, Judge Toliver committed legal error by allowing the deposition.**

Defendants then argue that, even if *Shelton* is controlling, Judge Toliver properly applied it. *Shelton* applies to a party seeking the deposition of "opposing counsel."[12] "If the lawyer is actively involved in trial preparation, she cannot be deposed unless the *Shelton* criteria are met."[13] Further, the Northern District of Texas has been unpersuaded "by the limited case law suggesting a pre-litigation knowledge exception to the *Shelton* test's applicability to a party's trial counsel."[14]

Brewer does not dispute Defendants' recitation of Judge Toliver's statements. Defendants correctly point out that Judge Toliver hinged her decision upon a belief that Brewer is a potential fact witness. However, it is neither here nor there, under *Shelton*'s standards, whether Brewer is a fact witness.[15] Judge Toliver was presented with ***uncontroverted*** evidence that Brewer has been actively involved in trial preparation.[16] Thus, Defendants must have met their burden to establish that (1) there are no other means to obtain the information sought; (2) the information is relevant

---

[11] *Shelton*, 805 F.2d at 1327; *Hickman v. Taylor*, 329 U.S. 495, 510–11 (1947) (cautioning against the discovery of an attorney's mental processes because it would "inevitably" lead to "inefficiency, unfairness and sharp practices" and a "demoralizing" effect on the legal profession).
[12] *Shelton*, 805 F.2d at 1327.
[13] *Murphy v. Adelphia Recovery Trust*, No. 03-09-MC-105-B, 2009 WL 4755368, at *3 (N.D. Tex. Nov. 3, 2009).
[14] *McKinney/Pearl Restaurant Partners*, 2016 WL 3033544, at *6.
[15] *See Shelton*, 805 F.2d at 1327; *McKinney/Pearl Restaurant Partners*, 2016 WL 30338544, at *6.
[16] ECF 452 (citing ECF 325, Ex. L, Frazer Decl., dated Aug. 3, 2021 (APP 285–86)).

and not privileged; and (3) the information is crucial to the preparation of the case.[17] Judge Toliver failed to hold Defendants to their burden.

### C. Should this Court deny the NRA's objections, this Court should enter an order to facilitate the orderly progression of the deposition.

Judge Toliver failed to define the scope of Brewer's deposition, effectively granting Defendants an inviolate ability to depose Brewer on a wide range of topics that fall outside the scope of discovery. Should this Court conclude that Judge Toliver did not err in compelling Brewer's deposition, Brewer requests that this Court enter a protective order that (1) limits the subjects upon which he can be deposed; and (2) prohibits rulings on privilege on the spot.

#### 1. Defendants' deposition topics should be limited to matters falling within the scope of discovery.

The scope of discovery under Rule 26 is broad, but not without its limits.[18] Discovery is explicitly limited to matters which are (1) nonprivileged; (2) relevant; and (3) proportional.[19] Further, this Court must limit the frequency or extent of discovery if it determines that:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).[20]

The NRA has fully analyzed the issues with Defendants' proposed topics, correctly appraising this Court of the various issues of privilege and scope.[21] These issues were only highlighted in Defendants' response to this Court. For example, Defendants assert that they could not obtain the requested information regarding the FRA audit because witnesses "either have no personal knowledge beyond what Brewer told them or Brewer Firm instructs the witness not to

---

[17] *Shelton*, 805 F.2d at 1327.
[18] *See* Fed. R. Civ. P. 26(b).
[19] *Id.*
[20] Fed. R. Civ. P. 26(b)(2)(C).
[21] ECF 452, at 9–16.

answer,"[22] indicating their intention to depose Brewer on the very matters that they know are confidential work product. Likewise, Brewer's efforts in connection with the matters contained within the Stinchfield Affidavit and the North investigation are part of the live claims and defenses in this case, and are core work product.[23] Defendants also wish to depose Brewer on matters that have been addressed *ad nauseum*. Defendants' proposed topic of "matters for which any privilege has been waived, including…other communicated messages passed to Defendants through Skye Brewer or other family members" has been answered by Skye Brewer herself, who unequivocally testified that she was not asked to transmit any messages from Brewer.[24] In other words, there is no reason to depose Brewer about the supposed RICO threats that were allegedly passed on by Sky Brewer, because she already testified that this never happened.[25]

Further, to the extent that the Defendants allege that Brewer and/or the Brewer Firm are "competitors" with Defendant Ackerman McQueen, Inc. ("AMc"), and assuming without admitting that Brewer and/or the Brewer Firm engaged in any actions which could be construed as "competitive" with AMc, those contentions would fail to form the basis of a cognizable breach of contract claim against the NRA. The Services Agreement between the NRA and AMc does not contain any provision requiring exclusivity.[26]

Brewer's deposition topics should be limited in accordance with the NRA's request, so that Brewer is not forced to answer inquiries that test the line of privilege or otherwise fall outside the scope of discovery.

