# FRIEDMAN & FEIGER
## ATTORNEYS AT LAW

January 21, 2022

*Via Email:* judgestick@gmail.com
 *and Electronic Filing*

Honorable Judge Paul D. Stickney
12720 Hillcrest Road, Suite 1042
Dallas, Texas 75230

   **RE**: Case No. 3:19-cv-02074-G; National Rifle Association of America v. Ackerman McQueen, Inc., et. al. in the United States District Court for the Northern District of Texas.

Dear Judge Stickney:

  As you know, we were retained by William A. ("Bill") Brewer, individually, to represent him in connection with his deposition and related matters. My Firm has not previously been involved in this case, and until Tuesday evening, was focused on preserving Mr. Brewer's rights by evaluating the questions that might be asked during his examination and making objections in accordance with the Federal Rules of Evidence, the Federal Rules of Evidence, the Texas Disciplinary Rules of Professional Conduct and other relevant statutes and common law.

  Since the NRA and Mr. Brewer did not agree with AMc that Judge Toliver ruled that the Brewer deposition was unlimited in scope, we joined in the NRA's request to impose reasonable limits upon the scope of the deposition. As of Tuesday evening, this request was denied by Judge Fish.

  At the Zoom conference on Tuesday, you stated that you would entertain a request by counsel for Bill Brewer for additional time to prepare for the deposition and to prepare Mr. Brewer for his deposition testimony, if filed by next Wednesday. In its Response to the Objections filed by the NRA and Mr. Brewer, for the first time, AMc contended that the ten topic descriptions (with sub-topics) were merely an "exemplar" and not the full scope of the topic AMc intends to cover in Mr. Brewer's deposition. AMc disclosed what its true intent is, namely, to conduct a deposition "on any matter of relevant fact and any testimony that is relevant and not directly privileged, or subject to a privilege exception."

  Joining a case at this juncture is, in and of itself, challenging. Joining a case with the enormous number of issues that are involved here, a very large number of documents to review, and the complex issues to sort out, leaves us with more than one gigantic hill to climb and little time to climb them. I must also deal with the outstanding issues that will affect my preparation, including documents in dispute that are currently unproduced.

      I am requesting that Mr. Brewer's deposition be postponed for, at least, an additional three weeks from its current setting on January 29, 2022 to February 19, 2022. That additional time will allow me and my firm to be better prepared to represent our client and, hopefully, streamline the deposition process.

      I firmly believe that a lawyer shouldn't do anything less for himself than he/she would do for a client…but, neither should a lawyer's lawyer.

      Thank you for your consideration.

                              Respectfully submitted,

                              Lawrence J. Friedman

LJF:sm

cc:    Mike Gruber, Esq.
       gruber.mike@dorsey.com
       Cecelia Fanelli, Esq.
       clf@brewerattorneys.com
       Brian Mason, Esq.
       mason.brian@dorsey.com
       Jim Krause, Esq.
       jkrause@fflawoffice.com