IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **NATIONAL RIFLE ASSOCIATION OF AMERICA,** | § § § | |
| *Plaintiff and Counter-Defendant,* | § § | |
| **v.** | § § | **Case No. 3:19-cv-02074-G** |
| **ACKERMAN MCQUEEN, INC.,** | § § | |
| *Defendant and Counter-Plaintiff,* | § § | |
| **and** | § § | |
| **MERCURY GROUP, INC., HENRY MARTIN, WILLIAM WINKLER, AND MELANIE MONTGOMERY** | § § § § | |
| *Defendants.* | § | |

**PLAINTIFF'S PRETRIAL DISCLOSURE PURSUANT TO FED. R. CIV. P. 26(a)(3)(A)(i)**

The NRA's disclosures pursuant to Fed. R. Civ. P. 26(a)(3)(A)(i) are set forth below. The NRA reserves the right to supplement these disclosures, particularly in response to information recently made available, or still unavailable, as of the date hereof. In addition to the witnesses identified herein, the NRA reserves the right to call: (i) any witness designated or called by Defendants; (ii) any witness necessary to authenticate documents; (iii) any witness necessary to respond to unforeseen developments at trial; (iv) witnesses for rebuttal or impeachment; and (v) any additional witnesses permissible under applicable federal and local rules.

Pursuant to Rule III.A.2 of the Specific Requirements of the Honorable A. Joe Fish, the NRA classified the witnesses as probable, possible, expert, and/or record custodian and provides a brief narrative summary of the testimony to be covered by each witness. The NRA reserves the right to elicit testimony from the witnesses on additional topics not listed here.

| Witness Name | Address / Tel. | Classification | Summary |
|---|---|---|---|
| Alex Bilinksi Jon Serafino Kyle Snyder and/or Daniel J. Ahrens (Performance Improvement Partners) | Performance Improvement Partners, LLC 1 Enterprise Drive, Suite 430 Shelton, CT 06484 (203) 220-9556 | Probable | Performance Improvement Partners was contracted to develop a performance "dashboard" for NRATV and similar Ackerman products. The "dashboard" could have displayed ROI metrics (and the parties' contract references such metrics), but it did not. The NRA is also likely to elicit additional testimony depending upon its review and analysis of the PIP dashboard, to which it only recently gained access. |
| Allen, Meghan | c/o Brewer Attorneys & Counselors 1717 Main Street Dallas, TX 75201 (214) 653-4000 | Possible | Ms. Allen completed an internship at the NRA, and was later hired by the NRA. Her internship housing was arranged by Ackerman. Ms. Allen's relationship with Wayne LaPierre was entirely professional. Ackerman's statements concerning these events were misleading and damaged Ms. Allen . |

| Witness Name | Address / Tel. | Classification | Summary |
|---|---|---|---|
| Arulanandam, Andrew | c/o Brewer Attorneys & Counselors<br>1717 Main Street<br>Dallas, TX 75201<br>(214) 653-4000 | Probable | The NRA intended and desired to monetize NRATV from the outset, but opacity with respect to performance metrics hurt this effort.Ackerman's messaging deviated from the Second Amendment and created public affairsproblems for the NRA. The NRA never viewed Ackerman and the NRA's outside counsel as "competitors." Mr. Arulanandam may also provide testimony regarding confusion or likelihood of confusion resulting from Defendants' display of the NRA's intellectual property on Ackerman's website |
| Azimi, Ariana | 1510 Glenbrook Drive<br>Oklahoma City, OK 73118<br>(405) 620-2020 | Possible; Record Custodian | Ms. Azimi may testify if the need arises regarding the provenance of documents handled, scanned, and transmitted in the course of her work for Revan McQueen, including a letter scanned and emailed to Mr.McQueen on September 24, 2018. |

1

| Witness Name | Address / Tel. | Classification | Summary |
|---|---|---|---|
| Bach, Scott | c/o Brewer Attorneys & Counselors<br>1717 Main Street<br>Dallas, TX 75201<br>(214) 653-4000 | Probable | Ackerman's accusations concerning the NRA's retention of outside counsel and its litigation strategy are baseless in the view of this Legal Affairs Committee member. Statements, discussions, and exchanges for which Mr. Bach was present during the April 2019 Annual Members' Meeting are among the evidence that proves the NRA's extortion allegations. |
| Barr, Bob | c/o Brewer Attorneys & Counselors<br>1717 Main Street<br>Dallas, TX 74201<br>(214) 653-4000 | Possible | This NRA director may testify if the need arises regarding the quality and impact of messaging generated by Ackerman for the NRA; Ackerman's messaging deviated from the Second Amendment, creating public affairs problems for the NRA. |
| Betts, Gina | Dorsey & Whitney LLP<br>300 Crescent Ct., Suite 400<br>Dallas, TX 75201<br>(214) 981-9900 | Likely; Record Custodian | The NRA may examine Ms. Betts if the need arises regarding (i) the "WBB Investments" transaction and the role of Dorsey and Ackerman principals therein, authentication of related records, as well as DJ investments; (ii) her communications withrepresentatives of the NRA concerning the NRA's requests to examine and copy businessrecords, and (iii) activities related to Ackerman's litigation preparation with Dycio & Biggs during the Spring of 2019. |

| Witness Name | Address / Tel. | Classification | Summary |
|---|---|---|---|
| Boren, David Daniel | 3600 NW 174th Street<br>Edmond, OK 70312<br>(508)320-0435 or<br>(405) 471-6027 | Possible; Record Custodian | Mr. Boren may testify if the need arises regarding: the events of the NRA's 2019 Annual Meeting of Members, including conversations serving as bases for the NRA's extortion allegations; and, his knowledge, views, and statements regarding Ackerman's billing practices, including his May 30, 2019, email produced at DB 0216. |
| Bradley, Jessica | Forensic Risk Alliance | Possible; Record Custodian | Ms. Bradley may testify if the need arises regarding her role at FRA during February 2019 records inspection of AMc. |
| Brewer, Skye | c/o Stephen P. Younger<br>1301 Avenue of the Americas<br>New York, NY 10019<br>(973) 768-7874 | Likely; Record Custodian | Ms. Brewer may testify, if the need arises, that allegations by Revan McQueen concerning William A. Brewer III, including allegations of transmitted threats and "messages" through family members, are false. Ms. Brewer may additionally testify if the need arises regarding the historic relationship between Mr. Brewer and her family, and may authenticate records regarding the same. |

