IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NATIONAL RIFLE ASSOCIATION OF AMERICA, | § § § | |
| *Plaintiff and Counter-Defendant*, | § § | |
| v. | § § | Case No. 3:19-cv-02074-G |
| ACKERMAN MCQUEEN, INC., | § § § | |
| *Defendant and Counter-Plaintiff*, | § § | |
| and | § § | |
| MERCURY GROUP, INC., HENRY MARTIN, WILLIAM WINKLER, AND MELANIE MONTGOMERY | § § § § | |
| *Defendants*. | | |

**PLAINTIFF'S OBJECTION TO DEFENDANTS'**
**PRETRIAL DISCLOSURE PURSUANT TO FED. R. CIV. P. 26(a)(3)(A)(ii)**

The NRA objects to Defendants' use under Rule 32(a) of the deposition of non-party Oliver North. During the course of this litigation, Defendants have continuously withheld and concealed documents and communications concerning Mr. North. On October 22, 2021, seven days before the close of discovery, Defendants disclosed for the first time that they were withholding as privileged 241 communications concerning Mr. North.[1] These documents were buried among

---

[1] *See* the following entries on Defendants' Second Amended Privilege Log (ECF No. 398, at Ex. A) 31, 32, 33, 34, 35, 36, 37, 39, 40, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 84, 85, 86, 87, 94, 95, 96, 97, 98, 99, 100, 101, 102, 104, 106, 108, 109, 110, 111, 159, 162, 163, 166, 167, 168, 169, 170, 171, 172, 173, 174, 175, 575, 578, 581, 582, 583, 584, 585, 586, 587, 590, 591, 592, 594, 596, 597, 598, 599, 656, 657, 658, 695, 696, 697, 698, 699, 700, 701, 702, 706, 707, 716, 722, 726, 727, 728, 729, 730, 731, 732, 733, 734, 735, 736, 737, 738, 739, 740, 743, 744, 745, 746, 757, 758, 761, 763, 764, 767, 769, 770, 774, 775, 777, 778, 779, 780, 781, 783, 784, 786, 788, 789, 790, 791, 806, 808, 815, 1114, 1115, 1237, 1238, 1239, 1240, 1241, 1242, 1243, 1244, 1245, 1246, 1247, 1248, 1263, 1265, 1266, 1267, 1268, 1270, 1271, 1272, 1273, 1274, 1375, 1387, 1388, 1392, 1395, 1397, 1410, 1411, 1412, 1413, 1414, 1415, 1418, 1436, 1438, 1443, 1643, 1764, 1789, 1790, 1800, 1801, 1809, 1817, 1818, 1819, 1820, 1821, 1822, 1824, 1825, 1826,

1,620 other entries which were added to Defendants' privilege log that same day.[2]

On January 6, 2022, Defendants produced a Supplemental Categorical Privilege Log which disclosed for the first time that Defendants are also withholding 14 additional distinct "categories" of documents concerning Mr. North.[3]  Categories numbered 11, 12, 13 and 14 on Defendants' Supplemental Categorical Privilege Log involve Ackerman's communications with the NRA's side-switching former counsel Mark Dycio, Esq, and identify Mr. North as a discussion topic.[4] Defendants refuse to disclose the number of communications contained within each of these categories.  As such, the NRA does not know the total number of North-related documents being withheld at this time.

Magistrate Judge Toliver currently has before her (1) the NRA's objections to Defendants' Second Amended Privilege Log;[5] and (2) the NRA's objections to Defendants' Supplemental Privilege Log.[6]  Also before this Court is the NRA's Motion to Disqualify Or, In the Alternative, For Protection of Confidential Information,[7] which requests the production of documents withheld in categories 11-14 of Defendants Supplemental Categorical Privilege Log, which list Mr. North as a topic.[8]

---

1827,1829, 1830, 1831, 1832, 1835, 1836, 1837, 1838, 1840, 1846, 1849, 1850, 1852, 1853, 1854, 1855, 1856, 1858, 1859, 1860, 1986, 1988, 1990, 1991, 1992, 1993, 2000, 2001, 2002 and 2003.

[2] After the NRA filed a motion asking the Court to determine that Defendants privileges are waived as to these newly disclosed documents, Defendants blamed their failure to log on an unidentified "vendor."  Though Defendants claimed to have learned of their "vendor error" on October 13, 2022, they failed to bring this issue to the attention of the Court in their status reports of October 15, 22 or 29.

[3] *See* the following entries on Defendants Supplemental Categorical Privilege Log (ECF No. 487) 1, 2, 3, 4, 5, 6, 7, 8, 11, 12, 13, 14, 24, 25, 26.

[4] *Id*. at entries 11-14.

[5] *See* ECF. No. 486.

[6] *See* ECF No. 533.

[7] *See* ECF No. 556.

[8] *See id.* at 22.

It remains the NRA's position that all documents on Defendants' logs concerning Mr. North should be produced. Defendants contend that they entered into a multimillion-dollar employment agreement with Mr. North in their capacity as the NRA's agent, and now seek to recover the full cost of Mr. North's outstanding contractual payments as damages in this matter. Moreover, Mr. North remains the centerpiece of Defendants' defamation claim against the NRA.[9] Defendants contend the NRA misrepresented statements made by Mr. North during a telephone call.[10] It would extremely prejudicial to the NRA for Defendants to be permitted to utilize Mr. North's testimony to support a defamation cause of action (where truth is a defense), while simultaneously withholding an untold number (at a minimum hundreds, and perhaps, thousands) of documents relevant to Mr. North.

For the reasons stated herein, the NRA objects to Defendants' use of his deposition testimony at trial.[11]

---

[9] *See* Defendants' Second Amended Counterclaim (ECF No. 241) at ¶¶ 121-134.

[10] *Id*. at ¶¶ 121-122.

[11] The NRA expressly reserves the right to move to preclude Mr. North's live testimony for reasons including but not limited to those referenced herein.

Dated: February 22, 2022

Respectfully submitted,

By: */s/ Philip J. Furia*
Cecelia L. Fanelli
*Pro Hac Vice*
clf@brewerattorneys.com
Sarah B. Rogers
*Pro Hac Vice*
sbr@brewerattorneys.com
Philip J. Furia
*Pro Hac Vice*
pjf@brewerattorneys.com
Konstantin N. Parkhomenko
TX Bar No. 24074854
knp@brewerattorneys.com

**BREWER ATTORNEYS AND COUNSELORS**
1717 Main Street, Suite 5900
Dallas, Texas 75201

**ATTORNEYS FOR PLAINTIFF/COUNTER-DEFENDANT NATIONAL RIFLE ASSOCIATION OF AMERICA**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was electronically served via the Court's electronic case filing system upon all counsel of record on this 22nd day of February, 2022.

*/s/ Philip J. Furia*
Philip J. Furia