IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NATIONAL RIFLE ASSOCIATION OF AMERICA, | § § § § | |
| Plaintiff and Counter-Defendant | § § | |
| v. | § § | |
| ACKERMAN MCQUEEN, INC., | § § | Civil Action No. 3:19-cv-02074-G |
| Defendant and Counter-Plaintiff, | § § § | |
| and | § § | |
| MERCURY GROUP, INC., HENRY MARTIN, WILLIAM WINKLER, and MELANIE MONTGOMERY, | § § § § | |
| Defendants. | | |

**PLAINTIFF NATIONAL RIFLE ASSOCIATION OF AMERICA'S
MOTION IN LIMINE NO. 2 TO PRECLUDE DEFENDANTS FROM RELYING ON OR
USING AT TRIAL A CONFIDENTIAL EVIDENCE CONCERNING THE NRA'S
ARBITRATION WITH CHRISTOPHER COX**

**BREWER, ATTORNEYS & COUNSELORS**
Cecelia L. Fanelli
clf@brewerattorneys.com
Sarah B. Rogers
sbr@brewerattorneys.com
Philip J. Furia
pjf@brewerattorneys.com
David J. Partida
djp@brewerattorneys.com
Konstantin Parkhomenko
knp@brewerattorneys.com
**BREWER ATTORNEYS AND COUNSELORS**
1717 Main Street, Suite 5900
Dallas, Texas 75201

**ATTORNEYS FOR PLAINTIFF/COUNTER-
DEFENDANT NATIONAL RIFLE
ASSOCIATION OF AMERICA**

1

## I. FACTUAL BACKGROUND

On February 14, 2022, Defendant Ackerman McQueen, Inc. ("AMc"), served its Amended Exhibit List (the "Exhibit List") on Plaintiff the National Rifle Association of America, Inc. (the NRA").[1] The Exhibit List includes "NRA's Amended Response with Counterclaims Against Christopher Cox (CPR File: G-21-05-S)" as Exhibit 363.[2] This document is a pleading from a confidential arbitration between the NRA and Christopher Cox ("Cox"), the former Executive Director of the NRA's Institute for Legislative Action, the lobbying arm of the NRA.

## II. ARGUMENT

In the 5th Circuit, "motions in limine may be used to secure a pretrial ruling that certain evidence is admissible [or inadmissible]." Motions in limine streamline a trial by settling evidentiary disputes in advance.[3] To streamline this case and eliminate prejudice that would arise from AMc's use of an irrelevant document, the NRA seeks an in limine ruling from this Court that AMc is precluded from relying on Exhibit 363 of its Exhibit List and from using it in any way at trial. The NRA met and conferred with AMc in connection with this motion in limine in accordance with this Court's scheduling order in this case and in accordance with Local Rule 7.1(a).

To be relevant evidence must have "any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."[4] The Cox arbitration, a private dispute between the NRA and a former executive, does not relate to any claim, defense, or counterclaim in this case. Therefore, Exhibit 363, along with any other

---

[1] ECF No. 552, Ackerman McQueen, Inc.'s Amended Trial Exhibit List ("AMc Exhibit List").
[2] *See id.* at 31 [PageID 57830].
[3] *See Grant v. CRST Expedited, Inc.*, No. 1:18-CV-433, 2021 WL 2101741, at *1 (E.D. Tex. Apr. 7, 2021) ("[Motions in limine] are well-established devices that streamline trials and settle evidentiary disputes in advance, so that trials are not interrupted mid-course for the consideration of lengthy and complex evidentiary issues.") (citations omitted).
[4] Federal Rule of Evidence 401.

2

documents or evidence from the Cox arbitration is irrelevant. The NRA has never put the matter of the Cox arbitration at issue here.

Further, the Arbitration between Cox and the NRA was confidential – as indicated by the text on the cover page of the document: "**CONFIDENTIAL**."[5] AMc was not involved in this arbitration in any way.  Exhibit 363 does not bear a bates stamp. The document provides no provenances detailing how and from where AMc or its counsel obtained it. AMc's attempted use of a confidential document with no relevance or probative value only serves as a vehicle to prejudice the NRA and deprive it of the right of confidentiality to which it is entitled.

Even if the document was relevant, under Federal Rule of Evidence 403, this Court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."[6]  The NRA's counsel in this case also represented the NRA in the Cox arbitration. AMc apparently seeks to use Exhibit 363 to discuss the legal fees charged by NRA's counsel in the Cox arbitration. The introduction of this document for this purpose has no probative value and would only serve to unduly prejudice the NRA, mislead the jury, and confuse the issues of this case.

The only real purpose for AMc's use of this confidential information is to distract from its demonstrable wrongdoing and frivolous, unsupportable counterclaims. AMc's bad faith is underscored by its hypocrisy in seeking to use irrelevant materials from the unrelated Cox arbitration while affirmatively concealing all materials for years from the Dana Loesch arbitration, which forms the very basis for AMc's claim for indemnification here. The NRA respectfully

---

[5] *See* ECF No. 552, AMc's Amended Exhibit List, at Ex. 363 [PageID57830].
[6] Federal Rule of Evidence 403.

submits that this Court should not countenance this type of gamesmanship designed to afford AMc a strategic advantage to compensate for the lack of merit of its defenses and counterclaims.

### III.   CONCLUSION

For the foregoing reasons, the NRA respectfully asks the Court to preclude AMc from relying on the confidential document, Exhibit 363, or any other evidence concerning the Cox arbitration at trial in any way because it is irrelevant under Rule 401 and, even if it was relevant, its potential for prejudice to the NRA is far outweighed by any probative value it may have under Rule 403.

Dated: February 24, 2022

Respectfully submitted,

**BREWER ATTORNEYS AND COUNSELORS**

By: /s/ *Cecelia L. Fanelli*

Cecelia L. Fanelli
clf@brewerattorneys.com
Sarah B. Rogers
sbr@brewerattorneys.com
Philip J. Furia
pjf@brewerattorneys.com
David J. Partida
djp@brewerattorneys.com
Konstantin Parkhomenko
knp@brewerattorneys.com
**BREWER ATTORNEYS AND COUNSELORS**
1717 Main Street, Suite 5900
Dallas, Texas 75201

**ATTORNEYS FOR PLAINTIFF/COUNTER-DEFENDANT NATIONAL RIFLE ASSOCIATION OF AMERICA**

**CERTIFICATE OF CONFERENCE**

On February 23, 2022, counsel for the NRA conferred with counsel for Defendants regarding this Motion.

*/s/ Cecelia L. Fanelli*
Cecelia L. Fanelli

**CERTIFICATE OF SERVICE**

I hereby certify that on February 24, 2022, I filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas. I hereby certify that I have served the document on all counsel of record by a manner authorized by the Federal Rules of Civil Procedure.

*/s/ Cecelia L. Fanelli*
Cecelia L. Fanelli