**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **NATIONAL RIFLE ASSOCIATION OF AMERICA,**<br><br>**Plaintiff and Counter-Defendant**<br><br>**v.**<br><br>**ACKERMAN MCQUEEN, INC.,**<br><br>**Defendant and Counter-Plaintiff,**<br><br>**and**<br><br>**MERCURY GROUP, INC., HENRY MARTIN, WILLIAM WINKLER, and MELANIE MONTGOMERY,**<br><br>**Defendants.** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **Civil Action No. 3:19-cv-02074-G** |

**PLAINTIFF NATIONAL RIFLE ASSOCIATION OF AMERICA'S MOTION IN LIMINE NO. 3 TO PRECLUDE DEFENDANTS FROM CALLING OLIVER NORTH AS A WITNESS AT TRIAL OR USING HIS DEPOSITION AT TRIAL**

**BREWER, ATTORNEYS & COUNSELORS**
Cecelia L. Fanelli
clf@brewerattorneys.com
Sarah B. Rogers
sbr@brewerattorneys.com
Philip J. Furia
pjf@brewerattorneys.com
David J. Partida
djp@brewerattorneys.com
**BREWER ATTORNEYS AND COUNSELORS**
1717 Main Street, Suite 5900
Dallas, Texas 75201

**ATTORNEYS FOR PLAINTIFF/COUNTER-DEFENDANT NATIONAL RIFLE ASSOCIATION OF AMERICA**

In the 5th Circuit, "motions in limine may be used to secure a pretrial ruling that certain evidence is admissible [or inadmissible]." Motions in limine streamline a trial by settling evidentiary disputes in advance.[1] To streamline this case and eliminate prejudice the NRA seeks an in limine ruling from this Court that AMc is precluded from using the deposition testimony of Oliver North ("North") at trial or from calling North as a witness at trial. The NRA met and conferred with AMc in connection with this motion in limine in accordance with this Court's scheduling order in this case and in accordance with Local Rule 7.1(a).

## I. THIS COURT SHOULD PRECLUDE DEFENDANTS FROM CALLING NORTH AS A WITNESS AT TRIAL OR USING HIS DEPOSITION AT TRIAL UNDER FEDERAL RULE OF EVIDENCE 403

### A. Factual Background

The record here establishes that AMc withheld relevant, essential documents concerning key issues, in particular information regarding North. Worse yet, AMc did not log the withheld documents until forced to do so by the Court after repeated requests.[2] In responses to the NRA's longstanding pursuit of logs AMc's lead counsel sent a letter on September 10, 2021, in which he stated that AMc was going to "determine whether any supplemental modification to the privilege log or production of documents is necessary or appropriate."[3] On September 16, 2021, counsel appeared before the Court at a status conference. At that time, the NRA's counsel noted that there appeared to exist a "pattern of nondisclosure."[4] In response, Defendants' lead counsel at the

---

[1] *See Grant v. CRST Expedited, Inc.*, No. 1:18-CV-433, 2021 WL 2101741, at *1 (E.D. Tex. Apr. 7, 2021) ("[Motions in limine] are well-established devices that streamline trials and settle evidentiary disputes in advance, so that trials are not interrupted mid-course for the consideration of lengthy and complex evidentiary issues.") (citations omitted).

[2] *Id.*

[3] *See* ECF No. 537, Ex. 10, Letter from B. Mason to J. Clouser, dated September 10, 2021 [App. 0117-19].

[4] ECF 428-1, Ex. 6 Status Conf. Tr. 18:25-19:1, [APPX233-34]. With respect to the specific issue of logs, the NRA's counsel elaborated: [w]e do have privilege log issues, and the privilege log is quite small. […] Mr. Mason in the Motion for Summary Judgment, the Court may recall, said he reviewed 2.4 million documents and produced 40,000. So the report is -- is rather short. The report also has on it NRATV data issues. […] I find it hard to understand what the privilege would be there. […] So there are log issues and, interestingly, the log indicates that when this books and records action began at about that time, they were getting advice from counsel. It says that, advice of counsel,

hearing, Brian E. Mason, did not dispute the substance of the NRA's counsel's statements. Instead, he stated that "we're going back and looking at those issues[…]"[5] Despite this express representation to the Court, it was not until a month on October 22, 2021 that Defendants produced their Second Amended Privilege Log.

