IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| NATIONAL RIFLE ASSOCIATION OF AMERICA, | § § § |
| Plaintiff and Counter-Defendant | § § |
| v. | § § |
| ACKERMAN MCQUEEN, INC., | §  Civil Action No. 3:19-cv-02074-G |
| Defendant and Counter-Plaintiff, | § § |
| and | § § |
| MERCURY GROUP, INC., HENRY MARTIN, WILLIAM WINKLER, and MELANIE MONTGOMERY, | § § § § |
| Defendants. | |

**PLAINTIFF NATIONAL RIFLE ASSOCIATION OF AMERICA'S
MOTION IN LIMINE NO. 4 TO PROHIBIT THE USE OF EVIDENCE PROTECTED
BY THE U.S. BANKRUPTCY COURT'S PROTECTIVE ORDER**

Cecelia L. Fanelli
clf@brewerattorneys.com
Sarah B. Rogers
sbr@brewerattorneys.com
Philip J. Furia
pjf@brewerattorneys.com
David J. Partida
djp@brewerattorneys.com
Konstantin N. Parkhomenko
knp@brewerattorneys.com
**BREWER ATTORNEYS AND COUNSELORS**
1717 Main Street, Suite 5900
Dallas, Texas 75201
**ATTORNEYS FOR PLAINTIFF**

Motions in limine streamline a trial by settling evidentiary disputes in advance.[1] To streamline this case and help eliminate undue prejudice, the NRA seeks an in limine ruling from this Court to preclude Defendants from presenting at trial any of the testimony or evidence described in Section I, *infra*, and files this memorandum of law in support. The NRA met and conferred with AMc in connection with this motion in limine in accordance with this Court's scheduling order in this case and in accordance with Local Rule 7.1(a).

## I.
## EVIDENCE TO BE EXCLUDED

For the reasons stated in Section II, *infra*, AMc should be precluded from introducing the following evidence:

- NRA's confidential financial information subject to the Bankruptcy Action's Protective Order

## II.
## ARGUMENT

**A.  Evidence Subject To The Bankruptcy Action's Protective Order Should Be Excluded**

On January 15, 2021, the NRA and its affiliate, Sea Girt, LLC, filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in the U.S. Bankruptcy Court for the Northern District of Texas, styled as *In re National Rifle Association of America and Sea Girt LLC*, Case No. 21-30085 (Bankr. N.D. Tex.) (the "Bankruptcy Action"). Defendants Ackerman McQueen and Mercury Group, Inc. (collectively "Ackerman" or "AMc") were creditors and parties to the bankruptcy proceedings. A number of exhibits used in the Bankruptcy involved

---

[1] *See Grant v. CRST Expedited, Inc.*, No. 1:18-CV-433, 2021 WL 2101741, at *1 (E.D. Tex. Apr. 7, 2021) ("[Motions in limine] are well-established devices that streamline trials and settle evidentiary disputes in advance, so that trials are not interrupted mid-course for the consideration of lengthy and complex evidentiary issues.") (citations omitted).

2

confidential financial information belonging to the NRA – including attorneys' fees paid to its counsel, Brewer, Attorneys & Counselors. A protective order ("Protective Order") was entered in the Bankruptcy Action, which protected said documents from being used or disseminated, including after the conclusion bankruptcy proceedings.[2] More specifically, the Protective Order states:

> 7. Information designated as Confidential Information may only be used for purposes of preparation, trial, and appeal within this Bankruptcy. Confidential Information may not be used under any circumstances for any other purpose.[3]

And, additionally:

> 14. Within sixty (60) calendar days after final judgment of any of the matters in this Bankruptcy, including the exhaustion of all appeals, or within sixty (60) calendar days after dismissal pursuant to a settlement agreement, each party or other person subject to the terms of this Protective Order is under an obligation to destroy or return to the producing party all materials and documents containing Confidential Information, and to certify to the producing party that this destruction or return has been done. However, counsel for any party is entitled to retain all court papers, trial transcripts, exhibits, and attorney work provided that any such materials are maintained and protected in accordance with the terms of this Protective Order.[4]

Ackerman is precluded from using any such information outside of the Bankruptcy proceedings[5]. In fact, that information should have been destroyed within 60 days after the conclusion of the Bankruptcy.[6]

**However,** Ackerman McQueen, Inc. ("Ackerman" or "AMc")'s trial exhibit list contains exhibits subject to the Protective Order, which contain NRA Confidential Information.[7] The following exhibits are in clear violation of the Protective Order:

---

[2] *See* Furia Decl. Ex. 1, ECF 386, Protective Order dated March 18, 2022, entered in Case 21-30085-hdh11, In Re: National Rifle Association of America and Sea Girt, LLC, Debtors, before the United States Bankruptcy Court of the Northern District of Texas.
[3] *See id*. at paragraph 7.
[4] *See id*. at paragraph 14.
[5] *See id*. at paragraph 7.
[6] *See id*. at paragraph 14.

- AMc Trial Exhibit 186 – a document clearly marked "Confidential," which contains invoiced totals for the rendition of legal services[8]
- AMc Trial Exhibit 211 -- a document clearly marked "Confidential," which contains invoiced totals for the rendition of legal services[9]
- AMc Trial Exhibit 221 – a document clearly marked "Confidential," which contains invoiced totals for the rendition of legal services[10]

The use of above exhibits is a violation of the plain language and intent of the Protective Order. Accordingly, the NRA respectfully requests that this Court honor the Protective Order of the Bankruptcy Action and preclude Defendants from introducing **any** evidence or legal arguments that bring up before the jury the confidential financial information subject to the Protective Order.

---

[7] *See, e.g.,* AMc's proposed trial exhibits numbered as follows: 186, bates stamped NRA-BK-00060928; 211, bates stamped NRA-BK-00061283; and 221, bates stamped NRA-BK-00060718.
[8] *See* Furia Decl. Ex. 2, AMc Trial Exhibit 186, bates stamped NRA-BK-00060928.
[9] Furia Decl. Ex. 3, AMc Trial Exhibit 211, bates stamped NRA-BK-00061283.
[10] Furia Decl. Ex. 4, AMc Trial Exhibit 221, bates stamped NRA-BK-00060718.

## III.

## REQUEST FOR RELIEF

For the foregoing reasons, Plaintiff requests that this Court preclude Defendants from offering the evidence or statements described in Sections I and II, *supra.*

Dated: February 25, 2022                    Respectfully submitted,

By: /s/ *Philip J. Furia*

Cecelia L. Fanelli
clf@brewerattorneys.com
Sarah B. Rogers
sbr@brewerattorneys.com
Philip J. Furia
pjf@brewerattorneys.com
David J. Partida
djp@brewerattorneys.com
Konstantin Parkhomenko
knp@brewerattorneys.com
**BREWER ATTORNEYS AND COUNSELORS**
1717 Main Street, Suite 5900
Dallas, Texas 75201

**ATTORNEYS FOR PLAINTIFF/COUNTER-DEFENDANT NATIONAL RIFLE ASSOCIATION OF AMERICA**

## CERTIFICATE OF CONFERENCE

On February 23, 2022, counsel for the NRA conferred with counsel for Defendants regarding this Motion.

*/s/ Philip J. Furia*
Philip J. Furia

## CERTIFICATE OF SERVICE

I hereby certify that on February 25, 2022, I filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas. I hereby certify that I have served the document on all counsel of record by a manner authorized by the Federal Rules of Civil Procedure.

*/s/ Philip J. Furia*
Philip J. Furia