IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NATIONAL RIFLE ASSOCIATION OF AMERICA, | § § § | |
| Plaintiff and Counter-Defendant | § § § | |
| v. | § § | |
| ACKERMAN MCQUEEN, INC., | § § | Civil Action No. 3:19-cv-02074-G |
| Defendant and Counter-Plaintiff, | § § § | |
| and | § § | |
| MERCURY GROUP, INC., HENRY MARTIN, WILLIAM WINKLER, and MELANIE MONTGOMERY, | § § § § | |
| Defendants. | | |

**PLAINTIFF NATIONAL RIFLE ASSOCIATION OF AMERICA'S
MOTION IN LIMINE NO. 5 TO PROHIBIT THE USE OF EVIDENCE ABOUT OR
REFERENCE TO WILLIAM A. BREWER III SUPPOSED ETHICAL SANCTIONS**

Cecelia L. Fanelli
clf@brewerattorneys.com
Sarah B. Rogers
sbr@brewerattorneys.com
Philip J. Furia
pjf@brewerattorneys.com
David J. Partida
djp@brewerattorneys.com
Konstantin N. Parkhomenko
knp@brewerattorneys.com
**BREWER ATTORNEYS AND COUNSELORS**
1717 Main Street, Suite 5900
Dallas, Texas 75201
**ATTORNEYS FOR PLAINTIFF**

Motions in limine streamline a trial by settling evidentiary disputes in advance.[1] To streamline this case and help eliminate undue prejudice, the NRA seeks an in limine ruling from this Court to preclude Defendants from presenting at trial any of the testimony evidence, or arguments described in Section I, *infra*, and files this memorandum of law in support. The NRA met and conferred with AMc in connection with this motion in limine in accordance with this Court's scheduling order in this case and in accordance with Local Rule 7.1(a).

## I.

## EVIDENCE TO BE EXCLUDED

For the reasons stated in Section II, *infra*, AMc should be precluded from introducing the following evidence:

- Evidence involving the "sanctions" for alleged ethical violations by William A. Brewer, III and the Brewer Firm, which was dismissed, and

- Evidence regarding alleged internal animosity within the Brewer family.

## II.

## ARGUMENT

**A.  Evidence Regarding or Reference to Mr. Brewer's Alleged Ethical Sanctions Should Be Excluded**

Ackerman seeks to introduce evidence regarding Mr. Brewer's alleged ethical violations, and sanctions which resulted therefrom. This evidence or any reference to the subject matter is far more prejudicial than probative and should be disallowed for two reasons. First, the evidence is misleading on its face, because the "sanctions" for unethical conduct have been dismissed by the Texas Supreme Court, which ruled that the trial court abused its discretion in inferring –

---

[1] *See Grant v. CRST Expedited, Inc.*, No. 1:18-CV-433, 2021 WL 2101741, at *1 (E.D. Tex. Apr. 7, 2021) ("[Motions in limine] are well-established devices that streamline trials and settle evidentiary disputes in advance, so that trials are not interrupted mid-course for the consideration of lengthy and complex evidentiary issues.") (citations omitted).

contrary to evidence – that Mr. Brewer acted in bad faith.[2] Therefore, in accordance with the law of the case doctrine, there are no ethical sanctions against Mr. Brewer.[3] Second, this type of evidence is designed only to prejudice the jury against Plaintiffs' lawyers, but has absolutely no probative value with respect to any disputed fact, claim, or counterclaim in this case.[4] Accordingly, this Court should disallow any evidence discussing or comments about the ultimately untrue and irrelevant allegations that Mr. Brewer was once sanctioned for unethical conduct.

### III.

### REQUEST FOR RELIEF

For the foregoing reasons, Plaintiff requests that this Court preclude Defendants from offering the evidence or statements described in Sections I and II, *supra*.

Dated: February 25, 2022          Respectfully submitted,

By: /s/ *Philip J. Furia*

**BREWER, ATTORNEYS & COUNSELORS**
Cecelia L. Fanelli
clf@brewerattorneys.com
Sarah B. Rogers
sbr@brewerattorneys.com
Philip J. Furia
pjf@brewerattorneys.com

---

[2] *See Brewer v. Lennox Hearth Prod., LLC,* 601 S.W.3d 704, 729 (Tex. 2020), *reh'g denied* (June 12, 2020) (dismissing the sanctions against Mr. Brewer); *cf. also Zahn v. Solano*, No. 4:10-CV-864-Y, 2015 WL 13632437, at *1 (N.D. Tex. Mar. 10, 2015) (". . . Plaintiff's claims for assault and battery have been dismissed. . . . Therefore, any evidence regarding these claims is irrelevant and potentially misleading to the jury.").

[3] *See generally, e.g., Briscoe v. Goodmark Corp.,* 102 S.W.3d 714 (Tex. 2003) (addressing the law of the case doctrine in Texas).

[4] *See* FED. R. EVID. 403; *cf. also Zahn v. Solano*, 2015 WL 13632437, at *1 (evidence of an offense that has been dismissed is "prejudicial" to the jury). Any reference to or comment about this matter should be excluded. *See Brock v. Wal-Mart Stores Inc.*, 78 F.3d 582 (5th Cir. 1996) (affirming district court's granting of motion in limine to exclude any evidence, **reference**, or jury instruction to certain testimony) (emphasis added); *Anderson Greenwood & Co. v. J.F. Gaskill Co.*, 68 F.3d 464 (5th Cir. 1995) (discussing the district court's granting of a motion in limine to exclude any "evidence, mention, reference or inference" about certain prejudicial information).

>David J. Partida
>djp@brewerattorneys.com
>Konstantin N. Parkhomenko
>knp@brewerattorneys.com
>**BREWER ATTORNEYS AND COUNSELORS**
>1717 Main Street, Suite 5900
>Dallas, Texas 75201
>**ATTORNEYS FOR PLAINTIFF/COUNTER-DEFENDANT NATIONAL RIFLE ASSOCIATION OF AMERICA**

## CERTIFICATE OF CONFERENCE

On February 23, 2022, counsel for the NRA conferred with counsel for Defendants regarding this Motion.

>*/s/ Philip J. Furia*
>Philip J. Furia

## CERTIFICATE OF SERVICE

I hereby certify that on February 25, 2022, I filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas. I hereby certify that I have served the document on all counsel of record by a manner authorized by the Federal Rules of Civil Procedure.

>*/s/ Philip J. Furia*
>Philip J. Furia

3