IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| NATIONAL RIFLE ASSOCIATION OF AMERICA,<br><br>　　Plaintiff and Counter-Defendant<br><br>v.<br><br>ACKERMAN MCQUEEN, INC.,<br><br>　　Defendant and Counter-Plaintiff,<br><br>and<br><br>MERCURY GROUP, INC., HENRY MARTIN, WILLIAM WINKLER, and MELANIE MONTGOMERY,<br><br>　　Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§  Civil Action No. 3:19-cv-02074-G<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

**PLAINTIFF THE NATIONAL RIFLE ASSOCIATION OF AMERICA'S
MOTION IN LIMINE NO. 6 TO EXCLUDE CERTAIN EVIDENCE BARRED BY THE
PAROL EVIDENCE RULE**

　　　　　　　　　　　　　　　　　　**BREWER, ATTORNEYS & COUNSELORS**
　　　　　　　　　　　　　　　　　　Cecelia L. Fanelli
　　　　　　　　　　　　　　　　　　clf@brewerattorneys.com
　　　　　　　　　　　　　　　　　　Sarah B. Rogers
　　　　　　　　　　　　　　　　　　sbr@brewerattorneys.com
　　　　　　　　　　　　　　　　　　Philip J. Furia
　　　　　　　　　　　　　　　　　　pjf@brewerattorneys.com
　　　　　　　　　　　　　　　　　　**BREWER ATTORNEYS AND COUNSELORS**
　　　　　　　　　　　　　　　　　　1717 Main Street, Suite 5900
　　　　　　　　　　　　　　　　　　Dallas, Texas 75201

　　　　　　　　　　　　　　　　　　**ATTORNEYS FOR PLAINTIFF/COUNTER-
　　　　　　　　　　　　　　　　　　DEFENDANT NATIONAL RIFLE
　　　　　　　　　　　　　　　　　　ASSOCIATION OF AMERICA**

1

In the 5th Circuit "motions in limine may be used to secure a pretrial ruling that certain evidence is admissible [or inadmissible]." The NRA moves in limine, to preclude Defendants from presenting at trial any parol evidence designed to interpret or contradict the terms of the Services Agreement between the parties.[1] The NRA met and conferred with Ackerman McQueen ("AMc") in connection with this motion in limine in accordance with this Court's scheduling order in this case and in accordance with Local Rule 7.1(a).

## I. PRELIMINARY STATEMENT

AMc's pleadings in this matter make clear that it intends to rely upon parol evidence to alter the terms of the Services Agreement between the NRA and AMc dated April 30, 2017 (the "Services Agreement")[2] to defeat the NRA's breach of contract claim and in support of its own breach of contract counterclaim. Specifically, AMc repeatedly alleges that the Services Agreement does not mean what it says because NRA representatives orally agreed to change the requirements Services Agreement[3] or that certain obligations under the Services Agreement were met despite the not satisfying the explicit language of the Services Agreement.[4]  This parol evidence is inadmissible under Virginia law and should be disregarded by the Court.

## II. ARGUMENT

Motions in limine to are designed to streamline a trial by settling evidentiary disputes in advance.[5] For this express purpose, and to eliminate prejudice from arguments that AMc seeks to

---

[1] *Randle v. Tregre*, 147 F. Supp. 3d 581, 596 (E.D. La. 2015), *aff'd*, 670 F. App'x 285 (5th Cir. 2016).
[2] *See* ECF No. 448, Ex. 2, Services Agreement, at § X.D [App. 00023]; *see also Tom Hughes Marine, Inc. v. Am. Honda Motor Co.*, 219 F.3d 321, 323-24 (4th Cir. 2000).
[3] See, e.g., ECF No. 448, Ex. 18, Dep. Tr. of AMc's 30(b)(6) Representatives, at 39:20–40:10 (testifying that AMc deviated from the Services Agreement's invoice detail requirements) [App. 00878]; 72:21–73:4 (testifying to AMc's "interpretation" of the indemnification clause) [App. 00886-87]; 147:18:–148:1 (claiming that AMc could refuse to allow the NRA to obtain copies of its own records despite no language in the contract permitting this) [App. 00905].
[4] *See, e.g.*, *Id.* at 135:11–136:6 (admitting to providing the NRA with an audit sample even though the agreement does not expressly permit this) [App. 00902].
[5] *See Grant v. CRST Expedited, Inc.*, No. 1:18-CV-433, 2021 WL 2101741, at *1 (E.D. Tex. Apr. 7, 2021) "[Motions in limine] are well-established devices that streamline trials and settle evidentiary disputes in advance, so that trials are not interrupted mid-course for the consideration of lengthy and complex evidentiary issues.") (citations omitted).

introduce issues that are barred as a matter of law under the parol evidence rule, the NRA brings this motion to preclude AMc from introducing parol evidence regarding AMc's satisfaction or breach of the Services Agreement.

