IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| NATIONAL RIFLE ASSOCIATION OF AMERICA, <br><br> Plaintiff and Counter-Defendant <br><br> v. <br><br> ACKERMAN MCQUEEN, INC., <br><br> Defendant and Counter-Plaintiff, <br><br> and <br><br> MERCURY GROUP, INC., HENRY MARTIN, WILLIAM WINKLER, and MELANIE MONTGOMERY, <br><br> Defendants. | § § § § § § § § § § § § § § § § § § § § Civil Action No. 3:19-cv-02074-G |

**PLAINTIFF NATIONAL RIFLE ASSOCIATION OF AMERICA'S MOTION IN LIMINE NO. 7 TO PROHIBIT REFERENCE TO PURPORTED CONFLICT OF INTEREST OR PERSONAL ANIMOSITY**

**BREWER, ATTORNEYS & COUNSELORS**
Cecelia L. Fanelli
clf@brewerattorneys.com
Sarah B. Rogers
sbr@brewerattorneys.com
Philip J. Furia
pjf@brewerattorneys.com
David J. Partida
djp@brewerattorneys.com
Konstantin N. Parkhomenko
knp@brewerattorneys.com
**BREWER ATTORNEYS AND COUNSELORS**
1717 Main Street, Suite 5900
Dallas, Texas 75201

**ATTORNEYS FOR PLAINTIFF/COUNTER-DEFENDANT NATIONAL RIFLE ASSOCIATION OF AMERICA**

Motions in limine streamline a trial by settling evidentiary disputes in advance.[1] To streamline this case and help eliminate undue prejudice, the NRA seeks an in limine ruling from this Court to preclude Defendants from making any reference or presenting any testimony or evidence[2] described in Section I, *infra*, and files this memorandum of law in support. The NRA met and conferred with Ackerman McQueen, Inc. ("AMc") in connection with this motion in limine in accordance with this Court's scheduling order in this case and in accordance with Local Rule 7.1(a).

## I.

## MATTERS TO BE EXCLUDED

For the reasons stated in Section II, *infra*, AMc should be precluded from introducing evidence or making references concerning the following matters:

- Mr. Brewer's purported "conflict of interest" due to a family relationship with Angus McQueen.
- Mr. Brewer's family and purported internal animosity.

## II.

## ARGUMENT

**A.  Evidence Regarding William A. Brewer III's Supposed "Conflict Of Interest" Due To Alleged Dislike For Angus McQueen Should Be Excluded**

AMc seeks to introduce evidence that Mr. Brewer allegedly had a "conflict of interest" with respect to AMc because of the alleged animosity between Mr. Brewer and his father-in-law, Angus McQueen. Put simply, even assuming arguendo that the allegations are true (they are

---

[1] *See Grant v. CRST Expedited, Inc.*, No. 1:18-CV-433, 2021 WL 2101741, at *1 (E.D. Tex. Apr. 7, 2021) ("[Motions in limine] are well-established devices that streamline trials and settle evidentiary disputes in advance, so that trials are not interrupted mid-course for the consideration of lengthy and complex evidentiary issues.") (citations omitted).

[2] *See Brock v. Wal-Mart Stores Inc.*, 78 F.3d 582 (5th Cir. 1996) (affirming district court's granting of motion in limine to exclude any evidence, reference, or jury instruction to certain testimony).

not),³ these allegations are not relevant. A lawyer has a duty to zealously represent the interests of his or her client – in this case, the NRA.⁴ A lawyer's personal opinions and impressions of someone who works for the opposing party are not relevant to the underlying case because they are not probative to establishing a disputed fact of consequence; and therefore, evidence to that effect must be precluded under Rule 401.⁵ Moreover, there is no "conflict of interest" in the lawyer's alleged dislike for the *opposition* because it does not adversely affect the lawyer's, and/or the firm's, ability to zealously and effectively represent *the client's* interests.⁶ Introduction of evidence in this regard is irrelevant,⁷ will likely confuse the jury, and is far more prejudicial than probative.⁸

**B.     Evidence Regarding Brewer's Family's Alleged Internal Animosity Should Be Excluded**

AMc also seeks to introduce evidence regarding internal animosity within the Brewer family. This includes questions and statements regarding the extent to which William A. Brewer III and Angus McQueen liked (or disliked) each other,⁹ how Mrs. Brewer felt about various aspects of her husband and father's relationship,¹⁰ questions of whether various members of the family were ever subjected to threats of physical violence from Mr. Brewer,¹¹ and similar

