IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| NATIONAL RIFLE ASSOCIATION OF AMERICA, <br><br> Plaintiff and Counter-Defendant <br><br> v. <br><br> ACKERMAN MCQUEEN, INC., <br><br> Defendant and Counter-Plaintiff, <br><br> and <br><br> MERCURY GROUP, INC., HENRY MARTIN, WILLIAM WINKLER, and MELANIE MONTGOMERY, <br><br> Defendants. | §§§§§§§§§§§§§§§§§ Civil Action No. 3:19-cv-02074-G |

**PLAINTIFF NATIONAL RIFLE ASSOCIATION OF AMERICA'S
MOTION IN LIMINE NO. 8 TO PROHIBIT THE USE OF EVIDENCE REGARDING
ATTORNEYS' FEES PAID TO PLAINTIFF'S LAW FIRM, BREWER ATTORNEYS &
COUNSELORS**

**BREWER, ATTORNEYS & COUNSELORS**
Cecelia L. Fanelli
clf@brewerattorneys.com
Sarah B. Rogers
sbr@brewerattorneys.com
Philip J. Furia
pjf@brewerattorneys.com
David J. Partida
djp@brewerattorneys.com
Konstantin N. Parkhomenko
knp@brewerattorneys.com
**BREWER ATTORNEYS AND COUNSELORS**
1717 Main Street, Suite 5900
Dallas, Texas 75201
**ATTORNEYS FOR PLAINTIFF/COUNTER-
DEFENDANT NATIONAL RIFLE
ASSOCIATION OF AMERICA**

Motions in limine streamline a trial by settling evidentiary disputes in advance.[1] To streamline this case and help eliminate undue prejudice, the NRA seeks an in limine ruling from this Court to preclude Defendants from making any reference or presenting any testimony or evidence[2] described in Section I, *infra*, and files this memorandum of law in support. The NRA met and conferred with Ackerman McQueen ("AMc") in connection with this motion in limine in accordance with this Court's scheduling order in this case and in accordance with Local Rule 7.1(a).

## I.

## MATTERS TO BE EXCLUDED

For the reasons stated in Section II, *infra*, AMc should be precluded from making reference or introducing evidence concerning the amount of attorneys' fees the NRA paid to its counsel.

## II.

## ARGUMENT

**A.   Evidence Regarding Attorneys' Fees Paid To NRA's Counsel Should Be Excluded**

AMc seeks to introduce evidence concerning amounts the NRA paid to its counsel for legal services – and thereby confuse the jury regarding the NRA's attorneys' fees we and the NRA's payments to AMc. This naked attempt to confuse and prejudice the jury should not be permitted. Evidence of attorneys' fees paid by the NRA is wholly irrelevant here because it is not

---

[1] *See Grant v. CRST Expedited, Inc.*, No. 1:18-CV-433, 2021 WL 2101741, at *1 (E.D. Tex. Apr. 7, 2021) ("[Motions in limine] are well-established devices that streamline trials and settle evidentiary disputes in advance, so that trials are not interrupted mid-course for the consideration of lengthy and complex evidentiary issues.") (citations omitted).

[2] *See Brock v. Wal-Mart Stores Inc.*, 78 F.3d 582 (5th Cir. 1996) (affirming district court's granting of motion in limine to exclude any evidence, reference, or jury instruction to certain testimony).

probative to any claim or defense made by any party.[3] The NRA has the right to choose its own counsel, and the amount of money it pays to counsel concerning the legal matters it faces has no conceivable relevance to this litigation and, therefore, must be excluded under Federal Rule of Evidence 401.[4] Even in situations where a party seeks recovery of its attorneys' fees, federal court precedent, including in the Northern District of Texas, disallows presenting evidence of attorneys' fees to the jury because the issue is generally irrelevant and unduly prejudicial. For instance, as Judge Terry Means observed when ruling on a motion in limine in *Zach v. Solano*:

> Plaintiff shall not be permitted to present evidence of attorney's fees incurred in pursuing this case. **The Court, not the jury, determines the issue of attorney's fees.** Accordingly, Defendant's motion in limine with respect to attorney's fees is granted.[5]

Accordingly, any evidence of the NRA's attorneys' fees paid to its counsel, Brewer Attorneys & Counselors, should be disallowed on relevance grounds[6] and because it is likely to unduly prejudice the jury.[7]

---

[3] *Cf., e.g., Louisiana Power & Light v. Fischbach & Moore, Inc.*, No. CIV. A. 86-0594, 1992 WL 202400, at *1 (E.D. La. Aug. 12, 1992) (granting a Motion in Limine on the issue of evidence related to attorney's fees and pointing out that "such references are impermissible").

[4] *Cf., e.g., Reynolds v. State Farm Ins. Co.*, No. CV 06-3203, 2007 WL 9811024, at *4 (E.D. La. Oct. 29, 2007) (observing that "those documents that on their face–without the need for external supporting evidence–are clearly covered by the attorney-client privilege **or are irrelevant because they concern the payment of attorney's fees**.")(emphasis added).

[5] *Zahn v. Solano*, No. 4:10-CV-864-Y, 2015 WL 13632437, at *1 (N.D. Tex. Mar. 10, 2015) (emphasis added).

[6] *See, e.g., In re IFS Fin. Corp.*, No. 02-39553-H1-7, 2010 WL 1992579, at *1 (S.D. Tex. May 18, 2010) ("Accordingly, when the Appellants proffered evidence in relation to attorney's fees, the court ruled it 'inadmissible on relevance grounds.'").

[7] *See* FED. R. EVID. 403. AMc was a non-exclusive vendor of numerous services, none of which included legal services.

III

**REQUEST FOR RELIEF**

For the foregoing reasons, Plaintiff requests that this Court preclude Defendants from offering the evidence or statements described in Sections I and II, *supra.*

Dated: February 25, 2022              Respectfully submitted,

By: /s/ *Philip J. Furia*

Cecelia L. Fanelli
clf@brewerattorneys.com
Sarah B. Rogers
sbr@brewerattorneys.com
Philip J. Furia
pjf@brewerattorneys.com
David J. Partida
djp@brewerattorneys.com
Konstantin Parkhomenko
knp@brewerattorneys.com
**BREWER ATTORNEYS AND COUNSELORS**
1717 Main Street, Suite 5900
Dallas, Texas 75201

**ATTORNEYS FOR PLAINTIFF/COUNTER-DEFENDANT NATIONAL RIFLE ASSOCIATION OF AMERICA**

3

**CERTIFICATE OF CONFERENCE**

On February 23, 2022, counsel for the NRA conferred with counsel for Defendants regarding this Motion.

>                             */s/ Philip J. Furia*
>                             Philip J. Furia

**CERTIFICATE OF SERVICE**

I hereby certify that on February 25, 2022, I filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas. I hereby certify that I have served the document on all counsel of record by a manner authorized by the Federal Rules of Civil Procedure.

>                             */s/ Philip J. Furia*
>                             Philip J. Furia