IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NATIONAL RIFLE ASSOCIATION OF AMERICA, | § § § | |
| Plaintiff and Counter-Defendant | § § § § | |
| v. | § § | Civil Action No. 3:19-cv-02074-G |
| ACKERMAN MCQUEEN, INC., | § § | |
| Defendant and Counter-Plaintiff, | § § § § | |
| and | § § | |
| MERCURY GROUP, INC., HENRY MARTIN, WILLIAM WINKLER, and MELANIE MONTGOMERY, | § § | |
| Defendants. | | |

**PLAINTIFF THE NATIONAL RIFLE ASSOCIATION OF AMERICA'S
MOTION IN LIMINE NO. 11 TO EXCLUDE EVIDENCE NOT PROPERLY
DISCLOSEDAND TO ESTOPP DEFENDANTS FROM CONTESTING FINDINGS OF
FACT AND LAW FROM THE LOESCH ARBITRATION**

BREWER, ATTORNEYS & COUNSELORS
Cecelia L. Fanelli
clf@brewerattorneys.com
Sarah B. Rogers
sbr@brewerattorneys.com
Philip J. Furia
pjf@brewerattorneys.com
BREWER ATTORNEYS AND COUNSELORS
1717 Main Street, Suite 5900
Dallas, Texas 75201

ATTORNEYS FOR PLAINTIFF/COUNTER-
DEFENDANT NATIONAL RIFLE
ASSOCIATION OF AMERICA

1

In the 5th Circuit "motions in limine may be used to secure a pretrial ruling that certain evidence is admissible [or inadmissible]." Therefore, the NRA moves in limine, to preclude Defendants from presenting at trial any of the testimony or evidence described in Section I, *infra*, and files this memorandum of law in support.[1] The NRA met and conferred with AMc in connection with this motion in limine in accordance with this Court's scheduling order in this case and in accordance with Local Rule 7.1(a).

## I.      PRELIMINARY STATEMENT

Counsel for Ackerman McQueen ("AMc"), Dorsey & Whitney ("Dorsey"), failed to produce documents related to AMc's employment contract arbitration with Dana Loesch (the "Arbitration") in response to the NRA's Requests for Production. It further failed to supplement its productions with related new, crucial documents throughout the litigation in disregard of its duty to supplement. The NRA sent Requests for Production of various categories of documents, including for documents related to Dana Loesch's ("Loesch's") work with NRATV, third-party contract disputes, and claims for indemnity.  AMc produced no such documents until it produced a "Partial Final Award" from the Arbitration on February 10, 2022.  The Partial Final Award references other documents related to the arbitration, which AMc refuses to produce.  The NRA moves to strike and bar the admission of documents related to the Arbitration at trial or to allow AMc to advance any claims for relief in connection there with.  In addition, AMc is bound by the findings in the Partial Final Award by the doctrine of collateral estoppel.  AMc should be barred from contesting any findings adverse to it rendered in the Arbitration.

---

[1] *Randle v. Tregre*, 147 F. Supp. 3d 581, 596 (E.D. La. 2015), *aff'd*, 670 F. App'x 285 (5th Cir. 2016).

## II.   LEGAL STANDARD

Federal Rule of Procedure 26 allows a party to obtain discovery of "any non-privileged matter that is relevant" to the claims or defenses in a lawsuit and "proportional to the needs of the case."[2] Such information "need not be admissible in evidence to be discoverable."[3] Rule 26(e) imposes a duty to supplement or correct disclosure or response to include information thereafter acquired in a timely manner.[4]

The Fifth Circuit uses four factors to determine whether a Rule 26 violation is harmless: (1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose.[5]

Rule 37 provides that when a party fails to disclose information pursuant to Rule 26, that the party should not be allowed to present that evidence at trial.[6]  AMc did not produce documents related to the Arbitration despite representing that it would search for and produce such documents in response to the NRA's discovery demands. Importantly, it still refuses to supplement its production with these important documents, prejudicing the NRA.  Therefore, the Court should bar AMc from using any information related to the arbitration in any way at trial in this case.

---

[2] FED. R. CIV. P. 26(b)(1).
[3] *Id.*
[4] *See id.* at 26(e)(1).
[5] *Texas A&M Rsch. Found. v. Magna Transp., Inc.*, 338 F.3d 394, 402 (5th Cir. 2003)
[6] *See* FED. R. CIV. P. 37(c)(1) ("If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.").