---

[22] ECF 488, at 16.
[23] *See Hartford Underwriters, Insur. Co. v. Elite Spice, Inc.*, No. 3:10-CV-0466-P (BK), 2011 WL 13233326, at *2 (N.D. Tex. June 16, 2011) ("Core work product, the work product of an attorney or an attorney's representative that contains the attorney's or the attorney's representative's mental impressions, conclusions, or legal theories, is not discoverable.") (internal quotations omitted); *see also* Fed. R. Civ. P. 26(b)(3)(B).
[24] ECF 453, Furia Declaration, at ¶ 4 (APP001-002).
[25] Exhibit A, Skye Brewer Deposition Transcript, at 208:14–209:24; 214:8–215:11; 217:12–218:8 (APP001–9).
[26] ECF 439 (APP 00014–00025).

### 2. On-the-spot rulings pose risks to attorney and/or work-product privileges.

Additionally, there are important pragmatic issues that have not been addressed regarding Brewer's deposition. Given Judge Stickney's appointment to preside over the deposition, claims of privilege will likely be ruled on as they arise. Thus, there is a risk that Brewer and his counsel may be unable to seek proper review of Judge Stickney's potential rulings on assertions of privilege with the full opportunity to brief the issue, which may lead to the disclosure of privileged material.[27] These practical considerations are especially critical given that disclosure of Brewer's work product cannot be unwound.

This Court has broad discretion to adopt rules to facilitate the orderly progress of Brewer's deposition.[28] Thus, in order to ensure the protection of privileged material, Brewer requests that Judge Stickney be prohibited from making rulings on privilege during Brewer's deposition, or, in the alternative, that Judge Stickney be ordered to conduct an *in-camera* review of any claims of privilege before their disclosure.

### CONCLUSION

The NRA's Rule 72 Objections to Judge Toliver's December 16, 2021 order should be sustained. *Shelton* and its progeny are clear that depositions of opposing counsel are disfavored, and a party seeking to depose opposing counsel must establish a heightened level of particularized need for the information sought. This Court should conclude that because Brewer is opposing counsel, the Defendants were required to satisfy each of the *Shelton* factors and failed to do so.

---

[27] Federal Rule of Civil Procedure 26(b) provides that a court ordering discovery of trial preparation materials "must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation." Fed. R. Civ. P. 26(b)(3)(B). Moreover, the Federal Rules of Civil Procedure contemplate a process for the protection of potentially privileged material during a deposition – the deponent may refuse answer on the basis of privilege and has the right to withhold the testimony until a ruling is made on the claim of privilege. Fed. R. Civ. P. 30(c)(2); Fed. R. Civ. P. 37(a).

[28] *See, e.g., JPMorgan Chase Bank, N.A. v. DataTreasury Corp.*, 936 F.3d 251, 255 (5th Cir. 2019).

In the alternative, should this Court determine that Brewer's deposition should proceed, Brewer requests that this Court enter an order that limits the depositions scope to ensure that the testimony does not exceed the scope of discovery. Further in the alternative, this Court should enter an order prohibiting rulings on privilege during the deposition in order to ensure the preservation of privilege and the orderly progression of the deposition.

## PRAYER

For these reasons, William A. Brewer respectfully requests that this Court sustain his objections, overrule the portions of the order challenged herein and by the NRA, and grant him all other and further relief to which he may be justly entitled.

Dated: January 14, 2022

Respectfully Submitted,

By:*/s/ James R. Krause*
**Lawrence J. Friedman**
State Bar No. 07469300
lfriedman@fflawoffice.com
**James R. Krause**
State Bar No. 11714525
jkrause@fflawoffice.com
**FRIEDMAN & FEIGER, LLP**
5301 Spring Valley Road, Ste. 200
Dallas, Texas 75254
(972) 788-1400 – Telephone
(972) 788-2667 – Telecopier

**ATTORNEYS FOR WILLIAM A. BREWER, III**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was electronically served via the Court's electronic case filing system upon all counsel of record on this 14th day of January, 2022.

/s/*James Krause*
James R. Krause, Esq.