| Witness Name | Address / Tel. | Classification | Summary |
|---|---|---|---|
| Buss, Brian | c/o Brewer Attorneys & Counselors<br>1717 Main Street<br>Dallas, TX 74201<br>(214) 653-4000 | Expert | Mr. Buss is expected to testify to the opinions set forth in his Expert Report dated June 1, 2021and the bases therefor. |
| Cain, Dean | c/o Brewer Attorneys & Counselors<br>1717 Main Street<br>Dallas, TX 74201<br>(214) 653-4000 | Possible | This NRA director may testify, if the need arises, that Ackerman's messaging deviated from the Second Amendment and created public affairs problems for the NRA. Mr. Cainmay additionally testify if the need arises about conversations and events which he observed, or to which he was party, in connection with the NRA's April 2019 Annual Members' Meeting, which is among the testimonial evidence that proves the NRA's extortion allegations. |

| Witness Name | Address / Tel. | Classification | Summary |
|---|---|---|---|
| Collins, Michael | c/o Brewer Attorneys & Counselors<br>1717 Main Street<br>Dallas, TX 74201<br>(214) 653-4000 | | Mr. Collins may testify if the need arises regarding the reasonableness of legal fees charged to the NRA by Brewer, Attorneys & Counselors. |
| Cors, Allan | c/o Brewer Attorneys & Counselors<br>1717 Main Street<br>Dallas, TX 74201<br>(214) 653-4000 | Possible | Former President and decades long Board Member of the NRA. Mr. Cors entered in the 2017 Services Agreement with AMC on the NRA's behalf. He is expected to testify about the purposes for which the NRA is permitted to spend funds and the ways in which the Services Agreement was designed to ensure that NRA's funds were spent in accordance with such restrictions. Mr. Cors may testify if the need arises regarding Defendants' relationship of trust and confidence with the NRA. |
| Cotton, Charles | c/o Brewer Attorneys & Counselors<br>1717 Main Street<br>Dallas, TX 74201<br>(214) 653-4000 | Probable | The NRA Board's Audit Committee, of which Mr. Cotton was chair, relied on representations concerning the North Contract which turned out to be false, interfering with the NRA's governance and adherence to internal controls. The Audit Committee had concerns about Ackerman's business and billing practices that sprang from internal whistleblower complaints, and sought to investigate those concerns in 2018. Statements, discussions, and exchanges for which Mr. Cotton was present during the April 2019 Annual Members' Meeting are among the proof of the NRA's extortion allegations |

| Witness Name | Address / Tel. | Classification | Summary |
|---|---|---|---|
| Coy, David | c/o Brewer Attorneys & Counselors<br>1717 Main Street<br>Dallas, TX 74201<br>(214) 653-4000 | Probable | The Audit Committee relied on representations concerning the North Contract which turned out to be false, interfering with the NRA's governance and adherence to internal controls. The Audit Committee had concerns about Ackerman's business and billing practices that sprang from internal whistleblower complaints, and sought to investigate those concerns in 2018.  Mr. Coy may additionally testify if the need arises regarding the NRA's governance and Defendants' relationship of trust and confidence with the NRA. |
| Darley, Brian | c/o Brian Mason<br>Dorsey & Whitney LLP<br>300 Crescent Ct. Ste. 400<br>Dallas, TX 75201<br>(214) 981-9929 | Possible | Mr. Darley may testify if the need arises regarding the launch of NRATV, the metrics presented to management, his conversations with AMc's NRATV expert Daniel Bergin, and the use and development of the PIP dashboard. Among other things, Mr. Darley is expected to testify that he does not know how the NRATV metrics presented to Dr. Bergin were chosen, or by whom, or how they were presented in the dashboard. |
| Davis, Wit | 5311 Heron Trail<br>Middleton, WI  53562<br>Cell: 503-327-9812<br>(503) 327-9812 | Likely, probable | Mr. Davis is counsel to the NRA Board of Directors, and may testify if the need arises regarding allegations concerning the NRA's governance. |
| Dent, Gary | c/o Brewer Attorneys & Counselors<br>1717 Main Street<br>Dallas, TX 74201 | Possible | Mr. Dent is expected to testify, if the need arises, regarding his work in the NRA Information Services division related to financial and operating metric tracking of NRATV. |

| Witness Name | Address / Tel. | Classification | Summary |
|---|---|---|---|
| DeBergalis, Joe | c/o Brewer Attorneys & Counselors<br>1717 Main Street<br>Dallas, TX 74201 | Likely, probable | Mr. DeBergalis may testify if the need arises regarding the NRA's management, Carry Guard, and other NRA programs for which Defendants performed work. |
| Detwiler, Amy | Compass<br>5960 Berkshire Lane, Suite 700<br>Dallas TX 75225 | Possible | Ms. Detweiler may testify if the need arises that she had previously represented DJ Investments in real estate transactions and had an existing relationship with Ackerman, DJ Investments, and/or their principals when she was enlisted in connection with the "WBB Investments" transaction. The NRA may additionally examine Ms. Detweiler regarding statements made concerning the "safe house" search and the transaction being called off. |
| Dillon, Susan | c/o Brewer Attorneys & Counselors<br>1717 Main Street<br>Dallas, TX 74201<br>(214) 653-4000 | Possible | Ms. Dillon may testify if the need arises regarding the NRA's September 2018 attempted record examination, including Ackerman's failure to provide records and details sought. Ms. Dillon may additionally testify if the need arises regarding her role at FRA, FRA's February 2019 attempt to conduct an AMC records inspection, and may attest if the need arises that Ackerman's allegations regarding her lateral career moves during relevant years are false and baseless |