Notably, when the Honorable Judge Fish extended the discovery deadline to October 29, 2021, he required the parties to each submit weekly reports concerning the status of discovery. After allegedly discovering unlogged documents on October 13, 2021,[6] Defendants submitted three status reports to the Court. However, AMc never disclosed the fact it failed to timely produce or log 1,620 supposedly privileged documents. On October 15, 2021 – two days after allegedly learning that for years it had failed to log 1,620 documents – Defendants disingenuously submitted a status report to the Court which advised only that "AMc intends to produce this final amended privilege log early next week and hopes that it will resolve the concerns the NRA has raised without court intervention."[7] The following week, on the same night Defendants produced its Second Amended Privilege Log with 1,620 new entries, it disingenuously advised the Court in a status report that "AMc produced its final amended privilege log on October 22, 2021 and anticipates that it will resolve the concerns the NRA has raised without the need for court intervention."[8] AMc's final report to the Court, on October 29, 2021, did not mention the privilege log at all, as they were apparently content that they had erected a façade of compliance that covered up its failure to log withheld documents that coincidently relate to key matters at issue here, like North's behavior.

---

about responding to -- they call it "the Brewery [sic] inquiry," but really, Judge, what it is is it's an inquiry by the NRA, started by the Audit Committee after whistleblowers approached them. *Id.* at 18:1-18, [APPX233].

[5] *Id.* at 41:16-19, [APPX256].

[6] Revealed for the first time by AMc on November 19, 2021 only in response to a Motion to Compel filed by the NRA. *See generally,* ECF 395.

[7] ECF 387, AMc's Oct. 15, 2021 Status Report Pursuant To Court Order Of Sept. 16, 2021, at p. 3.

[8] ECF 389, AMc's Oct. 15, 2021 Status Report Pursuant To Court Order Of Sept. 16, 2021, at p. 4.

On October 29, 2021, the NRA filed a motion to compel production of documents withheld under deficient claims of privilege, including documents that AMc failed or refused to log after years of successive opportunities.[9] In response to that motion, Defendants attempted to explain their prejudicial delay with the feeble excuse of blaming a vendor. However, Defendants' counsel never advised the NRA's counsel or the Court of the alleged "vendor issue," which was perfunctorily and belatedly revealed only in response to a motion to compel, and then without evidentiary support. At no time after the alleged discovery and prior to its response to the motion to compel, did AMc even hint that it had a major systemic failure concerning logging and production supposedly caused by an unidentified vendor.

On December 15, 2021, the parties appeared before Magistrate Judge Toliver for oral argument concerning several discovery matters, including Plaintiff's motion to compel. The Court concluded that Defendants' excuses for failing to produce a privilege log concerning documents outside their narrow chosen date range "f[ell] flat," and ordered one to be furnished.[10] On December 16, 2021, this direction was memorialized in an electronic Order requiring Defendants to produce a privilege log for "all post-April 2019 and pre-2018 documents withheld."[11]

Continuing its pattern of nondisclosure, AMc produced a defective, categorical log on January 6, 2022. NRA's efforts to resolve the issue have failed. Indeed, AMc's bad faith is underscored by the recent, blatantly false assertion of AMc's counsel that the "NRA failed to even raise the issue [of the logs] until October 2021, right before the extended discovery deadline."[12]

---

[9] *See* ECF No. 397, NRA's Motion to Compel Certain Documents Withheld Under Deficient Claims of Privilege.

[10] *See* ECF No. 453, Ex. B, the Oral Argument Transcript, dated Dec. 15, 2021 (the "Transcript"), at 53:18-54:2 [App. 056-59].

[11] *See* ECF No. 430, Order issued by Magistrate Judge Toliver, dated December 16, 2021 (the "Order").

[12] *See* ECF No. 537, Ex. 8, Letter from B. Mason to P. Furia, dated January 21, 2022 [App. 0108-111].

**B. The Deliberate Concealment of Withheld Documents Relating to North**

On October 22, 2021, seven days before the close of discovery, Defendants disclosed for the first time that they were withholding as allegedly privileged ***241 communications*** concerning North.[13] These documents were buried among 1,620 other new entries which were added to Defendants' privilege log that same day.

On January 6, 2022, Defendants produced a Supplemental Categorical Privilege Log which disclosed for the first time that Defendants are also withholding ***14 additional distinct "categories" of documents concerning North.***[14] Categories numbered 11, 12, 13 and 14 on Defendants' Supplemental Categorical Privilege Log involve AMc's communications with the NRA's side-switching former counsel Mark Dycio, Esq, and expressly identify North as a discussion topic.[15] Defendants refuse to disclose the number of communications contained within each of these categories; however, based on AMc's recent briefing to the Court the total number of documents contained in the Supplemental Categorical Privilege Log exceed 25,000.[16] As such, the NRA does not know the total number of North-related documents being withheld at this time, which continues to gravely prejudice the NRA and affords AMc a tactical advantage at trial, as AMc capitalizes on its strategic withholding.