"***The rule which excludes parol evidence when offered to vary the terms and conditions of an integrated written contact has nowhere been more strictly adhered to in its integrity than in Virginia.***"[6] Indeed, the parol evidence rule "***in effect, declares that, where parties have reduced their contract to a writing which imposes a legal obligation in clear and explicit terms the writing shall be the sole memorial of that contract, and it is conclusively concluded that the writing contains the whole contract, and is the sole evidence of the agreement***."[7] Accordingly, when the agreement of the parties can be clearly determined from the terms of the contract, parol evidence of additional or different terms is inadmissible,[8] because "[i]t is universally accepted that parole or extrinsic evidence will be excluded when offered to add to, subtract from, vary or contradict the terms of a written contract."[9] Thus, "[p]arol evidence of prior or contemporaneous oral negotiations are generally inadmissible to alter, contradict, or explain the terms of a written instrument provided the document is complete, unambiguous, and unconditional."[10] And,

> [c]ontracts are not rendered ambiguous merely because the parties or their attorneys disagree upon the meaning of the language employed to express the agreement. Even though an agreement may have been drawn unartfully, the court must construe the language as written if its parts can be read together without conflict.[11]

---

[6] *Jim Carpenter Co. v. Potts*, 255 Va. 147, 155 (1998) (emphasis added) (internal citations and quotations omitted).
[7] *Id.* (emphasis added).
[8] *Lerner v. Gudelsky Co.,* 230 Va. 124 (1985).
[9] *High Knob v. Allen*, 205 Va. 503, 506 (1964).
[10] *Westmoreland-LG&E Partners v. Virginia Elec. And Power Co.*, 254 Va. 1, 10 (1997) (collecting cases) (internal citations and quotations omitted).
[11] *Id.* at 10-11.

The parties agree that Virginia Law governs the Services Agreement.[12] Under Virginia law, "the [parol evidence] rule provides that 'where an agreement is complete on its face, is plain and unambiguous in its terms, the court is not at liberty to search for its meaning beyond the instrument itself.'"[13] The parol evidence rule recognizes that "where parties have reduced their contract to a writing which imposes a legal obligation in clear and explicit terms the writing shall be the sole memorial of that contract."[14] Accordingly, where a party relies on parol evidence in an effort to prove the parties' intent in connection with an unambiguous contract, the court should bar the use of such evidence.

**A. The Services Agreement Was Fully Integrated**

Here, the Services Agreement contains an unambiguous integration clause, stating, in relevant part: "This Services Agreement, together with any Exhibits hereto, constitute the entire agreement between the NRA and AMc relating to the matters covered by this Services Agreement at the time of its signing . . . [and] supersedes all prior agreements, including letter agreements and memoranda of understanding."[15] The integration clause was reiterated in the Amendment No. 1 to the Services Agreement, dated May 6, 2018, which states: "This Amendment and the Services Agreement, and the Exhibits thereto, constitute the entire agreement between NRA and AMc relating to the matters covered hereto and thereto."[16] Accordingly, as a matter of law, parol evidence is inadmissible to vary or supplement the terms of the Services Agreement.[17]

---

[12] Defendants concede this point in their summary judgment brief. *See* ECF No. 418, AMc S.J. Brief at ¶ 43 ("Under Virginia law, which governs the contract . . .").
[13] *Suntrust Mortg., Inc. v. United Guar. Residential Ins. Co. of North Carolina*, 508 Fed.Appx. 243, 248 (4th Cir. 2013) (citing *Globe Iron Const. Co. v. First Nat'l Bank of Boston*, 205 Va. 841, 848, 140 S.E.2d 629, 633 (1965)).
[14] *Id*. (citing *Pulaski Nat'l Bank v. Harrell*, 203 Va. 227, 233, 123 S.E.2d 382, 387 (1962)).
[15] *See* ECF No. 439, Ex. 2, Services Agreement, Section X.D., "Integrated Agreement," at p. 9 [App. 00023].
[16] *See* ECF No. 448-1, Ex. 3, Amendment No. 1 to the Services Agreement, dated May 6, 2018 at Section 4 [App. 00028].
[17] *See Golembiewski v. Golembiewski*, Record No. 2993–02–1, 2003 WL 22290032, *5 (Va. Ct. App. Oct. 7, 2003) ("The general rule in Virginia is that parol evidence is inadmissible to vary, contradict, or explain the terms of a complete, unambiguous, unconditional written contract. . . . Additionally, the agreement includes an integration clause in paragraph 8, which supports the inadmissibility of parol evidence.").