---

³ *See, e.g.,* 499-3, Ex 2, Deposition of Skye Brewer dated August 11, 2021 at 168:11-169:8; (denying there is a "personal dispute" between Mr. Brewer and Angus McQueen being resolved through the litigation); 244:2-22 (denying the litigation was timed to put additional pressure on Angus McQueen coinciding with his illness).
⁴ *See generally, e.g.,* TX ST RPC Preamble ("As advocate, a lawyer zealously asserts the client's position under the rules of the adversary system.")
⁵ *See, e.g.,* Test for relevant evidence: materiality and "fact is of consequence", 2 HANDBOOK OF FED. EVID. § 401:1 (9th ed.) ("Evidence is relevant as defined in Rule 401 if the evidence has any tendency to make a fact more or less probable than it would be without the evidence. . . . Evidence, direct or circumstantial, is relevant when it possesses any tendency to establish a fact of consequence.").
⁶ In fact, AMc has previously attempted to disqualify Brewer, Attorneys & Counselors early in these proceedings, claiming that a conflict of interest existed. That motion was denied by this Court, which noted **"the court concludes the defendants have failed to establish that Brewer's interests diverge from those of the NRA."** *See* ECF 166, Order dated September 14, 2020 at p.16 (emphasis added).
⁷ *See* FED. R. EVID. 401-402; TX ST RPC 1.06.
⁸ *See* FED. R. EVID. 403.
⁹ *See* 499-3, Ex 2, Deposition Transcript of Skye Brewer dated August 11, 2021 at 42:22-43:2.
¹⁰ *See, e.g., id.* at 157:19-23 – 158:9.
¹¹ *See, e.g., id.* at 48:9-15.

"salacious," soap opera-like details. Such evidence is not only contrived, it is irrelevant given the disputed material facts and legal issues at issue in our case.[12] Allowing this kind of evidence will only confuse the jury and unduly prejudice them against Plaintiffs' counsel – and there is little to no probative value to the evidence because the animosity allegations do not help resolve any disputed *material* facts.[13] Because the information is irrelevant and the potential for undue prejudice is great, the court should disallow evidence of this type at trial under Federal Rules of Evidence 401 and 403.

---

[12] *Cf., e.g., AMCO Ins. Co. v. Morfe*, No. CV122323DSFPLAX, 2017 WL 11630629, at *6 (C.D. Cal. Jan. 25, 2017), *aff'd,* 749 F. App'x 531 (9th Cir. 2018) (holding, in a workers compensation context, that "evidence that the underlying dispute arose from personal animosity is irrelevant if the employee's duties place her in a position of peculiar risk").

[13] *Cf. e.g., Szeinbach v. Ohio State Univ.*, No. 2:08-CV-822, 2014 WL 2453021, at *1 (S.D. Ohio June 2, 2014) ("Defendant's counsel asked Balkrishnan whether other College of Pharmacy professors made comments to him about Szeinbach. Balkrishnan then identified those professors and recounted their negative comments about her. Although the evidence of bad relations between some other professors and Szeinbach is of some relevance to whether the actions of Balkrishnan and those professors harmful to Szeinbach were motivated by personal animosity, **the probative value of the evidence is substantially outweighed by the danger of unfair prejudice and misleading the jury about the issues they are to decide**.") (citing FED. R. EVID. 403) (emphasis added).

## III.

## REQUEST FOR RELIEF

For the foregoing reasons, Plaintiff requests that this Court preclude Defendants from offering the evidence or statements described in Sections I and II, *supra.*

Dated: February 25, 2022

Respectfully submitted,

By: /s/ *Philip J. Furia*

Cecelia L. Fanelli
clf@brewerattorneys.com
Sarah B. Rogers
sbr@brewerattorneys.com
Philip J. Furia
pjf@brewerattorneys.com
David J. Partida
djp@brewerattorneys.com
Konstantin Parkhomenko
knp@brewerattorneys.com
**BREWER ATTORNEYS AND COUNSELORS**
1717 Main Street, Suite 5900
Dallas, Texas 75201

**ATTORNEYS FOR PLAINTIFF/COUNTER-DEFENDANT NATIONAL RIFLE ASSOCIATION OF AMERICA**

## CERTIFICATE OF CONFERENCE

On February 23, 2022, counsel for the NRA conferred with counsel for Defendants regarding this Motion.

*/s/ Philip J. Furia*
Philip J. Furia

4

**CERTIFICATE OF SERVICE**

    I hereby certify that on February 25, 2022, I filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas. I hereby certify that I have served the document on all counsel of record by a manner authorized by the Federal Rules of Civil Procedure.

                                                 */s/ Philip J. Furia*
                                                 Philip J. Furia