### III.   ARGUMENT

Motions in limine to are designed to streamline a trial by settling evidentiary disputes in advance.[7] And for this express purpose, and to remedy the prejudice caused by AMc's discovery tactics, the NRA brings this motion for the purpose of obtaining a pre-trial ruling on the admissibility of evidence related to the Arbitration which will streamline the trial.

**A.  oAMc Should be Barred From Using Information or Documents Related to the Arbitration at Trial Based Upon Its Deliberate Concealment of Loesch Related Materials**

Over the course of this litigation, the NRA served discovery requests which should have resulted in AMc's production of documents related to the Arbitration.  These include requests for:

1) All documents *concerning any NRA Third-Party Contract Dispute*;[8]

2) All documents *concerning any alleged indemnifiable matter* including, without limitation: attorney invoices and other documentation of costs incurred in *any alleged-indemnifiable matter*; documents reflecting any effort by AMC to negotiate the scope or manage the cost of its response to, or defense of, *any alleged indemnifiable matter*; documents reflecting AMC's notice (or lack of notice) to the NRA regarding the existence of such *alleged-indemnifiable matter*; and, AMC's decision or refusal to "permit the NRA .. . to control the defense or settlement" of each *alleged-indemnifiable matter* pursuant to Section V.B.2 of the 2017 Services Agreement;[9]

3) All documents *concerning the Loesch/KKK segment*;[10] and

---

[7] *See Grant v. CRST Expedited, Inc.*, No. 1:18-CV-433, 2021 WL 2101741, at *1 (E.D. Tex. Apr. 7, 2021) ("[Motions in limine] are well-established devices that streamline trials and settle evidentiary disputes in advance, so that trials are not interrupted mid-course for the consideration of lengthy and complex evidentiary issues.") (citations omitted).

[8] *See* Declaration of Phillip J. Furia, dated February 24, 2022 ("Furia Decl")., Ex. 1, NRA's Seventh Request for Production at RFP No. 221 [App. 011] (emphasis added).

[9] *See* Furia Decl., Ex. 1, NRA's Seventh Request for Production at RFP No. 235 [App 014] (emphasis added).

[10] *See* Furia Decl., Ex. 2, NRA's Eight Request for Production at RFP No. 238 [App. 021] (emphasis added).

4) All documents and communications referring or relating to other contracts for services obtained by AMc for the benefit of the NRA and billed, directly or indirectly, to the NRA.[11]

AMc responded to these requests for production by representing to the NRA that it would search for and produce documents responsive to these requests if they were found.[12]

AMc did not produce any of the above requested documents until it provided the NRA with a "supplemental production" on February 10, 2022, which consisted of a single document.[13] This production – coming less than a month before trial – contained a Partial Final Award from an employment contract arbitration between AMc and former NRATV host Dana Loesch.[14] The Partial Final Award was the first document that the NRA was provided concerning the Arbitration.

Not only did the NRA make specific requests which would undoubtably include this document, the Partial Final Award makes clear there are numerous other responsive documents because it references a number of such documents which have not been provide to the NRA despite being covered by the NRA's requests for production. These other documents include an "Interim Award," dated September 29, 2021, hearing transcripts, and post-hearing submissions of the parties.[15] On February 11, 2022, the NRA requested that AMc produce the entire arbitration file.[16]

---

[11] *See* Furia Decl., Ex. 3, NRA's Second Request for Production at RFP No. 189 [App. 060].

[12] *See, e.g.,* Furia Decl., Ex. 8, Defendants' Objections and Responses to Plaintiff's Second Request for Production, dated March 26, 2020, p. 55, Response to Request No. 189 ("Subject to and without waiving the foregoing objections, following a reasonably diligent search, Defendants will produce non-privileged documents responsive to this Request at a mutually agreeable time and place, if any exist that have not already been produced.") [App. 154]; Furia Decl. Ex. 9, AMc's Objections and Responses to Plaintiff's Seventh Request for Production, dated August 02, 2021, p. 17, Response to Request No. 235 ("Subject to and without waiving the foregoing objections, to the extent not already produced or disclosed, AMc will search for and produce any non-privileged, responsive documents.")[App. 173].

[13] *See* Furia Decl., Ex. 4, Email from Brian E. Mason to Sarah B. Rogers, dated February 10, 2022 [App. 063–64].