| Witness Name | Address / Tel. | Classification | Summary |
|---|---|---|---|
| Duffy, Lacey | c/o Brian Mason<br>Dorsey & Whitney LLP<br>300 Crescent Ct. Ste. 400<br>Dallas, TX 75201<br>(214) 981-9929 | Probable | Ms. Duffy may testify if the need arises regarding Ackerman business-expense submission and review procedures, including pertaining to Landini's/CXIII Cigar Bar and the anomalous treatment of "passthrough" expenses, principally by Tony Makris; her work with Josh Powell and the timing of purported sexual harassment concerns; the NRA's examination of Ackerman's records; and, Carry Guard, including purported approvals for spending relating to same. |
| Eisenberg, Svetlana | c/o Brewer Attorneys & Counselors<br>1717 Main Street<br>Dallas, TX 74201<br>(214) 653-4000 | | Ms. Eisenberg may testify if the need arises regarding the reasonableness of legal fees charged to the NRA by Brewer, Attorneys & Counselors. |
| Erstling, Michael | c/o Brewer Attorneys & Counselors<br>1717 Main Street<br>Dallas, TX 75201<br>(214) 653-4000 | Probable;<br>Record<br>Custodian | Mr. Erstling came forward with compliance and controls concerns, including serious concerns pertaining to Ackerman, in 2018. He will testify about his concerns regarding Ackerman's business and billing practices, including as set forth in his prior written testimony in the NRA's bankruptcy proceeding. If the need arises, Mr. Erstling may authenticate financial records of the NRA. |

| Witness Name | Address / Tel. | Classification | Summary |
|---|---|---|---|
| Farrell, Peter | c/o Brian Mason<br>Dorsey & Whitney LLP<br>300 Crescent Ct. Ste. 400<br>Dallas, TX 75201<br>(214) 981-9929 | Possible | Mr. Farrell may testify if the need arises regarding the retention of Performance Improvement Partners in connection with Carry Guard, including the contract signed byMr. Farrell designated by Bates No.<br>PIP00003614. |
| Ferate, A.J. | Of Counsel<br>Spencer Fane LLP<br>9400 N. Broadway Extension, Ste. 600<br>Oklahoma City, OK 73114<br>(405)753-5939 | Probable;<br>Record<br>Custodian | Mr. Ferate may testify if the need arises that during his tenure as General Counsel of a former client of Ackerman, he noted many ofthe same concerns reflected in the NRA's lawsuit.  Mr. Ferate may authenticate records<br>relating to the same. |
| Frampton, Carol | c/o Brewer Attorneys & Counselors<br>1717 Main Street<br>Dallas, TX 74201<br>(214) 653-4000 | Possible | Ms. Frampton may testify if the need arises regarding the NRA's governance and Defendants' relationship of trust and confidence with the NRA. |
| Frazer, John | c/o Brewer Attorneys & Counselors<br>1717 Main Street<br>Dallas, TX 75201<br>(214) 653-4000 | Probable;<br>Record<br>Custodian | Mr. Frazer is expected to testify that the NRA continuously sought insight into Defendants' records, including the North contract, in 2018 and early 2019 in response to whistleblower concerns and as part of its internal compliancewith conflict-of-interest policies and laws but was denied satisfactory information, even after multiple attempts at on-site record examinations. Although the NRA will not elicit privileged information, Mr. Frazer is expected to testify subject to constraints of any applicable privileges that Ackerman's allegations regarding the NRA's outside counsel, legal spending, and litigation strategyunfounded. Mr. Frazer is also expected to testify regarding the NRA's maintenance of business records and to authenticate business records if needed. |

| Witness Name | Address / Tel. | Classification | Summary |
|---|---|---|---|
| Froman, Sandra | c/o Brewer Attorneys & Counselors<br>1717 Main Street<br>Dallas, TX 74201<br>(214) 653-4000 | Probable | Ackerman's accusations concerning the NRA's retention of outside counsel and its litigation strategy are baseless in the view of this Legal Affairs Committee member. Statements, discussions, and exchanges for which Ms. Froman was present during the April 2019 Annual Members' Meeting are among the proofs of the NRA's extortion allegations; and, Defendants' relationship of trust and confidence with the NRA. |
| Goolsby, Gary | c/o Brewer Attorneys & Counselors<br>1717 Main Street<br>Dallas, TX 74201<br>(214) 653-4000 | Expert | Mr. Goolsby is expected to testify to the opinions set forth in his Expert Report and Supplemental Expert Report dated June 1, 2021, and August 16, 2021, respectively, and the bases therefore. |
| Gosdin, Kelsey | Director of Digital Media<br>Bridges Strategies & Digital Marketing<br>1 E. Sheridan Avenue, Suite 410<br>Oklahoma City, OK 73104<br>(405) 813-3330 | Possible | The NRA may examine Ms. Gosdin if the need arises regarding Ackerman's media purchasing activities and use of Strata. |

| Witness Name | Address / Tel. | Classification | Summary |
|---|---|---|---|
| Greenberg, Jesse | 3902 Fairfax Avenue<br>Dallas, Texas 75209 | Possible | The NRA may examine Jessie Greenberg if the need arises regarding NRATV and the performance metrics and monetization efforts relating to the same. |
| Hallow, Millie | c/o Brewer Attorneys & Counselors<br>1717 Main Street<br>Dallas, TX 74201<br>(214) 653-4000 | Probable;<br>Record<br>Custodian | Statements, discussions, and exchanges for which Ms. Hallow was present during the April 2019 Annual Members' Meeting are among the evidence of the NRA's extortion allegations. |
| Hamlin, Doug | c/o Brewer Attorneys & Counselors<br>1717 Main Street<br>Dallas, TX 74201<br>(214) 653-4000 | Possible | Mr. Hamlin may testify if the need arises regarding the NRA's print publications, relevant services performed by Defendants, and related budget and performance issues. |
| Hammer, Marion | c/o Brewer Attorneys & Counselors<br>1717 Main Street<br>Dallas, TX 74201<br>(214) 653-4000 | Probable | Statements, discussions, and exchanges for which Ms. Hammer was present during the April 2019 Annual Members' Meeting are among the evidence of the AMC's attempted extortion. This former NRA President may also testify if the need arises regarding the value derived by the NRA from Ackerman's services, the parties relationship and the quality and impact of the AMc's messaging. |
| Himes, Josh | 7777 Elk Ridge S.<br>Divide, CO 80814<br>(405) 620-0623 | Possible | Mr. Himes, whose services were invoiced to the NRA, may testify if the need arises regarding services he performed for Ackerman and the McQueen family. |
| Hochman, Jonathan | c/o Brewer Attorneys & Counselors<br>1717 Main Street<br>Dallas, TX 74201<br>(214) 653-4000 | Expert | Mr. Hochman is expected to testify to the opinions set forth in his Supplemental and Expert reports dated October 22, 2021 and June 1, 2021, respectively, and the bases therefore. |