---

[13] *See* the following entries on Defendants' Second Amended Privilege Log (ECF No. 422, at Ex. 39) 31, 32, 33, 34, 35, 36, 37, 39, 40, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 84, 85, 86, 87, 94, 95, 96, 97, 98, 99, 100, 101, 102, 104, 106, 108, 109, 110, 111, 159, 162, 163, 166, 167, 168, 169, 170, 171, 172, 173, 174, 175, 575, 578, 581, 582, 583, 584, 585, 586, 587, 590, 591, 592, 594, 596, 597, 598, 599, 656, 657, 658, 695, 696, 697, 698, 699, 700, 701, 702, 706, 707, 716, 722, 726, 727, 728, 729, 730, 731, 732, 733, 734, 735, 736, 737, 738, 739, 740, 743, 744, 745, 746, 757, 758, 761, 763, 764, 767, 769, 770, 774, 775, 777, 778, 779, 780, 781, 783, 784, 786, 788, 789, 790, 791, 806, 808, 815, 1114, 1115, 1237, 1238, 1239, 1240, 1241, 1242, 1243, 1244, 1245, 1246, 1247, 1248, 1263, 1265, 1266, 1267, 1268, 1270, 1271, 1272, 1273, 1274, 1375, 1387, 1388, 1392, 1395, 1397, 1410, 1411, 1412, 1413, 1414, 1415, 1418, 1436, 1438, 1443, 1643, 1764, 1789, 1790, 1800, 1801, 1809, 1817, 1818, 1819, 1820, 1821, 1822, 1824, 1825, 1826, 1827,1829, 1830, 1831, 1832, 1835, 1836, 1837, 1838, 1840, 1846, 1849, 1850, 1852, 1853, 1854, 1855, 1856, 1858, 1859, 1860, 1986, 1988, 1990, 1991, 1992, 1993, 2000, 2001, 2002 and 2003.

[14] *See* the following entries on Defendants Supplemental Categorical Privilege Log (ECF No. 487) 1, 2, 3, 4, 5, 6, 7, 8, 11, 12, 13, 14, 24, 25, 26.

[15] *Id*. at entries 11-14.

[16] *See* ECF No. 554 at p. 2.

Magistrate Judge Toliver currently has before her (1) the NRA's objections to Defendants' Second Amended Privilege Log;[17] and (2) the NRA's objections to Defendants' Supplemental Categorical Privilege Log.[18] It remains the NRA's position that all documents on Defendants' logs concerning North should be produced. Defendants contend that they entered into a multimillion-dollar employment agreement with North in their capacity as the NRA's agent, and now seek to recover the full cost of North's outstanding contractual payments as damages in this matter. Moreover, North remains the centerpiece of Defendants' defamation claim against the NRA.[19] Defendants contend the NRA misrepresented statements made by North during a telephone call.[20]

Federal Rule of Evidence 403 provides that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of … unfair prejudice." It would unfairly prejudice the NRA for Defendants to be permitted to utilize North's deposition or trial testimony to support a defamation cause of action (where truth is a defense), while simultaneously withholding an untold number (at a minimum hundreds, and perhaps, thousands) of documents relevant to North from the NRA. For reasons set forth above, Defendants should be precluded from calling North as a witness at trial or using his deposition at trial under Federal Rule of Evidence 403.

## II. <u>REQUEST FOR RELIEF</u>

For the foregoing reasons, the NRA requests that this Court rule that Defendants are precluded from calling Mr. North as a witness or using his deposition testimony at trial.

[17] *See* ECF No. 486.
[18] *See* ECF No. 533.
[19] *See* Defendants' Second Amended Counterclaim (ECF No. 241) at ¶¶ 121-134.
[20] *Id*. at ¶¶ 121-122.

Dated: February 24, 2022

Respectfully submitted,

By: /s/ *Cecelia L. Fanelli*

Cecelia L. Fanelli
clf@brewerattorneys.com
Sarah B. Rogers
sbr@brewerattorneys.com
Philip J. Furia
pjf@brewerattorneys.com
David J. Partida
djp@brewerattorneys.com
Konstantin Parkhomenko
knp@brewerattorneys.com
**BREWER ATTORNEYS AND COUNSELORS**
1717 Main Street, Suite 5900
Dallas, Texas 75201

**ATTORNEYS FOR PLAINTIFF/COUNTER-DEFENDANT NATIONAL RIFLE ASSOCIATION OF AMERICA**

**CERTIFICATE OF CONFERENCE**

On February 23, 2022, counsel for the NRA conferred with counsel for Defendants regarding this Motion.

*/s/ Cecelia L. Fanelli*
Cecelia L. Fanelli

**CERTIFICATE OF SERVICE**

I hereby certify that on February 24, 2022, I filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas. I hereby certify that I have served the document on all counsel of record by a manner authorized by the Federal Rules of Civil Procedure.

*/s/ Cecelia L. Fanelli*
Cecelia L. Fanelli

-