Neither party claims that the terms of the Services Agreement are ambiguous. Furthermore, Section I.A-E of the Services Agreement describes the services that AMc was required to provide, subject to the NRA's oversight. Among its obligations, AMc was required to "[c]arefully audit invoices" regarding media planning and placement services.[18] AMc's compensation, billing and payments procedures were controlled by a contractually prescribed set of protocols set forth in Sections II and III, which placed significant financial reporting requirements on AMc to ensure proper accountability to the NRA.[19]

For example, under Sections II.E. and III.D. of the Services Agreement, AMc was required to provide a fair market value analysis, and other requirements, as a pre-condition to the NRA's payment of invoices pertaining to additional or special assignments.[20] Section I.B. of the Services Agreement also required the NRA's prior approval of advertising/creative services.[21] Finally, Section III.A. of the Services Agreement provides that expenses, including "reasonable out-of-town travel" must have "prior written approval in accordance with written procedures established by the NRA Executive Vice President."[22] Any expenses, including travel, transportation, meals and lodging, etc., not in accordance with this procedure "shall be considered to be . . . business expenses of AMc."[23] Thus, the Services Agreement expressly set forth the way AMc was to to be compensated by the NRA for its services.

**B. Defendants Should be Precluded from Offering Parol Evidence to Interpret or Contradict the Services Agreement.**

In contravention of well-established law, AMc intends to rely upon inadmissible parol evidence to escape the express terms of the Services Agreement despite the Services Agreement's

---

[18] *See* ECF No. 448, Ex. 2, Services Agreement, Section I.C. at p.3 [App. 00017].
[19] *See id.* at Section II, at pp.4-5; Section III, at pp. 5-6 [App. 00018-20].
[20] *See id.*, Section II.E., at p. 5; Section III.D., at pp. 5-6 [App. 00019-20].
[21] *See id.*, Section I.B. at p. 2 [App. 00016].
[22] *See id.*, Section III.A., at p. 5 [App. 00019].
[23] *Id.*

5

comprehensive integration clause. Specifically, AMc intends to refer to alleged prior dealings between the parties including that its "course of doing business for over 20 years … ."[24] AMc also intends to refer to oral statements attributed to NRA leadership such as that Wayne LaPierre orally superseded the services agreement.[25] AMc intends to claim that "Wayne did not put anything in writing. Everything Wayne did was orally" to justify its breaches of the Services Agreement.[26] These are examples of parol evidence intend to both contradict and to inform this Court's interpretation of the Services Agreement.

    AMc's averments and the documents, evidence, and arguments that it seeks to use are misleading and inadmissible. Indeed, the entire point of an explicit integration clause like the one contained in the Services Agreement is to prevent parties for engaging in this conduct.

---

[24] 30(b)(6) at 86:2-6.
[25] 30(b)(6) at 85:17-86:1 ("A: I am – I am saying that Wayne did everything orally, and he superseded this section of the contract by his actions. Q: Okay. So it's your—it's your testimony that AMc's official position is, the written contract was superseded by Wayne's – Wayne LaPierre's oral directions … that is your testimony? A: [ By Mr. Mason] "It's his testimony.").
[26] 30(b)(6) at 40:3-5.

### III.  CONCLUSION

The foregoing, and any other, parol evidence is inadmissible to amend, interpret, contradict or supplement the express terms of the Services Agreement that governed the business relationship between the NRA and AMc. Accordingly, such inadmissible parol evidence should be excluded.

Dated: February 25, 2022   Respectfully submitted,

By: /s/ *Philip J. Furia*

Cecelia L. Fanelli
clf@brewerattorneys.com
Sarah B. Rogers
sbr@brewerattorneys.com
Philip J. Furia
pjf@brewerattorneys.com
David J. Partida
djp@brewerattorneys.com
Konstantin Parkhomenko
knp@brewerattorneys.com
**BREWER ATTORNEYS AND COUNSELORS**
1717 Main Street, Suite 5900
Dallas, Texas 75201

**ATTORNEYS FOR PLAINTIFF/COUNTER-DEFENDANT NATIONAL RIFLE ASSOCIATION OF AMERICA**

## CERTIFICATE OF CONFERENCE

On February 23, 2022, counsel for the NRA conferred with counsel for Defendants regarding this Motion.

*/s/ Philip J. Furia*
Philip J. Furia

## CERTIFICATE OF SERVICE

I hereby certify that on February 25, 2022, I filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas. I hereby certify that I have served the document on all counsel of record by a manner authorized by the Federal Rules of Civil Procedure.

*/s/ Philip J. Furia*
Philip J. Furia