[14] *See* Furia Decl., Ex. 5, Partial Final Award, *Dana Loesch v. Ackerman McQueen, Inc.*, JAMS Ref. No. 1335000082 (Feb. 6, 2022) [App. 066]. Tis document revealed the existence of the interim award entered on September 29, 2021. That award demonstrates that other documents were not timely produced.

[15] *See* Furia Decl., Ex. 6, Letter from P. Furia to B. Mason, dated February 11, 2022 [App. 093–95].

[16] *Id.*

AMc refused to produce these highly relevant and important documents and has failed to adequately supplement its discovery responses, as required by Rule 26.[17]

In addition to being prejudicial on its face, it is clear that AMc seeks to avoid production of its arbitration file because it took positions in the arbitration which contradict the positions it is taking in this matter.  While AMc has consistently sought to downplay the impact and importance of the Thomas the Tank – KKK segment run on the Loesch program, it actually raised this very same issue as a defense in the Loesch arbitration.[18]  This Court should not countenance AMc's gamesmanship.  The only way to avoid prejudice to the NRA at this time is to prohibit AMc from selectively utilizing materials from the Arbitration without having produced the entire file.

Therefore, AMc should not be allowed to present any documents concerning the Arbitration at trial.[19]

### 1. Daniel L. Jackson's Second "Supplemental" Expert Report, which opines as to the Partial Final Award, is evidence which should be excluded for these reasons.

Defendants subsequently served the NRA with the Second "Supplemental" Expert Report of Daniel L. Jackson, dated February 22, 2022.[20]  This report is largely dedicated to analyzing and forming opinions about the Partial Final Award.[21]  The opinions contained therein should be excluded for two reasons. *First*, this report untimely because it was served months after the close of discovery and **less than two weeks before trial**.  Supplemental "disclosures are not intended to provide an extension of the deadline by which a party must deliver the lion's share of its expert information."[22]  *Second*, the untimeliness of this "supplemental" report causes extreme prejudice

---

[17] *See* Furia Decl., Ex. 7, Letter from B. Mason to P. Furia, dated February 17, 2022 [App. 096–98].

[18] *See* Furia Decl., Ex. 5, p. 14 [App. 079].

[19] *See Stemcor USA, Inc. v. Am. Metals Trading, LLP*, 489 F. Supp. 3d 511, 524 (E.D. La. 2020) (excluding evidence that was not timely disclosed from the record.).

[20] *See* Furia Decl., Ex. 10, Second Supplemental Expert Report of Daniel L. Jackson, dated February 22, 2022 [App. 177–98].

[21] *See id.* at p. 3 [App. 180].

[22] *Sierra Club, Lone Star Chapter v. Cedar Point Oil Co.*, 73 F.3d 546, 571 (5th Cir. 1996).

to the NRA not only because it was served less than two weeks before trial, but also because it

opines as to the Partial Final Award, which is itself prejudicial because AMc refused to produce

important documents related to the Arbitration.  For these reasons, AMc should be excluded from

using this evidence at trial.

### B.   Collateral Estoppel Precludes AMc from Contesting Findings from the Loesch Arbitration

Collateral estoppel is an equitable doctrine applied by courts to preclude the relitigating of

issues of fact or law that were actually litigated previously.  Arbitration awards can be the basis of

collateral estoppel when arbitration rules afforded due process and the other elements of collateral

estoppel are met.[23] In fact, the United States Supreme Court has declined to bar the offensive use

of collateral estoppel from arbitration in subsequent litigation in federal court.[24]

Collateral estoppel has three elements: (1) the issue at stake must be same as one involved

in the prior litigation; (2) the issue must have been actually litigated in the prior litigation; and (3)

the determination of the issue in the prior litigation must have been a necessary part of the

judgment in the earlier action.[25]  In this case, all three elements are met.  AMc should be estopped

from contesting any finding of fact or law contained in the Partial Final Award.

The factual and legal issues in the Arbitration concerning Dana Loesch's employment

agreement, and the NRA's alleged third-party contract and indemnification obligations are

identical to certain factual and legal issues AMc seeks to relitigate here.  At issue in the Arbitration

was the Employment Agreement between Loesch and AMc,[26] the NRA's status as a Third-Party

---

[23] *See Universal American Barge Corp. v. J-Chem, Inc.*, 946 F.2d 1131, 1142 (5th Cir. 1991) ("A district court, in the exercise of its discretion, may preclude relitigation of issues previously determined in an arbitration if the court finds, under the facts of that case, that the arbitral procedures afforded due process, that the requirements of offensive collateral estoppel are met, and that the case raises no federal interests warranting special protection.").