| Witness Name | Address / Tel. | Classification | Summary |
|---|---|---|---|
| Jenkins, Curtis | c/o Brewer Attorneys & Counselors<br>1717 Main Street<br>Dallas, TX 74201<br>(214) 653-4000 | Probable | The Audit Committee relied on representations concerning the North Contract which turned out to be false, interfering with the NRA's governance and adherence to internal controls. The Audit Committee had concerns about Ackerman's business and billing practices that sprang from internal whistleblower complaints, and sought to investigate those concerns in 2018.  Mr. Jenkins may additionally testify if the need arises regarding the budget process of the Finance Committee of the NRA Board of Directors. |
| Kanter, Larry | c/o Brewer Attorneys & Counselors<br>1717 Main Street<br>Dallas, TX 74201<br>(214) 653-4000 | Expert | Mr. Kanter is expected to testify to the opinions set forth in his Expert Report dated July 15, 2021, and the bases therefor. |
| Keene, David | c/o Brewer Attorneys & Counselors<br>1717 Main Street<br>Dallas, TX 74201<br>(214) 653-4000 | Possible | Mr. Keene is a former NRA President and may testify if the need arises concerning Ackerman's "Russia" allegations, the NRA's governance, and Defendants' relationship of trust and confidence with the NRA. |
| King, Tom | c/o Brewer Attorneys & Counselors<br>1717 Main Street<br>Dallas, TX 74201<br>(214) 653-4000 | Probable | Statements, discussions, and exchanges for which Mr. King was present during the April 2019 Annual Members' Meeting prove AMC's participation in the attempted coup and extortion. This NRA Board Member may also testify if the need arises regarding the value derived by the NRA from Ackerman's services and the quality and impact of the agency's messaging, and may testify regarding a warning from former New |

| Witness Name | Address / Tel. | Classification | Summary |
|---|---|---|---|
| King, Tom | c/o Brewer Attorneys & Counselors<br>1717 Main Street<br>Dallas, TX 74201<br>(214) 653-4000 | Probable | Statements, discussions, and exchanges for which Mr. King was present during the April 2019 Annual Members' Meeting prove AMC's participation in the attempted coup and extortion. This NRA Board Member may also testify if the need arises regarding the value derived by the NRA from Ackerman's services and the quality and impact of the agency's messaging, and may testify regarding a warning from former New York State Attorney General Eric Schneiderman regarding impending hostilities in 2017. |
| Kinney, Chris | c/o Brewer Attorneys & Counselors<br>1717 Main Street<br>Dallas, TX 74201<br>(214) 653-4000 | Probable | Mr. Kinney, who provides personal security for Wayne LaPierre, may testify if the need arises regarding the "WBB Investments" transaction, related meetings, site visits he attended, and security concerns that compelled and shaped the search for a "safe house." |
| Klink, Matthew | c/o Brewer Attorneys & Counselors<br>1717 Main Street<br>Dallas, TX 74201<br>(214) 653-4000 | Expert | Mr. Klink is expected to testify to the opinions set forth in his Expert Report and Disclosure dated June 15, 2021, and the bases therefore. |

| Witness Name | Address / Tel. | Classification | Summary |
|---|---|---|---|
| Knight, Peyton | c/o Brewer Attorneys & Counselors<br>1717 Main Street<br>Dallas, TX 74201<br>(214) 653-4000 | Possible | Mr. Knight may testify if the need arises that his employer, Membership Marketing Partners, never opposed monetization efforts for NRATV.  He may additionally testify if the need arises that Ackerman's messaging, which deviated from the Second Amendment, impeded membership recruitment and retention efforts. And Ackerman's central role is granting, planning and directing the " training programs" and the "insurance program" at the heart of this membership program. |
| Kohlmeyer, James | c/o Brewer Attorneys & Counselors<br>1717 Main Street<br>Dallas, TX 74201<br>(214) 653-4000 | Probable | May testify if the need arises regarding Carry Guard and Ackerman's central role in creating, planning and directing the "training programs" and the "insurance product" at the heart of the membership program. |

14

| Witness Name | Address / Tel. | Classification | Summary |
|---|---|---|---|
| Kozuch, Randy | c/o Brewer Attorneys & Counselors<br>1717 Main Street<br>Dallas, TX 74201<br>(214) 653-4000 | Possible | Mr. Kozuch may testify if the need arises regarding the nature and quality of services provided by Defendants in connection withthe NRA's state and local lobbying efforts. Ackerman's messaging deviated from theSecond Amendment, burdening Mr. Kozuch'swork. |
| Kraus, Autumn | c/o Brewer Attorneys & Counselors<br>1717 Main Street<br>Dallas, TX 74201<br>(214) 653-4000 | Expert | Ms. Kraus is expected to testify to the opinions set forth in her Expert Reports dated June 15, 2021, and July 15, 2021, and the bases therefor. |
| Langford, Herbert | c/o Brewer Attorneys & Counselors<br>1717 Main Street<br>Dallas, TX 74201<br>(214) 653-4000 | Probable | The Audit Committee relied on representations concerning the North Contract which turned out to be false, interfering with the NRA's governance and adherence to internal controls. The Audit Committee had concerns about Ackerman's business and billing practices that sprang from internal whistleblower complaints, and sought to investigate those concerns in 2018. |
| LaPierre, Susan | c/o Brewer Attorneys & Counselors<br>1717 Main Street<br>Dallas, TX 74201<br>(214) 653-4000 | Possible | Mrs. LaPierre may testify if the need arises concerning her work for the Women's Leadership Forum, related travel, and the "WBB Investments" transaction. |