[24] *See id.* at 1136 (citing *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 223 (1985)).

[25] *See Terrell v. Deconna*, 877 F.2d 1267, 1270 (5th Cir. 1989) (citing *Wehling v. Columbia Broadcasting System*, 721 F.2d 506, 508 (5th Cir.1983)).

[26] *See* Furia Decl., Ex. 5, Partial Final Award, pp. 5–10 [App. 070–75].

beneficiary of the contract,[27] and Services Agreement and Amendment No. 1 to the Services Agreement between the NRA and AMc.[28]  These identical issues are before the Court.[29]

The district courts have broad discretion to apply collateral estoppel from arbitral findings.[30]  This discretion and keeps "the risk of prejudice at an acceptable level."[31]  The Fifth Circuit was particularly persuaded to apply collateral estoppel in *Universal* because arbitration is a "widely used means of resolving maritime law[,]" therefore leading to a presumption that the forum was not biased.[32]  Similarly, here, arbitration is a common forum for settling employment contract disputes and the Loesch Arbitration findings should be entitled to the same presumptions of fairness.

Further, when both parties are represented by counsel, present opening and closing arguments, and are permitted every opportunity to direct and cross-examination of witnesses and to present relevant evidence, "it is entirely appropriate to give collateral estoppel effect to all of the factual determinations which were necessary and critical to the arbitration panel's ultimate award."[33]  AMc entered into the Employment Agreement with Loesch and the parties agreed to an arbitration clause.[34]  AMc chose to be heard in the forum of an Arbitration and had a full and fair opportunity to litigate the issues: AMc was represented by counsel, presented opening arguments and submitted post-trial briefing, examined witnesses, and presented relevant evidence.[35]

---

[27] Furia Decl., Ex. 5, Partial Final Award, p. 21 [App. 086].

[28] Furia Decl., Ex. 5, Partial Final Award, p. 11–12 [App. 076–77].

[29] *See, e.g.*, ECF No. 418, Defendants' Brief in Support of Motion for Partial Summary Judgment, p. 5 (discussing NRA third-party contracts); *id.* at 13–14 (discussing the Services Agreement indemnification clause and *specifically referencing the Loesch Arbitration*.).

[30] *See Parklane Hosiery*, 439 U.S. 322, 331 (1979); *Hauser v. Krupp Steel Producers, Inc.*, 761 F.2d 204, 207 (5th Cir.1985).

[31] *Universal*, 946 F.2d at 1137.

[32] *Id.*

[33] *Greenblatt v. Drexel Burnham Lambert, Inc.*, 763 F.2d 1352, 1361 (11th Cir. 1985).

[34] Furia Decl., Ex. 5, Partial Final Award, p. 2 [App. 067].

[35] Furia Decl., Ex. 5, Partial Final Award, p. 4 [App. 069].

Therefore, AMc should not be permitted to contradict any of the findings of fact or conclusions of law rendered in the Arbitration.

## IV.      CONCLUSION

For the forgoing reasons, the NRA respectfully requests that this court bar the admission of evidence concerning the Loesch Arbitration to avoid prejudice to the NRA.  And, in addition, the NRA respectfully requests that AMc be barred from contesting issues of law or fact decided in the Arbitration.

Dated: February 25, 2022                          Respectfully submitted,

By: /s/ *Philip J. Furia*

Cecelia L. Fanelli
clf@brewerattorneys.com
Sarah B. Rogers
sbr@brewerattorneys.com
Philip J. Furia
pjf@brewerattorneys.com
David J. Partida
djp@brewerattorneys.com
Konstantin Parkhomenko
knp@brewerattorneys.com
**BREWER ATTORNEYS AND COUNSELORS**
1717 Main Street, Suite 5900
Dallas, Texas 75201

**ATTORNEYS FOR PLAINTIFF/COUNTER-
DEFENDANT NATIONAL RIFLE
ASSOCIATION OF AMERICA**

9

## CERTIFICATE OF CONFERENCE

On February 23, 2022, counsel for the NRA conferred with counsel for Defendants regarding this Motion.

> /s/ Philip J. Furia
> Philip J. Furia

## CERTIFICATE OF SERVICE

I hereby certify that on February 25, 2022, I filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas. I hereby certify that I have served the document on all counsel of record by a manner authorized by the Federal Rules of Civil Procedure.

> /s/ Philip J. Furia
> Philip J. Furia

4894-7965-6207.5
2277-08