| Witness Name | Address / Tel. | Classification | Summary |
|---|---|---|---|
| LaPierre, Wayne | c/o Brewer Attorneys & Counselors<br>1717 Main Street<br>Dallas, TX 74201<br>(214) 653-4000 | Probable | Among other things, the NRA vested Defendants with decades of trust and confidence concerning its most important matters. Ackerman's allegations that Mr. LaPierre instructed it to "fake" results of its work, "front" improper expenses, conceal and misrepresent NRATV performance data, and otherwise breach its obligations are false. Any allegation that Mr. LaPierre promised to withhold information from the NRA's outside counsel or any NRA executive is false, and Ackerman's account of the October 2018 budget meeting is otherwise misleading. Defendants pitched NRATV to the NRA as a revenue-generating mechanism and Mr. LaPierre relied on Ackerman's representations and omissions concerning NRATV. Oliver North breached his obligations to the NRA and attempted to interfere with the NRA's pursuit of Ackerman-related whistleblower concerns.  Occurrences Mr. LaPierre personally observed during the April 2019 Annual Members' Meeting prove the NRA's extortion allegations—he believed, and believes today, that Ackerman attempted to coerce his resignation and the withdrawal of the NRA's lawsuit against AMC.   Mr. LaPierre is additionally expected to testify about pressure from Ackerman to fire or marginalize NRA employees that scrutinizedits work; for example, after an introductory meeting with Craig Spray in early 2018, Angus McQueen telephoned Mr. LaPierre todemand that Mr. Spray be fired. |

| Witness Name | Address / Tel. | Classification | Summary |
|---|---|---|---|
| Lee, Willes | c/o Brewer Attorneys & Counselors<br>1717 Main Street<br>Dallas, TX 74201<br>(214) 653-4000 | Probable | Mr. Lee is expected to testify that Ackerman's messaging, which deviated from the Second Amendment, harmed the NRA's efforts to diversify its audience. He is additionally expected to testify that conversations and events he observed, and to which he was party, during the NRA's April 2019 Annual Members' Meeting are consistent with the NRA's extortion allegations. He may additionally testify, if the need arises, regarding the NRA's governance and its retention and supervision of outside counsel |
| Madrid, Jay | Dorsey & Whitney LLP<br>300 Crescent Ct. Ste. 400<br>Dallas, TX 75201<br>(214) 981-9929 | Possible | The NRA may examine Mr. Madrid if the need arises regarding (i) his communications withrepresentatives of the NRA concerning the NRA's requests to examine and copy businessrecords, and (ii) activities related to Ackerman's litigation preparation with Dycio & Biggs during the Spring of 2019. |
| Majors, Christie | c/o Brewer Attorneys & Counselors<br>1717 Main Street<br>Dallas, TX 74201<br>(214) 653-4000 | Probable | Ms. Majors may testify if the need arises concerning Ackerman's allegations regarding the NRA Foundation. She is the financial manager at ILA. |
| Makris, Tony | c/o Brian Mason<br>Dorsey & Whitney LLP<br>300 Crescent Ct. Ste. 400<br>Dallas, TX 75201<br>(214) 981-9929 | Probable;<br>Record<br>Custodian | Mr. Makris incurred substantial expenses without a documented or actual business purpose which, the NRA will prove, were invoiced to the NRA. Mr. Makris is additionally expected to testify about communications with NRA executives and fiduciaries in 2018 and 2019, including communications with Steve Hart concerning regulatory risks and the NRA's record-inspection efforts. |

| Witness Name | Address / Tel. | Classification | Summary |
|---|---|---|---|
| Marcario, Robert | 6140 Sunpatterns Trail<br>Fairfax Station, VA 22039-1208 | Possible | Mr. Marcario may testify if the need arises regarding work invoiced by Ackerman to the NRA during his tenure, including "live" call-in and video content that preceded NRATV, and the potentially deceptive metrics generated by Ackerman in connection with the same. |
| Martin, Ed | 1916 Worthington Lane<br>Edmond, OK 73013 | Probable | Mr. Martin may testify if the need arises regarding the events surrounding the NRA's April 2019 Annual Members' Meeting, including his telephone call to Oliver North and the reasons therefor. |
| Martin, Henry | c/o Brian Mason<br>Dorsey & Whitney LLP<br>300 Crescent Ct. Ste. 400<br>Dallas, TX 75201<br>(214) 981-9929 | Probable | Mr. Martin is expected to testify regarding Defendants' compliance with the Services Agreement, as well as regarding NRATV. |
| Mason, Brian | Dorsey & Whitney LLP<br>300 Crescent Ct. Ste. 400<br>Dallas, TX 75201<br>(214) 981-9929 | Probable | Mr. Mason is expected to testify regarding Defendants conflicting stories regarding AMc's custody of and access provided to the NRA's virtual server and social media accounts, as well as the content of his declarations dated July 6, 2021 and October 29, 2021. |
| McLaughlin, William | c/o Brewer Attorneys & Counselors<br>1717 Main Street<br>Dallas, TX 74201<br>(214) 653-4000 | Possible | Mr. McLaughlin is expected to testify regarding the NRA's access to and ability to control its owned social media accounts for NRATV. |

| McLean, Andrew | c/o Brewer Attorneys & Counselors<br>1717 Main Street<br>Dallas, TX 74201<br>(214) 653-4000 | Expert | Mr. McLean is expected to testify to the opinions set forth in his Expert and Supplemental Reports datedJune 1, 2021 and October 18, 2021, and the bases therefore. |

| Witness Name | Address / Tel. | Classification | Summary |
|---|---|---|---|
| McQueen, Revan | c/o Brian Mason<br>Dorsey & Whitney LLP<br>300 Crescent Ct. Ste. 400<br>Dallas, TX 75201<br>(214) 981-9929 | Probable;<br>Record<br>Custodian | Mr. McQueen will testify regarding: his desire to "drop" the NRA as a client prior to the events of 2018; the letter drafted by Angus McQueen, and reviewed by Revan McQueen, on or about September 24, 2018, that anticipated litigation with the NRA; the foundation, or lack thereof, for written testimony Mr. McQueen previously provided regarding Ackerman's dealings with the NRA and its outside counsel; the October 2018 budget meeting; NRATV and related metrics, monetization efforts, representations, and omissions; the annual budget process and representations made in connection therewith; Ackerman's understanding of the Services Agreement and steps taken, or not taken, by senior management to comply therewith; and, the existence and ownership of DJ Investments LLC and the role of various principals in the contemplated "WBB Investments" transaction. Mr. McQueen is expected to testify that he was one of several executives who gave direction to McDermott, Will & Emery in connection with a letter it wrote to the NRA's outside counsel in August 2018 which made representations about Ackerman's record-keeping and regulatory compliance. |

| Witness Name | Address / Tel. | Classification | Summary |
|---|---|---|---|
| Meadows, Carolyn | c/o Brewer Attorneys & Counselors<br>1717 Main Street<br>Dallas, TX 74201<br>(214) 653-4000 | Probable;Record Custodian | Statements, discussions, and exchanges for which Ms. Meadows was present during the April 2019 Annual Members' Meeting proveAMC's participation in extortion and attempted coup. As President of the NRA, Ms. Meadows may also testify if the need arises regarding the NRA's governance, its retention and supervision of vendors, the value derived by the NRA from Ackerman's services and the quality and impact of the agency's messaging. |
| Michael Trahar and/or Jessica Bradley, Forensic Risk Alliance | One Cowboys Way<br>Suite 470<br>Frisco, Texas 75034<br>(469) 604-0925 | Probable | Mr. Trahar previously testified as a corporate representative of Forensic Risk Alliance, the forensic accounting firm retained by the NRA Office of the General Counsel to assist with an attempted examination of Ackerman's files, books, and records pursuant to the NRA's Services Agreement with the NRA, and will testify on the same subject matter if the need arises. In the alternative, the NRA may call Jessica Bradley, a former employee of Forensic Risk Alliance who led the NRA's attempted February 2019 files, books, and records examination. |
| Minson, Jeff | c/o Brian Mason<br>300 Crescent Ct. Ste. 400<br>Dallas, TX 75201<br>(214) 981-9929 | Possible | Mr. Minson may testify if the need arises regarding Tony Makris's expenses and procedures and documentation pertaining to same. |

| Witness Name | Address / Tel. | Classification | Summary |
|---|---|---|---|
| Montgomery, Melanie | c/o Brian Mason<br>300 Crescent Ct. Ste. 400<br>Dallas, TX 75201<br>(214) 981-9929 | Probable | Ms. Montgomery is expected to testify regarding Ackerman business-expense submission and review procedures, including pertaining to expenses at Landini's/CXIII Cigar Bar and the anomalous treatment of "passthrough" expenses, principally by Tony Makris; her work with Josh Powell and the timing of purported sexual harassment concerns; the budget process, including the October 11, 2018, budget meeting and related calls, meetings, and draft letters preceding the same; and, the NRA's attempted examination of Ackerman's files, books, and records. |
| Ouimet, Jason | c/o Brewer Attorneys & Counselors<br>1717 Main Street<br>Dallas, TX 74201<br>(214) 653-4000 | Possible | Mr. Ouimet may testify if the need arises regarding views within NRA-ILA of Ackerman's services and value, relevant controls governing expenses, and the NRA's compliance efforts. |
| Padilla, Portia | c/o Brewer Attorneys & Counselors<br>1717 Main Street<br>Dallas, TX 74201<br>(214) 653-4000 | Probable | Ms. Padilla is one of several whistleblowers who may testify if the need arises regarding concerns she raised involving Ackerman in 2018. |
| Payne, Tamara | 1513 Two Bridge Drive<br>Oklahoma City, OK 73131 | Possible | Ms. Payne is expected to testify, if the need arises, regarding her relationship with the McQueen family and the services she purportedly performed for the NRA.  If the need arises, the NRA may additionally examine Ms. Payne about her communications and transactions with Defendants since leaving Ackerman, including litigation against Revan McQueenand the NRA's subpoena in this litigation. |

| Witness Name | Address / Tel. | Classification | Summary |
|---|---|---|---|
| Phillips, Wilson | c/o Mark Werbner<br>5600 W. Lovers Lane, Suite 116-314<br>Dallas, TX 75209<br>(214) 884-4584 | Possible | Mr. Phillips may testify if the need arises that neither he—nor, to his knowledge, Mr. LaPierre—instructed Defendants to "fake" their work, "front" expenses, or otherwise breach their obligations. The NRA may additionally examine Mr. Phillips regarding correspondence with Ackerman that bore his signature, the "WBB Investments" transaction, and the Services Agreement. |
| Plotts, Greg | Aronson LLC<br>111 Rockville Pike, Suite 600 \|<br>Rockville, MD 20850<br>(301) 231-6200 | Probable | Mr. Plotts' firm, Aronson LLC, audited the NRA's financials in 2019 and is presently completing its 2020 audit.  Aronson performed additional audit procedures relating to internal controls and was apprised of issues pertaining to vendors, including Ackerman. |
| Powell, Josh | | Possible | Mr. Powell may testify, if the need arises, regarding his role managing vendor compliance at the NRA, including Ackerman, the conspiracy in April 2019 to destabilize NRA management and its compliance efforts, and NRA efforts to gain transparency from Ackerman regarding NRATV. |
| Powers, Bill | c/o Brian Mason<br>Dorsey & Whitney LLP<br>300 Crescent Ct. Ste. 400<br>Dallas, TX 75201<br>(214) 981-9929 | Probable | Mr. Powers may testify if the need arises regarding his secretive communications with the mediaconcerning the NRA. |

| Witness Name | Address / Tel. | Classification | Summary |
|---|---|---|---|
| Printz, Jay | c/o Brewer Attorneys & Counselors<br>1717 Main Street<br>Dallas, TX 74201<br>(214) 653-4000 | Probable | Mr. Printz is expected to testify about the events of the NRA's 2019 Annual Meeting, including the proceedings of the Nominating Committee. |
| Purtell, Jim | c/o Brewer Attorneys & Counselors<br>1717 Main Street<br>Dallas, TX 75201<br>(214) 653-4000 | Probable | Mr. Purtell is expected to testify, if the need arises, regarding his work in the NRA Information Services division related to financial and operating metric tracking of NRATV. |
| Rathner, Todd | c/o Brewer Attorneys & Counselors<br>1717 Main Street<br>Dallas, TX 74201<br>(214) 653-4000 | Possible | Mr. Rathner may testify if the need arises regarding the events of the NRA's governance, including the budget process of the Finance Committee of the Board of Directors, as well as Defendants' relationship of trust and confidence with the NRA. |
| Reid, Alex | 1050 Connecticut Avenue, NW<br>Suite 1100<br>Washington, D.C. 2003<br>Baker Hostetler LLP<br>(202) 861-1676 | Probable | Mr. Reid may testify if the need arises regarding his 2019 memorandum analyzing the NRA's retention of counsel. |
| Reno, Duane | c/o Brewer Attorneys & Counselors<br>1717 Main Street<br>Dallas, TX 74201<br>(214) 653-4000 | Possible | Mr. Reno may testify if the need arises regarding budget and invoicing protocols, including the transmittal of budget information to Mr. Erstling. |

| Witness Name | Address / Tel. | Classification | Summary |
|---|---|---|---|
| Robinson, Kayne | c/o Brewer Attorneys & Counselors<br>1717 Main Street<br>Dallas, TX 74201<br>(214) 653-4000 | Possible | Statements, discussions, and exchanges for which Mr. Robinson was present during the April 2019 Annual Members' Meeting prove AMC's participation in extortion and attempted coup. This former NRA President may also testify if the need arises regarding the value derived by the NRA from Ackerman's services and the quality and impact of the agency's messaging. |
| Robinson, Mark | c/o Brewer Attorneys & Counselors<br>1717 Main Street<br>Dallas, TX 74201<br>(214) 653-4000 | Possible | This NRA director may testify if the need arises that Ackerman's messaging deviated from the Second Amendment and caused public affairs problems for the NRA. |
| Rowling, Sonya | c/o Brewer Attorneys & Counselors<br>1717 Main Street<br>Dallas, TX 74201<br>(214) 653-4000 | Probable | Ms. Rowling came forward with compliance and controls concerns, including serious concerns pertaining to Ackerman, in 2018. She will testify about these concerns, and may additionally testify if needed regarding the NRA's financial controls and processes, including pertaining to executive expenses. |
| Ryan, Stephen | 901 New York Ave NW Ste 500<br>Washington DC 20001 | Possible | Mr. Ryan, as counsel to Ackerman, is expected to testify regarding (i) communications withrepresentatives of the NRA concerning the NRA's requests to examine and copy business records and (ii) activities related to Ackerman's litigation preparation with Dycio & Biggs during the Spring of 2019. |

| Witness Name | Address / Tel. | Classification | Summary |
|---|---|---|---|
| Schropp, Tyler | c/o Brewer Attorneys & Counselors<br>1717 Main Street<br>Dallas, TX 74201<br>(214) 653-4000 | Probable | Mr. Schropp is expected to testify regarding his work at Mercury Group, related procedures for incurring and submitting expenses, and his knowledge of particular trips and transactions, including those identified in correspondence from Bill Winkler dated April 22, 2019. Mr. Schropp may also testify if the need arises regarding the lack of fundraising efforts, experience, or effectiveness by AMc, as well as Ackerman's allegations regarding the NRA Foundation. |
| Sloan, Gurney | 66 Canal Center Plaza, Suite 750<br>Alexandria, VA 22314<br>(703) 272-1500 | Probable | Mr. Sloan may testify if the need arises that his employer, Membership Marketing Partners, never opposed monetization efforts for NRATV.  He may additionally testify if the need arises that Ackerman's messaging, which deviated from the Second Amendment, impeded membership recruitment and retention efforts. Mr. Sloan may additionally testify if the need arises regarding invoicing and expense procedures observed during his tenure at Ackerman. |
| Spofford, Grant | c/o Brewer Attorneys & Counselors<br>1717 Main Street<br>Dallas, TX 74201<br>**(214) 653-4000** | Probable | Mr. Spofford is expected to testify regarding his previous employment at Ackerman, including Ackerman's internal communications, controls and procedures regarding budgeting, billing, and expenses. He is also expected to testify regarding his work on NRATV, including Ackerman's reaction to questions from the NRA regardingNRATV viewership analytics. He is also expected to testify regarding his work on Carry Guard at AMc. |

| Witness Name | Address / Tel. | Classification | Summary |
|---|---|---|---|
| Sprangers, Christopher | W347N5846 Foxglove Ct.<br>Oconomowoc, WI 53066<br>No phone found. | Possible | The NRA may examine Mr. Sprangers if the need arises regarding his efforts to elicit NRATV metrics from Ackerman during his tenure at the NRA and his difficulty obtaining the same. |
| Spray, Craig | c/o Jed M. Silvermith, Esq.<br>Blank Rome LLP<br>One Logan Square<br>130 North 18th Street<br>Philadelphia, PA 19103<br>(215) 569-5789 | Probable | Mr. Spray may testify about the NRA's Bylaws and the purposes for which the NRA exists. He may also testify if the need arises that: he had concerns about Ackerman's billing and contract compliance in 2018, which were raised and shared by other employees in the NRA's Financial Services Department; Ackerman's conduct at the October 11, 2018, budget meeting was unprofessional and, in his view, amounted to retaliation for the NRA's efforts to manage its own budget. Depending upon developments at trial, Mr. Spray may additionally provide testimony regarding the NRA's governance and supervision of its major vendors. |
| Stanford, Gayle | 6100 Kentland Ave.<br>Woodland Hills, CA 91367 | Possible | Ms. Stanford may testify if the need arises regarding services provided to Ackerman and the NRA. |
| Staples, Jim | c/o Brewer Attorneys & Counselors<br>1717 Main Street<br>Dallas, TX 74201 | Probable | Mr. Staples may testify if the need arises regarding security concerns and related travel |

| Witness Name | Address / Tel. | Classification | Summary |
|---|---|---|---|
| | (214) 653-4000 | | arrangements, including the security need that Mr. LaPierre fly private. |
| Stinchfield, Grant | 6217 Goliad Avenue Dallas, TX 75214 | Possible | Mr. Stinchfield may testify if the need arises regarding his work on NRATV, including direction from Ackerman regarding content and messaging, the cost-effectiveness of various forms of content distribution and the viewership attracted, and his communications with Ackerman leadership regarding the same. Mr. Stinchfield may also testify if the need arises regarding the topics addressed in his prior written testimony in this action and Ackerman's resulting lawsuit against him. |
| Supernaugh, Lisa | c/o Brewer Attorneys & Counselors 1717 Main Street Dallas, TX 74201 (214) 653-4000 | Probable; Record Custodian | Ms. Supernaugh may testify if the need arises regarding: efforts to locate support for Ackerman's invoices, particularly during Fall 2018 and thereafter; communications regarding budget cuts; and the handling, provenance, and e-signature procedures pertaining to documents signed by Woody Phillips prior to his retirement and admissions by Tony Makris regarding out of pocket expenses and invoices. |
| Tavangar, Nader | c/o Brian Mason Dorsey & Whitney LLP 300 Crescent Ct. Ste. 400 Dallas, TX 75201 (214) 981-9929 | Probable | Mr. Tavangar is expected to testify regarding his incurrence and submission of expenses, including "passthrough" expenses, billed to the NRA, as well as Defendants' travel and expense procedures, and their failure to comply with same. |

| Witness Name | Address / Tel. | Classification | Summary |
|---|---|---|---|
| Tedrick, Rick | c/o Brewer Attorneys & Counselors<br>1717 Main Street<br>Dallas, TX 74201<br>(214) 653-4000 | Possible; Record Custodian | Mr. Tedrick may testify if the need arises, and if he is able to appear at the trial, regarding (i) "audits" of Ackerman records which he performed during and prior to 2014, which revealed that employees purportedly dedicated to the NRA were spending time on non-NRA matters; (ii) Tony Makris's consistent failure to document business purpose of his expenses reimbursed by the NRA; (iii) AMC's knowledge of the NRA's IRS-compliance internal procedures for business expense reimbursements; (iv) his nontrivial concerns about Ackerman's billing; (v) and, Defendants' relationship of trust and confidence with the NRA. |
| Valinksi, David | 200 Bella Harbor Ct., Unit 107<br>Palm Coast, FL 32137<br>(859) 653-3445 | Possible | The NRA may examine Mr. Valinksi if the need arises regarding his tenure as Special Assistant to Oliver North. |
| Van Horn, Eric | c/o Brian Mason<br>Dorsey & Whitney LLP<br>300 Crescent Ct. Ste. 400<br>Dallas, TX 75201 | Possible | Mr. Van Horn may testify if the need arises regarding Carry Guard and NRATV. |
| Wang, Eric | Sr. VP, Group Technical Program Manager, Advanced Analytics<br>Citigroup<br>6400 Las Colinas Blvd.<br>Irving, TX 75039<br>1-800-285-3000 | Possible | The NRA may examine Mr. Wang if the need arises regarding NRATV and the performance metrics and monetization efforts relating to the same. |

| Witness Name | Address / Tel. | Classification | Summary |
|---|---|---|---|
| Warren, David | c/o Brewer Attorneys & Counselors 1717 Main Street Dallas, TX 74201 (214) 653-4000 | Possible | Mr. Warren may testify if the need arises regarding (i) NRA financial controls applicable to the Services Agreement and invoices issued thereunder and (ii) relevant proceedings of the Audit Committee. |
| West, Stephanie | c/o Brian Mason Dorsey & Whitney LLP 300 Crescent Ct. Ste. 400 Dallas, TX 75201 | Possible | Former assistant of AMC/MG Executive Tony Makris. According to Makris, Ms. West was responsible for sending to AMC's accounting department records in which he alleges he kept track of the NRA business purpose served by expenses he incurred and for which AMC sought and obtained reimbursement from the NRA (which records AMC to date has yet to produce). She also allegedly kept track of the purpose for which Tony Makris used funds submitted for reimbursement to the NRA for tips. Ms. West is expected to confirm that she forwarded whatever documentation Mr. Makris prepared/supplied to AMC's accounting department. |

| Witness Name | Address / Tel. | Classification | Summary |
|---|---|---|---|
| Winkler, Bill | c/o Brian Mason<br>Dorsey & Whitney LLP<br>300 Crescent Ct. Ste. 400<br>Dallas, TX 75201 | Probable | Mr. Winkler is expected to testify regarding: Ackerman's finances and accounting, including purported damages; his knowledge of "passthrough" expenses invoiced to the NRA; the contemplated "WBB Investments" transaction and the respective roles of Mr. Winkler and DJ Investments LLC therein; the October 11, 2018, budget meeting; the NRA's examinations of Ackerman's records; billing and invoicing procedures under the Services Agreement; and, the events of the NRA's April 2019 Annual Members' Meeting, including Mr. Winkler's dissemination of confidential records and his misleading statements in connection with the same. |
| Winkler, Brandon | c/o Brian Mason<br>Dorsey & Whitney LLP<br>300 Crescent Ct. Ste. 400<br>Dallas, TX 75201 | Probable | Mr. Winkler is expected to testify regarding Ackerman's finances and accounting, including purported damages; the contemplated "WBB Investments" transaction and the respective roles of the Winkler family and DJ Investments LLC therein; and, the October 2018 budget meeting. |

Dated: February 7, 2022

Respectfully submitted,

By:    */s/ Cecelia L. Fanelli*
       Cecelia L. Fanelli
       *Pro Hac Vice*
       clf@brewerattorneys.com
       Sarah B. Rogers
       *Pro Hac Vice*
       sbr@brewerattorneys.com
       Philip J. Furia
       *Pro Hac Vice*
       pjf@brewerattorneys.com
       Konstantin N. Parkhomenko
       TX Bar No. 24074854
       knp@brewerattorneys.com

       **BREWER ATTORNEYS AND COUNSELORS**
       1717 Main Street, Suite 5900
       Dallas, Texas 75201

       **ATTORNEYS FOR PLAINTIFF/COUNTER-DEFENDANT NATIONAL RIFLE ASSOCIATION OF AMERICA**

## CERTIFICATE OF SERVICE

I hereby certify that on February 7, 2022, I filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas. I hereby certify that I have served the document on all counsel of record by a manner authorized by the Federal Rules of Civil Procedure.

       */s/ Cecelia L. Fanelli*
       Cecelia L. Fanelli